IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
**************************************************

| | |
|---|---|
| ALDO VERA, JR.,<br>as Personal Representative of the Estate of Aldo Vera, Sr., | 12 Civ. 1596 (AKH) |
| **Plaintiff,** | |
| v. | |
| THE REPUBLIC OF CUBA, | PLAINTIFF'S MEMORANDUM<br>OF LAW IN SUPPORT OF<br>DEFAULT JUDGMENT |
| **Defendant.** | |

**************************************************

Plaintiff Aldo Vera, Jr. has moved pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e), for entry of a default judgment against the defendant, The Republic of Cuba and respectfully submits this memorandum of law in support of its motion for default judgment.

I.   Background

On March 5, 2012, plaintiff commenced this action seeking recognition of his judgment entered against the defendant in the Eleventh Judicial Circuit of Miami-Dade County, Florida (the "Florida Action").  The Florida Action was commenced on December 28, 2001 pursuant to 28 U.S.C. § 1605(a)(7) seeking damages for the 1976 assassination of Aldo Vera, Sr. *See* 2008 Florida Final Judgment ("Fl. Judgment"), attached as Exhibit 1 to the Complaint filed herein (Exhibit A to the Declaration of Carrie Maylor DiCanio, dated June 27, 2012 ("DiCanio Dec."), submitted herewith).  Vera, Sr. was a former police chief in Havana and a Cuban-defector active in anti-Cuban activities.  *See* Fl. Judgment at 4-5.  At the time of his death Vera, Sr. was a United

States national residing in Florida. *Id.* at 5. He was assassinated in Puerto Rico by an agent of the Cuban government as he left a meeting of the "Fourth Republic," a group of anti-communist Cuban expatriates of which he was a founding member. *Id.* The Republic of Cuba was, and is, designated by the United States as a state sponsor of terrorism. *Id.* at 3; *see also Weininger v. Castro*, 462 F.Supp.2d 457, 479 (S.D.N.Y. 2006) (Marrero, J.).

The Clerk of the Florida Court served Cuba with the Florida Action summons and complaint on November 25, 2002. *See* Fl. Judgment at 2. Cuba never entered an appearance or opposed the lawsuit. *Id.* On May 7, 2008, the Florida Court conducted a trial and took evidence in the case as required by § 1608(e) of the FSIA. *Id.* By Final Judgment entered May 15, 2008, the Florida Court found for plaintiff and against defendant awarding:

a) $1,579,591.22 for economic damage;

b) $44,000,000 for compensatory damages; and

c) $50,000,000 for punitive damages.

*Id.* at 9. The Florida Court also awarded post-judgment interest at 11% on the total award of $95,579,591.22 in accordance with Florida law. *Id.* at 10. As noted on the final page of the Final Judgment, the document was sent to both plaintiff and defendant. *Id.*

II. **Argument**

A. **Cuba Has Defaulted**

A prerequisite to this Court entering a default judgment is that the foreign defendant must have been served with the summons and complaint. Cuba does not have diplomatic

2

relations with the United States and lacks an address in the United States at which it can be served. *See Weininger*, 462 F.Supp.2d at 465, n.6. In this case, service was effected on April 24, 2012 by the Clerk of the United States District Court for the Southern District of New York, which served Cuba's Foreign Minister in Cuba with the summons and complaint in both English and Spanish pursuant to 28 U.S.C. 1608(a)(3) and the Clerk's Office Foreign Mailing Instructions.[1] *See* Affirmation of Jeffrey E. Glen, Esq., dated May 1, 2012, and the Exhibits thereto, attached to the DiCanio Dec. as Exhibit C. On June 27, 2012, the Clerk entered a Certificate of Default attesting to both service on Cuba and the lack of an entry of appearance or responsive pleading within 60 days. *See* DiCanio Dec. at Exhibit E.

Accordingly, a default was properly entered against Cuba under Rule 55(a) of the Federal Rules of Civil procedure and this District's Local Rule 55.1.

### B. Default Judgment Should Be Entered

Because defendant is a foreign sovereign, § 1608(e) of the FSIA requires that:

> No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

In this lawsuit, plaintiff relies upon the Full Faith and Credit Act, 28 U.S.C. § 1738. The Act requires a federal court to recognize and enter as a judgment of the federal court a properly authenticated judgment of a state court. *See Davis v. Davis*, 305 U.S. 32, 39-40 (1938); *Weininger*, 462 F.Supp.2d at 470-71. An authenticated copy of the Florida Court's 2008 Final

---

[1] A Notice of Suit, in English and Spanish, also was served on Cuba by the Clerk in the same package.

Judgment is attached as Exhibit 1 to the Complaint in this Action. *See* DiCanio Dec. at Exhibit A.

Ordinarily plaintiff would request entry of judgment in this Court for the full amount of the Florida Judgment, $95,579,591.22. However, plaintiff is mindful that § 1606 of the FSIA precludes this Court from entering punitive damages against a foreign sovereign under 28 U.S.C. § 1605(a)(7):[2]

> As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter, the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; ...

Therefore, plaintiff requests this Court to enter a default judgment for the compensatory portion of the award, $45,579,591.22, together with interest from May 15, 2008 at 11% in accordance with the interest calculation attached to the DiCanio Declaration at Exhibit D. A proposed form of default judgment is attached to the DiCanio Declaration at Exhibit F.

---

[2] Section 1605(a)(7) of the FSIA was repealed in 2008 and replaced by Section 1605A which does permit punitive damages against a state sponsor of terrorism.

### III. Conclusion

Plaintiff requests this Court to enter a default judgment in the amount of $45,579,591.22 together with interest from May 15, 2008 at 11%.

Dated: New York, New York
      June 27, 2012

By: /s/ Carrie Maylor DiCanio
Jeffrey E. Glen
Carrie Maylor DiCanio
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

Robert A. Swift (*admitted pro hac vice*)
Kohn, Swift & Graf, P.C.
One South Broad Street, 21st Floor
Philadelphia, PA 19107
(215) 238-1700

Attorneys for Plaintiff Aldo Vera, Jr.