# EXHIBIT A

Case 1:12-cv-01596-AKH   Document 10-1   Filed 06/27/12   Page 2 of 18
Case 1:12-cv-01596-AKH   Document 1   Filed 03/05/12   Page 1 of 17

JUDGE HELLERSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

12 CIV 1596

**************************************************

ALDO VERA, JR.,
as Personal representative of the Estate of Aldo Vera, Sr.,

        Plaintiff,

v.

THE REPUBLIC OF CUBA,

        Defendant.

**************************************************

## COMPLAINT

1.   This action is brought for recognition and entry in this Court, in accordance with the Full Faith and Credit Act, 28 U.S.C. § 1738, of the money judgment of the Circuit Court of the State of Florida in *Aldo Vera, Jr. v. The Republic of Cuba*, No. 01-31216, rendered by that Court on May 15, 2008.

2.   This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(4) in that Plaintiff is a citizen of the United States and Florida; the Defendant Republic of Cuba is a foreign sovereign; the amount in controversy exceeds $75,000 exclusive of interest and costs; and, per 28 U.S.C. § 1610, Defendant is not immune from proceedings in connection with execution on property in this District.

3.   Venue is proper in the District in that Defendant has property located here.

## THE PARTIES

4.   Aldo Vera, Jr. is a citizen of the State of Florida residing in Miami, Florida. He is personal representative of the Estate of his father, Aldo Vera, Sr.

nydocs1-983996.1

5.     The Republic of Cuba is a foreign sovereign within the meaning of 28 U.S.C. § 1603(a).

## CAUSE OF ACTION

6.     On May 15, 2008, the Circuit Court for the Eleventh Judicial Circuit of Florida entered judgment, following a trial on the merits, in favor of Plaintiff and against Defendant in the total amount of $95,579,591.22 together with 11% interest. An exemplified copy of the Judgment is attached as Exhibit 1 hereto. Following a trial on the merits, the Court found, *inter alia*:

(a)    It possessed jurisdiction pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 1605(a)(7) which waives immunity from suit for the extra-judicial killing of a United States resident by a foreign sovereign on American soil;

(b)    The Defendant was served with process pursuant to 28 U.S.C. § 1608;

(c)    The Defendant failed to answer or enter an appearance and a default was properly entered;

(d)    Aldo Vera, Sr. was a resident of the United States active in counter-revolutionary activities against the Republic of Cuba;

(e)    Agents of the Defendant, acting on orders of the Defendant, shot and killed Aldo Vera, Sr. in San Juan, Puerto Rico;

(f)    Defendant was designated a "State Sponsor of Terrorism" pursuant to the terms of § 6(j) of the Export Act of 1979 and remains so designated; and

nydocs1-983996.1

(g)   Damages were proven and entered in the total amount of $95,579,591.22 pursuant to 28 U.S.C. § 1605(a)(7) together with post-judgment interest at 11%.

7.   No appeal was taken and the Judgment is final.

8.   The Judgment of the Florida Court is entitled to full faith and credit in this Court pursuant to the Full Faith and Credit Act, 28 U.S.C. § 1738.

WHEREFORE, Plaintiff requests that this Court recognize and enter the Florida Judgment as a judgment of this Court, together with interest at 11% from May 15, 2012 in accordance with the computation attached as Exhibit 2.

Dated: New York, New York
       March 5, 2012

By: _____
Jeffrey E. Glen (JG8277)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

Of Counsel:

Robert A. Swift
Kohn, Swift & Graf, P.C.
One South Broad Street, 21st Floor
Philadelphia, PA 19107
(215) 238-1700

nydocs1-983996.1

# EXHIBIT 1

| ☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| **DIVISION** <br> ☒ CIVIL <br> ☐ CRIMINAL <br> ☐ FAMILY <br> ☐ TRAFFIC/MISDEMEANOR <br> ☐ OTHER | **EXEMPLIFICATION** | **CASE NUMBER** <br><br> 01-031216 CA 11 |
| **EXEMPLIFICATION OF:** <br><br><br> *Final Judgment* | | **CLOCK IN** |

I, **HARVEY RUVIN**, Clerk of the Circuit and County Courts of the Eleventh Judicial Circuit of Florida, do hereby Certify that I am the Custodian of Official Records for Miami-Dade County, Florida, and the attached document is a certified copy therefrom.

In Witness Whereof, I have set my hand and affixed the seal of my office this 4th day of January, 2012.

Harvey Ruvin, Clerk of Courts,
Circuit and County Courts
Miami-Dade County, Florida

By: _____ Deputy Clerk
☒ Division Chief # 1311
☐ Division Director #_____

I, Jennifer D. Bailey, Circuit Court Judge, Judge of the ☐ Circuit Court ☐ County Court in and for Miami-Dade County, Florida, do hereby Certify that the Circuit and County Courts of the Eleventh Judicial Circuit have a Clerk of Courts and an authenticated seal for his office. Furthermore, that **HARVEY RUVIN** is the Clerk of Courts for the Eleventh Judicial Circuit of Florida and the custodian of the records thereof.

Witness my hand and Official Signature this _____ day of _____ JAN 0 4 2012 , 20 _____.

Judge
Jennifer D. Bailey
Circuit Court Judge

CLK/CT 138 Rev. 12/09   Clerk's web address: www.miami-dadeclerk.com

CFN 2008R0504270 OR BK 26438 Pgs 1081 - 10901 (10pgs)
RECORDED 06/19/2008 09:41:20
HARVEY RUVIN, CLERK OF COURT, MIAMI-DADE COUNTY, FLORIDA

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: 01-31216
Division: CA-11

ALDO VERA, JR.,
as Personal Representative of the Estate
of Aldo Vera, Sr.,

        Plaintiff,

vs.

THE REPUBLIC OF CUBA,

        Defendant.
_____/

## FINAL JUDGMENT

THIS CAUSE came before the Court for Non Jury trial on Thursday, May 08, 2008. The action was tried before the Court, and after extensive evidence, and pursuant to the verdict rendered in this action this Court hereby rules as follows:

### Cause of Action

This is an action brought by Aldo Vera, Jr., as Personal Representative of the Estate of Aldo Vera, Sr., deceased, pursuant to the Foreign Sovereign Immunities Act (FSIA) of 1976, 28 U.S.C. §§ 1602-1611, the Anti-Terrorism and Effective Death Penalty Act of 1966 ("ADEPA") 28 U.S.C. § 1605, arising out of the Defendant's extra-judicial killing of ALDO VERA, SR. on October 25, 1976.

The FSIA establishes State and Federal jurisdictions over foreign states and their officials, agents, and employees in certain enumerated instances. The FSIA eliminates the sovereign

1



A TRUE COPY
CERTIFICATION ON LAST PAGE

immunity of foreign states and creates a federal cause of action for acts of state-sponsored terrorism "in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extra-judicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources...for such an act if such act or provision of material support is engaged in by an official, employee or agent of such foreign state while action within the scope of his or her office, employment or agency..." 28 U.S.C. § 1605(a)(7).

The Defendant, despite properly being served with process pursuant to 28 U.S.C. § 1608, has failed to answer or enter an appearance in this matter, and Default was entered against the Defendant on March 21, 2003, pursuant to 28 U.S.C. § 1608(e) and the applicable Florida Rule of Civil Procedure. This matter was set for non-jury trial as the FSIA requires that a Default Judgment against a foreign state be entered only after a Plaintiff "establishes his claim or right to relief by evidence that is satisfactory to the Court." 28 U.S.C. § 1608(e). See also Flatow v. The Islamic Republic of Iran, et al., 999 F. Supp. 1, at 6 (USDC DC 1998).

Extra-judicial torture and killing, for purposes of the FSIA and the AEDPA are defined in Section 3 of the Torture Victim Act of 1991, 28 U.S.C. § 1350.

Section 3 (a) Defines Extra-Judicial Killing as;

"...a deliberated killing not authorized by a previous judgment pronounced by a regularly constituted court affording all of the judicial guarantees which are recognized as indispensable by civilized peoples..."

The definition of Extra-Judicial Killing used in the Torture Victim's Protection Act of 1991, mirrors word for word the language of Part 1, Article III, Section 1(d) of the Geneva Convention adopted on August 12, 1949, to which The Republic of Cuba was a signatory, which states in part;

"...the following acts are and shall remain prohibited at any time and at any place whatsoever...

2



(d) The passing of sentences and the carrying out of executions without previous judgment pronounced by a regularly constituted Court affording all the judicial Guarantees which are recognized as indispensable by civilized peoples."

The facts in this matter clearly demonstrate that ALDO VERA, SR., was not afforded "the judicial guarantees which are recognized as indispensable by civilized peoples," as those guarantees are defined under the Geneva Convention and the AEDPA, and that he was the victim of Extra-Judicial Killing perpetrated by the Defendant.

### Jurisdiction

The Court has jurisdiction over the subject matter of this cause pursuant to the express terms of 28 U.S.C. § 1605(a) which provides in part:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case –
>
> (7) not otherwise covered by Paragraph (2), in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extra-judicial killing,..., or the provision of material support or resources...for such and act if such act or provision of material support is engaged in by and official, employee or agent of such foreign state while acting in the scope of his or her office, employment or agency, except that the Court shall decline to hear a claim under this paragraph-
>
>> (A) If the foreign state was not designated as a state sponsor of terrorism under 6(j) of the Export Administration Act of 1979...at the time the act occurred, unless so designated as a result of such act.

Defendant, Republic of Cuba, which was designated to be a state sponsor of terrorism in 1982, under the terms of 56(j) of the Export Administration Act of 1979, and remains so designated, is subject to suit in any State Court of the United States, pursuant to the provisions of 28 U.S.C. § 1605. See also, Ring v. Socialist People's Libyan Arab, 995 F.Supp. 325 (ED NY 1998).

Further, pursuant to U.S.C. § 1605(a)(7), and 28 USCA § 1605, the remedies sought in this

3



action apply retroactively for the purposes of establishing subject matter and personal jurisdiction. As congress expressly directed the retroactive application of 28 U.S.C. § 1605(a)(7) in order to further a comprehensive counter-terrorism initiative by the legislative branch of government, the event complained of herein, although occurring prior to the enactment of the Anti-Terrorism Effective Death Penalty Act of 1996 does provide a basis for subject matter jurisdiction. See also Flatow v. The Islamic Republic of Iran, et al., 999 F.Supp. 1 (USDC DC 1998).

### Statute of Limitations

This cause of action is brought pursuant to 28 U.S.C. § 1605 (f), which states:

> No action shall be maintained under Section (a) (7) unless the action is commenced not later than 10 years after the date on which the cause of action arose. "All principals of equitable tolling, including the period which the foreign state was immune from suit, shall apply in calculating this limitation."

Given the equitable tolling mandated by the subject legislation, this cause of action has been brought within the applicable time frame. In fact, the Court in Flatow, supra, at 23, extinguished any doubt as to this conclusion when it stated, "This Court therefore concludes as a matter of law that the earliest possible date for statute of limitations to expire for any action brought pursuant to 28 U.S.C. 1605(a)(7) and 28 U.S.C. 1605 will be April 24, 2006." Given the foregoing, and the fact that this cause of action was filed on December 28, 2001, the claims herein are not barred by the statute of limitations.

### Findings of Facts

*This Court having heard clear and convincing evidence hereby makes the following findings of fact:*

ALDO VERA, SR., was the chief of police in Havana, Cuba following the Cuban revolution

4



in 1959. He later fled Cuba with the aid of the United States government when he became disillusioned with Castro's Communist regime. ALDO VERA, SR., lived in Miami, Florida, and San Juan, Puerto Rico where he became active in counter-revolutionary activities and advised the Pentagon during the Cuban Missile Crisis, and further provided assistance to the United States during the Bay of Pigs Invasion.

ALDO VERA, SR.'s involvement in the exile community anti-communist movement was public and well known both by the Castro regime, and the exile community.

While living in Puerto Rico, ALDO VERA, SR. became a founding member of The Fourth Republic, an anti-communist movement established to challenge Castro's terrorist regime in Cuba. In retaliation for his participation in The Fourth Republic, the Cuban government directed that ALDO VERA, SR. be murdered.

On October 25, 1976, ALDO VERA, SR. attended a regularly scheduled meeting of The Fourth Republic in San Juan, Puerto Rico.

On October 25, 1976, upon his exit from the meeting, agents of the Cuban government, acting as agents and instrumentalities of the Republic of Cuba, under orders of the Cuban government and within the scope of their employment, shot ALDO VERA, SR., in public, in the back with an automatic weapon killing him.

At the time of his death, ALDO VERA, SR. was married to Gipsy Vera, and had two minor children, Aldo Vera, Jr., (16 years old at the time of ALDO VERA, SR.'s death) and Alex Wendell Vera (14 years old at the time of ALDO VERA, SR.'s death).

### Economic Damages

The amendments to the FSIA, 28 U.S.C. § 1605(a)(7), and 28 U.S.C.A. § 1605, permit the

5



recovery of damages in the form of economic losses resulting from the death of ALDO VERA, SR., survival damages, including the pain and suffering of the descendent, and solatium, which is inclusive of mental anguish, loss of the decedent's love, affection, care, attention, comfort and protection, companionship, bereavement, grief and hurt feelings sustained by any family member with a "close emotional relationship with the decedent." See Flatow, supra, at 30-32.

Relevant decisions agree that the trial Court is provided with broad discretion and may take into consideration a wide variety of factors, including the decedent's achievements and plans for the future which would have affected the claimants. Flatow, supra at 32. Furthermore, it has been recognized that "the malice associated with terrorist attack is not limited to the families of those killed and wounded...but in this case,...the terrorist intent is to strike fear not only for one's own safety, but also that of friends and family and to manipulate that fear in order to manipulate political objectives. Thus, the character of the wrongful act itself increases the magnitude of the injury. It does demand a corresponding increase in compensation for increased injury." Flatow, supra at 30.

In this matter, this Court has heard compelling evidence concerning the significant losses sustained by the Plaintiffs herein, including the following:

a) *The economic losses sustained by the Estate of ALDO VERA, SR.*

b) The loss sustained by ALDO VERA, SR.'s wife Gipsy Vera, (from the date of his death on October 25, 1976, through the date of her death on August 24, 1995), and his two sons, Aldo Vera, Jr., and Alex Wendell Vera, of unfathomable proportions.

In support of the claim for economic loss, the Plaintiff's presented the expert testimony of Dr. William Landsea, an economist, and an expert in calculating economic damages, who testified and prepared an expert report in this matter. After hearing Dr. Landsea's testimony and reviewing his

6



A TRUE COPY
CERTIFICATION ON LAST PAGE

report, the Court finds that even the most conservative view of the evidence presented justifies a substantial economic award. Economic damages for the economic losses resulting from the death of ALDO VERA, SR. are hereby awarded in the amount of $630,000.00 plus interest at the statutory rate (8%) from the date of ALDO VERA, SR.'s death (October 25, 1976) until the date of death of Gipsy Vera (August 24, 1995) which amounts to $949,591.22 in total interest owed, for a total of $1,579,591.22. Accordingly, economic damages for economic losses, with statutory interest, resulting from the death of ALDO VERA, SR., are hereby awarded in the amount of $1,579,591.22.

### Compensatory Damages For Pain and Suffering

The Court received compelling evidence regarding the close emotional relationship between ALDO VERA, SR., and his beloved family, Gipsy Vera, Aldo Vera, Jr., and Alex Wendell Vera. It is clear from the evidence presented that each of the surviving family members suffered a devastating and permanent injury as a result of the extra-judicial killing of ALDO VERA, SR. With regards to Gipsy Vera, Aldo Vera, Jr., and Alex Wendell Vera, this Court heard extraordinary testimony, lay, and expert, reflecting the devastating impact of the absence of ALDO VERA, SR. on their lives. The evidence detailed not only the decedent's achievements, but the plans for his future with Gipsy Vera and his two sons, Aldo Vera, Jr., and Alex Wendell Vera. This Court has also been impressed by the testimony reflecting that as a result of ALDO VERA, SR.'s death, his family suffered extreme pain and suffering, economic and emotional hardships, including but not limited to the extensive benefits that would have been theirs in the form of love, companionship and nurturing, which drastically impaired their ability to enjoy or even pursue the happiness to which they are entitled. Although this Court heard evidence in detail concerning each surviving family member's painful reaction to the

7

26390 Pg 2145 CFN 20080419061 05/21/2008 10:47:28 Pg 7 of 10 Mia-Dade Cty, FL



A TRUE COPY
CERTIFICATION ON LAST PAGE

Book26438/Page1087  CFN#20080504270  Page 7 of 10

events and the irreparable harm to them as a result of ALDO VERA, SR.'s death, this Court finds it impossible to say that one family member suffered anymore than another, as such, this Court finds from the evidence presented that ALDO VERA, SR's murder had a devastating impact upon his surviving spouse and two children, and compensatory damages are hereby awarded to his survivors, beneficiaries and heirs in the amount of __$44,000,000.00__.

### Punitive Damages

"The purpose of Punitive Damages, as the name implies is to punish wrongful conduct—to prevent its repetition by the offender and to deter others who might choose to emulate it... The victim to whom the award is made thus stands as a surrogate for civilized society in general; the victim is made more than whole in order that other may be spared similar injury... Yet another reason to award punitive damages in this particular case is to vindicate the interest of society at large in the collection and dissemination of complete and accurate information about world conflicts." Anderson v. The Islamic Republic of Iran, 90 F.Supp.2d 107 (USDC DC 2000).

Therefore, in order to arrive at the proper punitive award and to serve the aforementioned purpose of the subject legislative enactments, it is important to gain an understanding of the *Defendant's terrorist behavior, and support thereof, over time, in order to gauge its repetitive nature and assess the proper deterrent.* In the present matter, the evidence presented to this Court demonstrated the Defendant's persistent, undeterred commitment to international terrorist activity and sponsorship thereof. The facts supporting the punitive claim are set forth in the Plaintiffs' Complaint, all of which are deemed admitted or otherwise established as a matter of law pursuant to the Defendant's default in this case. The punitive claim in this case was also supported by the record, documentary evidence and testimony of lay and expert witnesses, corroborating facts set forth

8



A TRUE COPY
CERTIFICATION ON LAST PAGE

in the Complaint regarding Defendant's role in th arena of international terrorism.

As reflected in the Complaint, and corroborated and expanded upon by the evidence and testimony in this case, the Defendant has provided training, intelligence, financial support and otherwise sponsored international terrorist groups. As reflected by the U.S. State Department's annual review of states sponsoring terrorism, the Defendant's engagement and support of international terrorism has continued through the present day unabated.

Accordingly, the testimony and documentary evidence presented in this case conclusively establish that the Republic of Cuba has engaged in repetitive and undeterred use and support of international terrorism, inclusive of torture and extra-judicial killings, which mandates a powerful response in the form of punitive damages. In accordance therewith, punitive damages are hereby awarded against the Defendant, THE REPUBLIC OF CUBA to which the actions of its agents and instrumentalities are imputed, in the amount of: __$50,000,000.00__.

IT IS HEREBY ORDERED AND ADJUDGED that a Final Judgment is hereby GRANTED on behalf of ALDO VERA, JR., as Personal Representative of the Estate of ALDO VERA, SR., and against the Defendant, THE REPUBLIC OF CUBA as follows:

1. *For Economic damages due to the Estate in the amount of:*

   __$1,579,591.22__.

2. For Compensatory Damages, Pain and Suffering, Loss of Companionship, Mental Anguish of Survivors, Beneficiaries and Heirs in the amount of:

   __$44,000,000.00__.

3. For Punitive Damages in the amount of:

   __$50,000,000.00__.

9

*28390 Pg 2147 CFN 20080419081 05/21/2008 10:47:28 Pg 9 of 10 Mia-Dade Cty, FL*



A TRUE COPY
CERTIFICATION ON LAST PAGE

BOOK 26438 PAGE 1090
LAST PAGE

Total Damages: $95,579,591.22

Th sum execution may issue forthwith against the said Defendant and any of its assets wherever situated. This Court will retain jurisdiction to enforce this judgment or any matters pertaining thereto. This Judgment shall bear interest at a rate of 11% per year from the date of entry until satisfied.

DONE AND ORDERED in chambers in Miami-Dade County, Florida this _____ day of _____, 2008.

MAY 15 2008

ROBERT N. SCOLA, JR
CIRCUIT COURT JUDGE

COPIES TO:

JOEL A. BELLO, ESQ.
Counsel for Aldo Vera, Jr., as Personal Representative of the Estate of Aldo Vera, Sr., deceased

Republic of Cuba

10

26390 Pg 2148 CFN 20080419061 05/21/2008 10:47:28 Pg 10 of 10 Mia-Dade Cty, FL

# EXHIBIT 2

Aldo V...

## COMPUTATION OF INTEREST ON JUDGMENT

| | |
|---|---:|
| Judgment entered May 15, 2008 @ 11% Interest | $ 95,579,591.22 |
| Interest from 5/15/08 to 5/14/09 | 10,513,755.03 |
| Balance as of 5/15/09 | $ 106,093,346.25 |
| Interest from 5/15/09 to 5/14/10 | 11,670,268.08 |
| Balance as of 5/14/10 | $ 117,763,614.33 |
| Interest from 5/15/10 to 5/14/11 | 12,953,997.57 |
| Balance as of 5/14/11 | $ 130,717,611.90 |
| Interest from 5/15/11 to 2/15/12 | 10,784,202.97 |
| Balance as of 2/15/12 | $ 141,501,814.87 |