IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
**************************************************

ALDO VERA, JR., as Personal Representative of the         12 Civ. 1596 (AKH)
Estate of Aldo Vera, Sr.,

          Plaintiff,

v.

THE REPUBLIC OF CUBA,

          Defendant.

-----------------------------------------------------------------------

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. 1610(c) TO PERMIT ATTACHMENT AND EXECUTION ON THE DEFAULT JUDGMENT

# EXHIBIT LIST

**Exhibit 1** – Clerk's Affidavit of mailing of Defendant Judgment

**Exhibit 2** – DHL Express Shipment Tracking Summary

**Exhibit 3** – Proposed Order

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
**************************************************

ALDO VERA, JR., as Personal Representative of the      12 Civ. 1596 (AKH)
Estate of Aldo Vera, Sr.,

       Plaintiff,

v.

THE REPUBLIC OF CUBA,

       Defendant.

..................................................

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. 1610(c) TO PERMIT ATTACHMENT AND EXECUTION ON THE DEFAULT JUDGMENT

Plaintiff Aldo Vera, Jr. has moved this Court for an Order pursuant to 28 U.S.C. § 1610(c), finding that the notice required by 28 U.S.C. § 1608(e) has been given to the Defendant Republic of Cuba and that a reasonable period of time has elapsed following entry of the August 17, 2012 Default Judgment. Section 1610(c) of the Foreign Sovereign Immunities Act of 1976 provides in pertinent part:

> No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

Therefore, the inquiry required by Section 1610(c) is limited to whether the default judgment was properly served and whether a reasonable period of time has elapsed since entry of the default judgment. *Agudas Chaisidel Chabad of U.S. v. Russian Federation*, 798 F.Supp.2d 260 (DDC 2011).

nydocs1-994489.1

## I. THE DEFENDANT WAS PROPERLY SERVED WITH NOTICE OF THE DEFAULT JUDGMENT PURSUANT TO 28 U.S.C. § 1608(a)(3)

Cuba has been served numerous times with papers in this and the preceding Florida action. The 2008 Florida judgment was served on Cuba in 2008 following entry of that judgment by the Clerk of the Miami-Dade County Court. The Complaint and other papers in this New York registration/enforcement action were served by the Clerk of this Court pursuant to Section 1608(a)(3) and received by Cuba on April 24, 2012. Plaintiff's counsel served Cuba with the Rule 55 Default entered by the Clerk on Cuba via DHL on July 6, 2012. The Clerk of Court served Cuba with the Default Judgment entered by this Court pursuant to 1608(a)(3). The Clerk sent the August 17, 2012 Default Judgment, in both English and Spanish, via DHL to:

> Ministry of Foreign Affairs
> Republic of Cuba
> Calzada #360, Vedad
> Havana, Cuba

The Clerk's Affidavit is attached as Exhibit "1" hereto. Attached as Exhibit "2" is DHL's confirmation of delivery. The confirmation shows that Cuba received the Default Judgment on September 4, 2012. In the package received by Cuba was a "Notice of Right to Appeal" in both English and Spanish.

## II. A REASONABLE PERIOD OF TIME HAS ELAPSED SINCE ENTRY OF THE DEFAULT JUDGMENT AND THE GIVING OF NOTICE

As demonstrated by the docket in this action, Cuba has never entered its appearance in this action and has not appealed from entry of the default judgment. The time to appeal has now expired and the default judgment is final. Indeed, Cuba has not defended any action brought against it in the United States for more than three decades. Nor has it voluntarily paid any judgment entered against it. Cuba was, and is, designated by the United States as a state sponsor

of terrorism. *Weininger v. Castro*, 462 F.Supp.2d 457, 479 (S.D.N.Y. 2006) (J. Marrero). The default judgment herein is for an intentional, terroristic act: the assassination on US soil of an American national who opposed Fidel Castro.

The purpose of Section 1610(c) is to give responsible foreign nations an opportunity to pay or otherwise resolve judgments against them before the initiation of execution on their property in the United States. Section 1610(e) is silent on what is a reasonable period of time between entry of judgment and permission to commence execution proceedings. Here, Section 1610(c) serves no purpose since Cuba, a designated State Sponsor of Terrorism, disregards American judgments and the United States has frozen Cuban assets located here. Since Cuba no longer has a right to appeal and will not pay the default judgment voluntarily, no purpose is served by delaying execution, and a "reasonable period of time" has now elapsed. Plaintiff notes that in *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F.Supp.2d 64, 67 (DDC 2001), a case involving a friendly foreign ally of the United States, the court found that six weeks from the time of judgment was a reasonable period of time under Section 1610(c).

### III. CONCLUSION

Plaintiff has satisfied Section 1610(c) and respectfully requests this Court to enter an Order in the form attached hereto as Exhibit "3" finding that: (a) the notice required by 28 U.S.C. § 1608(e) has been given to the Defendant Republic of Cuba; (b) a reasonable period time of time has elapsed following entry of the August 17, 2012 Default Judgment; and (c) that Plaintiff may commence attachment and execution on the Default Judgment pursuant to 28 U.S.C. § 1610(c).

Dated: New York, New York
       September 20, 2012

By: /s/ Kerry A. Sheehan
Jeffrey E. Glen
Kerry A. Sheehan
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

Robert A. Swift (*Pro Hac Vice*)
Kohn, Swift & Graf, P.C.
One South Broad Street, 21st Floor
Philadelphia, PA 19107
(215) 238-1700

Attorneys for Plaintiff Aldo Vera, Jr.