

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

            Plaintiff,                12 Civ. 1596 (AKH)

    - against -

THE REPUBLIC OF CUBA,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PROTECTIVE AGREEMENT AND ORDER

WHEREAS, the above-referenced plaintiff-judgment creditor is seeking discovery in connection with its effort to enforce the judgment entered in favor of Aldo Vera, Jr., as Personal Representative of the Estate of Aldo Vera, Sr., in the above-referenced action (the "Judgment");

WHEREAS, in connection with that discovery, plaintiff-judgment creditor is seeking the production of documents relating to blocked accounts maintained with various banks (each defined herein individually as the "Bank") in which The Republic of Cuba or its agencies and instrumentalities have or may have a property interest;

WHEREAS, the documents sought contain customer financial information;

WHEREAS, the Bank is prepared to produce the documents sought subject to a protective agreement and order,

WHEREAS, the Office of Foreign Assets Control of the United States Treasury Department ("OFAC") and the United States Department of State (the "State Department") may request by its counsel access to documents that may become subject to

the protective agreement and order upon being provided to the plaintiff-judgment creditor in discovery, including documents relating to accounts that may be subject to turnover proceedings to enforce the Judgment; and

WHEREAS, OFAC and the State Department and their counsel are prepared to join in and become a party to the protective agreement and order;

IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

The following procedures shall govern the production and exchange of all documents and other information produced, given or exchanged by recipients of subpoenas who have joined in this Stipulation during the course of the plaintiff-judgment creditor's enforcement proceeding:

A.   Counsel for any person or entity subject to discovery in this enforcement proceeding (the "Producing Party") may designate any documents, discovery responses or other information taken, given or exchanged in the course of discovery in the enforcement proceeding as "Confidential" (hereinafter "Confidential Documents" or "Confidential Information") when the Producing Party in good faith believes that such documents, discovery responses or confidential information constitute Confidential Information of or concerning clients or customers of the Producing Party, including correspondent banking customers or financial information, trade secrets or otherwise private or confidential information which requires the protection provided in this Order. Confidential Information includes, but is not limited to, the following kinds of information:  non-public customer financial information of any kind; wire transfer information; non-public customer information related to the organization, structure, operations or performance of the customer or Producing Party and non-public

2

communications related thereto; non-public lists showing customers, clients, accountholders, affiliates or customers of a particular institution and non-public documents or information reflecting account information by account or in the aggregate.

B.      The names of persons, organizations or entities who hold or have held accounts, or who are or have been parties to wire transfers that have resulted in blocked accounts ("Accountholders"), the addresses of these Accountholders or their status as Accountholders, and the amounts credited to their accounts, if identified in any such Confidential Information, or any other information pertinent to, or necessary for, the execution upon or turnover of assets may be referred to in pleadings and court papers relating to any enforcement proceeding directed against any such account or Accountholder (and may be referred to in oral submissions to a court), and the funds or other assets held in such accounts or for the account of any such Accountholder may be made subject to the enforcement proceedings contemplated by the plaintiff-judgment creditor. Confidential Documents and Confidential Information relating to any account or accounts not subject to a specific enforcement or turnover proceeding, and Confidential Documents aggregating customer account information and designated as Confidential shall remain confidential and be filed with the Court under seal in the event it becomes necessary to bring such documents to the attention of the Court (unless the information is redacted to omit or otherwise protect account information for those customers which are not the subject of the specific enforcement proceedings).

C.      Confidential Documents and Confidential Information may be used by the party receiving such information (the "Receiving Party") solely for purposes of enforcing or satisfying the Judgment and any enforcement proceedings relating thereto.

Confidential Documents and Confidential Information received by such party may not be used for any other purpose.

D.    Any documents or other materials to be designated as Confidential Documents or Confidential Information shall be so-designated by stamping the same with the legend "Confidential" or a substantially similar legend at the time of production. Confidential status shall extend only to such page of a document stamped with the legend "Confidential." Inadvertent failure to designate materials as confidential at the time of production may be remedied by supplemental written notice and/or the production of copies of properly stamped documents.

E.    Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of such privilege or protection, and any person who has received such materials shall, upon learning that such materials are subject to a claim of privilege, either (a) immediately return such materials to the person that produced them or (b) promptly notify counsel, in writing, of its possession of such materials and immediately cease to use such materials for any purpose until obtaining consent of the producing Person or an appropriate order from the Court.

F.    Confidential Information shall not be disclosed by the Receiving Party to any Person other than:

    i.    counsel and co-counsel for the Receiving Party, including paraprofessional and clerical personnel who are employees of such counsel;

4

2.   the Receiving Party's outside vendors who perform photocopying, microfiching and other functions related to the Action, but only for so long as necessary for such vendors to perform those services and provided that they are advised in writing of the confidential nature of the materials involved;

3.   the Court and persons employed by the Court, including stenographers;

4.   Aldo Vera, Jr., as Personal Representative of the Estate of Aldo Vera, Sr.;

5.   any expert or consultant retained by the Receiving Party's counsel;

6.   any person or entity to whom Confidential Information pertains, provided, however, that only that Confidential Information that pertains to such person or entity may be disclosed to such person;

7.   witnesses to be called to give testimony under oath and their counsel; and

8.   individuals to whom disclosure is reasonably necessary to the enforcement of the judgment in this matter.

Any person described in paragraphs 4 and 8 above to whom Confidential Documents or Information may be shown shall agree, in writing, to be bound by the terms of this Protective Agreement and Order.

H.   This Protective Agreement and Order is without prejudice to the right of any party hereto to (a) object to any discovery request except as to objections that relate to confidentiality; (b) apply to the Court for any further order relating to any Confidential Documents or Information, including making a challenge to a designation of a document or Information as Confidential; or (u) apply to the Court for an order permitting disclosure of Confidential Information other than as provided herein. The provisions of this Order may also be modified on the Court's own motion, or by motion by any party upon notice.

5

I.      Entering into this Protective Agreement and Order, agreeing to produce
and/or producing or receiving Confidential Documents or Confidential Information, or
otherwise complying with the terms of this Protective Agreement and Order shall not: (i)
waive, supersede, or amend the provisions of any prior confidentiality agreement
between or among the Bank or any non-party; (ii) be construed or operate as a waiver of
any claim of domestic or foreign privilege or immunity with respect to the production of
any document; or (iii) be deemed to modify or otherwise alter any applicable privileges,
immunities or prohibitions against disclosure of documents or information under
domestic or foreign laws or regulations, including but not limited to domestic or foreign
bank secrecy laws, blocking laws, privacy laws or similar laws or regulations.

J.      All Confidential Documents and Confidential Information, in the form
produced, and all copies thereof, shall be either (i) destroyed, which destruction shall be
certified in writing within ninety (90) days after the final conclusion of this action and
any related enforcement proceeding, including appeals, or, (ii) at the request of the
Designating Party, returned to counsel for the Designating Party within ninety (90) days
after the final conclusion of this action and any related enforcement proceeding,
including appeals. All counsel for the Receiving Party shall also maintain copies of any
executed Acknowledgments they obtain pursuant to this Order for at least one year
following final resolution of this action, including any appeals arising therein.

K.      The provisions of this protective agreement and order shall not be
construed as preventing any disclosure of confidential information to or by a
governmental entity for the purpose of the enforcement of the civil or criminal laws.

6

L.    Persons may join in and become Parties to this Protective Agreement and Order, and become subject to its terms by signing a counterpart of this Protective Agreement and Order (by counsel or individually) and serving all parties of record and filing same with the Court.

M.    Notices required pursuant to this Order shall be made to counsel for a Person (or, if unrepresented, to the Person directly) via facsimile and overnight delivery service and shall be deemed effective on the next business day following the date sent.

N.    Upon execution, this Protective Agreement and Order shall have the effect of an agreement among the signatories and is not conditioned on any eventual court orders, if any, approving this Protective Agreement and Order. Furthermore, nothing in this Protective Agreement and Order shall inhibit the plaintiff-judgment creditor from commencing proceedings to execute upon assets, attach assets, or otherwise seek to satisfy her judgment based upon information provided by the Banks prior to this Court entering this Protective Agreement and Order as a final order of the Court.

Dated:  New York, New York
~~December~~, ~~2012~~    January 11, 2013

ANDERSON KILL & OLICK, P.C.

By: _____
    Jeffrey E. Glen

1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

Attorneys Aldo Vera, Jr., as Personal
    Representative of the Estate of
    Aldo Vera, Sr.

7

DAVIS POCK & WARDWELL LLP

By:
Karen L. Wagner
Jennifer O. Newstead
James L. Kerr

450 Lexington Avenue
New York, NY 10017
(212) 450-4552

Attorneys for Bank of America, National
   Association, Citibank, N.A., Intesa
   Sanpaolo, SpA, UBS, AG and
   Wells Fargo Bank, N.A.


SOCIETE GENERALE

By:
Patricia O. Corley

1221 Avenue of the Americas
New York, NY 10020
(212) 278-6194


CREDIT AGRICOLE CORPORATE AND
   INVESTMENT BANK

By:
Kristin M. Ellis

1301 Avenue of the Americas
New York, NY 10019
(212) 261-3958

8

DORSEY & WHITNEY LLP

By: _____  1/14/13
    Lanier Saperstein

51 West 52nd Street
New York, NY 10019
(212) 415-9385

Attorneys for Bank of China

GIBBONS P.C.

By: _____  1/11/13
    Terry Myers

1 Pennsylvania Plaza
New York, NY 10119-3701
(212) 613-2005

Attorneys for Commerzbank AG

THE ROYAL BANK OF SCOTLAND, N.V., The Royal Bank of Scotland plc, RBS Citizens N.A.

By: _____
    Hayward Smith

600 Washington Boulevard
Stamford, CT 06901
(203) 637-2746

DAVIS POLK & WARDWELL LLP

By: _____
    Karen E. Wagner
    Jennifer O. Newstead
    James L. Kerr

450 Lexington Avenue
New York, NY 10017
(212) 450-4552

Attorneys for JPMorgan Chase Bank, N.A.

9

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____
David S. Jones
Tara M. La Morte
Assistant United States Attorneys

86 Chambers Street, 3rd Floor
New York, NY 10007
(212) 637-2739

Attorneys for the United States of America

SO ORDERED:
December ____, 2012

Jan 14, 2013

10