IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/13

ALDO VERA, JR., as Personal Representative of the
Estate of Aldo Vera, Sr.,

        Plaintiff,

v.

THE REPUBLIC OF CUBA,

        Defendant.

12 Civ. 1596 (AKH)

AMENDED ORDER

AND NOW, this 22 day of January, 2013, upon Motion by Plaintiff to amend this Court's Order October 11, 2012 permitting attachment and execution upon assets of the Defendant in satisfaction of the Judgment in this action, the Motion is GRANTED and the Order of October 11, 2012 is amended *nunc pro tunc*.

The Court finds that (a) this Court's Judgment dated August 17, 2012 was served by the Clerk of Court on Defendant Republic of Cuba on September 4, 2012, (b) the notice of entry of judgment to a foreign sovereign required by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e), has been given to the said Defendant, (c) the time to appeal said Judgment has elapsed, and (d) a reasonable period time of time has elapsed following entry of the August 17, 2012 Judgment, (e) the Judgment was entered pursuant to Section 1605A of the FSIA and execution on the assets of Cuba is permitted by Section 1610(a) and (b) of the FSIA, (f) pursuant to Section 1610(f) and (g) of the FSIA, Congress has specifically permitted execution in these circumstances on assets of Cuba blocked pursuant to 31 C.F.R. Part 515, and (g) the Treasury Department has identified to plaintiff Cuban blocked assets at specific financial institutions located in the United States.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff may commence attachment and execution on the Judgment pursuant to 28 U.S.C. § 1610(c) as to blocked Cuban assets at the financial institutions identified by the Treasury Department.

BY THE COURT:

Alvin K. Hellerstein
United States District Judge