IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
*******************************************

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., | 12 Civ. 1596 (AKH) |
| Plaintiff, | |
| v. | DECLARATION OF ROBERT A. SWIFT IN SUPPORT OF MOTION TO COMPEL FULL AND COMPLETE ANSWERS TO INFORMATION SUBPOENAS |
| THE REPUBLIC OF CUBA, | |
| Defendant. | |
| v. | |
| THE STANDARD CHARTERED BANK, BANK OF CHINA, and M&T BANK, | |
| Garnishees. | |

ROBERT A. SWIFT, declares under penalty of perjury as follows:

1. I am a senior member of the law firm of Kohn, Swift & Graf, P.C. which represents plaintiff, and am admitted *pro hac vice* in this litigation. I am familiar with the proceedings in this litigation. I make this Declaration based on my personal knowledge of the facts set forth herein.

2. On August 20, 2012 a judgment was entered in this Court in favor of plaintiff Aldo Vera, Jr. and against defendant The Republic of Cuba in the amount of $49,346,773.09. *See* Exhibit 1.

3. Upon Motion, this Court entered an Order on October 11, 2012 permitting Plaintiff to commence attachment and execution on property of the Republic of Cuba. *See* Exhibit 2.

4. Cuba was, and is, designated by the United States as a state sponsor of terrorism. *Weininger v. Castro*, 462 F.Supp.2d 457, 479 (S.D.N.Y. 2006) (J. Marrero). The Judgment herein, obtained pursuant to 28 U.S.C. § 1605(a)(7) [now 1605A], is for an intentional, terroristic act: the assassination on US soil of an American national who opposed Fidel Castro.

5. Plaintiff is authorized by law, 28 U.S.C. § 1610(g), to execute upon the assets of Cuba, its agencies and instrumentalities. That section provides in pertinent part:

> Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A, and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of--
> (A) the level of economic control over the property by the government of the foreign state;
> (B) whether the profits of the property go to that government;
> (C) the degree to which officials of that government manage the property or otherwise control its daily affairs;
> (D) whether that government is the sole beneficiary in interest of the property; or
> (E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

6. Property of Cuba, its agencies and instrumentalities, has been "blocked" for decades pursuant to 31 C.F.R. Part 515. Cuban "blocked" assets constitute the only available Cuban property in the United States that Plaintiff may execute upon to satisfy his judgment. Congress specifically permitted execution upon "blocked" assets in Section 1610(f)(1)(A) of the Foreign Sovereign Immunities Act.

7.      Each of the three Garnishees (The Standard Chartered Bank, Bank of China, and M&T Bank) was served with an information subpoena on October 25, 2012 by certified mail, return receipt requested, to the New York office of the Garnishee. Plaintiff received return receipts for service from each Garnishee acknowledging service no later than November 7, 2012.

8.      Attached hereto as Exhibit 3 is the information subpoena served on The Standard Chartered Bank. The subpoena format and questions to each of the Garnishees was identical. Pursuant to CPLR 5224(a)(3), an answer was due by each Garnishee within seven (7) business days.

9.      Prior to serving the information subpoena on the three Garnishees, plaintiff's counsel possessed specific information provided by the U.S. Treasury Department listing these three Garnishees as holding substantial Cuban "blocked" assets in the United States. *See* Exhibit 4.

10.     To date, Garnishee Standard Chartered Bank has not answered the information subpoena. Counsel for plaintiff made repeated attempts to reach bank personnel by telephone over a two month period, but no response was forthcoming. By letter dated January 10, 2013, plaintiff's counsel notified the Bank that it would file a motion to compel unless an answer to the subpoena was forthcoming. *See* Exhibit 5.

11.     To date, Garnishee Bank of China has not answered the information subpoena. Counsel for plaintiff has been in communication with counsel for Bank of China, and extended the time for a response by Bank of China. But the additional time allowed has elapsed and counsel has been unresponsive to repeated requests for an answer to the subpoena. Bank of

China's counsel is a signatory to the Protective Order entered by the Court on January 14, 2013 (ECF Doc. # 24).

12. M&T Bank submitted an answer to the information subpoena on December 6, 2012 objecting to furnishing any information. *See* Exhibit 6. Plaintiff's counsel contacted the Bank, requested that it check its OFAC submissions, and submit an amended answer. A paralegal at the Bank told plaintiff's counsel orally of two Cuban government agency accounts at the Bank. But efforts to obtain further information as to the accounts have been ignored and telephone calls have gone unanswered. A demand letter to the Bank's counsel dated December 14, 2012, *see* Exhibit 7, has gone unanswered.

13. In *EM Ltd. V. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) the Court, in upholding a post-judgment information subpoena issued to a bank in New York, stated that "broad post-judgment discovery in aid of execution is the norm in federal and New York State courts." It further stated that "[i]t is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets."

14. Accordingly, plaintiff requests that this Court enter an Order compelling each of the Garnishees to furnish to plaintiff's counsel full and complete answers to the information subpoenas served on each, including any information furnished to the US Office of Foreign Assets Control regarding Cuban related accounts blocked pursuant to 31 C.F.R. 515, within seven (7) calendar days from the date of the Order. A proposed form of order is attached as Exhibit 8.

15. I certify to the Court that I made sustained and reasonable efforts to resolve this discovery dispute without court action prior to filing the instant Motion to Compel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Philadelphia, Pennsylvania
on January 22, 2013

_____
Robert A. Swift