# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALDO VERA, JR.,

As Personal Representative of the Estate of
Aldo Vera, Sr.,

        Plaintiff,

v.

THE REPUBLIC OF CUBA,

        Defendant,

and

M&T BANK, et al.

        Garnishees.

Civil Action No. 12 CIV 1596

---

## M&T BANK'S RESPONSES AND OBJECTIONS TO PLAINTIFFS INFORMATION SUBPOENA QUESTIONS AND ANSWERS

M&T Bank hereby serves its Responses and Objections to Plaintiffs Information Subpoena Questions and Answers dated October 25, 2012 and served November 7, 2012 (the "Subpoena").

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1.     M&T generally objects to the Subpoena to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection available under law. M&T reserves the right

1

to assert every applicable privilege and protection. Any specific objections stated below on the grounds of attorney-client privilege and/or work-product doctrine in no way limit the applicability of this objection to all topics. Nothing contained in the objections / responses below is intended to be, nor should be considered a waiver of any attorney-client privilege and/or work-product doctrine, right of privacy, or any other applicable privilege or doctrine.

2. M&T generally objects to the Subpoena to the extent they impose burdens and requirements beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, New York Civil Practice Laws and Rules or other applicable Rules.

3. M&T generally objects to the Subpoena to the extent it is overly broad and unduly burdensome because it seeks information in the possession, custody, or control of an entity other than M&T, including plaintiff or named defendants.

4. M&T generally objects to the Subpoena to the extent that it is vague, ambiguous, or worded in such a manner that M&T is unable to make an appropriate response. M&T further objects to the Subpoena to the extent it fails to describe with reasonable particularity the matters on which examination is requested.

5. M&T generally objects to the Subpoena to the extent that it is misleading, presumes the existence of facts not in evidence, or attempts to mischaracterize the evidence.

6. M&T generally objects to the Subpoena to the extent it requests irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible evidence.

7. M&T generally objects to the Subpoena to the extent it is or may be used for any improper purposes, including, without limitation, embarrassment, undue annoyance, harassment,

2

delay, or to increase the expense of litigation.

8. M&T generally objects to the Subpoena to the extent it seeks confidential information, including confidential information of third parties.

9. M&T objects to the definitions of "M&T," "You," "Your," and "loan files" on the grounds that they are overly broad, not limited to the named defendants in the present litigation and will result in overly burdensome responses. M&T will consider the definition of "M&T" to include only M&T Bank.

10. M&T objects to the definition of "document" to the extent that it is inconsistent with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, New York Civil Practice Laws and Rules or the other applicable Rules.

11. M&T objects to the Production Requests in the Subpoena to the extent they seek information that would require the disclosure of confidential customer information or to the extent they seek information that, if disclosed, would violate confidentiality policies, obligations or laws.

12. M&T objects to the Production Requests in the Subpoena to the extent that they use the terms or phrases "any" or "all" on the grounds that these terms are (a) overly broad, (b) unduly burdensome, (c) vague and ambiguous, and (d) seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. M&T hereby incorporates this objection into any topic that uses the terms "any" or "all."

13. As a non-party, M&T Bank objects to the production of electronically stored information ("ESI") at this stage, including but not limited to any request for ESI that is not active and stored in readily accessible locations, and any request for metadata. The unduly

3

burdensome costs attendant to seeking, reviewing, and producing ESI are not justified here, where M&T Bank is a non-party and Plaintiff has propounded discovery that is available from other parties to this litigation and is otherwise improper.

14. These objections herein and any subsequent responses are made expressly without waiver of and with preservation of:

 a. All questions as to competency, relevancy, materiality, privilege, and admissibility of each response or requested document, and the subject matter thereof, as evidence for any purpose in any further proceedings in this action that should be compelled, and in any other action;

 b. The right to object to the use of any response or document, or the subject matter thereof, on any ground in any further proceedings in this action and in any other action;

 c. The right to object on any ground at any time to a demand or request for a further response to these or any other subpoenas or document requests or other discovery proceedings involving or relating to the subject matter of the Subpoena herein responded to; and

 d. The right at any time to revise, correct, add to, supplement, or clarify any of the responses or objections contained herein.

## QUESTIONS, RESPONSES AND OBJECTIONS

1. *Do you have a record of any account in which the Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto) may have an interest, whether under the name of the Judgment Debtor, its agencies and instrumentalities, under a trade or corporate name, or in association with others, as of the date of the subpoena or within 1 year prior thereto?*

**ANSWER**: M&T Bank objects to this request on the basis that, to the extent any such accounts may exist in the name of the Judgment Debtor Republic of Cuba, including its agencies and instrumentalities listed in Exhibit A to this subpoena, such accounts are not subject to restraint, execution or attachment pursuant to (a) the Foreign Sovereign Immunities Action, 28 U.S.C. §§1602, *et seq.* and/or (b) the International Organizations Immunities Act, 22 U.S.C. §§288, *et seq.* and/or (c) the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and/or (d) The Vienna Convention on Diplomatic Relations and/or other laws or regulations which prohibit execution or attachment of property. Furthermore, to the extent bank accounts maintained by foreign diplomatic missions may be maintained in banks located in the United States, such bank accounts used by missions for diplomatic purposes are immune from execution pursuant to The Vienna Convention.

2. *As to each account, what is the exact title of the account, the date opened, amounts presently on deposit; if closed, the amount on deposit when closed and the date of closed?*

**ANSWER**: See response to Question 1 above.

3. *Do you have a record of the transaction history for any account in which the Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto) may have an interest, whether under the name of the Judgment Debtor, its agencies and instrumentalities, under a trade or corporate name, or in association with others, as of the date of the subpoena or within 1 year prior thereto?*

**ANSWER**: See response to Question 1 above.

4. *As to each transaction, who is the counterparty?*

**ANSWER**: See response to Question 1 above.

5. *Do you have a record of any safe deposit box in which the Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto) may have an interest, whether under the name of debtor, including its agencies and instrumentalities listed in Exhibit A hereto, under a trade or corporate name, or in association with others, as of the date of the subpoena or within 1 year prior thereto?*

5

**ANSWER**: See response to Question 1 above.

6. *As to each such box, what is the exact designation of the losses thereof, the date hired, the date discontinued, the named of those having access?*

**ANSWER**: See response to Question 1 above.

7. *Do you hold collateral in which the Judgment Debtor Republic of Cuba (and/or its agencies and instrumentalities listed in Exhibit A hereto) has or may have interests?*

**ANSWER**: See response to Question 1 above.

8. *What is the description and value of each item of collateral?*

**ANSWER**: See response to Question 1 above.

9. *What interest does the Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto) appear to have in each item of collateral?*

**ANSWER**: See response to Question 1 above.

10. *Is the Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto) indebted to you?*

**ANSWER**: See response to Question 1 above.

11. *As to each indebtedness, what is the amount of the original indebtedness, the date incurred, amount repaid and the date of such repayment?*

**ANSWER**: See response to Question 1 above.

12. *Do you hold a lien, mortgage or otherwise, against property of Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto)?*

**ANSWER**: See response to Question 1 above.

13. What is the nature of such lien, the full description of the property affected by the lien, the location and identify of the office of the filing or recording and full indexing information?

**ANSWER**: See response to Question 1 above.

14. Are any of the assets of the Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto) in your possession or care, subject to liens, attachment or encumbrances?

**ANSWER**: See response to Question 1 above.

15. What are the full details of the same in regard of each asset?

**ANSWER**: See response to Question 1 above.

16. Do you have any other transactions with the Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto), directly or indirectly, as a result of which the Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto) may now have, or may in the future become entitled to money or credit?

**ANSWER**: See response to Question 1 above.

17. What are the full details of each transaction?

**ANSWER**: See response to Question 1 above.

18. Has the Judgment Debtor Republic of Cuba (including its agencies and instrumentalities listed in Exhibit A hereto) given you a statement of its financial condition?

**ANSWER**: See response to Question 1 above.

19. What assets are disclosed therein (or in alternative supply a copy thereof)?

**ANSWER**: See response to Question 1 above.

Dated: December 6, 2012

                                            **M&T BANK**

                                            By: _____
                                            Michael C. Driscoll, Esq.
                                            Senior Counsel
                                            M&T Bank Legal Department
                                            One M&T Plaza, 12th Floor
                                            Buffalo, New York  14203
                                            Phone: (716) 884-1368
                                            Fax:    (716) 842-5376
                                            mdriscoll@mtb.com