Heller stein, a.



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

..........................................

ALDO VERA, JR., as Personal Representative of the
Estate of Aldo Vera, Sr.,

        Plaintiff,

        v.

THE REPUBLIC OF CUBA,

        Defendant,

        v.

THE BANK OF TOKYO-MITSUBISHI UFJ, LTD.,

        Garnishee.

**************************************************

12 Civ. 1596 (AKH)


**STIPULATION RE
TURNOVER OF PROPERTY**


USDC SDN
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/19/13

        AND NOW, this 6TH day of February 2013, counsel for Plaintiff Aldo Vera, Jr.

and counsel for The Bank Of Tokyo-Mitsubishi UFJ, Ltd. stipulate and agree as follows:

1.    Plaintiff is a judgment creditor pursuant to a Judgment entered August 20, 2012

      against the Republic of Cuba pursuant to 28 U.S.C. 1605(a)(7), now 28 U.S.C.

      1605A, in the amount of $49,346,713.22.

2.    The Court granted Plaintiff permission to execute on the Judgment pursuant to 28

      U.S.C. 1610(c) by Order dated October 11, 2012.

3.    Plaintiff served Garnishee The Bank Of Tokyo-Mitsubishi UFJ, Ltd. with a notice of

      execution to which Garnishee submitted a response.

4.   Garnishee has in its custody the sums listed below, totaling $10,671.92,[1] held in the

below designated accounts (the "Accounts"), wherein agencies and instrumentalities

of the Republic of Cuba are account holders:

a.   $3,465.00 in Corporate MMA Account No.120-700-182;

b.   $534.47 in Corporate MMA Account No. 120-700-328;

c.   $534.47 in Corporate MMA Account No. 120-700-336;

d.   $2,137.98 in Corporate MMA Account No. 120-700-344; and

e.   $4,000.00 in Individual MMA Account No. 531-000-036.

5.   Garnishee represents that these Accounts are the only accounts in its custody wherein

the Republic of Cuba or its agencies or instrumentalities are beneficiaries.

6.   Said Accounts were blocked pursuant to the Cuban Asset Control Regulations, 31

C.F.R. Part 515.

7.   In accordance with Section 201(a) of the Terrorism Risk Insurance Act ("TRIA"), 28

U.S.C. 1610 note, Plaintiff may execute on blocked Cuban property in the custody of

financial institutions.

8.   Upon execution hereof, Garnishee will turn over to Plaintiff's counsel the proceeds of

the said Accounts in the total amount of $10,671.92 in partial satisfaction of the said

Judgment pursuant to TRIA.

---

[1] All blocked account balance values set forth herein are as of December 31, 2012.  Any interest
credited to any such accounts prior to execution hereof will be included in the amounts paid to
Plaintiff's counsel such that the full balance of each account will be turned over upon execution
and each account closed immediately thereafter.

9.     Upon the turnover of the proceeds, Plaintiff will vacate the notice of execution to

Garnishee.

By: _____

Robert A. Swift (*Pro Hac Vice*)
Kohn, Swift & Graf, P.C.
One South Broad Street, 21st Floor
Philadelphia, PA 19107
(215) 238-1700

Jeffrey E. Glen
Kerry Sheehan
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
(212) 278-1000

Attorneys for Plaintiff Aldo Vera, Jr.

By: _____

Karl Geercken
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
212-210-9400

Attorney for The Bank Of Tokyo-
Mitsubishi UFJ, Ltd.

SO ORDERED:

_____
Alvin K. Hellerstein
United States District Judge

2/19/13