

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
ALDO VERA, JR., as Personal
Representative of the Estate of Aldo Vera,
Sr.,

        Plaintiff,

- against -

THE REPUBLIC OF CUBA,

        Defendant.
------------------------------------ x

12 Civ. 1596 (AKH)

## CONFIDENTIALITY AGREEMENT

WHEREAS, the above-referenced plaintiff-judgment creditor is seeking discovery in connection with its effort to enforce the judgment entered in favor of Aldo Vera, Jr., as Personal Representative of the Estate of Aldo Vera, Sr., in the above-referenced action (the "Judgment");

WHEREAS, in connection with that discovery, plaintiff is seeking the production of documents relating to blocked accounts maintained with BNP Paribas (the "Bank") in which The Republic of Cuba or its agencies and instrumentalities have or may have a property interest;

WHEREAS, the documents sought contain customer financial information;

WHEREAS, the Bank is prepared to produce the information or documents sought subject to a confidentiality agreement;

IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

The following procedures shall govern the production and exchange of all documents and other information produced, given or exchanged by the Bank during the course of the plaintiff's enforcement proceeding:

A.  Counsel for the Bank may designate any documents, discovery responses or other information taken, given or exchanged in the course of discovery in the enforcement proceeding as "Confidential" (hereinafter "Confidential Documents" or "Confidential Information") when it in good faith believes that such documents, discovery responses or confidential information constitute Confidential Information of or concerning clients or customers of the Bank, including correspondent banking customers or financial information, trade secrets or otherwise private or confidential information which requires the protection provided in this Agreement. Confidential Information includes, but is not limited to, the following kinds of information: non-public customer financial information of any kind; wire transfer information; non-public customer information related to the organization, structure, operations or performance of the customer or the Bank and non-public communications related thereto; non-public lists showing customers, clients, accountholders, affiliates or customers of a particular institution and non-public documents or information reflecting account information by account or in the aggregate.

B.  The names of persons, organizations or entities who hold or have held accounts, or who are or have been parties to wire transfers that have resulted in blocked accounts ("Accountholders"), the addresses of these Accountholders or their status as Accountholders, and the amounts credited to their accounts, if identified in any such Confidential Information, or any other information pertinent to, or necessary for, the execution upon or turnover of assets may be referred to in pleadings and court papers relating to any enforcement proceeding directed against any such account or Accountholder (and may be referred to in oral submissions to a court), and the funds or other assets held in such accounts or for the account of any such Accountholder may be made subject to the enforcement proceedings contemplated by the plaintiff. Confidential Documents and Confidential Information relating to any account or accounts not subject to a

specific enforcement or turnover proceeding, and Confidential Documents aggregating customer account information and designated as Confidential shall remain confidential and be filed with the Court under seal in the event it becomes necessary to bring such documents to the attention of the Court (unless the information is redacted to omit or otherwise protect account information for those customers which are not the subject of the specific enforcement proceedings).

   C. Confidential Documents and Confidential Information may be used by plaintiff solely for purposes of enforcing or satisfying the Judgment and any enforcement proceedings relating thereto. Confidential Documents and Confidential Information received by such plaintiff may not be used for any other purpose.

   D. Any documents or other materials to be designated as Confidential Documents or Confidential Information shall be so-designated by stamping the same with the legend "Confidential" or a substantially similar legend at the time of production. Confidential status shall extend only to such page of a document stamped with the legend "Confidential." Inadvertent failure to designate materials as confidential at the time of production may be remedied by supplemental written notice and/or the production of copies of properly stamped documents.

   E. Confidential Information shall not be disclosed by the plaintiff to any person other than:

     1. counsel and co-counsel for the plaintiff, including paraprofessional and clerical personnel who are employees of such counsel;

     2. the Court and persons employed by the Court, including stenographers;

     3. Aldo Vera, Jr.;

     4. any expert or consultant retained by the plaintiff's counsel;

    5.  any person or entity to whom Confidential Information pertains, provided, however, that only that Confidential Information that pertains to such person or entity may be disclosed to such person;

    6.  witnesses to be called to give testimony under oath and their counsel; and

    7.  individuals to whom disclosure is reasonably necessary to the enforcement of the judgment in this matter.

Any person described in paragraphs 4 and 7 above to whom Confidential Documents or Information may be shown shall agree, in writing, to be bound by the terms of this Confidentiality Agreement.

  F.  This Confidentiality Agreement is without prejudice to the right of any party hereto to (a) object to any discovery request except as to objections that relate to confidentiality; (b) apply to the Court for an order relating to any Confidential Documents or Information, including making a challenge to a designation of a document or Information as Confidential; or (c) apply to the Court for an order permitting disclosure of Confidential Information other than as provided herein.

  G.  Entering into this Confidentiality Agreement, agreeing to produce and/or producing or receiving Confidential Documents or Confidential Information, or otherwise complying with the terms of this Confidentiality Agreement shall not: (i) waive, supersede, or amend the provisions of any prior confidentiality agreement between or among the Bank or any non-party; (ii) be construed or operate as a waiver of any claim of domestic or foreign privilege or immunity with respect to the production of any document; or (iii) be deemed to modify or otherwise alter any applicable privileges, immunities or prohibitions against disclosure of documents or information under domestic or foreign laws or regulations, including but not limited to domestic or foreign bank secrecy laws, blocking laws, privacy laws or similar laws or regulations.

H. All Confidential Documents and Confidential Information, in the form produced, and all copies thereof, shall be either (i) destroyed, which destruction shall be certified in writing within ninety (90) days after the final conclusion of this action and any related enforcement proceeding, including appeals, or, (ii) at the request of the Bank, returned to the Bank within ninety (90) days after the final conclusion of this action and any related enforcement proceeding, including appeals. All counsel for the plaintiff shall also maintain copies of any executed Acknowledgments they obtain pursuant to this Agreement for at least one year following final resolution of this action, including any appeals arising therein.

I. Plaintiff or the Bank may file this Confidentiality Agreement with the Court should either wish to bring it to the Court's attention.

J. Upon execution, this Confidentiality Agreement shall have the effect of an agreement among the signatories and is not conditioned on any Court approval.

Dated: New York, New York
December 7, 2012

Robert A. Swift
Kohn, Swift & Graf, P.C.
1 South Broad Street, 21st Flr.
Philadelphia, PA 19107

Attorney for Plaintiff

Diana Mitchell
BNP Paribas
787 Seventh Avenue
New York, New York 10019

Attorney for BNP Paribas

So Ordered: _____
February 19, 2013