**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,** ) ) ) ) | **12 Civ. 1596 (AKH)** |
| **Plaintiff,** ) ) | **MOTION FOR TURNOVER ORDER PURSUANT TO FEDERAL RULE** |
| **v.** ) ) | **OF CIVIL PROCEDURE RULE 69 AND CPLR § 5225(b)** |
| **THE REPUBLIC OF CUBA** ) ) | |
| **Defendant,** ) ) | |
| **v.** ) ) | |
| **BANK OF CHINA,** ) ) | |
| **Garnishee.** ) | |

Plaintiff Aldo Vera, Jr. (the "Movant"), by his undersigned attorneys, alleges as follows:

### NATURE OF THE PROCEEDING

1.      This motion is made pursuant to § 201 of the Terrorism Risk Insurance Act of

2002 ("TRIA"), Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 and pursuant

to N.Y. C.P.L.R. § 5225(b), made applicable through Fed. R. Civ. P. 69, for an order compelling

Garnishee Bank of China ("Garnishee"), as garnishee, to turn over certain funds that are now in

its possession and upon which the Marshal has levied.  The funds to be executed upon are

secured by writ of execution issued on November 30, 2012 by the Clerk of this Court in this

case, to enforce a Florida state judgment that was duly entered as a judgment of this Court on

August 20, 2012 (the "Judgment," a true and correct copy of which is attached hereto as Exhibit

1).  The Judgment grants full faith and credit to a final judgment that the Eleventh Judicial

District in and for Miami-Dade County, Florida, (the "Florida Judgment"), entered in favor of

Movant and against Defendant-Judgment Debtor The Republic of Cuba, (the "Judgment Debtor").

2.      The U.S. Marshal levied a writ of execution (for which the Marshal's return is attached as Exhibit 2) upon Garnishee because it was known by Movant's counsel to be holding funds on behalf of the Judgment Debtor and/or its agencies and instrumentalities. Garnishee has confirmed to Movant's counsel that it holds such funds, but alleges that it is unable to turn them over to the Marshal because of federal blocking regulations and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* (the "FSIA"). Garnishee has identified a number of accounts that are either owned by the Judgment Debtor and/or its agencies or instrumentalities, or that hold funds in which the Judgment Debtor and/or its agencies or instrumentalities has an interest. A schedule of the accounts (hereinafter the "Accounts") that Garnishee has identified, and for which Movant seeks turnover relief, is attached hereto as Exhibit 3 but filed under seal pursuant to a Protective Order in this proceeding.

3.      Movant brings this Motion to obtain an Order requiring Garnishee to turn over the funds it holds in the Accounts on behalf of the Judgment Debtor and/or its agencies and instrumentalities. As alleged herein, § 201(a) of TRIA provides that, notwithstanding any other provision of law, the heirs of a victim of terrorism, such as Movant's decedent, may satisfy a judgment obtained against a state sponsor of terrorism, such as Cuba, out of blocked assets of such terrorist state.

4.      As further alleged herein, Movant is entitled to execute on the blocked Accounts held by Garnishee. Accordingly, he now seeks an order requiring the Garnishee to turn over the funds in the Accounts to the United States Marshal for the benefit of, and ultimate payment to, Movant in partial satisfaction of the Judgment.

101199

## JURISDICTION

5.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as a civil action arising under federal law.  Supplemental jurisdiction is conferred on this Court by 28 U.S.C. § 1367(a) over any other claim that is so related to claims in this action within the Court's original jurisdiction that it will form part of the same case or controversy.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2) and (f) because the property that is the subject of the action is situated in this district and because Garnishee has an office located in this district.

## PARTIES

7.     Movant, Aldo Vera, Jr., is a citizen of the state of Florida.  He is the legal representative of the Estate of Aldo Vera, Sr.  Movant holds a judgment against the Republic of Cuba for the extra-judicial killing of Aldo Vera, Sr. on American territory.

8.     The Republic of Cuba, a foreign sovereign within the meaning of 28 U.S.C. § 1603(a), is the defendant and Judgment Debtor.

9.     Garnishee Bank of China is a foreign banking institution incorporated and existing under the laws of the Peoples Republic of China with a branch office in New York City. This Garnishee maintains bank accounts in this district, including those subject to the Marshal's levy.

## BACKGROUND

10.     The Florida action was commenced pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1605(a)(7) (now 1605A), against the Republic of Cuba for the extra-judicial killing of Aldo Vera, Sr.

3

101199

11.     As the Florida Judgment specifically found, The Republic of Cuba, is a state

sponsor of terrorism under section 6(j) of the Export Administration Act of 1979, codified at 50

U.S.C. App. 2405(j).

12.     Section 201(a) of the TRIA provides that:

> notwithstanding any other provision of law, and except as provided in subsection
> (b), in every case in which a person has obtained a judgment against a terrorist
> party on a claim based upon an act of terrorism, or for which a terrorist party is
> not a party on a claim based upon an act of terrorism, or for which a terrorist party
> is not immune under section 1605(a)(7) of title 28 U.S.C., the blocked assets of
> that terrorist party (including the blocked assets of any agency or instrumentality
> of the terrorist party) shall be subject to execution or attachment in aid of
> execution in order to satisfy such judgment to the extent any compensatory
> damages for which such terrorist party has been adjudged liable.

13.     The Foreign Sovereign Immunities Act, 28 U.S.C. 1610(g), states

in pertinent part:

> Subject to paragraph (3), the property of a foreign state against which a judgment
> is entered under section 1605A, and the property of an agency or instrumentality
> of such a state, including property that is a separate juridical entity or is an interest
> held directly or indirectly in a separate juridical entity, is subject to attachment in
> aid of execution, and execution, upon that judgment as provided in this section,
> regardless of--
> (A) the level of economic control over the property by the government of the
> foreign state;
> (B) whether the profits of the property go to that government;
> (C) the degree to which officials of that government manage the property or
> otherwise control its daily affairs;
> (D) whether that government is the sole beneficiary in interest of the property; or
> (E) whether establishing the property as a separate entity would entitle the foreign
> state to benefits in United States courts while avoiding its obligations.

14.     The Judgment Debtor never appeared or made any attempt to satisfy or otherwise

acknowledge any of the Florida Judgment against it.

15.     On August 20, 2008, pursuant to 28 U.S.C. § 1738, this Court recognized and

entered the Florida Judgment as a New York Judgment, by giving full faith and credit to the

101199

Florida Judgment. The Judgment together with post-judgment interest was entered in the amount of $49,346,713.22.

16.     By Order dated October 11, 2012, as amended on January 22, 2013, this Court permitted Movant to execute on the Accounts to satisfy the Judgment.

17.     On December 20, 2012 the United States Marshal levied the writ of execution upon the Garnishee financial institution that was believed to be holding funds on behalf of the Judgment Debtor and/or its agencies and instrumentalities.

18.     The Marshal levied in accordance with § 201 of TRIA, against any property of the Republic of Cuba and/or its agencies or instrumentalities, i.e., any property held, maintained, or in the possession or control of the Garnishee that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. § 515.201 *et seq.*

19.     Garnishee declined to turn over the Accounts to the Marshal until such time as a determination has been made by a court as to whether any of the specified Accounts is subject to execution and turnover to the Movant pursuant to the terms of TRIA.

## BLOCKED CUBAN BANK ACCOUNTS

20.     In response to an information subpoena served on Garnishee, Garnishee produced a list of accounts from schedules filed with OFAC as of June 30, 2012 related to the blocked property and accounts identified on these schedules. A summary of relevant information from these schedule is attached as Exhibit 3 but, as mentioned, filed under seal. This summary identifies blocked property and accounts in which the Republic of Cuba has an interest and which are held in interest bearing accounts pursuant to the Cuban Assets Control Regulation, 31 C.F.R. Part 515.

5

101199

21.     The schedule produced by Garnishee confirms that Cuba has an interest in the interest bearing Accounts held by Garnishee. Plaintiff's counsel have researched the Cuban instrumentalities listed in Exhibit 3 (under seal) through publicly available records and are satisfied that all are owned by the Cuban government, as detailed in Exhibit 4 which is filed under seal.

## THE NEED FOR A TURNOVER ORDER

22.     The United States government has blocked all funds in the Accounts pursuant to the Cuban Assets Control Regulation ("CACRs') codified at 31 C.F.R. Part 515.

23.     Garnishee is unwilling to effect a turnover of the funds in these Accounts to the Marshal to satisfy the Judgment without a judicial determination that the Accounts are subject to execution and turnover pursuant to TRIA.

24.     Upon information and belief, no adverse claimants have priority over Movant to the funds that are subject to the writs of execution and the Marshal's levy.

25.     To date, no release of the Accounts has been made pursuant to the Marshal's levy.

26.     $49,318,635.37 of the Judgment, plus accrued interest, remains unsatisfied.

27.     Garnishee's refusal to release and turn over the Accounts violates TRIA, is unauthorized by any other provision of law and, therefore, is invalid.

28.     Failure to release the Accounts in satisfaction of the writ of execution is in contravention of CPLR § 5225(b) applicable pursuant to FRCP Rule 69(a).

29.     Not more than 90 days have elapsed since the writ of execution was served.

## RELIEF SOUGHT

WHEREFORE, Movant prays that the Court issue an Order, in the form attached hereto as Exhibit 5, pursuant to TRIA, Federal Rule of Civil Procedure 69 and CPLR § 5225(b),

6

directing Garnishee to turn over to the Marshal proceeds, including accrued interest, from the

Accounts identified in Exhibit 3 which belong to the Judgment Debtor, and/or its agencies and

instrumentalities, in partial satisfaction of the Judgment and the Marshal's fees, and awarding

such other and further relief as this Court deems to be just.

Dated: New York, New York           Respectfully submitted,
     February 22, 2013
                                       KOHN, SWIFT & GRAF, P.C.

                                       Robert A. Swift
                                       Admitted *Pro Hac Vice*
                                       One South Broad Street, Suite 2100
                                       Philadelphia, Pennsylvania 19107
                                       Phone: 215-238-1700
                                       Fax:    215-238-1968


                                       Jeffrey E. Glen
                                       Kerry Sheehan
                                       ANDERSON KILL & OLICK, P.C.
                                       1251 Avenue of the Americas
                                     New York, New York 10020
                                     Phone: 212-278-1000
                                     Fax:    212-278-1733

                                     *Attorneys for Plaintiff Aldo Vera, Jr.*

101199