UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br>                           Plaintiff, <br><br>           v. <br><br> THE REPUBLIC OF CUBA <br><br>                          Defendant, <br><br>           v. <br><br> MERCANTIL COMMERCEBANK, N.A., <br><br>                          Garnishee. | 12 Civ. 1596 (AKH) <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TURNOVER ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 69 AND CPLR § 5225(b) |

Plaintiff Aldo Vera, Jr. submits this Memorandum of Law in support of his Motion for Turnover Order against Garnishee Mercantil Commercebank, N.A..  Plaintiff requests that this Motion be decided pursuant to Rule 56 of the Federal Rules of Civil Procedure since the material factual averments in the Motion are not disputed and Plaintiff is entitled to judgment as a matter of law.

I.   **Plaintiff Has Satisfied the Procedural Requirements for Turnover of Property of the Cuban Government**

Execution on Plaintiff's judgment is governed by the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610.  That Act permits a plaintiff who has obtained a judgment pursuant to 28 U.S.C. 1605(a)(7) [now 1605A] to execute on blocked assets of a foreign sovereign who is a state sponsor of terrorism.  Section 201(a) states:

notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not a party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28 U.S.C., the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of the terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent any compensatory damages for which such terrorist party has been adjudged liable.

Cuba has long been designated a state sponsor of terrorism. *See Weininger v. Cuba*, 462

F.Supp.2d 457 (SDNY 2006). A prerequisite to execution is that the plaintiff first obtain a court

order permitting execution pursuant to 28 U.S.C. 1610(c):

No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

In this case, the Plaintiff moved for an Order permitting execution after the time for

appeal of the Judgment expired and notice was furnished Cuba pursuant to 1608(a)(3) and (e).

(ECF #16) Cuba was served with the Motion but did not oppose it. The Court entered an Order

on October 11, 2012 authorizing execution, finding that the statutory provision had been

satisfied. (ECF #19) On Motion of Plaintiff, that Order was modified on January 22, 2013 *nunc*

*pro tunc* to expressly permit execution on blocked assets of Cuba in the possession of 80 banks.

(ECF #30)

Plaintiff served Garnishee Mercantil Commercebank, N.A. with an information subpoena

in late October. The bank failed to furnish Plaintiff with a list of Cuban related accounts.

Plaintiff then levied on Garnishee with a writ of execution delivered to the U.S. Marshal on

February 15, 2013. Shortly thereafter, the Garnishee furnished Plaintiff's counsel with a list of

Cuban accounts which had been blocked pursuant to 31 C.F.R. 515. On February 25, 2013

Plaintiff's counsel furnished Garnishee's inhouse legal counsel with the documentary basis for

concluding that the owners or beneficiaries of certain of the blocked accounts in its custody are

instrumentalities or agencies of Cuba.   Garnishee declined to voluntarily turn over the accounts

to Plaintiff despite a request to do so.   To the knowledge of Plaintiff's counsel, no other creditor

has executed on this Garnishee for the personal property at issue in this Motion.

## II.    Plaintiff Has a Superior Right to the Blocked Accounts

Pursuant to N.Y. C.P.L.R. 5225(b), Plaintiff is entitled to execute upon personal property

in the possession of a third party garnishee by establishing that the Judgment Debtor owns or is

beneficially entitled to the personal property.   Under TRIA, personal property of

instrumentalities or agencies of the Judgment Debtor is also subject to execution.   Section

1610(g) provides in pertinent part:

> Subject to paragraph (3), the property of a foreign state against which a judgment
> is entered under, and the property of an agency or instrumentality of such a state,
> including property that is a separate juridical entity or is an interest held directly
> or indirectly in a separate juridical entity, is subject to attachment in aid of
> execution, and execution, upon that judgment as provided in this section,
> regardless of--
> (A) the level of economic control over the property by the government of the
> foreign state;
> (B) whether the profits of the property go to that government;
> (C) the degree to which officials of that government manage the property or
> otherwise control its daily affairs;
> (D) whether that government is the sole beneficiary in interest of the property; or
> (E) whether establishing the property as a separate entity would entitle the foreign
> state to benefits in United States courts while avoiding its obligations.

In the circumstances of this case, the sole issue is whether instrumentalities or agencies of Cuba

have an interest in the blocked accounts in Garnishee's custody.

As set forth in the Declaration of Robert A. Swift (filed under seal) and Exhibits 3 of the

Motion for Turnover, there is uncontradicted public record information in which Cuba

acknowledges ownership or control of the entities which are owners or beneficiaries of the blocked accounts at issue. Cuba is a communist country where the government owns virtually all commercial businesses. Much of the information comes from internet websites of Cuba and the entities at issue. One of the entities is on the OFAC List of Specially Designated Nationals – meaning the United States government has determined it is controlled by Cuba. Other information derives from published judicial opinions or commercial sources stating that Cuba owns or controls the entities. This information is admissible in support of summary judgment. *See Estate of Heiser v. Bank of Tokyo Mitsuibishi UFJ*, 2013 WL 342684 (SDNY 2013) at 7.

### III.    Conclusion

For all the foregoing reasons, Plaintiff has satisfied its procedural and substantive burden in executing on the Judgment pursuant to TRIA, including furnishing proof that owners or beneficiaries of certain of the blocked accounts in the custody of Garnishee Mercantile Commercebank are instrumentalities or agencies of Cuba. Since there are no genuine issues of material fact to preclude entry of judgment for Plaintiff and, consistent with Rule 56, this Court should enter summary judgment on the Turnover Motion.

Dated: New York, New York
       March 11, 2013

Respectfully submitted,

KOHN, SWIFT & GRAF, P.C.

Robert A. Swift
Admitted *Pro Hac Vice*
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Phone: 215-238-1700
Fax:    215-238-1968

Jeffrey E. Glen
Luma Al-Shibib
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Phone: 212-278-1000
Fax:    212-278-1733

*Attorneys for Plaintiff Aldo Vera, Jr.*