UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALDO VERA, JR., as Personal Representative of
the Estate of Aldo Vera, Sr.,

                Plaintiff,

v.

THE REPUBLIC OF CUBA,

                Defendant,

v.

RBS CITIZENS, N.A.,

                Garnishee.
-----------------------------------------------------------------x

12 Civ. 1596 (AKH)
ECF CASE

**RBS CITIZENS, N.A.'s MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR TURNOVER AND IN SUPPORT OF ITS MOTION FOR A STAY**

Hayward H. Smith
RBS Americas
600 Washington Boulevard
Stamford, CT 06901
(203) 897-2495 (phone)
hayward.smith@rbs.com

Attorney for RBS Citizens, N.A.

## TABLE OF CONTENTS

BACKGROUND ................................................................................................. 2

ARGUMENT....................................................................................................... 2

CONCLUSION ................................................................................................... 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALDO VERA, JR., as Personal Representative of
the Estate of Aldo Vera, Sr.,

      Plaintiff,

  v.

THE REPUBLIC OF CUBA,

      Defendant,

  v.

RBS Citizens, N.A.,

      Garnishee.
----------------------------------------------------------------x

12 Civ. 1596 (AKH)
ECF CASE

**RBS CITIZENS, N.A.'s MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR TURNOVER AND IN SUPPORT OF ITS MOTION FOR A STAY**

  RBS Citizens, N.A. ("Citizens") respectfully submits this memorandum of law in opposition to plaintiff Aldo Vera Jr.'s motion for turnover (Docket No. 62), and in support of Citizens' cross-motion for a stay pending a determination of directly relevant and dispositive issues that are *sub judice* before the United States Court of Appeals for the Second Circuit in *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, No. 12-75, and *Hausler v. JPMorgan Chase, N.A.*, Nos. 12-1264 and 12-1272. The grounds for Citizens' opposition and stay motion are the same as those recently advanced by Intesa Sanpaolo S.P.A. ("Intesa") in response to the turnover motion that plaintiff filed against Intesa. Intesa's papers are located at Docket Nos. 87-89. Citizens hereby incorporates by reference the arguments and authorities contained therein.

1

## BACKGROUND

In the turnover motion against Citizens (the "Turnover Motion"), plaintiff seeks to execute upon a $10,000 wire transfer that Citizens blocked pursuant to the Cuban Asset Control Regulations (the "Blocked Wire"). (Declaration of Hayward H. Smith dated March 15, 2013 ("Smith Decl.") ¶ 2.) The originator of the Blocked Wire was a company located in New Jersey. (Smith Decl. ¶ 2.) The intended beneficiary of the Blocked Wire was an entity that, according to plaintiff, is an "instrumentality" of Cuba. (Smith Decl. ¶ 2.)

RBS Citizens is not aware of any prejudice that will result to plaintiff if the Court enters the stay that Citizens is now requesting. In correspondence with Citizens, plaintiff's counsel has not articulated any such prejudice, and there is no dispute that the U.S. Marshals Service served Citizens with a writ of execution with respect to the Blocked Wire on or about January 3, 2013. (Smith Decl. ¶¶ 3-4.) Nevertheless, plaintiff has refused to agree to a stay. (Smith Decl. ¶ 3.)

## ARGUMENT

In support of its motion for a stay and in opposition to the Turnover Motion, Citizens adopts and incorporates by reference the arguments contained in Intesa's Memorandum of Law In Opposition to Plaintiff's Motion for Turnover and in Support of Its Motion for a Stay ("Intesa Memo") (Docket No. 88). The arguments can be briefly summarized as follows:

*First*, Citizens respectfully requests that the Court stay plaintiff's effort to enforce its judgment against the Blocked Wire held by Citizens pending the Second Circuit's decision in the appeals now *sub judice* in *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, No. 12-75 (2d Cir.), and *Hausler v. JPMorgan Chase, N.A.*, Nos. 12-1264 and 12-1272 (2d Cir.). *See* Intesa Memo at 9-12. The Second Circuit's decisions in those cases will determine, as a matter of law,

2

whether the proceeds of a wire transaction that is blocked pursuant to regulation -- like the Blocked Wire at issue here -- can ever be the property of the intended beneficiary of the wire. If the Second Circuit agrees with Judge Cote's decision in *Calderon-Cardona* that a blocked wire cannot be the property of the intended beneficiary, it will require denial of the Turnover Motion against Citizens as a matter of law. Continuing with litigation while these potentially dispositive appeals are pending would be a waste of time and resources for the parties and the Court. On the other hand, plaintiff has not and cannot articulate any prejudice that would arise from a stay. *See Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11 Civ. 1608 (AJN) (MHD), 2012 WL 2865485, at *12 (S.D.N.Y. July 10, 2012) (Dolinger, J.) ("In recognition of the fact that the Second Circuit will likely be ruling on legal issues potentially dispositive in this case, it is in the best interest of this court to await the decision in the consolidated *Calderon-Cardona* and *Hausler* appeals."), *aff'd*, 2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012) (Natan, J.).

*Second*, if no stay is entered, the Turnover Motion should be denied on procedural grounds because plaintiff has failed to commence the requisite "special proceeding." See Intesa Memo at 12-15. Instead, plaintiff simply filed a motion and notified Citizens of the motion by putting it in the United States mail addressed to Citizens. (Smith Decl. ¶ 5.) Like Intesa, Citizens is prepared to consent to an extension of plaintiff's time to properly commence the requisite special proceeding *nunc pro tunc* to the date of service of the writ of execution, whether in response to a request from plaintiff or following a ruling by the Court.

*Third*, if no stay is entered, the Turnover Motion should be denied on the merits because, as a matter of law, the Blocked Wire held by Citizens is not subject to execution as a "blocked asset of Cuba." See Intesa Memo at 16-25. This is true whether or not the intended beneficiary of the wire is, in fact, an "instrumentality" of Cuba.

Citizens reserves its right to commence a special proceeding in the nature of interpleader to the extent the Court is not inclined to stay or deny the Turnover Motion. The originator of the Blocked Wire and other involved banks should have a chance to be heard on the question of who owns the funds.

## CONCLUSION

For the foregoing reasons, RBS Citizens, N.A. respectfully requests that the Court stay any further turnover proceedings against RBS Citizens, N.A. pending the Second Circuit's decision in the coordinated appeals of *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, No. 12-75, and *Hausler v. JPMorgan Chase, N.A.*, Nos. 12-1264 and 12-1272, or, in the alternative, that the Court dismiss the motion on procedural grounds or on the merits.

Dated: Stamford, Connecticut
March 15, 2013

By: /s/ Hayward H. Smith
Hayward H. Smith
Senior Counsel, RBS Americas

600 Washington Boulevard
Stamford, CT 06901
(203) 897-2495 (phone)
Hayward.Smith@RBS.com

Attorney for RBS Citizens, N.A.

4