**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x

ALDO VERA, JR., as Personal Representative of   :
the Estate of Aldo Vera, Sr.,

                                 :     12 Civ. 1596 (AKH)
              Plaintiff,        :         ECF

                         :
            v.                :

THE REPUBLIC OF CUBA,       :

             Defendant,    :

            v.                :

RBS CITIZENS, N.A.,         :

             Garnishee.    :
--------------------------------------------------------------------x

**DECLARATION OF HAYWARD H. SMITH IN SUPPORT OF RBS CITIZENS, N.A.'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR TURNOVER AND IN SUPPORT OF**
**ITS CROSS-MOTION FOR A STAY**

      HAYWARD H. SMITH, pursuant to 28 U.S.C. § 1746, hereby declares:

      1.  I am a member of the bar of the State of New York and am admitted to practice

before this Court.  I am a Senior Vice President and Senior Counsel at RBS Americas, the

regional management structure for the businesses of The Royal Bank of Scotland Group plc that

are located in the United States, and I represent RBS Citizens, N.A. ("Citizens") in this matter.  I

submit this Declaration in support of Citizens' opposition to plaintiff's Motion for Turnover and

in support of Citizens' cross-motion for a Stay.

      2.  In plaintiff's turnover motion against Citizens (the "Turnover Motion"), plaintiff seeks

to execute upon a $10,000 wire transfer that Citizens blocked pursuant to the Trading with the

Enemy Act and the Cuban Asset Control Regulations (the "Blocked Wire").  Turnover Motion ¶

2 and Ex. 3.  As reflected in a schedule that Citizens provided to plaintiff in response to plaintiff's subpoena, the originator of the Blocked Wire was a company located in New Jersey. The intended beneficiary of the wire was an entity that, according to plaintiff, is an "instrumentality" of The Republic of Cuba.

     3.  I have asked plaintiff's counsel, Robert Swift, on more than occasion to agree to a stay of this matter pending the Second Circuit's decisions in *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, No. 12-75, and *Hausler v. JPMorgan Chase, N.A.*, Nos. 12-1264 and 12-1272. Plaintiff's counsel has refused.  I have also asked plaintiff's counsel to stipulate that there would be no prejudice to plaintiff if the Court were to grant the requested stay.  Plaintiff's counsel refused to so stipulate, but has not articulated any such prejudice.

     4.  The U.S. Marshals Service served Citizens with a writ of execution with respect to the Blocked Wire on or about January 3, 2013.  Turnover Motion ¶ 2 and Ex. 2.

     5.  Plaintiff "served" Citizens with the instant motion by mailing it to Citizens in the United States mail.  It also appears that plaintiff failed to properly serve The Republic of Cuba in the manner required by the applicable federal law.

     I declare under penalty of perjury that the foregoing its true and correct.

Executed on March 15, 2013
Stamford, Connecticut

By: _____
     Hayward H. Smith