# EXHIBIT E

# BRIDGE FUNDING AND RESERVATION OF RIGHTS AGREEMENT
entered into as of June 23rd, 2006

**Between:**      **National Bank Financial Inc.**, a corporation, having its head office and principal place of business at 1155 Metcalfe Street, 5th Floor, Montreal, Province of Quebec, conducting its business jointly with the Treasury Department of the National Bank of Canada under the name and style of National Bank Financial Group, herein represented by Brian A. Davis, Executive Vice President – Corporate Development and Governance

(hereinafter referred to as '**NBFG**')

**And :**      **Sherritt International Corporation**, a corporation, having its head office and principal place of business at 1133 Yonge Street, Toronto, Province of Ontario, herein represented by Jowdat Waheed, President and Chief Executive Officer

(hereinafter referred to as '**Sherritt**')

PREAMBLE:

Whereas NBFG has been offering to Sherritt certain financial services, including the execution of foreign exchange transactions and international fund transfers;

Whereas in connection with the payment of insurance premiums payable in Cuba on June 15, 2006, Sherritt made a written request by email to NBFG to execute a foreign exchange transaction and to transfer funds in the amount of U.S.$7,135,953.50 (hereinafter the '**Funds**') for the credit of a specified Cuban beneficiary (the '**Written Request**');

Whereas NBFG initiated a transfer of the Funds through the SWIFT network in its name to the specified Cuban beneficiary through the Deutsche Bank in the U.S.;

Whereas the Deutsche Bank, in compliance with the U.S. Embargo, notified NBFG that the Funds were placed in a blocked account and that it may not release the Funds without required approval from the applicable U.S. authorities ('**OFAC**');

Whereas NBFG has agreed with Sherritt that NBFG will submit an application to OFAC for the release of the Funds from the blocked account, which process may take up to 90 days for completion (the '**Application**');

Whereas Sherritt has confirmed to NBFG that the Funds were in payment of insurance premiums, which if not received in the hands of overseas insurance brokers on or before June 30th, 2006, will result in the cancellation of its insurance coverage in Cuba;

Whereas the uninterrupted coverage of insurance of Sherritt's Cuban business is essential and necessary;

Whereas NBFG, in view of Sherritt's information and in consideration of its business relationship with Sherritt, but without any admission whatsoever of liability or wrongdoing with respect to the matters summarized in this Preamble, is willing to provide for the bridge funding of an amount equal to the Funds to effect payment of said insurance premiums;

Whereas it is in the mutual interest of Sherritt and NBFG to resolve the issue of liability for the Funds on an amicable basis on a timely basis;

NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:

1. The Preamble is an integral part of this agreement.

2. Not later than June 26, 2006, NBFG will advance to the benefit of Sherritt a non-interest bearing amount equal to the amount of the Funds (hereinafter '**the Bridge Funds**') and will effect the payment of said sum to the Cuban beneficiary specified in the Written Request.

3. NBFG and Sherritt agree to cooperate fully with each other in settling the form and content of the Application. To this end, Sherritt and NBFG each undertake and agree to act diligently and in good faith and to do whatever is reasonably needed or requested of them in connection with the Application.

4. In the event that the Funds are released, (a) Sherritt hereby irrevocably assigns, transfers and cedes all of its rights, if any, to the Funds to NBFG and accordingly, it irrevocably instructs the Deutsche Bank or any other third party in possession of the Funds to pay said funds to NBFG without delay; and (b) NBFG hereby acknowledges and agrees that the Bridge Funds will be deemed to have been repaid in full to NBFG and accordingly this agreement shall be deemed to have been satisfied and shall be of no further force or effect.

5. Should the Funds not be authorized by OFAC for release within 90 days from the date of this agreement, or such other date as the parties may mutually agree upon, Sherritt and NBFG agree to undertake, diligently and in good faith, negotiations as to the ultimate responsibility and/or sharing for the repayment of the Bridge Funds.

6. Should the parties fail to negotiate, within 45 days after that initial 90 day period, a resolution of the matter, they hereby undertake and agree that the dispute will be submitted to binding arbitration under the auspices of ADR Chambers and its Rules and accordingly, each party hereby waives and foregoes any and all rights they may have to submit this dispute to a judicial tribunal.

7. Nothing in this agreement or any act done in its furtherance shall be construed as or be deemed to be a waiver of any rights or an admission of liability by any of the parties. Each party specifically reserves any and all rights, recourses, claims, arguments, defences it may have against the other or any other third party as a result of the facts underlying this matter.

8. This agreement shall be binding upon and enure to the benefit of the parties, their respective parent company, as applicable, successors and assigns, but neither of the parties hereto shall assign this agreement without prior written consent of the other party.

9. No modification or waiver of any of the provisions of this agreement shall be valid unless in writing and signed by the parties hereto.

10. The present agreement may be executed in any number of counterparts, each and all of which shall constitute one agreement.

11. This agreement constitutes the entire agreement between the parties hereto respecting the matters set forth herein and there are no oral statements, representations, warranties, undertakings or collateral agreements between the parties modifying or affecting the terms hereof.

12. This agreement and the rights and obligations of the parties hereto shall be governed by and interpreted in accordance with the laws of the Province of Ontario and the federal laws of Canada applicable therein.

IN WITNESS WHEREOF, the parties have, by duly authorized persons, executed this agreement at the places and on the dates hereinafter mentioned.

Montreal, this 23rd day of June, 2006        Toronto, this 23rd day of June, 2006

National Bank Financial Inc.                 Sherritt International Corporation


_____        _____
Per:    Brian A. Davis                       Per :  Jowdat Waheed