UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>       Plaintiff,<br><br>   v.<br><br>THE REPUBLIC OF CUBA<br><br>       Defendant,<br><br>   v.<br><br>SOCIETE GENERALE,<br><br>       Garnishee. | 12 Civ. 1596 (AKH)<br><br>REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TURNOVER ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 69 AND CPLR § 5225(b) |

  Plaintiff Aldo Vera, Jr. (the "Movant"), by his undersigned attorneys, submits this Memorandum of Law in reply to the Opposition Memorandum of Law of Garnishee Societe Generale (ECF # 143) which did not object to a turnover of Cuban accounts on the merits but questioned the procedure utilized by Movant and requested a stay pending decision by the Court of Appeals in the *Hausler* and *Calderon-Cardona* appeals. Movant also relies upon the Declaration of Robert A. Swift, submitted herewith under seal, attesting that the owners or beneficiaries of the accounts are Cuban agencies or instrumentalities.

I.   INTRODUCTION

  Movant's Turnover Motion seeks to recover Cuban monies held in traditional, albeit blocked, accounts by Garnishee Societe Generale, a French bank with a branch office in New York City. Based on the information submitted by Garnishee in its

104472

Opposition, Movant seeks turnover of the accounts identified in Exhibit 3 (filed under seal) of the Turnover Motion (ECF #49-3 )for which Cuban government agencies or instrumentalities are owners or beneficiaries. *See* Declaration of Robert A. Swift (filed under seal). Movant's underlying judgment against Cuba is based on the assassination of an American national on American soil by a state sponsor of terrorism. The judgment was obtained pursuant to 28 U.S.C. § 1605(a)(7), which has been superseded by 28 U.S.C. 1605A. In both section 201(a) of the Terrorism Risk Insurance Act of 2002 and section 1610(f)(1)(A) of the Foreign Sovereign Immunities Act, Congress specifically authorized a plaintiff to execute on the blocked assets of that terrorist state, including its agencies and instrumentalities.

Garnishee Societe Generale does not oppose turnover on the merits: "SG takes no position concerning Vera's ultimate entitlement to the accounts, and, as a neutral stakeholder, SG does not claim those assets for itself." SG Br. at 2 (ECF # 143). Where, as here, Movant has presented prima facie evidence that owners or beneficiaries of the accounts are Cuban agencies or instrumentalities (*see* Swift Declaration), summary judgment can be granted finding that the accounts are property interests of Cuba under TRIA.[1]

---

[1] Source information for each of the Cuban agencies and instrumentalities listed as owners or beneficiaries of the accounts was furnished to house counsel for Societe Generale by e-mail on February 12, 2013. Garnishee has not contravened any of this information in its Opposition Memorandum.

104472                                   2

II. ARGUMENT

    A. **Under Federal Procedure There Is No Need for the Commencement of a "Special Proceeding" to Seek Turnover of Property Under CPLR 5225(b)**

Garnishee contends that Movant's Motion for Turnover should be denied for failure to commence a special proceeding. SG Br. at 5. Garnishee is incorrect.

Were this case brought in the New York state courts, a turnover proceeding against a garnishee would have to be commenced as a special proceeding against the garnishee. *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 537 (2009). However, as there is no equivalent "special proceeding" under the Federal Rules of Civil Procedure, a turnover proceeding in the present case may be brought as a motion within the underlying proceeding against garnishees. *See Saregama India, Ltd. v. Mosley*, 2012 WL 955520, at *1 (SDNY 2012) (J. Kaplan) ("special proceedings in the sense used in the CPLR are unknown in federal courts"), relying on *Trust v. Kummerfeld*, 153 Fed. Appx. 761 (2d Cir. 2005).[2] Although a judgment creditor seeking turnover of terrorist state assets in New York banks may elect to commence an action naming the garnishee bank as defendant, if the judgment creditor elects to proceed by way of motion "the Court may simply deem the motion a special proceeding, *if it has jurisdiction over the parties.*" *Wasserman Group Media, LLC v. Bender*, 2012 WL 1506181 at *1 (SDNY 2012) (emphasis in original).[3]

---

[2] The turnover motion in *Saregama India Ltd.* was dismissed for lack of service on the garnishees which met the criteria of FRCP Rule 4 and the NY CPLR.

[3] The *Wasserman* opinion is by Judge Scheindlin, who is also the author of the opinion in *Gucci America, Inc. v. Bagsmerchant, LLC*, 2012 WL 4468192 (S.D.N.Y. Sept. 27, 2012), which is relied on by Garnishee as holding that a turnover proceeding must be commenced as a special proceeding. The *Gucci* opinion simply sets forth the New York

The underlying litigation was commenced by Movant against the Republic of Cuba to obtain a judgment in the Southern District of New York based upon a default judgment rendered previously in Florida. Cuba defaulted in the Southern District action, and judgment was entered August 20, 2012. *See* Motion for Turnover Order, Exhibit 1 (ECF #36-1). The subject matter jurisdiction of a federal court is not exhausted until an ultimate judgment is satisfied. *Riggs v. Johnson County*, 73 U.S. 166, 1867 WL 11194 at 16 (1867); *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 208 (2d Cir 2012). Movant, as judgment creditor, caused a writ of execution to be issued against Societe Generale as a Garnishee. This "Process" was served by the United States Marshal on January 4, 2013. The return of service, attached to the Motion for Turnover Order as Exhibit 2 (ECF #49-2), establishes that the writ was personally served on Garnishee at its branch office consistent with FRCP Rule 4 and NY CPLR 311(a)(1), which provides for service on a corporation by delivery to "an officer, director, managing or general agent, or cashier or assistant cashier..." *See Riggs v. Johnson County, supra*. Societe Generale makes no objection to adequacy of service.

Thus, under *Saregama, supra* at *3, Movant has obtained jurisdiction over Garnishee. In fact, senior house counsel for Garnishee signed a Protective Order in this action dated January 14, 2013 (ECF #24); the instant Turnover Motion was served on Garnishee by mail on February 20, 2013 addressed to the senior house counsel at Societe Generale who signed the Protective Order (ECF #53); and counsel for Societe Generale at Mayer Brown later filed a general notice of appearance – not a limited appearance -- for Garnishee on March 25 and 26, 2013 (ECF #144 and 145).

---

state procedure but, since the judgment creditor did not claim to have made jurisdictional service, the motion was denied.

104472 4

Garnishee's argument that it loses the procedural rights a defendant possesses in a new action lacks merit. The instant Motion contains more than 20 numbered paragraphs outlining the turnover claim to which Garnishee could respond. Garnishee could join other persons with an interest in the outcome or it could defensively interplead pursuant to FRCP Rule 22 (or file a statutory interpleader and join it with this proceeding) the funds at issue. *See, e.g., Marisco, Ltd. v. American Samoa Government*, 2012 WL 4764590 (D.HI. 2012) (permitting Rule 22 interpleader by garnishee bank). Because Garnishee holds accounts which are believed to be property of Defendant, it is aligned with Defendant so that Rule 22 is applicable.

Garnishee's Memorandum of Law is indicative that it possesses the procedural ability to assert whatever defenses it wishes – but it elected not to object on the merits.

Accordingly, Garnishee's opposition to the Motion as procedurally defective is without merit.

### B.   A Stay of Proceedings Should Be Denied

The instant Turnover Motion is ripe and ready for decision. Garnishee's principal contention in requesting a stay is that the Court of Appeals is poised to render a decision on the question of whether the holder of a judgment for terrorism against a state sponsor of terrorism may levy on an EFT. The pending appeal has no minimal impact on this case since Movant is seeking the turnover of is long-standing, interest bearing accounts held by Garnishee for which Cuban agencies or instrumentalities are the intended beneficiaries. *See* Restatement (Second) of Contracts, §302 (1981); Turnover Motion at ¶2 and Ex. 3. (ECF #49). As an intermediary bank, Societe Generale has no injury and

no standing to raise the defenses at issue in the appeals since "as a neutral stakeholder, SG does not claim those assets for itself."

While we assume the individual funds at issue traveled to Garnishee electronically, the funds now have an independent existence as traditional "accounts" at Garnishee which bear interest. *Americas Bulk Transport Ltd. v. IMT*, 2010 WL 1047674 (SDNY 2010) (J. Hellerstein). As this Court stated "[t]he cases at bar involve actual funds, held in suspense accounts, not EFTs. The funds may have originated as EFTs, but they no longer are EFTs."[4] At *7. Once the Garnishee blocked further transfer to comply with OFAC regulations, it created and opened "accounts" for the funds with specific identifying numbers and designated beneficiaries. *See* ECF #49 at ¶2. By creating the accounts, the funds were rendered subject to execution under the FSIA as "accounts," not just EFT's. The originator or originating bank of each EFT had one year under New York state law to request rescission of the EFT and return of the funds. U.C.C. Article 4A-505 (statute of repose). The originator could also seek a license for the return of the funds from OFAC. See 31 C.F.R. §§ 515.201(e) and 501.806. Apparently that was not done for any of the accounts for which turnover is sought. Therefore these are traditional accounts like other maintained at Garnishee's branch office subject to execution pursuant to NY CPLR 5225(b).

Garnishee does not claim ownership of the accounts at issue, and it will suffer no financial injury from turnover of the accounts to Movant. Garnishee does not assert any

---

[4] In *Eitzen Bulk A/S v. Ashapura Minechem, Ltd.*, 632 F.3d 53 (2d Cir. 2011), the Court of Appeals ruled that because the plaintiff's maritime attachment of EFT's was invalid and the lower court was deprived of jurisdiction. *Eitzen Bulk A/S* is distinguishable because in the instant case the Court possesses subject matter jurisdiction and the execution was effective to reach the accounts at issue.

injury-in-fact in its Memorandum of Law. The Court of Appeals has held that private intermediary banks cannot be subject to a damage action because of government regulations ordering the seizures of electronic wire transfers. *Organizacion JD Ltda. v. U.S. Dept. of Justice*, 18 F.3d 91 (2d Cir. 1994). In addition, the Cuban Liberty and Democratic Solidarity Act of 1996, 22 U.S.C. 6032(h) (a transfer "shall not be the basis for the assertion or recognition of any interest in or right, remedy, power or privilege with respect to such property"), expressly extinguished any right or interest to assert a claim as a result of a blocked Cuban transaction.

Consequently, Garnishee does not meet the criteria for a stay of proceedings. Since Garnishee cannot suffer injury from turnover of the accounts to Movant, it lacks standing to object to the Motion and there can be no prejudice to Garnishee from proceeding to decision now. The questions for decision before the Court of Appeals in *Hausler* and *Calderon-Cardona* involve execution upon EFT's, not accounts. The public interest consideration supports Movant since Congress has spoken emphatically in TRIA and the FSIA that judgments against state sponsors of terrorism should be enforced, and directed the State and Treasury Departments to assist Movant in his recovery.

## III. CONCLUSION

For all the foregoing reasons, Movant requests that this Court (1) deny the request to stay, (2) grant Movant's Turnover Motion, and (3) order Garnishee to turn over to Movant, pursuant to §201(a) of TRIA, the accounts listed in Exhibit 1 of the Declaration of Robert A. swift, together with accrued interest, for which Cuban government agencies and instrumentalities are the owners and beneficiaries.

Dated: New York, New York
March 28, 2013

Respectfully submitted,

KOHN, SWIFT & GRAF, P.C.

*(signed)* Robert A. Swift

Robert A. Swift
Admitted *Pro Hac Vice*
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Phone: 215-238-1700
Fax:   215-238-1968

Jeffrey E. Glen
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Phone: 212-278-1000
Fax:   212-278-1733

*Attorneys for Plaintiff Aldo Vera, Jr.*