UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ALDO VERA, JR., as Personal Representative of the Estate of :
Aldo Vera, Sr., :
: Case No. 12-cv-1596 (AKH)
        Plaintiff, :
: ECF Case
  v. :
:
THE REPUBLIC OF CUBA, :
:
        Defendant, :
:
  v. :
:
CREDIT AGRICOLE CORPORATE & INVESTMENT :
BANK, :
:
        Garnishee. :
------------------------------------------------------------------------X

### CREDIT AGRICOLE'S RESPONSE TO PLAINTIFF'S MOTION
### FOR TURNOVER ORDER

Credit Agricole Corporate & Investment Bank, New York Branch ("CA-CIB") respectfully submits this response to plaintiff's motion for turnover order against CA-CIB.

### FACTUAL BACKGROUND

On March 18, 2013, plaintiff Aldo Vera, Jr. filed a motion for the turnover (the "Motion for Turnover") of certain assets, totaling approximately $161,815.31, plus accrued interest, blocked by CA-CIB pursuant to regulations promulgated by the United States Department of Treasury Office of Foreign Assets Control ("OFAC") that plaintiff alleges the Republic of Cuba or its agencies or instrumentalities have an interest in. (DE 123.) On January 10, 2013, judgment creditors (the "Villoldo petitioners") in an action captioned *Alfredo Villoldo, et al. v. Fidel Castro, et al.* (S.D.N.Y. 11-cv-9394, Swain, J.) (the "*Villoldo* Action") filed an Information

Subpoena and Interrogatories, and an accompanying Restraining Notice, which covers the same assets blocked at CA-CIB.  CA-CIB has been informed that the Villoldo petitioners intend to seek a turnover order relating to blocked assets, which could include the same blocked assets that are the subject of the plaintiff's Motion for Turnover in this action.

## RESPONSE

CA-CIB respectfully requests that the claims of plaintiff and the Villoldo petitioners be heard together to determine which party has a priority interest in the assets that the parties seek to be turned over.[1]  Adjudicating the priority of interests will avoid potentially inconsistent decisions from the Court with respect to the same assets.  Accordingly, CA-CIB requests that any order from this Court requiring CA-CIB to turn over the blocked assets to the party establishing a right to those funds protects CA-CIB from inconsistent judgments or double liability, and releases CA-CIB from any and all liability to the party that does not receive the funds.

On or about March 18, 2013, this Court entered an Order endorsing the notice procedures proposed by plaintiff Aldo Vera in a letter dated February 28, 2013 relating to the blocked Cuban assets at Commerzbank AG.  (Letter from Robert Swift to Judge Hellerstein, February 28, 2013; Ordered March 4, 2013, DE 122.)  That Order states that plaintiff Aldo Vera will give notice of the turnover motion to other judgment creditors to permit them, should they have a basis, to contest Aldo Vera Jr.'s priority to the Cuban accounts at Commerzbank AG.

---

[1] CA-CIB reserves any and all rights, objections, and defenses to any subsequent turnover proceeding, including one brought by the Villoldo petitioners.

If the other judgment creditors wish to intervene and oppose the turnover motion, they must make a submission to the Court within 14 days after the Motion is filed. (Id.) CA-CIB respectfully requests a similar notice procedure relating to the blocked Cuban assets at CA-CIB, so that the turnover of the blocked assets in question can be adjudicated in a single proceeding.

Dated: New York, New York
April 9, 2013

**CLEARY GOTTLIEB STEEN & HAMILTON**

By: /s/ Carmine D. Boccuzzi, Jr.
Carmine D. Boccuzzi, Jr.
One Liberty Plaza
New York, NY 10006
(212) 225-2508

*Counsel to Garnishee Credit Agricole Corporate & Investment Bank*