**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **ALDO VERA, JR., as Personal Representative**<br>**of the Estate of Aldo Vera, Sr.,** | **12 Civ. 1596 (AKH)** |
| **Plaintiff,** | |
| v. | **DECLARATION OF**<br>**ROBERT A. SWIFT IN** |
| **THE REPUBLIC OF CUBA,** | **SUPPORT OF MOTION**<br>**TO COMPEL FULL AND** |
| **Defendant.** | **COMPLETE ANSWERS**<br>**TO INFORMATION** |
| v. | **SUBPOENAS** |
| **BANCO SANTANDER, S.A.; and**<br>**INTESA SANPAOLO S.P.A.,** | |
| **Garnishees.** | |

••••••••••••••••••••••••••••••••••••••••••••••••••

ROBERT A. SWIFT, declares under penalty of perjury as follows:

1.      I am a senior member of the law firm of Kohn, Swift & Graf, P.C. which

represents plaintiff, and am admitted *pro hac vice* in this litigation.  I am familiar with the

proceedings in this litigation.  I make this Declaration based on my personal knowledge of the

facts set forth herein in support of Plaintiff's Motion to Compel Full and Complete Answers to

Information Subpoenas.

**Background**

2.      On August 20, 2012 a judgment was entered in this Court in favor of plaintiff

Aldo Vera, Jr. and against defendant The Republic of Cuba in the amount of $49,346,773.09.

*See* Exhibit 1.

3.      Upon Motion, this Court entered an Order on October 11, 2012 permitting Plaintiff to commence attachment and execution on property of the Republic of Cuba. *See* Exhibit 2.

4.      Cuba was, and is, designated by the United States as a state sponsor of terrorism. *Weininger v. Castro*, 462 F.Supp.2d 457, 479 (S.D.N.Y. 2006) (J. Marrero). The Judgment herein, obtained pursuant to 28 U.S.C. § 1605(a)(7) [now 1605A], is for an intentional, terroristic act: the assassination on US soil of an American national who opposed Fidel Castro.

5.      Plaintiff is authorized by law, 28 U.S.C. § 1610(f), to execute upon the assets of Cuba, its agencies and instrumentalities.

6.      Property of Cuba, its agencies and instrumentalities, has been "blocked" for decades pursuant to 31 C.F.R. Part 515. Cuban "blocked" assets constitute the only available Cuban property in the United States that Plaintiff may execute upon to satisfy his judgment. Congress specifically permitted execution upon "blocked" assets in Section 1610(f)(1)(A) of the Foreign Sovereign Immunities Act.

**The Three Garnishee Banks**

7.      Garnishee Banco Santander, S.A. is a Spanish bank registered in the United States under the International Banking Act of 1978, 12 U.S.C. 3101 *et seq*. It is headquartered in Santander, Spain. It maintains branches throughout the world, including one in New York City. *See* Exhibit 3.

8.      Garnishee Intesa Sanpaolo is a foreign bank registered in the United States under the International Banking Act of 1978, 12 U.S.C. 3101 *et seq*.  It is headquartered in Turin, Italy. It maintains branches throughout the world, including one in New York City.  *See* Exhibit 4.

### Responses to the Information Subpoena

9.      Garnishee Banco Santander, S.A.'s New York City branch was served with an information subpoena on October 22, 2012 by certified mail, return receipt requested.  Garnishee Intesa Sanpaolo was served with an information subpoena on October 25, 2012 by certified mail, return receipt requested, at its New York City branch.  Pursuant to CPLR 5224(a)(3), an answer was due by each Garnishee within seven (7) business days of receipt.

10.     Attached hereto as Exhibit 5 are the questions posed to each garnishee in the information subpoena served on each.

11.     Attached hereto as Exhibit 6 is the response of Garnishee Banco Santander to the information subpoena.  Banco Santander limited its response to accounts in the United States at its New York branch.

12.     Exhibit 7 contains the responses of Garnishee Intesa Sanpaolo to the information subpoena.  They are both marked "Subject to Protective Order" and are being filed under seal pursuant to the Protective Order entered January 22, 2013.  Intesa Sanpaolo limited its response to accounts in the United States.

13.     Prior to serving the information subpoena on the Garnishees, plaintiff's counsel possessed specific information provided by the U.S. Treasury Department listing these

Garnishees as holding substantial Cuban "blocked" assets in the United States. *See* Exhibit 4 to ECF #26 which was filed under seal at ECF #28.

14.     By individual letters to each of the Garnishees, plaintiff's counsel notified counsel for each of the Garnishee Banks, or the bank itself, that plaintiff would file a motion to compel unless an answer to the subpoena for Cuban accounts or property outside the United States was forthcoming. *See* Exhibit 8. No information regarding foreign accounts has been forthcoming from either of the Garnishee Banks.

### Each Bank Must Furnish Responses for All Its Branches Worldwide

15.     In *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) the Court of Appeals, in upholding a post-judgment information subpoena issued to a bank in New York, stated that "broad post-judgment discovery in aid of execution is the norm in federal and New York State courts." It further stated that "[i]t is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets." The Court affirmed a lower court ruling that the garnishee bank must provide banking information for all its branches worldwide.

16.     Based on the data in the responses to the information subpoena received from all banks to date, plaintiff believes it highly unlikely he can satisfy his $49 million judgment fully from Cuba's "blocked" accounts in the United States.

17.     Information from these Garnishee Banks as to Cuban accounts outside the United States is expected to materially assist plaintiff in collecting on his judgment. Instrumentalities and agencies of the Cuban government are active in global commerce. The Garnishee Banks have headquarters or branches in countries which are among Cuba's largest trading partners.

Information as to Cuba's banking activities in foreign countries will assist plaintiff in deciding in which countries to seek to enforce his judgment and on which entities to execute or garnish in those countries.

18.     Accordingly, plaintiff requests that this Court enter an order compelling each of the Garnishee Banks to furnish to plaintiff's counsel full and complete answers to the information subpoenas served on each within 30 calendar days from the date of the order. A proposed form of order is attached as Exhibit 9.

19.     The undersigned certifies to the Court that he personally spoke to counsel for each of the Garnishees and made reasonable efforts to resolve or compromise this discovery dispute without court action prior to filing the instant Motion to Compel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Philadelphia, Pennsylvania
on May 1, 2013

_____
Robert A. Swift