# Kohn, Swift & Graf, P. C.

## One South Broad Street, Suite 2100

JOSEPH C. KOHN
ROBERT A. SWIFT
GEORGE W. CRONER
ROBERT J. LaROCCA
DENIS F. SHEILS ↕◊
DOUGLAS A. ABRAHAMS •
WILLIAM E. HOESE
STEVEN M. STEINGARD •
STEPHEN H. SCHWARTZ†
CRAIG W. HILLWIG
NEIL L. GLAZER†
JARED G. SOLOMON
BARBARA L. MOYER†

## Philadelphia, Pennsylvania 19107-3304

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

E-MAIL: rswift@kohnswift.com

HAROLD E. KOHN
1914-1999

OF COUNSEL
MERLE A. WOLFSON
LISA PALFY KOHN



CHAMBERS OF
JUDGE MARRERO

April 29, 2013



† ALSO ADMITTED IN NEW YORK
◊ ALSO ADMITTED IN NEVADA
• ALSO ADMITTED IN NEW JERSEY

Honorable Victor Marrero
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> **Re:** **Aldo Vera v. The Republic of Cuba, No. 12 Civ. 1596**
> *Hausler v. Republic of Cuba, No. 09 Civ. 10289*

Dear Judge Marrero:

I am one of the counsel for Plaintiff in *Aldo Vera v. The Republic of Cuba*, No. 12 Civ. 1596 which is pending before Judge Alvin K. Hellerstein. I was copied on the April 19, 2013 letter to you from James Perkins, counsel in *Hausler v. The Republic of Cuba*, 09-10289, and wish to respond briefly.

The *Vera* judgment against the Republic of Cuba was entered August 20, 2012 (*Vera* ECF # 12), and a 28 USC 1610(c) Order permitting execution entered on October 11, 2012. (*Vera* ECF # 19) Counsel for Vera were informed by the U.S. Treasury Department, Office of Foreign Assets Control, that both Deutsche Bank AG and Deutsche Bank Trust Company Americas were in possession of Cuban assets blocked pursuant to CACR. *See* Exhibit 1. Vera served information subpoenas and restraining notices on both entities. Vera then had the US Marshal serve a writ of execution on Deutsche Bank Trust Company Americas on January 4, 2013. This was followed by a Motion for Turnover filed on February 28, 2013 which is fully briefed and awaits decision. Prior to filing the Motion for Turnover, counsel reviewed Orders entered by your Honor in *Hausler* and verified that there was no extension of time granted to the Hausler plaintiffs to file a turnover proceeding against Deutsche Bank Trust Company Americas, only "Deutsche Bank [AG]".

Deutsche Bank AG is one of the world's largest banks. It is a German bank with a branch office in New York City. It has hundreds of companies related directly and indirectly through stock ownership. Many of these companies begin with the name "Deutsche Bank" but are distinct corporations with separate assets and liabilities. Deutsche Bank Trust Company

Americas ("DBTCA") is a New York state chartered bank which its counsel has stated in court submissions is indirectly owned by Deutsche Bank AG.  Apparently Deutsche Bank AG, Deutsche Bank Trust Company Americas and other "Deutsche Bank" entities share some personnel and office space in New York City.  It is well understood that a parent and subsidiary are not liable for each other's debts absent proof of complete dominion and control.  *See Merrell-Benco Agency, LLC v. HSBC Bank USA*, 20 A.D.3d 605, 609, 799 N.Y.S.2d 590, 594 (3d Dept., 2005); *Potash v. Port Authority of New York and New Jersey*, 279 A.D.2d 562, 719 N.Y.S.2d 290 (2d Dept., 2001).  Therefore in garnishment proceedings the correct entity holding assets of the judgment debtor must be identified and served.

Based on the exhibits to its letter of April 19, Greenberg Traurig had been aware of the distinction between Deutsche Bank AG and Deutsche Bank Trust Company Americas for several years.  However, in seeking multiple extensions of the time to file a turnover proceeding, counsel deliberately used "Deutsche Bank" either to refer to Deutsche Bank AG or, as indicated in the first paragraph of the April 19 letter, to cover all assets of "Deutsche Bank" "affiliates" in New York.  The generic use of a trade name is regarded as a nullity.  *Little Shoppe Around the Corner v. Carl*, 80 Misc.2d 717, 363 N.Y.S.2d 784 (County Court, Rockland County, 1975) (*citing Marder v. Betty's Beauty Shoppe*, 38 Misc.2d 687, 239 N.Y.S.2d 923 (App Term, 2d Dept 1962)).  A trade name has no separate jural existence, and "it can neither sue nor be sued independently of its owner." *Provosty v. Lydia E. Hall Hospital*, 91 A.D.2d 658, 659, 457 N.Y.S.2d 106, 108 (2d Dept 1982), *aff'd* 59 N.Y.2d 812, 464 N.Y.S.2d 754 (1983).

In bank turnover proceedings pursuant to CPLR 5225(b), a judgment creditor cannot reach assets in the possession of a subsidiary of the bank sued.  *See Northern Mariana Islands v. Millard*, 287 F.R.D. 204, 213-14 (S.D.N.Y. 2012) (in action against parent-garnishee seeking bank account assets held by offshore subsidiary that parent controlled, court held that judgment creditor was not entitled to turnover order because parent was not in "possession and custody" of assets).  The lone case cited by Petitioner's counsel, *National Bank of North America v. State Tax Commission*, 106 A.D.2d 377, 482 N.Y.S.2d 508 (App. Div. 2d Dep't 1984), is inapposite because it did not involve garnishment proceedings implicating affiliated, but separate and legally distinct, corporate entities.  *Id.*, 482 N.Y.S.2d at 509 (income execution misnaming restaurant as "Ben's Kosher Deli" as opposed to correct legal name, "933 Atlantic Avenue Kosher Restaurant d/b/a Ben's Kosher Deli Restaurant", constituted minor technical defect).

Vera suggests that the proper procedure to contest priority in garnishment should be for the Hausler plaintiffs to intervene in the *Vera* Turnover proceeding and raise its contention.

Respectfully yours,

Robert A. Swift

RAS:yr

Cc via Fed. Exp.: Hon. Alvin K. Hellerstein

Upon consideration of the matter set forth above, as well as the letter dated 4-19-13 addressed to this court by plaintiff in case number 09 Civ 10289, this court is persuaded that the dispute regarding the proper Deutsche bank entity belongs in the

**SO ORDERED:** *Vera v. Republic of Cuba*, 12 Civ 1596 litigation should be addressed to Judge Hellerstein

**DATE** 5-9-13   VICTOR MARRERO, U.S.D.J.

85125

Cc via e-mail:  Jeffrey Glen, Esq.
               Mark P. Gimbel, Esq.

Cc via US Mail: Ministry of Foreign Affairs, Republic of Cuba

# EXHIBIT 1



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

**JUN 25 2012**

FOIA No.: 2011-12-163
OASIS No.: CU-588168

Robert A. Swift
Kohn, Swift & Graf, P.C.
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107-3304

Dear Mr. Swift:

This is in response to your Freedom of Information Act (FOIA), 5 U.S.C. § 552, request to the Department of the Treasury (Treasury) which was received on December 21, 2011. You asked that Treasury furnish you with information that can be used in identifying Cuban assets in the United States or abroad to facilitate collection of the judgment. You also requested information such as names of banks, both domestic and foreign, with which the Republic of Cuba (including its agencies and instrumentalities) maintain accounts. Treasury referred this matter to its Office of Foreign Assets Control (OFAC) for processing.

Subsequent to communications with OFAC personnel regarding the FOIA request, you provided OFAC with a modified request, dated January 19, 2012. In your modified request, you asked for the following information:

- The names of banks in the United States and the world in which Cuba has assets totaling more than $10,000, and the location of the bank branches where deposited.

# EXPURGATED

In response to the first bullet point above, a search of OFAC for documents responsive to your request produced a total of eight pages of records. The responsive records represent the names and addresses of banking institutions in the United States that have assets related to Cuba totaling $10,000 or more. Of those eight pages, we have determined that all eight pages are releasable in their entirety.

As for the second and third bullet points above, please be advised that OFAC cannot determine if the blocked property is owned in whole or in part by the Government of Cuba, its agencies, affiliate or instrumentalities.

Mr. Robert A. Swift
Kohn, Swift & Graf, P.C.
Page 2


The eight pages or records that we are releasing to you *relate* to Cuban assets totaling more than $10,000. The blocked asset amounts represent amounts frozen under U.S. sanctions programs that block all property and interests in property of designated or blocked parties in the United States or in the possession or control of a U.S. person. The term "interest" is broadly defined in OFAC's sanctions regulations in Chapter V of Title 31 of the Code of Federal Regulations. An interest in property may be direct or indirect and includes property interests short of full ownership. In many instances, the interest may be partial or contingent.

The blocked assets held by the banking institutions listed in the enclosed report may include assets not actually owned by designated or blocked parties, including the Republic of Cuba. Many of the assets may be owned or subject to claims by third parties.


# EXPURGATED


Sincerely,

Marshall H. Fields, Jr.
Assistant Director, Information Disclosure
Resource Management Division
Office of Foreign Assets Control


Enclosure: Responsive Records, Eight pages

# EXPURGATED

Deutsche Bank AG New York
60 Wall Street
New York, NY 10005

Deutsche Bank Trust Company Americas
60 Wall Street
New York, NY 10005