UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

        Plaintiff,

v.

THE REPUBLIC OF CUBA,

        Defendant,

v.

PNC BANK N.A.,

        Garnishee.

Case No. 12 Civ. 1596 (AKH)

**OPPOSITION TO MOTION
FOR TURNOVER AGAINST
PNC BANK N.A.**

**REDACTED
PURSUANT TO PROTECTIVE ORDER**

        Intervenors, Alfredo Villoldo and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos ("Intervenors"), hereby file this memorandum in opposition to Plaintiff's Turnover Motion Against PNC Bank N.A. ("PNC Bank"), and in support state:

        Plaintiff is asking the Court to order PNC Bank to turn over funds in excess of $2.3 million *without informing the Court* that Plaintiff is aware of proceedings previously filed by Intervenors and currently pending in Pennsylvania in which Intervenors are seeking turnover of the same funds. Plaintiff also did not make clear in its motion that the funds are actually located in Pennsylvania, not New York. Plaintiff's attempt to forum shop and circumvent Intervenors' priority to these funds should be denied for multiple reasons.

        First, the motion should be denied for all of the reasons set forth in Intervenors' request that the Court vacate all prior turnover orders. [Dkts. 156, 186.] Second, the separate entity rule

prevents this Court from ordering PNC Bank to deliver assets maintained in a bank branch in Pennsylvania. Finally, the motion should be denied because it is an inappropriate attempt to circumvent the proceedings already initiated by Intervenors in Pennsylvania, in which Intervenors established priority by registering their judgment, filing a *lis pendens*, and obtaining and serving a writ of execution on PNC Bank, all before Plaintiff filed its motion. Even assuming this Court had concurrent jurisdiction with the Western District of Pennsylvania, this proceeding should be dismissed based on considerations of comity and New York's first-to-file rule.

## I. The Plaintiff's Judgment is Void and Unenforceable.

Intervenors adopt and incorporate every argument they raise in support of their request that the Court vacate all prior turnover orders in this case. [Dkts. 156, 186.] Each of those arguments applies with equal force to the current turnover petition against PNC Bank. Vera's judgment in this case remains void because neither the victim nor the claimant in this action was a "national of the United States" as required by the Foreign Sovereign Immunities Act ("FSIA") and Plaintiff admittedly failed to serve The Republic of Cuba with the default judgment in violation of the FSIA, a statute which demands strict compliance. *Id.*

## II. The Separate Entity Rule Requires Denial of Plaintiff's Motion.

The Court should also deny the petition because the bank branch of PNC Bank holding the assets which Plaintiff seeks turned over is in Pittsburgh, Pennsylvania. *See* ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ attached as Exhibit A. Although generally a New York court with personal jurisdiction over a party may require it to turn over out-of-state property, New York's separate entity rule limits this power where the party is a bank. *Shaheen Sports, Inc. v. Asia Ins. Co.*, No. 98-cv-5951 (LAP), 2012 WL 919664 (S.D.N.Y. March 14, 2012). "[W]here that garnishee is a bank,

the court must obtain jurisdiction over the specific bank branch holding the asset before it may order any turnover, notwithstanding its general jurisdiction over the banking entity by virtue of its New York branch." *Id.* at \*3; *see also John Wiley & Sons, Inc. v. Kirtsaeng*, No. 08-civ-7834 (GEL) (DCP), 2009 WL 3003242, \*3 (S.D.N.Y. Sept. 15, 2009) ("[T]he mere fact that a bank may have a branch within New York is insufficient to render accounts outside of New York subject to attachment.") (citations omitted). Similarly, service of a writ on a bank branch located outside of New York does not effectively attach assets held by that bank in a branch in New York, even where those assets are blocked "intangible" electronic funds transfers, or EFTs. *Levin v. Bank of New York*, 2011 WL 812032, \*12 (S.D.N.Y. March 4, 2011) (applying the separate entity rule to invalidate a writ of execution by a judgment creditor seeking turnover pursuant to 28 U.S.C. § 1610).

New York's Court of Appeals recently reaffirmed this principle in *Commonwealth of the Northern Mariana Islands v. Canadian Imperial Bank of Commerce*, 2013 N.Y. Slip Op. 03018, 2013 WL 1798585 (N.Y. April 30, 2013). In *Commonwealth*, the Court interpreted the language of N.Y. C.P.L.R. § 5225(b) and concluded that, in order to issue a post-judgment turnover order against a bank, the bank must have "actual, not merely constructive, possession or custody" of the assets. *Id.* at \*1. Although *Commonwealth* involved a bank in New York and a subsidiary outside of New York (not a bank branch outside New York), the Court concluded that a bank cannot be "compelled to direct another entity, which is not subject to this state's personal jurisdiction, to deliver assets held in a foreign jurisdiction." *Id.* The decisions in *Commonwealth* and *Shaheen Sports* confirm that this Court cannot issue a turnover order directed to PNC Bank in New York for assets maintained in PNC Bank's branch in Pennsylvania.

III.    **Plaintiff's Motion is an Inappropriate Attempt to Circumvent Priority Established by Intervenors.**

Intervenors already have established priority to the funds which are the subject of Plaintiff's turnover motion. The motion is an inappropriate attempt to circumvent proceedings initiated by Intervenors in the appropriate judicial district, without properly informing the Court of these proceedings and the location of the funds.

On January 11, 2013, Intervenors registered a certified copy of their judgment against The Republic of Cuba in the Western District of Pennsylvania. *See Villoldo, et al. v. The Republic of Cuba, et al.*, No. 2:13-mc-00016 (W.D. Pa.) (the "PNC Pennsylvania Case"). On February 1, 2013, the Court issued a writ of execution directed to PNC Bank. *Id.* at Dkt. 7. On April 19, 2013, Intervenors filed a Notice of Lis Pendens in the Western District of Pennsylvania. *Villoldo, et al. v. The Republic of Cuba, et al.*, No. 2:13-mc-00183-CB (W.D. Pa.) On April 24, 2013, the Sheriff of Allegheny County, Pennsylvania, served the writ of execution on PNC Bank. *See* Return of Service, attached hereto as Exhibit B. Intervenors have secured priority to these funds and have since continued their efforts to obtain a turnover in the Western District of Pennsylvania, the appropriate district court to seek such relief.

PNC Bank informed counsel for Plaintiff of the action pending in Pennsylvania on or about March 11, 2013. *See* PNC Bank's Responses to Interrogatories at pp. 6-7, attached hereto as Exhibit C. Accordingly, counsel for Plaintiff was aware of the proceedings in Pennsylvania prior to filing the motion for turnover in this district. Plaintiff nevertheless filed a motion for turnover in this district without informing the Court of the proceedings pending in Pennsylvania involving the same funds.

Moreover, in its motion, Plaintiff does not clearly inform the Court that the funds are actually located in Pennsylvania. In the "Jurisdiction" section of its motion, Plaintiff claims

4

venue is proper because "the property that is the subject of the action is situated in this district and because Garnishee has an office located in this district." [Dkt. 199 at ¶ 6.] This is misleading. Plaintiff does acknowledge that PNC Bank has its principal place of business in Pittsburgh, Pennsylvania. However, Plaintiff states that PNC Bank "maintains bank accounts in this district, including the Savings Account at issue," without clarifying whether "this district" refers to Pennsylvania or New York. *Id.*

Finally, even assuming this Court had concurrent jurisdiction with the Western District of Pennsylvania, the first-to-file rule in New York dictates that this proceeding should be dismissed in favor of the proceedings in Pennsylvania. *Employers Ins. of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008) ("Where there are two competing lawsuits, the first suit should have priority."); *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-to-file rule is supported by principles of comity and the avoidance of piecemeal litigation and inconsistent decisions. *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989).

For the reasons set forth herein, Intervenors respectfully request that the Court deny Plaintiff's motion for turnover against PNC Bank, N.A.

Dated: May 20, 2013

Edward H. Rosenthal, Esq.
Beth I. Goldman, Esq.
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175

Andrew C. Hall, Esq.*
Roarke Maxwell, Esq.*

Brandon R. Levitt (BL1028)
HALL, LAMB AND HALL P.A.
2665 South Bayshore Drive, PH1
Miami, Florida 33133
Tel.: (305) 374-5030
Fax: (305) 374-5033
* admitted *pro hac vice*

*Attorneys for Alfredo Villoldo, individually, and
Gustavo E. Villoldo, individually, and as
Administrator, Executor, and Personal
Representative of the Estate of Gustavo Villoldo
Argilagos*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to The Republic of Cuba via U.S. mail to Bruno Eduardo Rodríguez Parrilla, Minister of Foreign Affairs, Cuban Interests Section, 2630 16th Street, N.W., Washington, D.C. 20009.

May 20, 2013

Beth Goldman, Esq.
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022