UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>                       Plaintiff,<br><br>    v.<br><br>THE REPUBLIC OF CUBA<br><br>                       Defendant,<br><br>    v.<br><br>PNC BANK N.A.,<br><br>                       Garnishee. | 12 Civ. 1596 (AKH)<br><br>REPLY MEMORANDUM IN OPPOSITION TO THE MEMORANDUM OF THE VILLOLDO PLAINTIFFS; and IN SUPPORT OF TURNOVER MOTION RE PNC BANK N.A. |

      Movant Aldo Vera, Jr. submits this Reply Memorandum of Law in response to the Amended Opposition Memorandum[1] submitted by the Villoldo plaintiffs on May 21, 2013 regarding Vera's Turnover Motion against Garnishee PNC Bank N.A.. (ECF # 212)

      Plaintiffs in the case of *Villoldo v. Fidel Castro Ruz et al.*, 11-9394 (SDNY) (J. Swain) (hereinafter "Villoldo") were invited by this Court to assert any priority to execution on blocked Cuban assets held by Commerzbank. (ECF #122) Lacking any justification for asserting a prior levy, Villoldo instead alleged the invalidity of the Vera judgment. (ECF #156) Villoldo has now opposed Vera's Turnover Motion against PNC Bank N.A. (ECF #199) on the same basis as

---

[1] The Villoldo plaintiffs violated FRCP 5 by failing to serve Vera's counsel with Exhibit A to their Amended Memorandum of Law. In effect they ask this Court to rely on a document which they refuse to show to opposing counsel. Vera's repeated requests for disclosure were to no avail. Villoldo contends the document is designated confidential pursuant to a Protective Order issued by another Judge of this Court. Under the ECF filing rules in this District, the document was ineligible for filing because it was not designated as confidential pursuant to a protective order _in this case_. So ECF #'s 209 and 213 should be removed and the Court should disregard Exhibit A.

before coupled with an assertion that the Federal Court in the Western District of Pennsylvania has prior jurisdiction over the bank account at issue.

Vera first served PNC Bank N.A. (" PNC") with a Restraining Notice and Information Subpoena on October 25, 2012. *See* Exhibit "1". Delivery was ultimately made by certified mail on PNC at 340 Madison Avenue on November 20, 2012 and a signed receipt returned to Vera's counsel. *See* Exhibit "2" hereto. PNC furnished a sworn Response to the Information Subpoena dated November 20, 2012 which indicated that for PNC's "New York and world-wide branches" there were no Cuban government assets at PNC. *See* Exhibit "3" hereto. On April 18, 2013 Vera's counsel received an [amended] Response to Information Subpoena listing three blocked Cuban accounts. *See* Exhibit "4". But for the misinformation from PNC, Vera would have moved quickly against PNC for turnover of Cuban property.

The Southern District Clerk of Court issued a levy on PNC on November 16, 2012. *See* Exhibit "5". The US Marshal served PNC with a writ of execution in this District on or about May 1, 2013. *See* Exhibit "6". On May 7, 2013 Vera filed the instant Turnover Motion as to a single account in the name of the ITT Cuban Telephone Company which was blocked in 1969. Upon inquiry to PNC's counsel as to the location of the account, Vera's counsel was informed:

> I do not know where the Account would be deemed geographically 'located' in these days of computerized recordkeeping for such holding accounts.

*See* Exhibit "7". However, ITT Cuban Telephone Company, the account holder which was nationalized by Cuba in the early 1960s, was a subsidiary of International Telephone and Telegraph Company which was headquartered in White Plains, New York in 1969. It is believed that the account for this subsidiary was maintained in this District at that time. *See* Exhibit "8".

The Villoldo plaintiffs, who obtained an amended default judgment in this District against Cuba on October 25, 2012, registered their judgment in the United States District Court

for the Western District of Pennsylvania on January 11, 2013. On April 24, 2013, Villoldo served a writ of execution on PNC in Pittsburgh. Villoldo also claims it filed a notice of *lis pendens* with that Court. Villoldo filed a 1610(c) motion to permit execution and a turnover motion against PNC on May 20, 2013.

## ARGUMENT

### I. Vera Incorporates His Prior Arguments

Vera incorporates herein his arguments made in prior briefs and submissions (ECF #'s 169 and 170), which can be summarized as follows:

- The Florida Court had subject matter jurisdiction under 28 U.S.C. 1605(a)(7) since, at a minimum, Aldo Vera, Jr., the claimant herein, was a United States citizen, and therefore a United States national, at the time his father was assassinated.

- Failure to include a Notice of Default Judgment and a copy of the Foreign Sovereign Immunities Act with the Default Judgment (and other documents) served on Cuba only impacts on the time Cuba has to appeal – not on execution.[2] In any event, Vera substantially complied with the FSIA by giving Cuba all the information it needed in order to appeal.

- The $2.9 billion Villoldo judgment against Cuba is invalid since it is barred by principles of res judicata and failure to effect service on Cuba.

- All execution proceedings initiated by the Villoldo are a nullity since they never obtained a 1610(c) order from a federal court permitting execution to proceed.

---

[2] At Vera's request, the Clerks in SDNY and Florida re-served Cuba with the applicable documents including English and Spanish copies of the Notice of Default Judgment and FSIA. Vera await certifications of delivery to Cuba.

## II. Execution Should Proceed in this Forum

### A. Execution Was First Filed in this Forum

Execution commenced against PNC Bank in this Court on November 16, 2012, months before the Villoldo plaintiffs initiated execution proceedings in the Western District of Pennsylvania. *See* Exhibit 4. This execution was preceded by a Restraining Notice pursuant to CPLR 5222(b) prohibiting PNC from transferring any of the property of the Cuban government, its agencies and instrumentalities. See Exhibit "1". The Restraining Notice is effective for a period of one (1) year.

Therefore the Villoldo plaintiffs' arguments that Vera is forum shopping and the Western District of Pennsylvania has prior jurisdiction are simply wrong. Execution and an injunction against transfer of the accounts preceded any execution by Villoldo.

### B. New York Law Permits Vera to Execute on the Property of the Judgment Debtor by Serving PNC at its New York Branch

New York law permits a judgment creditor serving execution on a bank branch in New York to reach all of the judgment debtors assets worldwide. In *Koehler v. Bank of Bermuda*, 12 N.Y.3d 533 (N.Y. 2009), the New York Court of appeals permitted a judgment creditor to execute on a New York branch of the bank to recover stock certificates held for the judgment debtor at the Bank's head office in Bermuda. The key was that the New York court had personal jurisdiction over the bank in New York. Subsequent to *Koehler*, state and federal courts in New York have differed over whether *Koehler* disavowed the separate entity rule which historically treated each branch office of a bank as a separate corporation for execution purposes. Villoldo cites some of these cases. In *Northern Mariana Islands v. Canadian Imperial Bank of*

*Commerce*, 2013 WL 1798585 (N.Y. Apr. 30, 2013), the New York Court of Appeals clarified *Koehler*. The Court of Appeals explained that for an execution to be effective over the judgment debtor's assets outside New York, the assets must reside with another branch of the same bank, not a subsidiary of the bank.

In the instant turnover proceeding, Vera's execution on PNC's New York branch was effective to levy on the judgment debtor's assets held at any branch of PNC. The assets at issue are held by PNC, not a subsidiary of PNC. By virtue of PNC being subject to personal jurisdiction in this District, Vera's execution reached the judgment debtor's assets held anywhere by PNC. Vera believes those assets are located in New York. But the effect is the same whether these intangible assets are deemed to be in Pittsburgh or any other location in this country.

## III. Conclusion

The Villoldo's judgment is invalid, and Villoldo was never authorized to commence execution proceedings pursuant to 1610(c). So on a primary level, there is no issue of priority of execution. But even if that were not the case, it is clear that Vera executed on PNC in November 2012, months before Villoldo initiated its execution proceeding in Pittsburgh. Therefore, it is this Court which has prior jurisdiction. Furthermore, execution in this District on PNC reached all assets of the judgment debtor held by PNC at its branches nationwide. Accordingly, this Court should turn over the Judgment Debtor's assets at issue to Vera.

Dated: New York, New York
       May 30, 2013

Respectfully submitted,

KOHN, SWIFT & GRAF, P.C.

*[signature]*
Robert A. Swift
Admitted *Pro Hac Vice*
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Phone: 215-238-1700
Fax:    215-238-1968

Jeffrey E. Glen
Luma Al-Shibib
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Phone: 212-278-1000
Fax:    212-278-1733

*Attorneys for Plaintiff Aldo Vera, Jr.*