UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
ALDO VERA, JR., as Personal Representative of the
Estate of Aldo Vera, Sr.,

        Plaintiff,

        v.

THE REPUBLIC OF CUBA,

        Defendant,

        and

DEUTSCHE BANK TRUST COMPANY
AMERICAS, COMMERZBANK AG, RBS
CITIZENS, N.A.,

        Garnishees.
------------------------------------------------------------------ x

12 Civ. 1596 (AKH)

(Caption continued on the next page)

### INTERVENOR-PETITIONER JEANNETTE FULLER HAUSLER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO DETERMINE ADVERSE CLAIMS PURSUANT TO FRCP 69 AND CPLR § 5239

GREENBERG TRAURIG, LLP
*Attorneys for Intervenor-Petitioner Jeannette Hausler*
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-9200
www.gtlaw.com

```
------------------------------------------------------------------  x
JEANNETTE FULLER HAUSLER, as Successor            :
Personal Representative of the Estate of ROBERT   :
OTIS FULLER, ("BOBBY FULLER"), Deceased, on       :
behalf of THOMAS CASKEY as Personal               :
Representative of the Estate of LYNITA FULLER     :
CASKEY surviving daughter of ROBERT OTIS          :
FULLER, THE ESTATE OF ROBERT OTIS                 :
FULLER, FREDERICK FULLER, FRANCES                 :
FULLER, GRACE LUTES, IRENE MOSS, and              :
JEANNETTE FULLER HAUSLER                          :
                                                  :
                  Intervenor-Petitioner,          :
                                                  :
          v.                                      :
                                                  :
ALDO VERA, JR. as Personal Representative of the  :
Estate of Aldo Vera, Sr., ALFREDO VILLOLDO,       :
individually, and GUSTAVO VILLOLDO,               :
individually, and as Administrator, Executor, and :
Personal Representative of the ESTATE OF          :
GUSTAVO VILLOLDO ARGILAGOS,                       :
                                                  :
                  Respondents.                    :
                                                  :
------------------------------------------------------------------  x
```

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................... 1

SUMMARY OF THE FACTS ...................................................................................................... 3

ARGUMENT .................................................................................................................................. 5

    POINT I:    MRS. HAUSLER HAS PRIORITY RIGHTS OVER THE OTHER COMPETING JUDGMENT CREDITORS AS A MATTER OF LAW .................................................................................................... 5

    POINT II:    MRS. HAUSLER'S LEVIES ARE VALID AND EFFECTIVE ............... 6

        A.    The Accounts at the Garnishee Banks Were Properly Levied When the Garnishee Banks' Representatives Received and Accepted the Hausler Writs from the U.S. Marshal .......................................................... 7

            1.    DBTCA ................................................................................................ 7

            2.    Commerzbank .................................................................................... 9

            3.    Citizens ............................................................................................. 10

        B.    The Garnishee Banks Hold Property of the Cuban Judgment Debtors Which Is Not Capable of Delivery ............................................. 10

        C.    The Garnishee Banks Know or Have Reason to Know That They Hold Funds in which the Cuban Judgment Debtors Have An Interest ................................................................................................... 11

        D.    Mrs. Hausler Has Maintained Effective Levies on the Accounts by Obtaining Court Ordered Extensions of the Levies ................................. 12

CONCLUSION ............................................................................................................................. 14

## TABLE OF AUTHORITIES

**Federal Cases**

*Calderon-Cardona v. JPMorgan Chase Bank, N.A.*,
    No. 12-75 (2nd Cir.) ................................................................................................. 11

*Hausler v. JPMorgan Chase, N.A.*,
    Nos. 12-1264, 12-1272 (2nd Cir.) ............................................................................. 11

*Hausler v. The Republic of Cuba, et al.*,
    Civil Action No. 09 Civ. 10289 .................................................................................. 1

*Leber-Krebs, Inc. v. Capitol Records*,
    779 F.2d 895 (2nd Cir. 1985) .................................................................................... 12

*United States. v. Edwards*,
    241 F.R.D. 146 (E.D.N.Y. 2007) ................................................................................ 8

**State Cases**

*Beef & Bison Breeders, Inc. v. Capitol Refrigeration Co., Inc.*,
    105 Misc. 2d 275 (N.Y. Sup. Ct. Albany County 1980) ................................... 5, 7, 10

*Cotnareanu v. Chase Nat'l Bank*,
    271 N.Y. 294 (N.Y. 1936) ......................................................................................... 11

*Graphic Offset Corp. v. Franklin Nat. Bank of Franklin Square*,
    16 Misc. 2d 382 (N.Y. Sup. Ct. N.Y. County 1958) ................................................. 12

*National Bank of North America v. State Tax Comm'n.*,
    of N.Y., 106 A.D.2d 377 (2nd Dep't 1984) ............................................................. 8, 9

*Niagara Mohawk Power Corp. v. Young*,
    135 A.D.2d 1139 (4th Dep't 1987) ........................................................................... 11

*O'Brien v. Mechanics' & Traders' Fire Ins. Co.*,
    56 N.Y. 52 (1874) ..................................................................................................... 11

*Pan Am. World Airways v. Chemical Bank*,
    78 A.D.2d 844 (1st Dept. 1980) ................................................................................ 12

**Federal Statutes**

28 U.S.C. § 1610 .................................................................................................................. 1
50 U.S.C. App. 5(b) ..................................................................................................... 10, 12

**State Statutes**

CPLR § 5225 ....................................................................................................................... 15
CPLR § 5227 ................................................................................................................... 1, 15
CPLR § 5232 ......................................................................................................................... 7

CPLR § 5232(a) .................................................................................................... 7, 8, 9, 13, 15

CPLR § 5234 ................................................................................................................ 6, 7, 11, 12

CPLR § 5234(b) .................................................................................................................. 6, 7, 8

CPLR § 5234(c) ........................................................................................................................ 6

CPLR § 5239 ............................................................................................................... 1, 3, 6, 17

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 69 ............................................................................................................... 1, 3, 6

**Federal Regulations**

31 C.F.R. § 515.201 ..................................................................................................... 2, 12, 14

**Other Authorities**

Siegel, N.Y. Prac. § 496 (5th ed.) .......................................................................................... 13

Weinstein, Korn, & Miller § 5232.09 (Matthew Bender 2013) ......................................... 7, 11, 12

Intervenor-Petitioner Jeannette Fuller Hausler, by her attorneys, respectfully submits this memorandum of law in support of her Petition pursuant to Rule 69 of the Federal Rules of Civil Procedure ("FRCP") and Section 5239, 5227 of the New York Civil Practice Law and Rules ("CPLR"), for a determination that she has priority judgment creditor rights to the funds in blocked accounts held at specified financial institutions in this District.

### PRELIMINARY STATEMENT

In January 2007, Mrs. Hausler, individually and as a representative of the Estate and other survivors of her father Robert Otis Fuller, obtained a judgment (the "Hausler Judgment") under the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610, note ("TRIA") against the Republic of Cuba, Fidel Castro, Raul Castro, and the Cuban Revolutionary Armed Forces (collectively "the Cuban Judgment Debtors") for the torture and killing of Mr. Fuller. Through proceedings in 2009 and 2010, Mrs. Hausler domesticated that Judgment in this District and began enforcement proceedings in what is now the consolidated proceeding captioned *Hausler v. The Republic of Cuba, et al.*, Civil Action No. 09 Civ. 10289 (the "*Hausler* Proceeding"). Beginning in March 2009, Mrs. Hausler has obtained various writs of execution (the "Hausler Writs") from the Clerk of this Court and delivered them to the United States Marshal for levy on blocked accounts held at financial institutions pursuant to the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.201 *et seq.*

Mrs. Hausler appears as intervenor in this proceeding to assert her priority rights to certain blocked accounts (the "Accounts") held at Deutsche Bank Trust Company Americas ("DBTCA"), Commerzbank AG ("Commerzbank"), and RBS Citizens, N.A. ("Citizens") (collectively the "Garnishee Banks") upon which the U.S. Marshal has levied on Petitioner's behalf. Although Respondent Vera claims priority rights in these blocked Accounts as an

apparent judgment creditor of the Republic of Cuba, and the Villoldo Respondents may claim such priority rights, Mrs. Hausler has priority judgment creditor rights over these other parties, as she delivered the Hausler Writs to the Marshal who, in turn, levied on the Accounts before the other creditors had ever obtained a writ of execution in this District.  The levies of the Hausler Writs have remained in place ever since the Marshal first established them, Judge Marrero having extended them by Court order pursuant to procedures available under Article 52 of the CPLR (as applied through FRCP 69).

At least as to Mrs. Hausler's levy on DBTCA, Respondent Vera has claimed that it is ineffective, and he consequently has priority, on the theory that the Hausler Writ indicates "Deutsche Bank" rather than the full name of the Deutsche Bank entity apparently holding the blocked funds – Deutsche Bank Trust Company Americas.  The record, however, demonstrates that Respondent Vera's theory is without merit.  Most critically, when the Marshal delivered the Writ to the Deutsche Bank headquarters in lower Manhattan, which houses a number of Deutsche Bank entities, a representative of DBTCA received the Writ and responded to the Marshal in writing, acknowledging receipt and providing a response on behalf of DBTCA. Notably, that DBTCA, representative responded on letterhead using the name "Deutsche Bank."

If there was any doubt that the Hausler levy was effective, DBTCA's outside counsel also responded to the Marshal providing detailed information about the nature of assets held by DBTCA that were the subject of the Hausler Writ.  Separately, in proceedings commenced by Mrs. Hausler in Florida, DBTCA moved to dismiss or transfer to this District on the theory that Mrs. Hausler already had writ proceedings pending against DBTCA in New York.  Clearly, the garnishee, DBTCA, well understood that the Accounts it held were subject to the levy of the Hausler Writ.

2

The case law further supports Mrs. Hausler, which holds any misnomer in a writ is not a jurisdictional defect, particularly, as in this case, where the garnishee well understood that accounts it held are the subject of the levy. Respondent Vera has cited to the basic rule that one corporate affiliate is not responsible for the debts of another, but that rule has no bearing here where the writ hit the target in the first instance and there is no need to engage in any veil piercing exercise as Vera has suggested. Indeed, since the garnishee is not the debtor here, there is no basis for veil piercing in any event. Under the facts of this case, Respondent Vera may not take advantage of hyper-technical arguments to undo what both creditor, Marshal, and garnishee well understood was a levy of the Hausler Writ on DBTCA.

In sum, the undisputed facts show that Mrs. Hausler delivered the Hausler Writs to the Marshal and the Marshal levied the Writs prior in time to any claim of right Respondents may now assert, and those levies have remained in place since the time they were first effected. Thus, she is entitled to a determination pursuant to CPLR § 5239, as applied through FRCP 69, that any funds available for execution pursuant to her levies are first payable to satisfy her judgment before Respondents may use any such assets to satisfy their judgments.

## SUMMARY OF THE FACTS

A full recitation of the facts is set forth in the Petition to Determine Adverse Claims and accompanying Declaration of James W. Perkins sworn to May 31, 2013 and filed in Support of the Petition ("Perkins Decl.").

In summary, on March 26, 2009, the Clerk of the Court issued the Hausler 3/26/09 Writ naming "Deutsche Bank" and other financial institutions. On March 27, 2009, Mrs. Hausler delivered that Writ to the U.S. Marshal to levy. On May 11, 2009, the U.S. Marshal levied the Accounts at DBTCA by delivering a copy of the Hausler 3/26/09 Writ to Yvonne Falconer, a

3

representative of DBTCA located at 60 Wall Street, New York, New York. By letter dated May 14, 2009, Ms. Falconer acknowledged receipt of the Hausler 3/26/09 Writ by responding to the Marshal on behalf of DBTCA. On July 24, 2009, DBTCA's outside counsel also responded in writing to the U.S. Marshal, providing detailed information about the accounts held at DBTCA. The Hausler levy on the Accounts at DBTCA has been extended by Court order a number of times, most recently through August 5, 2013. (Perkins Decl. ¶¶ 5–10.)

On January 4, 2009, the Clerk of the Court issued the Hausler 1/4/11 Writ naming Commerzbank and other financial institutions. On January 10, 2011, Mrs. Hausler delivered that Writ to the U.S. Marshal to levy. On January 21, 2009, the U.S. Marshal levied the Accounts at Commerzbank by delivering a copy of the Hausler 1/4/11 Writ to Commerzbank at 2 World Financial Center, New York, New York. The Hausler levy on the Accounts at Commerzbank has been extended by Court order, most recently through October 7, 2013. (Perkins Decl. ¶¶ 17–21.)

On June 27, 2012, the Clerk of the Court issued the Hausler 6/27/12 Writ naming Citizens and other financial institutions. On July 11, 2012, Mrs. Hausler delivered that Writ to the U.S. Marshal to levy. The Marshal was unable to serve Citizens at the address provided, and on November 5, 2012, Mrs. Hausler re-delivered the Hausler 3/27/12 Writ to the Marshal with an alternate address for Citizens, requesting service of the Writ at the alternate address. On November 26, 2012, the U.S. Marshal levied the Accounts at Citizens by delivering a copy of the Hausler 6/27/12 Writ to Citizens located at 2371 Central Park Avenue, Yonkers, New York 10710. The Hausler levy on the Accounts at Citizens has been extended by Court order, most recently through October 7, 2013. (Perkins Decl. ¶¶ 22–26.)

4

Respondent Vera did not have a writ of execution issued by the Clerk of the Court until November 16, 2012. According to the filings in the Vera proceedings, the U.S. Marshal served a copy of the Vera writ on DBTCA on January 4, 2013, on Commerzbank on January 28, 2013, and on Citizens on January 4, 2013, each date long after the Marshal levied the corresponding Hausler Writ on these institutions. (Perkins Decl. ¶¶ 27–37.)

The Villoldo Respondents apparently have not had the Clerk of the Court issue a writ of execution. According to Court filings in the Vera proceeding, the Villoldo Respondents allege that Vera lacks subject matter jurisdiction to enforce his judgment since Mr. Vera, Sr. allegedly was not a citizen of the United States when he was summarily executed by the Republic of Cuba. (*See Vera* Dkt No. 156 at 5; Perkins Decl. ¶ 48.) The Villoldo Respondents have filed an opposition to turnover in the *Vera* proceeding challenging the Vera judgment. (*Id*.)

## ARGUMENT

**POINT I:  MRS. HAUSLER HAS PRIORITY RIGHTS OVER THE OTHER COMPETING JUDGMENT CREDITORS AS A MATTER OF LAW**

Under CPLR Section 5239, as applied through Fed. R. Civ. Pr. 69, any interested party may commence a proceeding to determine adverse claims against anyone claiming an interest in property that is the subject of judgment enforcement.

> Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt.

CPLR § 5239.

Under CPLR Section 5234, absent a court order directing turnover of a judgment debtor's assets, the judgment creditor who first delivers a writ of execution to the same enforcement officer has priority rights to receive the judgment debtor's assets. *See* CPLR § 5234(b)–(c) (establishing rules of priority among execution creditors and other judgment creditors); *Beef &*

5

*Bison Breeders, Inc. v. Capitol Refrigeration Co., Inc.*, 105 Misc. 2d 275, 278 (N.Y. Sup. Ct. Albany County 1980) ("where two or more executions are issued against the same judgment debtor and delivered to the same enforcement officer, they shall be satisfied in the order in which they were delivered.") (citations omitted).  This rule, of course, applies when the marshal or sheriff has levied the writ on the garnishee and the levy remains in place. *See* CPLR § 5232(a); CPLR § 5234(b).

Mrs. Hausler delivered the Hausler Writs to the U.S. Marshal on March 27, 2009 (DBTCA), January 10, 2011 (Commerzbank), and November 5, 2012 (Citizens), respectively, well before, in some cases years before, the Vera Writ was delivered to the U.S. Marshal in December 2012 and early 2013.  (*See* Perkins Decl. ¶¶ 6, 19, 23, 28, 31. 34.)  As detailed above and in the accompanying Declaration, the Marshal also duly levied on the Accounts held by the respective garnishees and the levies remain in place by Court order.  Mrs. Hausler has thus established her judgment creditor priority rights to the funds in the Accounts over Vera.

Mrs. Hausler likewise has priority over the Villoldo Respondents.  There is no evidence that they have obtained any writ of execution to enforce their judgment, much less delivered one to the U.S. Marshal or any other enforcement officer.  (*See* Perkins Decl. ¶ 40.)  Moreover, there has been no turnover order entered in this District that would entitle the Villoldo Respondents to the funds in the Accounts.  (*Id.* at ¶ 41.)  Any claim that the Villoldo Respondents may have to such funds is thus junior to Mrs. Hausler's rights under CPLR Section 5234.

**POINT II:    MRS. HAUSLER'S LEVIES ARE VALID AND EFFECTIVE**

Under CPLR Section 5232, an effective levy by service of a writ of execution occurs when 1) the enforcement officer has properly served the execution on the garnishee; 2) the person served owes a debt to or possesses property belonging to the judgment debtor not capable

of delivery; and 3) the person served "<u>knows or has reason to believe the judgment debtor or obligor has an interest</u>" in such property. CPLR § 5232(a) (emphasis added); *see also* Weinstein, Korn, & Miller § 5232.09 (Matthew Bender 2013) (explaining standard). Further, if assets captured by a junior levy have not yet been distributed, "[i]t is not necessary for priority purposes that the sheriff or enforcement officer levy under the first execution before the delivery of or levy upon a second or subsequent execution. If the levy is made under a junior execution and the judgment debtor's property is sold, the judgment creditor who first delivered on execution does not lose his priority." *Beef & Bison Breeders,* 105 Misc. 2d at 278; *see* CPLR § 5234(b). As demonstrated by the documentary proof, because Mrs. Hausler's levies meet the criteria for an effective levy by service of a writ of execution, and there is no turnover order directing otherwise, she has priority over Respondents to the funds in the Accounts held by the Garnishee Banks.

> **A.   The Accounts at the Garnishee Banks Were Properly Levied When the Garnishee Banks' Representatives Received and Accepted the Hausler Writs from the U.S. Marshal**.

   1. DBTCA

The Accounts at DBTCA were properly levied when Ms. Falconer, a representative of DBTCA, accepted service of the Hausler 3/26/09 Writ by the U.S. Marshal. Vera claims that the use of "Deutsche Bank" on the Hausler 3/26/09 Writ, rendered the Writ defective. But, by the express terms of the statute, the focus is on the state of mind of the party served, *i.e*, whether the garnishee "knows or has reason to believe" it holds property in which the judgment debtor has an interest. CPLR § 5232(a). Here, there is no doubt DBTCA, the party who undoubtedly received the Hausler Writ and responded to it in writing, knows or has reason to believe that it holds assets that are covered under such Writ.

7

Even assuming *arguendo* that use of the words Deutsche Bank somehow created a defect in the Writ, it is not a jurisdictional one, and does not cause Mrs. Hausler to lose her priority rights. *See National Bank of North America v. State Tax Comm'n. of N.Y.*, 106 A.D.2d 377 (2nd Dep't 1984) ("A misnomer of the garnishee in an income execution is not a jurisdictional defect which renders the income execution void."). In any event, when a judgment creditor serves the correct garnishee and merely made a mistake as to the entity's legal name, the judgment creditor is permitted to amend its writ to conform the name to the levied garnishee. *See United States. v. Edwards*, 241 F.R.D. 146, 149 (E.D.N.Y. 2007) (allowing amendment of writ of attachment and holding, "it is readily apparent that the plaintiff named and served the correct garnishee in its initial application, and merely made a mistake as to that entity's legal name.").

The facts and holding in *National Bank*, well illustrate why levy of a writ in the name "Deutsche Bank" is valid and effective when served on DBTCA. There, the Sheriff served an income execution on the garnishee employer, but the execution misnamed the employer by using its "doing business as" name instead of its actual corporate entity name. *See National Bank*, 106 A.D.2d at 377. The garnishee employer accepted service of the writ and began deducting 10% of the judgment debtor's salary and remitting it to the Tax Commission. *See id.* Later, another creditor also sought to levy the debtor's wages and challenged the priority of the Tax Commission's lien based on mistake in the execution. *See id.* The Second Department rejected the second levying creditor's argument that it had priority owning to the mistake in the first creditor's execution:

> The fact that the Tax Commission's income execution misnamed the garnishee is merely a minor technical defect which should be disregarded. <u>A misnomer of the garnishee in an income execution is not a jurisdictional defect which renders the income execution void</u>. Therefore, the misnomer in the Tax Commission's income execution should be ignored.

8

*Id.* at 378 (emphasis added, internal citations omitted).  The court further found that "the defect should also be ignored because Brandywine's employer [the garnishee] was fully apprised by the Tax Commission's income execution of its status as garnishee. Misnomers in pleadings are routinely ignored by courts where the affected party received 'adequate notice of the commencement of the proceeding,' and where a substantial right of the party would not 'be prejudiced by disregarding the defect or irregularity.'"  *Id.* (citations omitted).

Here, not only was the "affected party", *i.e.*, the garnishee, well apprised of the levy and Mrs. Hausler's enforcement proceedings against the Cuban Judgment Debtors, DBTCA at all times acted as the levied garnishee.  As discussed, Ms. Falconer, on behalf of DBTCA recognized service of the Hausler 3/26/09 Writ by responding to the Marshal in writing on behalf of DBTCA (using letterhead with the "Deutsche Bank" logo).  Moreover, counsel for DBTCA responded to the Hausler 3/26/09 Writ by stating that DBTCA held funds in which the Cuban Judgment Debtors may claim an interest.  (Perkins Decl. ¶ 9.)  Similarly, DBTCA argued in support of its motion to dismiss or transfer venue from the District Court for the Southern District of Florida that proceedings there were duplicative of those Mrs. Hausler had already commenced in New York against the same Accounts.  (*Id*. at ¶ 13.)  The only related "proceeding" that Mrs. Hausler had commenced at that time was service of the Hausler 3/26/09 Writ on DBTCA.  Since DBTCA accepted service of the Hausler 3/26/09 Writ, and was well aware of the proceedings against the Cuban Judgment Debtors, the Marshal's levy is valid and effective.

      2.  Commerzbank

On January 21, 2011, the U.S. Marshal levied the Accounts at Commerzbank when the Marshal served the Hausler 1/4/11 Writ on Commerzbank's legal department, as evidenced by

the U.S. Marshal's receipt.  (*See* Perkins Decl. ¶ 20.)  That levy has been extended by court order through October 7, 2012.  (*Id*. at ¶ 21.)  The *Vera* Writ was not served on Commerzbank until almost two years later, on January 28, 2013.  (*See* Perkins Decl. ¶¶ 31–32.)  Mrs. Hausler's priority rights to the levied Accounts are clearly established.[1]  *See* CPLR § 5234; *Beef & Bison Breeders, Inc.*, 105 Misc. 2d at 278 ("where two or more executions are issued against the same judgment debtor and delivered to the same enforcement officer, they shall be satisfied in the order in which they were delivered.").

### 3. Citizens

On July 11 and November 5, 2012, Mrs. Hausler delivered her 6/27/12 Writ to the Marshal and on November 26, 2012, the U.S. Marshal levied the Accounts at Citizens when Heidi Deleon, a representative of Citizens accepted service of the Hausler 6/27/12 Writ at Citizens' Yonkers branch.  (Perkins Decl. ¶¶ 22–24.)  That levy remains in full force and effect. (*Id*. at ¶ 25.)  The Marshal did not serve the *Vera* Writ on Citizens until January 4, 2013, when it was likewise delivered to Heidi Deleon at the same Citizens location.  (*Id*. at ¶¶ 34–35.)  Thus, Mrs. Hausler's priority rights to the levied Accounts are clearly established, since delivery and service of the Hausler 6/27/12 Writ occurred first.[2]  *See* CPLR § 5234; *Beef & Bison*, 105 Misc. 2d at 278.

### B. The Garnishee Banks Hold Property of the Cuban Judgment Debtors Which Is Not Capable of Delivery

As indicated in each of the Hausler Writs, the levy is directed to funds in Accounts in which the Republic of Cuba and/or agencies or instrumentalities have a property interest that was

---

[1] The Villoldo respondents have apparently never served a writ of execution on Commerzbank.  (*See* Perkins Decl. ¶ 40.)

[2] There is no evidence that the Villoldo Respondents have attempted to levy or have sought turnover of the Accounts held at Citizens.

blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.201 *et seq.* Since the Accounts are blocked they are not capable of delivery. Respondents do not contest these points, as they must also establish them to obtain any turnover relief.[3]

### C. The Garnishee Banks Know or Have Reason to Know That They Hold Funds in which the Cuban Judgment Debtors Have An Interest

For a levy to be effective the "person served" must know or have reason to believe that they owe a debt or are in possession of property in which the judgment debtor has an interest. CPLR § 5232(a); *see* Weinstein, Korn, & Miller § 5232.09. New York courts have held that to meet this standard, there must be sufficient information in the notice served on the garnishee such that the garnishee can identify the property as something in which the judgment debtor has an interest. *See Cotnareanu v. Chase Nat'l Bank*, 271 N.Y. 294, 300 (N.Y. 1936) ("Service of such a notice does not effect a levy when nothing in the circumstances tends to identify to the garnishee any property in its possession in which the attachment debtor is claimed to have an interest.") (citations omitted). Such notice, however, does not need to specify the particular property; a general notice of the sheriff that he attaches all property, debts, and effects, and all right, etc. in the possession or under the control of the individual served, is sufficient. *See O'Brien v. Mechanics' & Traders' Fire Ins. Co.*, 56 N.Y. 52 (1874). *Accord Niagara Mohawk Power Corp. v. Young*, 135 A.D.2d 1139 (4th Dep't 1987) (holding that requirements of restraining notice do not require the judgment creditor to identify the property's source "since the notice applies to *all* property in which the garnishee is aware that the debtor has an interest."). Essentially, the garnishee knowledge requirement is designed to protect a garnishee that is not

---

[3] As Citizens has mentioned in its Memorandum of Law in Opposition to Vera's Motion for Turnover and in Support of Its Motion to Stay (*Vera* Dkt. No. 111), the issue of entitlement to the funds in the Accounts is currently *sub judice* before the Second Circuit in the coordinated appeals of *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, No. 12-75 and *Hausler v. JPMorgan Chase, N.A.*, Nos. 12-1264, 12-1272.

aware it is holding property or debt in which the judgment debtor has an interest, such as where the judgment debtor has a bank account under a fictitious name. *See* Weinstein Korn & Miller § 5232.09 (noting that restraining notices have identical requirement to writs of execution).[4]

There can be no serious argument that the Garnishee Banks were provided with adequate notice that they held Accounts in which the Cuban Judgment Debtors had an interest. Schedule A to the Hausler Writs specifically indicate that they cover Accounts blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.201 *et seq.* (*See* Perkins Decl. Ex. D.) DBTCA indicated its knowledge when it sent a letter to the U.S. Marshal in response to the Hausler 3/26/09 Writ served on it, stating that DBTCA held such accounts. (*See* Perkins Decl. ¶ 9.) Similarly, Commerzbank answered an information subpoena served by Mrs. Hausler that it held such accounts. (*Id*. at ¶ 17.) Finally, since Citizens received the same form of Writ as DBTCA and Citizens (albeit different writs), it follows that the Writ provided to Citizens was sufficient to place it on notice that Mrs. Hausler was seeking blocked accounts in which the Cuban Judgment Debtors have an interest. (*See id*. at Ex. P.)

> **D.    Mrs. Hausler Has Maintained Effective Levies on the Accounts by Obtaining Court Ordered Extensions of the Levies.**

There are three ways to perfect or maintain the perfection of a levy: 1) the levied assets are transferred to the sheriff within 90 days of the levy; 2) the judgment creditor commences a

---

[4] If the garnishee is aware it holds property not covered by the notice in which a judgment debtor has an interest, the garnishee can still be liable if it disposes of the funds. *See Pan Am. World Airways v. Chemical Bank*, 78 A.D.2d 844 (1st Dept. 1980)(ordering hearing for factual determination on whether slight variation of judgment debtor name in restraining notice was sufficient for bank to deny knowledge that it knew or had reason to know it possessed funds in which judgment debtor had property interest); *Graphic Offset Corp. v. Franklin Nat. Bank of Franklin Square*, 16 Misc. 2d 382, 383–84 (N.Y. Sup. Ct. N.Y. County 1958) (holding that where garnishee bank served with writ of attachment for "Doll Club" knew that judgment debtor Gift Club used several names in its business, including "Doll Club," garnishee bank was liable for money it allowed to be withdrawn that was held in name of "Gift Club."); *see also Leber-Krebs, Inc. v. Capitol Records*, 779 F.2d 895, 900 (2nd Cir. 1985) (agreeing with decision in *Graphic Offset*).

special proceeding against the garnishee to turnover the assets within that period of time; or 3) the court orders an extension of the levy.  *See* CPLR §§ 5232(a), 5225, 5227; Siegel, N.Y. Prac. § 496 (5th ed.)

In order to preserve her rights in the blocked accounts held at DBTCA, Commerzbank and Citizens until her filing of a turnover petition, she has opted for the third method to maintain the perfection of her levy and has sought and obtained successive extensions of the levies.  (*See* Perkins Decl. ¶ 10.)  Judge Marrero has ordered the extension of the DBTCA levy through August 5, 2013, and ordered the extension of the Commerzbank and Citizens levies through October 7, 2013.  (*See* Perkins Decl. ¶¶ 10, 21, 26.)  Meanwhile, Mrs. Hausler has been pursuing recovery of assets blocked pursuant to the CACRs in succession, having filed approximately six turnover petitions in the *Hausler* Proceeding seeking recovery of various assets in various financial institutions.  She is now waiting for a ruling from the Second Circuit on two of the petitions she has filed concerning blocked accounts holding the proceeds of blocked electronic funds transfers.  Once the Second Circuit has ruled on the appeals in the *Hausler* matter, and assuming the Circuit Court affirms Judge Marrero's turnover ruling in her favor, she will commence turnover petitions concerning the assets held at DBTCA, Commerzbank, and Citizens.

## CONCLUSION

For each of the foregoing reasons, Intervenor-Petitioner Jeannette Fuller Hausler respectfully requests that the Court grant her Petition pursuant to FRCP 69 and CPLR 5239 determining that she has priority judgment creditor rights in the Accounts to satisfy the Hausler Judgment and awarding such other and further relief as this Court deems just and necessary.

Dated: New York, New York
May 31, 2013

GREENBERG TRAURIG, LLP

By: _____
James W. Perkins
200 Park Avenue, 38th Floor
New York, New York 10166
Phone: (212) 801-3188
Fax:     (212) 801-6400

*Attorneys for Intervenor-Petitioner
Jeannette Fuller Hausler*

*Of Counsel:*

COLSON HICKS EIDSON
Roberto Martinez
Ronald Kleinman
255 Aragon Avenue, Second Floor
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax:     (305) 476-7444