UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>                     Plaintiff,<br><br>    v.<br><br>THE REPUBLIC OF CUBA<br><br>                     Defendant,<br><br>    v.<br><br>PNC BANK N.A.,<br><br>                     Garnishee. | 12 Civ. 1596 (AKH)<br><br>RESPONSE TO NOTICE OF FILING BY ALFREDO AND GUSTAVO VILLOLDO OF WESTERN DISTRICT OF PENNSYLVANIA COURT ORDER |

Plaintiff Aldo Vera, Jr. responds to the Notice of Filing Court Order Entered in the Western District of Pennsylvania filed by the Villoldo plaintiffs. (ECF # 229)

The uncontested Turnover Order entered by the United States Court for the Western District of Pennsylvania on May 28, 2013 in no way moots the Turnover Motion initiated in this Court by Plaintiff Aldo Vera, Jr. (ECF # 212) Vera was not a party to the Pennsylvania proceeding, so priority of creditors was not an issue before that Court. The Villoldo plaintiffs have contested Vera's priority under New York law. (ECF #'s 208 and 212) The issues can be argued before the Court at the hearing scheduled for June 25. Because Vera served PNC Bank with a New York Restraining Notice in November 2012, PNC Bank cannot turn over the proceeds of the Cuban account at issue without violating the Restraining Notice.

Competing executions in separate courts occur occasionally, and the order of one court does not moot issues before the second court. *See e.g. Princeton Bank and Trust Company v. Berley*, 57 A.D.2d 348, 394 N.Y.S.2d 714 (2d Dept. 1977); *City of New York v. Panzirer*, 23 A.D.2d 158, 259 N.Y.S.2d 284 (1st Dept. 1965). However, one consequence of the Pennsylvania Turnover Order is that the jurisdiction of that Court to enter its Turnover Order is now in issue since (a) there was no prior 28 U.S.C § 1610(c) order allowing execution by the Villoldo plaintiffs; and (b) Vera was an indispensable party to such a proceeding pursuant to FRCP 19(b) as a result of his Restraining Notice, levy, execution and turnover motion in this Court. *See Republic of the Philippines v. Pimentel*, 553 U.S. 851 (2008) (setting forth criteria under FRCP 19(b)). Under *Koehler v. Bank of Bermuda*, 12 N.Y.3d 533 (N.Y. 2009), service of these documents on PNC Bank in New York was binding on all its offices throughout the United States. A related issue is where the Cuban bank account (in the name of ITT Cuban Telephone Company), an intangible asset, was situated.

Accordingly, counsel for Vera and the Villoldo plaintiffs should be prepared to address the above issues relating to priority to the Cuban account at the hearing scheduled for June 25.

Dated: New York, New York
June 6, 2013

By: /s/ Robert A. Swift
Robert A. Swift (*Pro Hac Vice*)
Kohn, Swift & Graf, P.C.
One South Broad Street, 21st Floor
Philadelphia, PA 19107
(215) 238-1700

Jeffrey E. Glen
Luma Al-Shibib
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000