UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/13/13

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA, <br><br> Defendant, | Case No. 12 Civ. 1596 (AKH) <br><br> MOTION FOR ORDER CONFIRMING INTERVENTION OR, IN THE ALTERNATIVE, TO INTERVENE |

*Intervention is granted.*
*6-12-13*
*[signature]*

Intervenors, Alfredo Villoldo and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos ("Intervenors"), hereby file this motion for order confirming intervention or, in the alternative, to intervene, and in support state:

Intervenors are judgment creditors of the Republic of Cuba and hold an unsatisfied judgment in excess of $2.9 billion. Intervenors are attempting to execute on their judgment in proceedings pending before Judge Swain. *See Villoldo v. The Republic of Cuba, et al.*, No. 1:11-cv-9394 (LTS) (S.D.N.Y.). Plaintiff, Aldo Vera, Jr., as Personal Representative of the Estate of Aldo Vera, Sr. ("Vera"), also has a judgment against the Republic of Cuba. However, Intervenors have priority to all assets upon which Vera is attempting to execute because Vera's judgment is void and unenforceable. Neither Vera nor the victim were "nationals" of the United States, as required by the Foreign Sovereign Immunities Act ("FSIA"), and Vera admittedly failed to serve the Republic of Cuba with notices of default judgment, in violation of the FSIA.

In this context, on March 4, 2013, this Court invited Intervenors to intervene in this action and oppose a turnover motion directed to Commerzbank AG (the "Commerzbank

{10225/00310536.1}

Turnover Motion"). [Dkt. No. 122.] On March 29, 2013, in response to the Court's invitation, Intervenors filed an opposition to the Commerzbank Turnover Motion. [Dkt. No. 212.] In their opposition, Intervenors not only opposed the turnover petition against Commerzbank AG, but Intervenors also opposed all pending turnover motions and moved to vacate all prior turnover orders based on the invalidity of Vera's judgment.

Intervenors believe they have properly intervened in this action by virtue of the invitation from the Court to intervene and the opposition filed by Intervenors in response to the invitation. However, in an abundance of caution, Intervenors respectfully request that the Court enter an order confirming that Intervenors have intervened in this action.

In the alternative, Intervenors hereby move for intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a)(1). Rule 24(a)(1) provides that intervention is mandatory where the movant:

> claims an interest to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1). This action was filed by Vera solely to seek discovery and execute on a judgment against the Republic of Cuba. Intervenors also have a judgment against the Republic of Cuba and the amount of Intervenors' judgment far exceeds the amount of Vera's judgment. Intervenors have an interest in each and every turnover motion filed by Vera and have a superior right to the subject of each turnover motion by virtue of the fact that Vera's judgment is void and unenforceable. There are no other parties in this action which are representing the interests of Intervenors. Moreover, Intervenors motion is timely because Intervenors sought to intervene in this action immediately upon being notified that Vera was seeking turnover of a shared judgment-debtor's funds. Accordingly, Intervenors should be allowed to intervene as a matter of

{10225/00310536.1}

right. *See Peterson v. Islamic Republic of Iran*, No. 10-cv-4518 (KBF), 2013 WL 1947420, *6 (S.D.N.Y. May 10, 2013) (granting intervention as a matter of right to a judgment creditor of Iran despite six month's delay in moving for intervention and the progress of over four years of litigation seeking turnover of approximately $2 billion against agencies of Iran).

WHEREFORE, Intervenors respectfully request that the Court enter an Order confirming that Intervenors intervened in this action on March 29, 2013 or, alternatively, granting Intervenors' motion to intervene in this action, and for such other relief that the Court deems just and reasonable.

Dated: May ___, 2013

[signature]

Edward H. Rosenthal, Esq.
Beth I. Goldman, Esq.
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175

Andrew C. Hall, Esq.*
Roarke Maxwell, Esq.*
Brandon R. Levitt (BL1028)
HALL, LAMB AND HALL P.A.
2665 South Bayshore Drive, PH1
Miami, Florida 33133
Tel.: (305) 374-5030
Fax: (305) 374-5033
* admitted *pro hac vice*

*Attorneys for Alfredo Villoldo, individually, and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos*

{10225/00310536.1}

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA, <br><br> Defendant, | Case No. 12 Civ. 1596 (AKH) <br><br> **ORDER GRANTING MOTION FOR ORDER CONFIRMING INTERVENTION OR, IN THE ALTERNATIVE, TO INTERVENE** |

AND NOW, this _____ day of _____, 2013, upon the Motion of Alfredo Villoldo and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos ("Intervenors") for Order Confirming Intervention or, in the alternative, to Intervene, the Motion is GRANTED. The Court hereby confirms that Intervenors intervened in this action on March 29, 2013. Intervenors are entitled to intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24.

BY THE COURT:

_____
Alvin K. Hellerstein
United States District Judge

{10225/00310556.1}