# EXHIBIT 4

# KOHN, SWIFT & GRAF, P.C.

ONE SOUTH BROAD STREET, SUITE 2100
PHILADELPHIA, PENNSYLVANIA 19107-3304

JOSEPH C. KOHN
ROBERT A. SWIFT
GEORGE W. CRONER
ROBERT J. LAROCCA
DENIS F. SHEILS¹⁰
DOUGLAS A. ABRAHAMS ♦
WILLIAM E. HOESE
STEVEN M. STEINGARD ♦
STEPHEN H. SCHWARTZ †
CRAIG W. HILLWIG
NEIL L. GLAZER †
JARED G. SOLOMON
BARBARA L. MOYER †

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

E-MAIL: RSWIFT@KOHNSWIFT.COM

HAROLD E. KOHN
1914-1999

OF COUNSEL
MERLE A. WOLFSON
LISA PALFY KOHN

† ALSO ADMITTED IN NEW YORK
° ALSO ADMITTED IN NEVADA
♦ ALSO ADMITTED IN NEW JERSEY

April 29, 2013

Honorable Victor Marrero
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   Aldo Vera v. The Republic of Cuba, No. 12 Civ. 1596

Dear Judge Marrero:

I am one of the counsel for Plaintiff in *Aldo Vera v. The Republic of Cuba*, No. 12 Civ. 1596 which is pending before Judge Alvin K. Hellerstein. I was copied on the April 19, 2013 letter to you from James Perkins, counsel in *Hausler v. The Republic of Cuba*, 09-10289, and wish to respond briefly.

The *Vera* judgment against the Republic of Cuba was entered August 20, 2012 (*Vera* ECF # 12), and a 28 USC 1610(c) Order permitting execution entered on October 11, 2012. (*Vera* ECF # 19) Counsel for Vera were informed by the U.S. Treasury Department, Office of Foreign Assets Control, that both Deutsche Bank AG and Deutsche Bank Trust Company Americas were in possession of Cuban assets blocked pursuant to CACR. *See* Exhibit 1. Vera served information subpoenas and restraining notices on both entities. Vera then had the US Marshal serve a writ of execution on Deutsche Bank Trust Company Americas on January 4, 2013. This was followed by a Motion for Turnover filed on February 28, 2013 which is fully briefed and awaits decision. Prior to filing the Motion for Turnover, counsel reviewed Orders entered by your Honor in *Hausler* and verified that there was no extension of time granted to the Hausler plaintiffs to file a turnover proceeding against Deutsche Bank Trust Company Americas, only "Deutsche Bank [AG]".

Deutsche Bank AG is one of the world's largest banks. It is a German bank with a branch office in New York City. It has hundreds of companies related directly and indirectly through stock ownership. Many of these companies begin with the name "Deutsche Bank" but are distinct corporations with separate assets and liabilities. Deutsche Bank Trust Company

KOHN, SWIFT & GRAF, P.C.        CONTINUATION SHEET NO. 2        HON. VICTOR MARRERO
                                                                APRIL 29, 2013

Americas ("DBTCA") is a New York state chartered bank which its counsel has stated in court submissions is indirectly owned by Deutsche Bank AG. Apparently Deutsche Bank AG, Deutsche Bank Trust Company Americas and other "Deutsche Bank" entities share some personnel and office space in New York City. It is well understood that a parent and subsidiary are not liable for each other's debts absent proof of complete dominion and control. *See Merrell-Benco Agency, LLC v. HSBC Bank USA*, 20 A.D.3d 605, 609, 799 N.Y.S.2d 590, 594 (3d Dept., 2005); *Potash v. Port Authority of New York and New Jersey*, 279 A.D.2d 562, 719 N.Y.S.2d 290 (2d Dept., 2001). Therefore in garnishment proceedings the correct entity holding assets of the judgment debtor must be identified and served.

Based on the exhibits to its letter of April 19, Greenberg Traurig had been aware of the distinction between Deutsche Bank AG and Deutsche Bank Trust Company Americas for several years. However, in seeking multiple extensions of the time to file a turnover proceeding, counsel deliberately used "Deutsche Bank" either to refer to Deutsche Bank AG or, as indicated in the first paragraph of the April 19 letter, to cover all assets of "Deutsche Bank" "affiliates" in New York. The generic use of a trade name is regarded as a nullity. *Little Shoppe Around the Corner v. Carl*, 80 Misc.2d 717, 363 N.Y.S.2d 784 (County Court, Rockland County, 1975) (*citing Marder v. Betty's Beauty Shoppe*, 38 Misc.2d 687, 239 N.Y.S.2d 923 (App Term, 2d Dept 1962)). A trade name has no separate jural existence, and "it can neither sue nor be sued independently of its owner." *Provosty v. Lydia E. Hall Hospital*, 91 A.D.2d 658, 659, 457 N.Y.S.2d 106, 108 (2d Dept 1982), *aff'd* 59 N.Y.2d 812, 464 N.Y.S.2d 754 (1983).

In bank turnover proceedings pursuant to CPLR 5225(b), a judgment creditor cannot reach assets in the possession of a subsidiary of the bank sued. *See Northern Mariana Islands v. Millard*, 287 F.R.D. 204, 213-14 (S.D.N.Y. 2012) (in action against parent-garnishee seeking bank account assets held by offshore subsidiary that parent controlled, court held that judgment creditor was not entitled to turnover order because parent was not in "possession and custody" of assets). The lone case cited by Petitioner's counsel, *National Bank of North America v. State Tax Commission*, 106 A.D.2d 377, 482 N.Y.S.2d 508 (App. Div. 2d Dep't 1984), is inapposite because it did not involve garnishment proceedings implicating affiliated, but separate and legally distinct, corporate entities. *Id.*, 482 N.Y.S.2d at 509 (income execution misnaming restaurant as "Ben's Kosher Deli" as opposed to correct legal name, "933 Atlantic Avenue Kosher Restaurant d/b/a Ben's Kosher Deli Restaurant", constituted minor technical defect).

Vera suggests that the proper procedure to contest priority in garnishment should be for the Hausler plaintiffs to intervene in the *Vera* Turnover proceeding and raise its contention.

Respectfully yours,

Robert A. Swift

RAS:yr

Cc via Fed. Exp.: Hon. Alvin K. Hellerstein

85125

KOHN, SWIFT & GRAF, P.C.      CONTINUATION SHEET NO. 3      HON. VICTOR MARRERO
APRIL 29, 2013

Cc via e-mail:  Jeffrey Glen, Esq.
                 Mark P. Gimbel, Esq.

Cc via US Mail: Ministry of Foreign Affairs, Republic of Cuba

KOHN, SWIFT & GRAF, P.C.       CONTINUATION SHEET NO. 3      HON. VICTOR MARRERO

85125