UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>        Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF CUBA,<br><br>        Defendant,<br><br>and<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, COMMERZBANK AG, RBS CITIZENS, N.A.,<br><br>        Garnishees. | 12 Civ. 1596 (AKH)<br><br>ECF Case<br>Document Electronically Filed<br><br>**COMMBERZBANK AG'S ANSWER TO INTERVENOR-PETITIONER JEANNETTE FULLER HAUSLER'S PETITION TO DETERMINE ADVERSE CLAIMS PURSUANT TO FRCP 69 AND CPLR § 5239** |
| JEANNETTE FULLER HAUSLER, as Successor Personal Representative of the Estate of ROBERT OTIS FULLER, ("BOBBY FULLER"), Deceased, on behalf of THOMAS CASKEY as Personal Representative of the Estate of LYNITA FULLER CASKEY surviving daughter of ROBERT OTIS FULLER, THE ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, FRANCES FULLER, GRACE LUTES, IRENE MOSS, and JEANNETTE FULLER HAUSLER<br><br>        Intervenor-Petitioner,<br><br>v.<br><br>ALDO VERA, JR. as Personal Representative of the Estate of Aldo Vera, Sr., ALFREDO VILLOLDO, individually, and GUSTAVO VILLOLDO, individually, and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>        Respondents. | |

Garnishee Commerzbank AG ("COBA") by its attorneys Gibbons P.C., for its Answer to Intervenor-Petitioner Jeanette Fuller Hausler ("Hausler Intervenor"), states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 1, except admits that the Hausler Intervenor has filed a Petition to Determine Adverse Claims Pursuant To Fed. R. Civ. P. 69 and CPLR 5239 and that COBA was served with a writ of execution by the U.S. Marshal on behalf of the Hausler Intervenor on or about January 21, 2011, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 3, except admits that Respondents may claim to have an interest in some of the assets blocked at COBA pursuant to regulations implemented by the U.S. Department of Treasury Office of Foreign Assets Control ("OFAC") due to an alleged nexus with Cuba ("COBA Blocked Assets").

4. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 4, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 7.

#1944209 v1
103969-82379

8. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 8.

9. Denies the factual allegations in paragraph 9, except admits that COBA is a foreign bank registered with the Federal Reserve System with a branch office located at Two World Financial Center, New York, New York, and is in possession of certain assets in this District blocked pursuant to regulations implemented by OFAC due to an alleged nexus with Cuba.

10. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 12.

13. The allegations in paragraph 13 contain legal assertions or conclusions for which no answer is required.

14. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 13 concerning Garnishee Banks other than COBA, except admits that the COBA Blocked Assets are situated in this district and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

15. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 28.

#1944209 v1
103969-82379

29. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 29.

30. Denies the factual allegations in paragraph 30, except admits that on or about December 3, 2010, COBA responded to an information subpoena that the Hausler Intervenor had served and states that COBA's responses and objections to the information subpoena speak for themselves and refers to them for their contents.

31. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 31, except states that the Hausler 1/4/11 Writ speaks for itself and refers to it for its contents.

32. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 32.

33. Admits that on or about January 21, 2011, the Hausler 1/4/11 Writ was served on COBA at Two World Financial Center, New York, New York and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

34. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 34 and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

35. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 37.

#1944209 v1
103969-82379

38. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 44, except admits that the Vera Writ was served on COBA by the U.S. Marshal at Two World Financial Center, New York, New York on or about January 28, 2013.

45. Denies the factual allegations in paragraph 45, except admits that Vera filed a motion for turnover order pursuant to Fed. R. Civ. P. 69 and CPLR 5225(b) seeking turnover of certain COBA Blocked Assets and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

46. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 47.

#1944209 v1
103969-82379

48. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 50.

51. Denies the factual allegations in paragraph 51, except admits that the Villoldo Respondents filed a Notice of Petition for Turnover Order Against COBA in the proceeding *Villoldo v. Castro Ruz*, et al., Civil Action No. 11 Civ. 9394 (LTS), seeking turnover of certain COBA Blocked Assets.

52. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 52, except admits that the Villoldo Respondents have not served a writ of execution upon COBA.

53. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 55, except states that the letter that Vera sent to the Court in the Vera Proceeding speaks for itself and refers to it for its contents.

56. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 56, except states that the March 8, 2013 order of Judge Hellerstein speaks for itself and refers to it for its contents.

#1944209 v1
103969-82379

57.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 57, except states that the March 18, 2013 motion by Vera speaks for itself and refers to it for its contents.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 58, except states that the Villoldo Respondents' March 29, 2013 Memorandum of Law in Opposition to Vera's Motion Against COBA and All Other Pending Turnover Motions, and to Vacate All Prior Turnover Orders speaks for itself and refers to it for its contents.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 59, except states that the Villoldo Respondents' Motion for Order Confirming Intervention or, In the Alternative, to Intervene in the Vera Proceeding speaks for itself and refers to it for its contents.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 60 and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 61 and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 62.

63.     COBA hereby repeats each of its responses to paragraphs 1 through 62 above as if here set forth in full.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 64.

#1944209 v1
103969-82379

65. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 66.

67. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 67.

68. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 68.

69. COBA hereby repeats each of its responses to paragraphs 1 through 68 above as if here set forth in full.

70. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 70, except admits that COBA was served with a writ of execution by the U.S. Marshal on behalf of the Hausler Intervenor on or about January 21, 2011, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

71. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 70, except admits that Vera filed a motion for turnover order pursuant to Fed. R. Civ. P. 69 and CPLR 5225(b) seeking turnover of certain COBA Blocked Assets and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

72. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 72, except admits that the Villoldo Respondents filed a Notice of Petition for Turnover Order Against COBA in the proceeding *Villoldo v. Castro Ruz*, et al., Civil Action No. 11 Civ. 9394 (LTS), seeking turnover of certain COBA Blocked Assets.

#1944209 v1
103969-82379

73. The allegations in paragraph 73 contain legal assertions or conclusions for which no answer is required.

74. The allegations in paragraph 74 contain legal assertions or conclusions for which no answer is required.

75. COBA hereby repeats each of its responses to paragraphs 1 through 74 above as if here set forth in full.

76. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 76.

77. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 77.

78. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 78.

79. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 79.

80. Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 80.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Persons other than the Republic of Cuba or its agencies and instrumentalities (collectively, "Cuba") may have ownership or other interests in part of the funds at COBA that are the subject of the Hausler Intervenor's Petition (the "Funds") which may be superior to the rights of the Hausler Intervenor, if any, to have execution against such Funds to satisfy the judgment allegedly entered in favor of the Hausler Intervenor.

## SECOND DEFENSE

The Funds consist largely or entirely of the proceeds of wire transfers that were routed through COBA as an intermediary bank or beneficiary's bank, but could not be completed because of applicable regulations promulgated and/or administered by OFAC, and so are being held in one or more blocked accounts at COBA. Persons other than Cuba who were the originators, beneficiaries or bank participants in such wire transfers may have ownership or other interests in part or all of such Funds which may be superior to the rights of the Hausler Intervenor, if any, to have execution against such Funds.

## THIRD DEFENSE

The Hausler Intervenor must establish that, pursuant to CPLR 5232(a), the Hausler 1/4/11 Writ is not void because the Court in the action captioned *Hausler v. Rep. of Cuba*, (S.D.N.Y. Civil Action No. 09-10289), failed to extend the Hausler 1/4/11 writ "upon motion of the judgment creditor."

## FOURTH DEFENSE

The Hausler Intervenor must establish that, pursuant to CPLR 5232(a), any order in the action captioned *Hausler v. Rep. of Cuba*, (S.D.N.Y. Civil Action No. 09-10289), extending the Hausler 1/4/11 Writ was "served upon" COBA.

## FIFTH DEFENSE

To the extent that the Funds are held in accounts in the name of or for the benefit of persons or entities other than Cuba, or that persons other than Cuba may have been parties to or have an interest in the proceeds of wire transfers that could not be completed due to applicable regulations, such persons may be indispensable parties hereto and may have the right to receive notice of these proceedings and an opportunity to be heard before this Court enters judgment in this proceeding that would terminate or otherwise affect their rights in the Funds.

#1944209 v1
103969-82379

### SIXTH DEFENSE

To the extent that the Hausler Intervenor claims that some or all of the Funds belong to persons that are agencies or instrumentalities of the Republic of Cuba, or that such persons have an interest in some part or all of the Funds, such persons may be indispensable parties hereto and have the right to receive notice of these proceedings and an opportunity to be heard before this Court determines whether they are in fact agencies or instrumentalities of the Republic of Cuba or whether such assets are subject to execution to satisfy the Judgment.

### SEVENTH DEFENSE

To the extent that other persons who hold judgments against Cuba based on its involvement with acts of terrorism have served restraining notices, notices of pendency, writs of execution or other process or documents upon COBA with respect to assets that may belong to Cuba, such persons may be indispensable parties hereto and have the right to receive notice of these proceedings and an opportunity to be heard so that this Court may determine which judgment creditors should take precedence with respect to any assets that may belong to Cuba.

### EIGHTH DEFENSE

The Hausler Intervenor must establish as to any judgment entered on default that a copy was properly served on Cuba in the manner required by the Foreign Sovereign Immunities Act ("FSIA") § 1608(a) in order to comply with FSIA § 1608(e).

### NINTH DEFENSE

The Hausler Intervenor must establish, in order to comply with the requirements of CPLR 5225(b) and Fed. R. Civ. P. 69, that a copy of the Hausler Intervenor's Petition to Determine Adverse Claims Pursuant to FRCP 69 and CPLR 5239 was properly served on Cuba in the manner required by FSIA § 1608(a).

#1944209 v1
103969-82379

## TENTH DEFENSE

The Hausler Intervenor must establish that, under New York law, wire transfer funds in the temporary possession of COBA as an intermediary bank are subject to attachment or turnover.

## ELEVENTH DEFENSE

To the extent the Funds sought, when aggregated with other funds sought, exceed the amount of the Hausler Judgment, the amount of the Funds to be turned over must be allocated, and a determination made regarding from which accounts all such funds should be debited, in such a way that no respondent and none of the other affected persons are required to turn over more than their allocable share of the amount necessary to satisfy any such judgment.

Dated: New York, New York
       June 17, 2013

                          GIBBONS P.C.
                          One Pennsylvania Plaza, 37th Floor
                          New York, New York  10119-3701
                          Telephone (212) 613-2000
                          Facsimile (212) 290-2018

                          *Attorneys for Defendant*
                          *Commerzbank AG*


                          By:    /s/ Terry Myers
                                Terry Myers
                                Paul A. Saso

#1944209 v1
103969-82379