UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>       Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF CUBA,<br><br>       Defendant,<br><br>and<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, COMMERZBANK AG, RBS CITIZENS, N.A.,<br><br>       Garnishees. | 12 Civ. 1596 (AKH)<br><br>ECF Case<br>Document Electronically Filed<br><br>**COMMERZBANK AG'S MEMORANDUM OF LAW IN RESPONSE TO INTERVENOR-PETITIONER JEANNETTE FULLER HAUSLER'S PETITION TO DETERMINE ADVERSE CLAIMS PURSUANT TO FRCP 69 AND CPLR § 5239** |
| JEANNETTE FULLER HAUSLER, as Successor Personal Representative of the Estate of ROBERT OTIS FULLER, ("BOBBY FULLER"), Deceased, on behalf of THOMAS CASKEY as Personal Representative of the Estate of LYNITA FULLER CASKEY surviving daughter of ROBERT OTIS FULLER, THE ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, FRANCES FULLER, GRACE LUTES, IRENE MOSS, and JEANNETTE FULLER HAUSLER<br><br>       Intervenor-Petitioner,<br><br>v.<br><br>ALDO VERA, JR. as Personal Representative of the Estate of Aldo Vera, Sr., ALFREDO VILLOLDO, individually, and GUSTAVO VILLOLDO, individually, and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>       Respondents. | |

Commerzbank AG ("COBA") respectfully submits this Memorandum of Law and Declaration of Walter Petzinger, both dated June 17, 2013, in response to Intervenor-Petitioner Jeanette Fuller Hausler's (the "Hausler Intervenor") Memorandum of Law in support of her Petition pursuant to Rule 69 of the Federal Rules of Civil Procedure and Section 5239, 5227 of the New York Civil Practice Law and Rules (the "Petition"), for a determination that she has priority judgment creditor rights to the funds in blocked accounts held at specified financial institutions in this District.

## PRELIMINARY STATEMENT

The Hausler Intervenor alleges that she obtained the Hausler Judgment[1] against the Cuban Judgment Debtors, domesticated the Judgment in this District and has sought execution upon the assets of the Cuban Judgment Debtors' in the possession of various financial institutions, including COBA. By way of her Petition, the Hausler Intervenor seeks an order from this Court stating that she has priority over other judgment creditors of the Cuban Judgment Debtors to certain assets held at COBA pursuant to regulations implemented by the U.S. Treasury Department Office of Foreign Assets Control ("OFAC") concerning Cuba.

The Hausler Intervenor alleges that she caused the Clerk of this Court to issue the Hausler 1/4/11 Writ and that it was served upon COBA on or about January 21, 2011 by the U.S. Marshal. (Perkins Decl. ¶¶ 18-20, Exs. M-N.) Because the Hausler 1/4/11 Writ was served upon COBA prior to the writ served upon COBA by the plaintiff in this proceeding, and because the Villoldo Respondents have never served a writ of execution upon COBA (Id. ¶¶ 27, 40), the Hausler Intervenor argues that she has priority over these judgment creditors to assets blocked at COBA pursuant to OFAC regulations concerning Cuba. (Intervenor Br. at 9-10).

---

[1] Unless otherwise stated, all capitalized terms shall have the meaning set forth in the papers the Hausler Intervenor filed in connection with the Petition.

Because, pursuant to CPLR 5232(a), writs of execution expire pursuant to law ninety days after service upon a garnishee, the Hausler Intervenor alleges that she sought and obtained successive extensions of the Writ from Judge Marrero in the Hausler Proceeding. (*Id.* ¶¶ 10, 21, 26; Intervenor Br. at 12-13.) COBA submits that the Hausler Intervenor cannot demonstrate priority absent compliance with each of the requirements of CPLR 5232(a). This statute renders void a writ of execution not properly extended ninety days after service. To extend a writ, the statute unambiguously sets forth a mandated procedure requiring a motion to be made. The Hausler Intervenor cites no such motion as having been made, and it is apparent that the Petition fails in this regard because it does not establish that the Hausler Intervenor (1) requested an extension of the Writ "upon motion," or otherwise provided concurrent notice of such request to COBA or (2) contemporaneously served the court-ordered extensions of the Writ upon COBA.

## ARGUMENT

CPLR 5232(a) sets forth the requirements for a levy upon personal property. The statute provides, in part, that "[a]t the expiration of ninety days after a levy is made by service of the execution, or of such further time as the court, *upon motion* of the judgment creditor or support collection unit has provided, *the levy shall be void* . . ." *Id.* (emphasis added). Accordingly, in order to extend the effectiveness of the Hausler 1/4/11 Writ, the Hausler Intervenor was required to make a motion for an extension of that Writ. In the absence of a motion to extend the Hausler 1/4/11 Writ, the Hausler Intervenor's execution is "ineffective" and she cannot establish her priority to the funds in question. *See Kitson & Kitson v. Yonkers*, 40 A.D.3d 758, 760, 835 N.Y.S.2d 670, 672 (2d Dept. 2007) (holding that judgment creditor "did not establish her priority over the execution . . [because her] levy expired and became void 90 days after purported service of the execution, since she failed to move to extend the levy").

2

Rather than seek an extension of the Hausler 1/4/11 Writ upon motion, as is required by CPLR 5232(a), the Hausler Intervenor alleges only that she most recently sought an extension of the Writ by letter to Judge Marrero. (Perkins Decl. Ex. O.) Prior extensions were also sought by letter, rather than by motion. (Hausler Dkt. Entries 248, 457, 539, 588, 594.)[2]

Generally, a motion must be made based on a notice of motion, memorandum of law and supporting affidavits and upon at least fourteen days notice. (S.D.N.Y. Local Rule 7.1; Fed. R. Civ. P. 6(c)(1).) The Hausler Intervenor made no such motion (*see* Hausler Proceeding Docket) and the Hausler Intervenor's *ex parte* letter applications for extensions of the Hausler 1/4/11 Writ do not comport with the requirements for seeking an *ex parte* order. "No *ex parte* order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary." (S.D.N.Y. Local Civil Rule 6.1(d).) The Hausler Intervenor does not allege and the docket in the Hausler Proceeding does not reveal that (1) any affidavit was submitted explaining why an *ex parte* application for an extension of the levy was "necessary" or (2) contemporaneous notice of the successive *ex parte* applications was provided to COBA. The initial letter application on April 5, 2011 (Hausler Dkt. Entry 248) indicates that Janis Meyer, of Dewey & LeBoeuf, who had not appeared on behalf of COBA in the Hausler Proceeding, but had communicated with the Hausler Intervenor's counsel, was copied on the letter to the Court. However the following four letter applications (*id.* Entries 457, 539, 588, 594) copy only counsel for garnishee bank, JPMorgan Chase Bank, N.A., and COBA did not receive any contemporaneous written notice of these *ex parte* letter applications. (Petzinger Decl. ¶ 4.) Moreover, each letter application was sent to Judge Marrero by hand delivery and were only

---

[2]   The court may generally take notice of a docket sheet because they are public records. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

3

filed on the Hausler Proceeding's docket sheet after they were endorsed, providing no prior notice of the application itself. (Hausler Dkt. Entries 248, 457, 539, 588, 594.) The endorsed letters on the Hausler Proceeding docket also do not include the exhibits sent to Judge Marrero or make any reference to COBA. (*Id.*) The Hausler Intervenor otherwise fails to establish that she requested each successive extension of the Hausler 1/4/11 Writ by motion or otherwise provided any notice to COBA in advance of these informal applications.

The Hausler Intervenor also failed to comply with the requirements of CPLR 5232(a) by failing to provide contemporaneous notice of the endorsed letter orders after they were issued by Judge Marrero in the Hausler Proceeding. CPLR 5232(a) states, in part, that until the garnishee transfers the property that is subject to the levy to the sheriff "or until the expiration of ninety days after service of the execution upon him or her, or of such further time as is provided by any *order of the court served upon him or her*, whichever event first occurs, the garnishee is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property . . ." (emphasis added). Accordingly, CPLR 5232(a) unequivocally requires that any court-ordered extension of a writ of execution be served upon the garnishee.

The Hausler Intervenor appears to have requested an extension of the Hausler 1/4/11 Writ on five occasions: April 5, 2011, October 11, 2011, April 4, 2012, September 19, 2012 (Hausler Proceeding Dkt. Entries 248, 457, 539, 588); and March 28, 2013. (*Id.* at 594; Perkins Decl. Ex. O.) As noted above, only the endorsed letters were filed on the Hausler Proceeding docket, but the docket in the Hausler Proceeding reveals that no counsel for COBA ever filed an appearance in that proceeding and, therefore, no electronic notice from the Electronic Court Filing ("ECF") system was contemporaneously provided to COBA of the endorsed letter applications. The Hausler Intervenor does not provide any evidence or otherwise allege that COBA received

4

contemporaneous notice of these letter endorsements by any other means.[3] At most, the Hausler Intervenor served COBA with a Notice of Levy Extension on or about May 14, 2013 (Petzinger Decl. ¶ 4, Ex. A), approximately twenty months after the Hausler Intervenor received the first purported extension in October 2011 (*id.* at Entry 457), two and a half months after her last purported extension in March 2013 (*id.* at Entry 594), and three and a half months after the Vera plaintiffs served their writ of execution upon COBA. (Perkins Decl. ¶ 32.)

## CONCLUSION

For each of the foregoing reasons, COBA respectfully requests that the Court deny the Hausler Intervenor's Petition.

Dated: New York, New York
       June 17, 2013

                **GIBBONS P.C.**
                One Pennsylvania Plaza, 37th Floor
                New York, New York 10119-3701
                Telephone (212) 613-2000
                Facsimile (212) 290-2018

                *Attorneys for Garnishee*
                *Commerzbank AG*

                By:   /s/ Terry Myers
                      Terry Myers
                      Paul A. Saso

---

[3]     Only the Hausler Intervenor's initial letter application on or about April 5, 2011 was provided to Janis Meyer, Esq., an attorney at Dewey & LeBoeuf LLP, concurrently with the application. (Petzinger Decl. ¶ 2.) Ms. Meyer did not appear in the Hausler Proceeding on behalf of COBA and informed counsel for the Hausler Intervenor that all future correspondence should be sent directly to COBA. (*Id.* ¶ 3.) COBA received no written notice or service of either the subsequent letter applications to extend the Hausler 1/4/11 Writ or Judge Marrero's endorsement of those letter applications between April 5, 2011 and receipt of the Notice of Levy Extension on or about May 14, 2013. (*Id.* ¶ 4.)