<'>Case 1:12-cv-01596-AKH   Document 255   Filed 05/31/13   Page 1 of 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,

          Plaintiff,

v.

THE REPUBLIC OF CUBA,

          Defendant,

and

DEUTSCHE BANK TRUST COMPANY AMERICAS, COMMERZBANK AG, RBS CITIZENS, N.A.,

          Garnishees.

12 Civ. 1596 (AKH)

**INTERVENOR-PETITIONER JEANNETTE FULLER HAUSLER'S PETITION TO DETERMINE ADVERSE CLAIMS PURSUANT TO FRCP 69 AND CPLR § 5239**

------------------------------------------------------------- X

JEANNETTE FULLER HAUSLER, as Successor Personal Representative of the Estate of ROBERT OTIS FULLER, ("BOBBY FULLER"), Deceased, on behalf of THOMAS CASKEY as Personal Representative of the Estate of LYNITA FULLER CASKEY surviving daughter of ROBERT OTIS FULLER, THE ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, FRANCES FULLER, GRACE LUTES, IRENE MOSS, and JEANNETTE FULLER HAUSLER

          Intervenor-Petitioner,

v.

ALDO VERA, JR. as Personal Representative of the Estate of Aldo Vera, Sr., ALFREDO VILLOLDO, individually, and GUSTAVO VILLOLDO, individually, and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,

          Respondents.

------------------------------------------------------------- X

FILE COPY



RECEIVED MAY 31 2013 U.S.D.C. S.D.N.Y. CASHIERS

Intervenor-Petitioner Jeannette Fuller Hausler ("Mrs. Hausler"), by and through her attorneys, respectfully alleges as follows against Respondents Aldo Vera, Jr., as Personal Representative of the Estate of Aldo Vera, Sr. ("Vera"); Alfredo Villoldo, individually, and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos (the "Villoldo Respondents"[1] and together with Vera, the "Respondents"):

## NATURE OF THE PROCEEDING

1.   This is a proceeding pursuant to Rule 69 of the Federal Rules of Civil Procedure ("FRCP") and Section 5239 of the New York Civil Practice Law and Rules ("CPLR"), by Mrs. Hausler, a judgment creditor, for a determination that she has priority rights to the funds in accounts of certain judgment debtors (defined herein as the Cuban Judgment Debtors) or their agencies or instrumentalities held at Deutsche Bank Trust Company Americas ("DBTCA"), Commerzbank AG ("Commerzbank"), and RBS Citizens, N.A. ("Citizens") (collectively the "Garnishee Banks") upon which the U.S. Marshal has levied on Mrs. Hausler's behalf.[2]

2.   These levied accounts (the "Accounts") are subject to writs of execution issued by the Clerk of this Court in the proceeding captioned *Hausler v. The Republic of Cuba, et al.*, Civil Action No. 09 Civ. 10289 (the "*Hausler* Proceeding"). Mrs. Hausler obtained the writs of execution (the "Hausler Writs") and caused them to be levied by the U.S. Marshal to enforce a judgment (the "Hausler Judgment") she obtained under the Terrorism Risk Insurance Act of

---

[1] There does not appear to be any order joining the Villoldo Respondents as parties to this proceeding, although they now have a motion pending seeking to confirm that they are, or to be joined as parties. (*See Vera* Dkt. No. 218.) Other parties to this proceeding, including Respondent Vera, have also made filings indicating the Villoldo Respondents should be parties to the case. (*See Vera* Dkt. Nos. 79, 113.) To the extent the Villoldo Respondents are parties to this proceeding, this Petition is also directed to them.

[2] By filing this Petition herein, Mrs. Hausler does not waive, and expressly reserves her right to assert other claims to priority to levied assets of the Cuban Judgment Debtors (as defined below) that she may have over the Respondents or other claimants to the subject accounts.

2

2002, 28 U.S.C. § 1610, note ("TRIA") against the Republic of Cuba, Fidel Castro, Raul Castro, the Cuban Revolutionary Armed Forces, and the Cuban Ministry of the Interior (collectively "the Cuban Judgment Debtors").

3. The Respondents also claim, or may claim, to have an interest in the same Accounts as judgment creditors of one or more of the Cuban Judgment Debtors, as they have alleged in court filings in this District.

4. Because Mrs. Hausler delivered the Hausler Writs to the U.S. Marshal and duly caused that office to levy the writs of execution to satisfy the Hausler Judgment prior in time to any claim of right Respondents may now assert, and those levies have remained in place since the time they were first effected, she is entitled to a determination pursuant to CPLR § 5239, as applied through FRCP 69, that any funds available for execution pursuant to the levy of the Hausler Writs are payable to satisfy her judgment before Respondents may use any such funds to satisfy their judgments.

## THE PARTIES

5. Mrs. Hausler is a United States citizen and the daughter of Robert Otis Fuller who was tortured and extra-judicially executed in the Republic of Cuba. Mrs. Hausler is also the Successor Personal Representative of the Estate of Robert Otis Fuller deceased and other family members. In these capacities and individually she holds the Hausler Judgment against the Cuban Judgment Debtors for the extra-judicial killing of Robert Otis Fuller.

6. Upon information and belief, Aldo Vera, Jr. is a United States citizen and the legal representative of the Estate of Aldo Vera, Sr. Mr. Vera has alleged he holds a judgment against the Republic of Cuba.

7. Upon information and belief, the Villoldo Respondents are the sons of decedent Gustavo Villoldo Argilagos, who is alleged to be a United States citizen, who resided in Cuba. Upon further information and belief, Respondent Gustavo Villoldo is the administrator, executor, and personal representative of Gustavo Villoldo Argilagos's Estate. The Villoldo Respondents have alleged they hold a judgment against the Cuban Judgment Debtors.

8. Upon information and belief, garnishee DBTCA is a New York State chartered bank that is a member of the Federal Reserve System with its principal place of business located at 60 Wall Street, New York, New York. Upon further information and belief, DBTCA maintains accounts in this District holding assets of the Cuban Judgment Debtors, which accounts are subject to the U.S. Marshal's levy in the *Hausler* Proceeding.

9. Upon information and belief, garnishee Commerzbank is a foreign bank registered with the Federal Reserve System with an office located at 2 World Financial Center, New York, New York 10281. Upon further information and belief, Commerzbank maintains accounts in this District holding assets of the Cuban Judgment Debtors, which accounts are subject to the U.S. Marshal's levy in the *Hausler* Proceeding.

10. Upon information and belief, garnishee Citizens is a federally chartered bank with its principal place of business in Providence, Rhode Island. Upon further information and belief, Citizens operates a branch office at 2371 Central Park Avenue, Yonkers, New York 10710. Upon further information and belief, Citizens maintains accounts in this District holding assets of the Cuban Judgment Debtors, which accounts are subject to the U.S. Marshal's levy in the *Hausler* Proceeding.

11. Upon information and belief, non-party garnishee Credit Suisse A.G., New York Branch ("Credit Suisse") is a foreign bank with a New York branch office located at 11 Madison

Avenue, New York, New York 10010. Upon further information and belief, garnishee Credit Suisse maintains bank accounts in this district holding assets of the Cuban Judgment Debtors that are subject to the U.S. Marshal's levy in the *Hausler* Proceeding.

12. As neutral stakeholders, the Garnishee Banks are named in this Petition as nominal participants only.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States. Supplemental jurisdiction is conferred on this Court by 28 U.S.C. § 1367(a) over any other claim that is so related to claims in this action within the Court's original jurisdiction that it will form part of the same case or controversy. This Court also has *in rem* jurisdiction over the Accounts that are the subject of this petition to determine adverse claims.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and (f) because the property that is the subject of the action is situated in this district.

## BACKGROUND

**The Hausler Judgment**

15. On or about January 19, 2007, the Eleventh Judicial District, Miami-Dade County, Florida entered an Amended Final Judgment (*i.e.*, the Hausler Judgment) awarding Mrs. Hausler and those she represents a judgment in the amount of $100,000,000 in compensatory damages and $300,000,000 in punitive damages, with interest accruing, against the Cuban Judgment Debtors for the extra-judicial killing of Robert Otis Fuller.

16. On or about August 20, 2008, the United States District Court for the Southern District of Florida rendered a judgment granting full faith and credit to the Petitioner's state court Amended Final Judgment.

17. On or about September 24, 2008, Petitioner registered the Florida federal full faith and credit judgment in the United States District Court for the Southern District of New York and commenced Miscellaneous Proceeding 18 MS 302 (the *Hausler* Miscellaneous Proceeding"), which was eventually consolidated by stipulation and court order into the *Hausler* Proceeding.

**The U.S. Marshal Levys the**
**Accounts at DBTCA in May 2009**

18. On or about March 26, 2009, to enforce the Hausler Judgment, Mrs. Hausler caused the Clerk of this Court to issue a writ of execution (the "Hausler 3/26/09 Writ") naming various financial institutions, including "Deutsche Bank."

19. On or about March 27, 2009, Mrs. Hausler delivered to the U.S. Marshal a copy of the Hausler 3/26/09 Writ and a completed Marshal's Process Return Receipt for Deutsche Bank.

20. On or about May 11, 2009, the U.S. Marshal levied the Hausler 3/26/09 Writ upon the Accounts at DBTCA by serving Yvonne Falconer, a representative of DBTCA at DBTCA's address located at 60 Wall Street, New York, New York.

21. On or about May 14, 2009, Ms. Falconer sent a written response to the U.S. Marshal "on behalf of Deutsche Bank Trust Company Americas" regarding service of the Hausler 3/26/09 Writ. While indicating she was responding on behalf of DBTCA, she used letterhead with the "Deutsche Bank" trademark logo.

22. On or about July 24, 2009, DBTCA's outside counsel, Covington & Burling LLP, sent the U.S. Marshal an additional letter response on behalf of DBTCA regarding the Hausler 3/26/09 Writ, disclosing that DBTCA maintained accounts that had been blocked under Section 5(b) of the Trading With the Enemy Act, 50 U.S.C. App. 5(b), and the Cuban Asset Control Regulations, 31 C.F.R. §§ 515.201 *et seq.*, ("CACR") and in which the Cuban Judgment Debtors may claim an interest.

23. Since the initial levy of the Hausler 3/26/09 Writ on DBTCA on or about May 11, 2009, Mrs. Hausler has sought and obtained pursuant to CPLR § 5232(a) Court-ordered extensions of the levy of the Hausler 3/26/09 Writ, including the most recent extension through August 5, 2013.

**The Florida Writ Proceedings with DBTCA Are Consolidated
with the Miscellaneous Writ Proceedings in the S.D.N.Y.**

24. While the New York enforcement proceedings were progressing, Mrs. Hausler also commenced writ proceedings in Florida involving various financial institutions. On June 29, 2009, Mrs. Hausler obtained from the Circuit Court of the 11th Judicial District for Miami-Dade County, Florida and caused to be served, a Writ of Garnishment (the "Florida Writ") for DBTCA.

25. DBTCA removed the action to the United States Circuit Court for the Southern District of Florida and then moved to dismiss the Florida Writ or to transfer venue to the United States District Court for the Southern District of New York.

26. DBTCA's memorandum of law in support of transfer to the Southern District of New York asserts that the case should be transferred to New York because the Florida Writ sought to levy the same blocked Accounts as the Hausler 3/26/09 Writ and, therefore, Mrs. Hausler would not be prejudiced by the transfer to New York of a duplicative proceeding that

she was already pursuing in New York against the same accounts. (*See* Perkins Decl. Ex. J, *Hausler* Dkt No. 1-19 at 2–3 ("The accounts Plaintiffs seek to garnish consist of accounts which are blocked pursuant to the Cuban Assets Control Regulations and maintained at a DBTCA branch in New York. . . . Plaintiffs themselves have recognized that the Southern District of New York is the appropriate forum by simultaneously commencing execution proceedings there."), 8 ("Insofar as DBTCA is the only Deutsche Bank entity that currently holds any such blocked accounts, it appears that the Writ of Execution was intended for DBTCA and seeks to levy the same Blocked Wires at issue in this garnishment proceeding.").)

27. Rather than adjudicate the motion, DBTCA and Mrs. Hausler stipulated to, and the Southern District of Florida ordered, the transfer of the Florida Writ proceeding to this Court, subject to New York procedures.

28. In or around December 2009, the Florida Writ proceeding was transferred to the Southern District of New York, and the matter assigned Civil Action No. 09 Civ. 10289, in which DBTCA is named as a respondent garnishee.

29. By Order dated April 20, 2010, the *Hausler* Miscellaneous Proceeding was consolidated into the *Hausler* Proceeding.

**The U.S. Marshal Levys the Accounts**
**at Commerzbank in January 2011**

30. On or about December 3, 2010, Commerzbank responded to an information subpoena that Mrs. Hausler had served, and indicated that it held accounts blocked pursuant to CACR in which the Cuban Judgment Debtors may claim an interest.

31. On or about January 4, 2011, to enforce the Hausler Judgment, Mrs. Hausler caused the Clerk of this Court to issue a writ of execution (the "Hausler 1/4/11 Writ") naming Commerzbank AG and other financial institutions.

32. On or about January 10, 2011, Mrs. Hausler delivered to the U.S. Marshal a copy of the Hausler 1/4/11 Writ and a completed Marshal's Process Return Receipt for Commerzbank.

33. On or about January 21, 2011, the U.S. Marshal levied the Accounts at Commerzbank by serving a copy of the Hausler 1/4/11 Writ on Commerzbank at 2 World Financial Center, New York, New York.

34. Since the initial levy of the Hausler 1/4/11 Writ on Commerzbank, Mrs. Hausler has sought and obtained pursuant to CPLR § 5232(a) Court-ordered extensions of such levy, including the most recent extension through October 7, 2013.

**The U.S. Marshal Levys the**
**Accounts at Citizens in November 2012**

35. On or about June 27, 2012, to enforce the Hausler Judgment, Mrs. Hausler caused the Clerk of this Court to issue a writ of execution (the "Hausler 6/27/12 Writ") naming RBS Citizens Bank and other financial institutions.

36. On or about July 11, 2012, Mrs. Hausler delivered to the U.S. Marshal a copy of the Hausler 6/27/12 Writ and a completed Marshal's Process Return Receipt for Citizens. The U.S. Marshal was unable to serve Citizens at the address provided on that form.

37. On or about November 5, 2012, Mrs. Hausler delivered to the U.S. Marshal a copy of the Hausler 6/27/12 Writ and a completed Marshal's Process Return Receipt with an alternate address for Citizens and requested that the Marshal serve such Writ at the alternate address.

38. On or about November 26, 2012, the U.S. Marshal levied the Accounts at Citizens, by serving a copy of the Hausler 6/27/12 Writ on Citizens at its address located at 2371 Central Park Avenue, Yonkers, New York 10710. A representative of Citizens, Heidi Deleon, accepted service.

39. Since the initial levy of the Accounts at Citizens, Mrs. Hausler has sought and obtained pursuant to CPLR § 5232(a) Court-ordered extensions of such levy, including the most recent extension through October 7, 2013.

**Vera's Later Enforcement Efforts**

40. Upon information and belief, on November 16, 2012, over three years after levy of the Hausler 3/26/09 Writ, over a year after levy of the Hausler 1/4/11 Writ, and approximately five months after levy of the Hausler 6/27/12 Writ, the Clerk of the Court issued a writ of execution (the "Vera Writ") in *Vera v. The Republic of Cuba*, Civil Action No. 12 Civ. 01596 (AKH) (S.D.N.Y.) (the "*Vera* Proceeding").

41. According to the pleadings in the *Vera* Proceeding, the Vera Writ was delivered to the U.S. Marshal on December 20, 2012, and on January 4, 2013, the U.S. Marshal served a copy of the Vera Writ on DBTCA at 60 Wall Street, New York, New York.

42. On or about February 28, 2013, Vera filed a motion for turnover order pursuant to Federal Rule of Civil Procedure 69 and CPLR § 5225(b) seeking turnover of the Accounts held at DBTCA. These are the same Accounts over which Mrs. Hausler maintains a priority lien position as a judgment creditor of the Cuban Judgment Debtors.

43. According to the pleadings in the *Vera* Proceeding, the Vera Writ was delivered to the U.S. Marshal on January 25, 2012, for service on Commerzbank.

44. According to the pleadings in the *Vera* Proceeding, on January 28, 2013, the U.S. Marshal served the Vera Writ on Commerzbank at its address located at 2 World Financial Center, New York, New York.

45. On or about March 15, 2013, Vera filed a motion for turnover order pursuant to Federal Rule of Civil Procedure 69 and CPLR § 5225(b) seeking turnover of the Accounts held

at Commerzbank. These are the same Accounts over which Mrs. Hausler maintains a priority lien position as a judgment creditor of the Cuban Judgment Debtors.

46. According to the pleadings in the *Vera* Proceeding, the Vera Writ was delivered to the U.S. Marshal on December 20, 2012 for service on Citizens.

47. According to the pleadings in the *Vera* Proceeding, on January 4, 2013, the U.S. Marshal served the *Vera* Writ on Citizens at its address located at 2371 Central Park Avenue, Yonkers, New York 10710. A representative of Citizens, Heidi Deleon accepted service.

48. On or about February 25, 2013, Vera filed a motion for turnover order pursuant to Federal Rule of Civil Procedure 69 and CPLR § 5225(b) seeking turnover of the Accounts held at Citizens. These are the same Accounts over which Mrs. Hausler maintains a priority lien position as a judgment creditor of the Cuban Judgment Debtors.

49. At the time Vera filed the Turnover Petition for the Accounts, the *Vera* Petitioner was aware of the *Hausler* Proceeding and Mrs. Hausler's claimed prior rights in the Accounts.

50. Upon information and belief, Vera has asserted or intends to assert rights to the Accounts in which Mrs. Hausler has priority rights as a judgment creditor.

**The Villoldo Respondents Separate Enforcement Proceeding**

51. On or about March 13, 2013, the Villoldo Respondents filed a Notice of Petition for Turnover Order Against Commerzbank in the proceeding *Villoldo v. Castro Ruz, et al.*, Civil Action No. 11 Civ. 9394 (LTS), seeking turnover of the Accounts held at Commerzbank.

52. According to the pleadings in the *Vera* Proceeding, the Villoldo Respondents have not served a writ of execution on Commerzbank.

53. Prior to April 12, 2013, the Villoldo Respondents served a petition for turnover on Credit Suisse seeking turnover of the Accounts held at Credit Suisse. This Petition is not a part

11

of the electronic docket in *Villoldo v. Credit Suisse AG*, 13 Civ. 2401 (LTS) (the "*Villoldo-Credit Suisse* Proceeding").

54. On or about April 12, 2013, Credit Suisse filed in the *Villoldo-Credit Suisse* Proceeding its Response to the Petition for Turnover Against Credit Suisse and a Motion to Stay All Turnover Proceedings Against Credit Suisse.

**The Villoldo Respondents' Participation in the *Vera* Proceeding**

55. On or about February 28, 2013, Vera sent a letter to the Court in the *Vera* Proceeding requesting an order that if the Villoldo Respondents wished to intervene with respect to Vera's turnover proceeding against Commerzbank, they should file a submission with the court within 14 days after Vera filed its motion for Turnover against Commerzbank.

56. On or about March 8, 2013, Judge Hellerstein ordered that the parties should proceed by motion should they seek intervention.

57. On or about March 18, 2013, Vera moved to join the Villoldo Respondents as parties to this proceeding. According to the docket, the motion to join does not appear to have been decided.

58. On or about March 29, 2013, the Villoldo Respondents filed a Memorandum of Law in Opposition to Vera's Turnover Motion Against Commerzbank AG and All Other Pending Turnover Motions, and to Vacate All Prior Turnover Orders, in which the Villoldo Respondents have challenged the subject matter jurisdiction of Vera's judgment and Vera's compliance with notice requirements for enforcing a default judgment.

59. On or about May 29, 2013, the Villoldo Respondents filed a Motion for Order Confirming Intervention or, In the Alternative, to Intervene in the *Vera* Proceeding. A copy of

the motion is available at *Vera* Dkt No. 218. In their motion, the Villoldo Respondents allege that Vera's judgment is void and unenforceable. (*See Vera* Dkt No. 218 at 1.)

60. If these allegations are true, it would appear Vera's lack of subject matter jurisdiction and failure to comply with notice requirements for enforcing the Vera Judgment would be separate reasons for Mrs. Hausler's priority rights over Vera.

61. Although the Villoldo Respondents have not directly asserted a claim in the *Vera* Proceeding to the Accounts held at institutions other than Commerzbank, they are also challenging Vera's judgment with respect to all Vera's motions for turnover so that the Villoldo Respondents can assert priority over the accounts, including the Accounts of the Cuban Judgment Debtors who are involved in the underlying judgments for both the *Hausler* and *Vera* Proceedings.

62. Upon information and belief, Villoldo has asserted or intends to assert rights to the Accounts in which Petitioner has priority rights as a judgment creditor.

## FIRST CAUSE OF ACTION
(Determination of Adverse Claims Pursuant to FRCP 69
and CPLR § 5239 of Accounts Held by Garnishee DBTCA)

63. Mrs. Hausler repeats and re-alleges each and every allegation contained in Paragraphs 1 to 62 as if fully set forth herein.

64. The Hausler 3/26/09 Writ was delivered to the U.S. Marshal on March 27, 2009, and has been duly levied on the Accounts held at DBTCA since May 11, 2009.

65. According to the court filings in the *Vera* Proceeding, Vera claims the Hausler 3/26/09 Writ and Hausler Levy are not effective as to the Accounts held at DBTCA because the garnishee listed on the Writ is "Deutsche Bank" rather than "Deutsche Bank Trust Company Americas."

13

66. The Villoldo Respondents have made or may make a claim of priority in the Accounts held at DBTCA to satisfy their judgment.

67. Notwithstanding the Vera claim and potential Villoldo Respondents's claim, Mrs. Hausler maintains priority rights to the Accounts held at DBTCA as against any and all Respondents to satisfy the Hausler Judgment.

68. Pursuant to FRCP 69 and CPLR § 5239 Mrs. Hausler is entitled to an order that she has a priority levy on the Accounts that is senior to any and all interests the Respondents may have in the Accounts.

### SECOND CAUSE OF ACTION
(Determination of Adverse Claims Pursuant to FRCP 69
and CPLR § 5239 of Accounts Held by Garnishee Commerzbank)

69. Mrs. Hausler repeats and re-alleges each and every allegation contained in Paragraphs 1 to 68 as if fully set forth herein.

70. The Hausler 1/4/11 Writ was delivered to the U.S. Marshal on January 10, 2011, and has been duly levied on the Accounts held at Commerzbank since January 21, 2011.

71. Vera has made a claim of priority in the Accounts held at Commerzbank to satisfy his judgment.

72. The Villoldo Respondents have made a claim of priority in the Accounts held at Commerzbank to satisfy their judgment.

73. Notwithstanding the Vera claim and the Villoldo Respondents's claim, Mrs. Hausler maintains priority rights to the Accounts held at Commerzbank as against any and all Respondents to satisfy the Hausler Judgment.

74. Pursuant to FRCP 69 and CPLR § 5239 Mrs. Hausler is entitled to an order that the she has a priority levy on the Accounts held at Commerzbank that is senior to any and all interests the Respondents may have in the Accounts.

## THIRD CAUSE OF ACTION
### (Determination of Adverse Claims Pursuant to FRCP 69 and CPLR § 5239 of Accounts Held by Garnishee Citizens)

75. Mrs. Hausler repeats and re-alleges each and every allegation contained in Paragraphs 1 to 74 as if fully set forth herein.

76. The Hausler 6/27/12 Writ was delivered to the U.S. Marshal on July 11, 2012, and has been duly levied on the Accounts held at Citizens since November 26, 2012.

77. Vera has made a claim of priority in the Accounts held at Citizens to satisfy his judgment.

78. The Villoldo Respondents have made or may make a claim of priority in the Accounts held at Citizens to satisfy their judgment.

79. Notwithstanding the Vera claim and the potential Villoldo Respondents's claim, Mrs. Hausler maintains priority rights to the Accounts held at Citizens as against any and all Respondents to satisfy the Hausler Judgment.

80. Pursuant to FRCP 69 and CPLR § 5239 Mrs. Hausler is entitled to an order that the she has a priority levy on the Accounts held at Citizens that is senior to any and all interests the Respondents may have in the Accounts.

## **REQUEST FOR RELIEF**

WHEREFORE, Mrs. Hausler prays that the Court issue an order, in the form attached hereto, pursuant to FRCP 69 and CPLR § 5239 determining that Mrs. Hausler has priority rights in the Accounts to satisfy the Hausler Judgment and awarding such other and further relief as this Court deems just and necessary.

Dated: New York, New York
May 31, 2013

                                        GREENBERG TRAURIG, LLP

                                        By: _____
                                        James W. Perkins, Esq.
                                        200 Park Avenue, 38th Floor
                                        New York, New York 10166
                                        Phone: (212) 801-3188
                                        Fax:    (212) 801-6400
                                        *Attorneys for Intervenor-Petitioner*
                                        *Jeannette Fuller Hausler*

COLSON HICKS EIDSON
Roberto Martinez, Esq.
Ronald W. Kleinman, Esq.
255 Aragon Avenue, Second Floor
Coral Gables, Florida 33134
Phone: (305) 476-7400
Fax:    (305) 476-7444
*Of Counsel for Intervenor-Petitioner*
*Jeannette Fuller Hausler*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ALDO VERA, JR., as Personal Representative of the
Estate of Aldo Vera, Sr.,

        Plaintiff,

v.

THE REPUBLIC OF CUBA,

        Defendant,

and

DEUTSCHE BANK TRUST COMPANY
AMERICAS, COMMERZBANK AG, RBS
CITIZENS, N.A.,

        Garnishees.

12 Civ. 1596 (AKH)

**[PROPOSED] ORDER DETERMINING PRIORITY OF INTERVENOR-PETITIONER JEANNETTE FULLER HAUSLER'S CREDITOR RIGHTS PURSUANT TO FRCP 69 AND CPLR § 5239**

------------------------------------------------------------ X

JEANNETTE FULLER HAUSLER, as Successor
Personal Representative of the Estate of ROBERT
OTIS FULLER, ("BOBBY FULLER"), Deceased, on
behalf of THOMAS CASKEY as Personal
Representative of the Estate of LYNITA FULLER
CASKEY surviving daughter of ROBERT OTIS
FULLER, THE ESTATE OF ROBERT OTIS
FULLER, FREDERICK FULLER, FRANCES
FULLER, GRACE LUTES, IRENE MOSS, and
JEANNETTE FULLER HAUSLER

        Intervenor-Petitioner,

v.

ALDO VERA, JR. as Personal Representative of the
Estate of Aldo Vera, Sr., ALFREDO VILLOLDO,
individually, and GUSTAVO VILLOLDO,
individually, and as Administrator, Executor, and
Personal Representative of the ESTATE OF
GUSTAVO VILLOLDO ARGILAGOS,

        Respondents.

------------------------------------------------------------ X

WHEREAS, in the now consolidated proceeding captioned *Hausler v. The Republic of Cuba, et al.*, Civil Action No. 09 Civ. 10289 (the "*Hausler* Proceeding"), Mrs. Hausler delivered to the U.S. Marshal writs of execution (the "Hausler Writs") on March 27, 2009, January 10, 2011, and November 5, 2012, to enforce a judgment that she and those she represents obtained against certain Cuban Judgment Debtors under the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. Section 1610, note;

WHEREAS, in the Hausler Proceeding Mrs. Hausler caused the U.S. Marshal to serve the Hausler Writs and thereby levy funds in accounts blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.201 *et seq.*, (the "Accounts") in which the Cuban Judgment Debtors have an interest and which are held at Deutsche Bank Trust Company Americas ("DBTCA"), Commerzbank AG ("Commerzbank"), and RBS Citizens, N.A. ("Citizens") on May 11, 2009, January 21, 2011, and November 26, 2012, respectively;

WHEREAS, in this proceeding, Plaintiff/Respondent Vera delivered a writ of execution to the U.S. Marshal on November 16, 2012, and caused the U.S. Marshal to serve the writ on the holders of the Accounts on January 4, 2013 (DBTCA), January 28, 2013 (Commerzbank), and January 4, 2013 (Citizens);

WHEREAS, the Villoldo Respondents have not delivered a writ of execution to the U.S. Marshal, nor obtained an order directing turnover of the funds in the Accounts;

WHEREAS Mrs. Hausler claims priority to the funds in the Accounts as a judgment creditor and by so-ordered stipulation has intervened in this proceeding for a determination that she has priority rights to such funds;

WHEREAS, on or about May 31, 2013, Mrs. Hausler, by her attorneys Greenberg Traurig, LLP, filed a petition (the "Petition") seeking an order, pursuant to Federal Rule of Civil

3

Procedure 69 and CPLR § 5239 determining that Mrs. Hausler has priority rights to funds in the Accounts over the Vera and Villoldo Respondents;

WHEREAS, the Court having considered the Petition, Mrs. Hausler's Memorandum of Law, the Declaration of James W. Perkins dated May 31, 2013, the papers filed in answer, opposition and in reply thereto, and after hearing and due deliberation having been had thereon;

IT IS HEREBY ORDERED that, the Petition is granted in all respects, this Court determining pursuant to CPLR § 5239, as applied through Fed. R. Civ. Pr. Rule 69, that Mrs. Hausler has priority judgment creditor rights over Respondents to the funds in the Accounts held at DBTCA, Commerzbank and Citizens and that any funds to be turned over from such Accounts shall be first used to satisfy Mrs. Hausler's TRIA judgment.

Dated: New York, New York

_____, 2013

SO ORDERED.

_____
Alvin K. Hellerstein
United States District Judge

3