**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., | 12 Civ. 1596 (AKH) |
| Plaintiff, | PLAINTIFF-RESPONDENT VERA'S ANSWER TO HAUSLER'S PETITION TO DETERMINE ADVERSE CLAIMS PURSUANT TO FRCP 69 AND CPLR § 5239 |
| v. | |
| THE REPUBLIC OF CUBA | |
| Defendant, | |
| v. | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS; COMMERZBANK, AG; and RBS CITIZENS, N.A. | |
| Garnishees, | |
| ALFREDO VILLOLDO, et al.; and JEANETTE FULLER HAUSLER, et al., | |
| Intervenors. | |
| JEANETTE FULLER HAUSLER, et al. | |
| Intervenor-Petitioner, | |
| v. | |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,; and ALFREDO VILLOLDO, et al. | |
| Respondents. | |

Plaintiff Aldo Vera, Jr., by his attorneys, answers the Petition of Jeanette Hausler *et al.* as follows:

1.     Admitted except it is denied that Hausler has levies on Commerzbank AG ("Commerzbank") or Deutsche Bank Trust Company Americas ("DBTCA") in New York.

2.     Admitted except it is denied that (a) Hausler has levied or issued a writ of execution on DBTCA in New York or (b) has a levy on Commerzbank.

3.     It is admitted only that Vera has levied and executed on the three garnishee banks listed in the caption hereto.  The remaining allegations are denied.

4.     Denied.

5.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

6.     Admitted.

7.     The first and third sentences are admitted.  The second sentence is denied.

8.     Admitted except it is denied that Hausler has levies on the Accounts at DBTCA in New York.

9.     Admitted except it is denied that Hausler has levies on the Accounts at Commerzbank.

10.    Admitted.

11.    The first sentence is admitted.  Vera denies knowledge or information sufficient to form a belief as to the truth of the second sentence.

12.    This paragraph states a legal allegation to which no response is required.

13.    This paragraph states a legal allegation to which no response is required.

14.    This paragraph states a legal allegation to which no response is required.

15.    Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

16.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

17.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

18.     Admitted.

19.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

20.     Denied.

21.     Denied as stated.  The May 14, 2009 letter speaks for itself.

22.     Denied as stated.  The July 24, 2009 letter speaks for itself.

23.     It is admitted only that Hausler sought *ex parte* extensions of time to file a turnover motion against "Deutsche Bank," not DBTCA, which were granted in error.  The extensions sought did not comply with NY CPLR 5232(a), and the failure to file a turnover motion within 90 days of the writ of execution rendered the levy "void." The remaining allegations are denied.

24.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

25.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

26.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.  By way of further answer, Hausler's execution in Florida on DBTCA was incapable of levying on assets at DBTCA in New York.  *See Skulas v. Loiselle*, 2010 WL 1790439 (S.D.F., 2010).

3

27.     It is admitted only that the parties stipulated to a transfer to the Southern District of New York, which transfer was meaningless. The remaining allegations are denied.

28.     It is admitted only that the Florida proceeding was transferred to New York and consolidated with No. 09-10289. The remaining allegations are denied.

29.     Admitted.

30.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

31.     Admitted.

32.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

33.     Admitted.

34.     Denied as stated. It is admitted only that Hausler sought *ex parte* extensions of time to file a turnover motion against Commerzbank, which were granted in error. The extensions sought did not comply with NY CPLR 5232(a), and the failure to file a turnover motion within 90 days of the writ of execution rendered the levy "void." The remaining allegations are denied.

35.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

36.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

37.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

38.     Admitted.

39.    Admitted.

40.    Denied as stated.  It is admitted that the Clerk of Court issued a writ of execution
on the three garnishee banks on November 16, 2012.  The remaining allegations are denied.

41.    Admitted.

42.    The first sentence is admitted.  The second sentence is denied.

43.    Admitted.

44.    Admitted.

45.    The first sentence is admitted.  The second sentence is denied.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Denied.

50.    Denied as stated.  Vera has asserted priority as to assets of the Republic of Cuba
in the custody of garnishees DBTCA and Commerzbank.  Hausler has no priority over Vera as to
those assets since (a) it never executed on DBTCA in New York, and (b) its writs of execution to
"Deutsche Bank" and Commerzbank are void for failure to file turnover motions within 90 days
of service of the writs.

51.    Admitted.

52.    Admitted.

53.    Vera denies knowledge or information sufficient to form a belief as to the truth of
the this factual allegation.

54.    Vera denies knowledge or information sufficient to form a belief as to the truth of
the this factual allegation.

55.     Admitted.

56.     Admitted.

57.     The first sentence is admitted.  The Court, by endorsement, approved Villoldo's limited intervention as to Commerzbank.

58.     It is admitted only that Villoldo filed a Memorandum of Law in Opposition to Vera's Turnover Motion against Commerzbank.  The Memorandum raised certain issues, none of which are meritorious.

59.     Admitted except that Villoldo's allegations are not meritorious.

60.     This paragraph states a legal conclusion to which no response is required.

61.     Denied.  To the contrary, Hausler has intervened in this proceeding only as to Vera's garnishments against DBTCA, Commerzbank and RBS Citizens.

62.     Denied.  Villoldo's judgment in New York is barred by principles of *res judicata*, defects in service on Cuba, and failure to obtain a 28 U.S.C. 1610(c) order.  Therefore Villoldo has no standing to assert priority over Vera.

63.     Vera repeats and realleges its responses to the allegations in paragraphs 1 through 62 as if fully set forth herein.

64.     Vera is without information sufficient to respond to this allegation but specifically denies that Hausler has a current levy on Cuba's accounts at DBTCA.

65.     Denied as stated.  Vera's allegations are set forth in its memoranda filed with the Court.

66.     Vera denies knowledge or information sufficient to form a belief as to the truth of this factual allegation.

67.     This paragraph states a legal conclusion to which no response is required.

68.     This paragraph states a legal conclusion to which no response is required.

69.     Vera repeats and realleges its responses to the allegations in paragraphs 1 through
68 as if fully set forth herein.

70.     Vera is without information sufficient to respond to this allegation but specifically
denies that Hausler has a current levy on Cuba's accounts at Commerzbank.

71.     Admitted.

72.     Denied.

73.     This paragraph states a legal conclusion to which no response is required.

74.     This paragraph states a legal conclusion to which no response is required.

75.     Vera repeats and realleges its responses to the allegations in paragraphs 1 through
74 as if fully set forth herein.

76.     Admitted.

77.     Admitted

78.     Denied.

79.     Admitted.

80.     Admitted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Hausler failed to levy in New York on Cuba's assets in the custody of DBTCA despite
actual knowledge since 2009 that DBTCA in New York had custody of Cuba's assets.

## SECOND DEFENSE

Hausler's execution on "Deutsche Bank" in New York is ineffective to levy on assets of

DBTCA, a New York chartered bank, which is separate and distinct from the foreign bank

known as Deutsche Bank AG.

## THIRD DEFENSE

Hausler's execution on Cuba's assets in the custody of DBTCA in Florida is ineffective

to levy on Cuba's assets in New York.  See *Skulas v. Loiselle*, 2010 WL 1790439 (S.D.F., 2010).

## FOURTH DEFENSE

Hausler's execution on Cuba's assets in the custody of DBTCA in Florida is void.

## FIFTH DEFENSE

Hausler's executions on "Deutsche Bank" and Commerzbank in New York are void

pursuant to NY CPLR 5232(a) since no turnover motion was filed within 90 days after service of

the writ.

## SIXTH DEFENSE

Hausler failed to comply with NY CPLR 5232(a) in applying to the court for extensions

to file turnover motions.

## SEVENTH DEFENSE

Hausler must establish that it complied with the service requirements of 28 U.S.C. §

1608(a) with regard to its default judgment against Cuba.

WHEREFORE, plaintiff Aldo Vera, Sr. prays that this Court determine pursuant to FRCP

69(a) and NY CPLR 5239 that Vera has rights to the assets of Cuba in the custody of DBTCA

and Commerzbank superior to the rights of Hausler and Villoldo.

Dated:  New York, New York
      June 20, 2013

By: _____

Robert A. Swift (*Pro Hac Vice*)
Kohn, Swift & Graf, P.C.
One South Broad Street, 21st Floor
Philadelphia, PA 19107
(215) 238-1700

Jeffrey E. Glen
Luma Al-Shibib
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY  10020
(212) 278-1000

108071

9