**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA <br><br> Defendant, <br><br> v. <br><br> COMMERZBANK AG, <br><br> Garnishee. | 12 Civ. 1596 (AKH) <br><br> **AMENDED UNCONTESTED MOTION FOR TURNOVER ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 69 AND CPLR § 5225(b)** |

Plaintiff Aldo Vera, Jr. (the "Movant"), by his undersigned attorneys, alleges as follows:

### NATURE OF THE PROCEEDING

1.     This motion is made pursuant to § 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 and pursuant to N.Y. C.P.L.R. § 5225(b), made applicable through Fed. R. Civ. P. 69, for an order compelling Garnishee Commerzbank AG ("Garnishee"), as garnishee, to turn over certain funds that are now in its possession and upon which the Marshal has levied.  The funds to be executed upon are secured by writ of execution issued on November 16, 2012 by the Clerk of this Court in this case, to enforce a Florida state judgment that was duly entered as a judgment of this Court on August 20, 2012 (the "Judgment," a true and correct copy of which is attached hereto as Exhibit 1).  The Judgment grants full faith and credit to a final judgment that the Eleventh Judicial

District in and for Miami-Dade County, Florida, (the "Florida Judgment"), entered in favor of Movant and against Defendant-Judgment Debtor The Republic of Cuba, (the "Judgment Debtor").

2.     The U.S. Marshal levied a writ of execution (for which the Marshal's return is attached as Exhibit 2) upon Garnishee because Movant's counsel believed Garnishee to be holding funds on behalf of the Judgment Debtor and/or its agencies and instrumentalities. Garnishee has confirmed to Movant's counsel that it has blocked certain wire transfers pursuant to the Cuban Assets Control Regulation codified at 31 C.F.R. Part 515, and these funds have continued to earn interest since the date of their being blocked. A schedule of the "accounts" and funds as blocked (hereinafter the "Turnover Assets") that Garnishee has identified, and for which Movant seeks, together with accrued interest, turnover relief, are set forth in Exhibit 3 which is filed under seal pursuant to the Protective Order in this case.   The Turnover Assets total $5,829,840.69 as of July 31, 2013, including accrued interest.

3.     Movant brings this Motion to obtain an Order requiring Garnishee to turn over the Turnover Assets. As alleged herein, § 201(a) of TRIA provides that, notwithstanding any other provision of law, the heirs of a victim of terrorism, such as Movant's decedent, may satisfy a judgment obtained against a state sponsor of terrorism, such as Cuba, out of blocked assets of such terrorist state.

4.     As further alleged herein, Movant is entitled to execute on the Turnover Assets held by Garnishee. Accordingly, he now seeks an order requiring the Garnishee to turn over the Turnover Assets to Movant in partial satisfaction of the Judgment.

2

## JURISDICTION

5.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as a civil action arising under federal law. Supplemental jurisdiction is conferred on this Court by 28 U.S.C. § 1367(a) over any other claim that is so related to claims in this action within the Court's original jurisdiction that it will form part of the same case or controversy.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2) and (f) because the property that is the subject of the action is situated in this district and because Garnishee's principal place of business in the United States is in this district.

## PARTIES

7.      Movant, Aldo Vera, Jr., is a citizen of the state of Florida. He is the legal representative of the Estate of Aldo Vera, Sr. Movant holds a judgment against the Republic of Cuba for the extra-judicial killing of Aldo Vera, Sr. on American territory.

8.      The Republic of Cuba, a foreign sovereign within the meaning of 28 U.S.C. § 1603(a), is the defendant and Judgment Debtor.

9.      Garnishee Commerzbank AG is a foreign bank registered with the Federal Reserve System with a branch office in New York, New York. This Garnishee maintains bank accounts in this district, including those subject to the Marshal's levy.

## BACKGROUND

10.      The Florida action was commenced pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1605(a)(7) (now 1605A), against the Republic of Cuba for the extra-judicial killing of Aldo Vera, Sr.

3

11.     As the Florida Judgment specifically found, The Republic of Cuba, is a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979, codified at 50 U.S.C. App. 2405(j).

12.     Section 201(a) of the TRIA provides that:

notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not a party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28 U.S.C., the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of the terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent any compensatory damages for which such terrorist party has been adjudged liable.

13.     The Foreign Sovereign Immunities Act, 28 U.S.C. 1610(g), states in pertinent part:

Subject to paragraph (3), the property of a foreign state against which a judgment is entered under, and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of--
(A) the level of economic control over the property by the government of the foreign state;
(B) whether the profits of the property go to that government;
(C) the degree to which officials of that government manage the property or otherwise control its daily affairs;
(D) whether that government is the sole beneficiary in interest of the property; or
(E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

14.     Movant's counsel has researched the Cuban instrumentalities listed in Exhibit 3 through publicly available records and are satisfied that all are owned by the Cuban government. The factual basis and documents supporting this are set forth in the Declaration of Robert Swift attached as Exhibit 4 and filed under seal.

4

15.     The Judgment Debtor never appeared or made any attempt to satisfy or otherwise acknowledge any of the Florida Judgment against it.

16.     On August 20, 2012, pursuant to 28 U.S.C. § 1738, this Court recognized and entered the Florida Judgment as a New York Judgment, by giving full faith and credit to the Florida Judgment. The Judgment together with post-judgment interest was entered in the amount of $49,346,713.22.

17.     By Order dated October 11, 2012, as amended on January 22, 2013, this Court permitted Movant to execute on the Turnover Assets to satisfy the Judgment.

18.     On November 30, 2012 the United States Marshal levied the writ of execution upon the Garnishee financial institution that was believed to be holding funds on behalf of the Judgment Debtor and/or its agencies and instrumentalities.

19.     The Marshal levied in accordance with § 201 of TRIA, against any property of the Republic of Cuba and/or its agencies or instrumentalities, i.e., any property held, maintained, or in the possession or control of the Garnishee that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. § 515.201 *et seq.*

20.     Garnishee does not contest turnover of the Turnover Assets to the Movant pursuant to the terms of TRIA except that Garnishee disputes the ownership of the account ending in …349 in Exhibit 3. Garnishee presented Movant with credible and detailed documents attesting to Garnishee's individual claim to the proceeds of that account.

21.     To avoid costly litigation, foreign country discovery and delay to resolve this dispute, Movant agreed with Garnishee (a) to accept the turnover of the proceeds of all the Turnover Assets listed in Exhibit 3, plus accrued interest, (b) partially satisfy his Judgment in the

full amount thereof, and (c) have Movant distribute $1,000,000 plus accrued interest on the account ending in …349 in Exhibit 3 to Garnishee in settlement of Garnishee's claim.

## THE NEED FOR A TURNOVER ORDER

22.     Garnishee is prohibited by federal regulations from releasing the Turnover Assets absent a court order directing it to do so upon due notice to the United States Office of Foreign Assets Control ("OFAC"). Movant avers that it is giving contemporaneous notice of this Motion to OFAC by emailing the same to David Jones, Deputy Chief of the Civil Division of the United States Attorneys' Office for the Southern District of New York at: david.jones6@usdoj.gov.

23.     Subject to this Court's approval and decision that turnover is proper pursuant to TRIA, Garnishee will turn over to Plaintiff the Turnover Assets to partially satisfy the Judgment.

24.     Plaintiff's counsel has provided notice of this motion to the intervening judgment creditors in *Villoldo v. Castro Ruz*. No. 11-cv-9394 (LTS) (S.D.N.Y) and *Hausler v. The Republic of Cuba, et al.*, No. 09 Civ. 10289 (VM) (S.D.N.Y.). Upon approval of this motion and order of the Court for release of the Turnover Assets identified in Exhibit 3, Movant (a) will release and discharge Commerzbank from all liability and obligations of any nature to Movant and (b) furnish Commerzbank with covenants not to sue from the aforesaid intervening judgment creditors in the form attached hereto as Exhibit 5.

25.     To date, no release of the Turnover Assets has been made pursuant to the Marshal's levy.

26.     $48,511,553.06 of the Judgment, plus accrued interest, remains unsatisfied.

27.     Not more than 90 days have elapsed between the filing of the original turnover motion and service of the writ of execution on Commerzbank.

6

28.     Counsel for Garnishee Commerzbank AG has informed counsel for Movant that

Garnishee does not oppose this Motion.

## RELIEF SOUGHT

WHEREFORE, Movant prays that the Court enter an order in the form attached as

Exhibit 6 directing Garnishee Commerzbank AG to turn over to Movant the Turnover Assets in

its possession which have been blocked pursuant to the Cuban Asset Control Regulations, 31

C.F.R. Part 515, in the total amount of $5,829,840.69 as of July 31, 2013, including accrued

interest, in partial satisfaction of Movant's judgment of August 20, 2012.

Dated: New York,  New York
     August __, 2013

Respectfully submitted,

KOHN, SWIFT & GRAF, P.C.

Robert A. Swift
Admitted *Pro Hac Vice*
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Phone: 215-238-1700
Fax:    215-238-1968

Jeffrey E. Glen
Kerry Sheehan
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Phone: 212-278-1000
Fax:    212-278-1733

*Attorneys for Plaintiff Aldo Vera, Jr.*

7

#1903379 v4