UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., | ) ) ) ) | 12 Civ. 1596 (AKH) |
| Plaintiff, | ) ) | TURNOVER ORDER |
| v. | ) ) | |
| THE REPUBLIC OF CUBA | ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| CREDIT AGRICOLE CORPORATE & INVESTMENT BANK, | ) ) ) | |
| Garnishee. | ) | |

WHEREAS on March 18, 2013, the Plaintiff Aldo Vera, Jr. filed his Motion for Turnover Pursuant to Federal Rule of Civil Procedure 69 and CPLR 5225(b) (the "Motion"), which is currently before the Court;

WHEREAS, Plaintiff has provided notice to the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") of this Motion and OFAC having not appeared or otherwise objected to the relief sought in the Motion; and

WHEREAS, Plaintiff's Motion establishes that the Turnover Assets detailed in Exhibit 3 of the Motion, totaling $161,815.31, plus accrued interest, are subject to turnover pursuant to N.Y. C.P.L.R. § 5225, 28 U.S.C. § 1610(g) and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), codified at 28 U.S.C. § 1610 note, in partial satisfaction of Plaintiff's judgment; and

WHEREAS, on or about April 9, 2013, Credit Agricole Corporate & Investment Bank ("CA-CIB") submitted a Response to Plaintiff's Motion for Turnover Order requesting that any

order from this Court requiring CA-CIB to turn over the Turnover Assets to the party establishing a right to those funds protect CA-CIB from inconsistent judgments or double liability, and release CA-CIB from any and all liability to any party that does not receive the funds, and otherwise did not substantively object to Plaintiff's Motion for Turnover Order;

AND NOW, this ____ day of _____, 2013, upon Plaintiff's Motion For Turnover pursuant to Federal Rule of Civil Procedure Rule 69(a), NY CPLR § 5225(b) and 28 U.S.C. § 1610(g), it is ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. Summary judgment is hereby entered in favor of Plaintiff and against Garnishee.

3. The Court finds that the Turnover Assets are subject to turnover pursuant to § 201 of the Terrorism Risk Insurance Act of 2002.

4. Within ten (10) days of the date of this Order and the provision by Plaintiff of the executed covenants referenced in paragraph 7 *infra*, Garnishee shall pay and turn over to the Aldo Vera Plaintiff $161,815.31 plus accrued interest by wire transfer to Plaintiff's counsel, Kohn Swift & Graf, P.C., pursuant to wire instructions to be furnished to Garnishee by Plaintiff, in partial satisfaction of Plaintiff's judgment of August 20, 2012.

5. Upon turnover by CA-CIB of the Turnover Assets to the *Aldo Vera* Plaintiff, plus all accrued interest thereon to date, CA-CIB shall be fully discharged pursuant to C.P.L.R. §§ 5209 or 6204 and Rule 22 of the Federal Rules of Civil Procedure as applicable, and released from any and all liability and obligations or other liabilities, including all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind, whether served on, or delivered to CA-CIB, to the extent that they apply, purport to apply or attach to the Turnover Assets, to defendant Cuba, and to any agency and instrumentality of Cuba, or to any other party otherwise entitled to claim the Turnover Assets (in whole or in part),

including without limitation, the *Villoldo* Plaintiffs and the *Hausler* Plaintiffs, and any other persons or entities, to the full extent of such amounts so held and deposited in compliance with this Partial Judgment.

6. Upon payment and turnover by CA-CIB of the Turnover Assets to Plaintiff, plus all accrued interest thereon to date, all other persons and entities shall be permanently restrained and enjoined from instituting or prosecuting any claim, or pursuing any actions against CA-CIB in any jurisdiction or tribunal arising from or relating to any claim (whether legal or equitable) to the funds turned over in compliance with paragraph 3 of this Order;

7. Plaintiff will deliver to CA-CIB covenants not to sue on behalf of Plaintiff, as well as by judgment creditors in *Villoldo v. Castro Ruz*, No. 11-cv-9394 (LTS) (S.D.N.Y.) and *Hausler v. The Republic of Cuba, et al.*, No. 09-cv-10289 (VM) (S.D.N.Y.) with respect to any property blocked by CA-CIB pursuant to the Cuban Assets Control Regulations (CACR), 31 C.F.R. § 515.201.

8. Plaintiff's notice of execution, information subpoena, and restraining notice to Garnishee shall be vacated.

Dated: New York, New York
       9/23, 2013

BY THE COURT:

Alvin K. Hellerstein
United States District Judge