USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ALDO VERA, JR.,

                Plaintiff,

-against-

THE REPUBLIC OF CUBA,

                Defendant.

------------------------------------------------------------- x

**ORDER TERMINATING PENDING MOTIONS AND REGULATING STATUS**

12 Civ. 1596 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      At a status conference on June 25, 2013, I ordered Plaintiff to file a petition against all the garnishee banks that objected to the turnover motions filed against them. The purpose of this procedure is to facilitate the banks' efforts to provide notice to others who may also claim an interest in the funds at issue and, by so citing them, invite a proceeding that can result in a complete discharge of the banks' obligations. Plaintiff, in conjunction with the plaintiffs in the cases of <u>Hausler v. The Republic of Cuba</u>, 09-cv-10289 (J. Marrero) and <u>Villoldo v. Fidel Castro Ruz</u>, 11-cv-9394 (J. Swain), has since filed those petitions. The pending turnover motions, and the motions filed by the banks in opposition to them, are therefore denied as academic.

      The plaintiffs in the <u>Villoldo</u> case also filed a motion seeking to vacate Plaintiff's underlying claims against Cuba. Plaintiff and the plaintiffs in <u>Villoldo</u> and <u>Hausler</u> have since reached an agreement to divide among them whatever funds that they recover from the banks. Villoldo's motion is therefore denied as academic as well.

1

Plaintiff filed a motion for approval of procedures for serving notice and process on third party creditors of one of the garnishee banks. This too has been mooted by the current procedures, and is therefore denied.

The banks' motion to stay the case, made orally at the September 23, 2013 conference, is denied. The banks and plaintiffs in all three actions are developing a consensus protocol procedure that would involve the bringing to this court all potential claims against the funds at issue. Such a protocol would protect the banks from all future litigation involving the ownership of the funds, and therefore the issue of who owns the Electronic Fund Transfers would not need to be decided.

The Clerk shall mark all of these motions (Doc. Nos. 49, 51, 62, 69, 87, 94, 110, 119, 159, 187, 199, 251) terminated and reopen the case.

SO ORDERED.

Dated: September 25, 2013
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge