

# HALL, LAMB AND HALL, P.A.
### ATTORNEYS AT LAW
OFFICES AT GRAND BAY PLAZA
PENTHOUSE ONE
2665 SOUTH BAYSHORE DRIVE
MIAMI, FLORIDA 33133

ANDREW C. HALL
ADAM S. HALL
ADAM J. LAMB
MATTHEW P. LE~
COLLEEN L. SM~
SAMUEL C. CO~
BRANDON H. L~
JOYCELYN S. D~
MARIA SOLEDAD ~

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2013

www.hlhlawfirm.com

October 23, 2013

Honorable Alvin K. Hellerstein
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Vera v. Republic of Cuba, No. 12 Civ. 01596 (AKH)
Villoldo v. Fidel Castro Ruz
Hausler v. Republic of Cuba

Dear Judge Hellerstein,

*[Handwritten note: The relief requested, and the protocols suggested, should be topics for discussion among counsel, according to the procedures agreed to by counsel, and ordered by the court, at the conference held 10/23/13. 10-24-13 /s/ AKH]*

We are writing on behalf of the three judgment creditors in this action, Alfredo and Gustavo Villoldo, the Estate of Gustavo Villoldo, Aldo Vera, Jr., and Jeannette Fuller Hausler (collectively, the "Judgment Creditors") to respond to the letter to the Court from the Davis Polk firm dated October 22, 2013 (the "October 22 Letter") and to set forth the Judgment Creditors' response, including a proposed notice protocol.

**Agreed Notice Protocol with Standard Chartered and Mercantil Commercebank**

The Judgment Creditors have already separately agreed to a notice protocol with two of the garnishee banks. Standard Chartered and Mercantil Commercebank (the "Non-Contesting Garnishees") have agreed to a notice protocol whereby the Judgment Creditors will pay for the costs of notice according to the procedures set forth in the attached [Proposed] Uncontested Motion for Order Concerning Notice to and Service on Third Parties (the "Uncontested Motion") (attached as Exhibit A). The Uncontested Motion sets forth a notice protocol (the "Notice Protocol") by which the Judgment Creditors will provide notice to all Third Parties by First-Class International Mail or by an express delivery company such as FedEx, UPS, or DHL. Third Parties are defined as the originator, the originator's bank, the beneficiary, the beneficiary's bank, and all other intermediary banks. The Notice Protocol also allows the Judgment Creditors to provide notice to Third Parties pursuant to Rule 4 of the Federal Rules of Civil Procedure. In exchange for providing notice and serving the turnover petition on Third Parties, the Non-Contesting Garnishees have agreed not to oppose the turnover petition.

### Notice Protocol Offer to Remaining Garnishee Banks

The Judgment Creditors are willing to enter into the same Notice Protocol with each of the remaining garnishee banks in this proceeding and will assume responsibility for providing notice to all Third Parties if the garnishee banks agree not to oppose the Omnibus Petition for Turnover (ECF No. 298).

### Alternative Procedures

If the remaining garnishee banks do not agree to the Notice Protocol, the sole obligation of the Judgment Creditors under New York law (as applied through Fed. R. Civ. Pr. Rule 69) is to send notice to the debtors and no other constituent. *See* CPLR § 5225(b). The Judgment Creditors, however, would be willing to enter into an order consistent with the notice and service protocol entered in *Rux v. ABN-AMRO*, Case No. 08 Civ. 6588 (AKH) (S.D.N.Y.) (ECF No. 32) (the "*Rux* Order"), with caveats discussed below. The *Rux* Order required the garnishees in that proceeding to serve third parties either by a) sending copies of the service documents to the last known address as determined by the garnishee; or b) by sending an email attaching the service documents; or c) by faxing the service documents; or d) by serving the service documents pursuant to Rule 4, exclusive of the Hague Convention procedures; or e) by SWIFT message to the bank.

The Judgment Creditors propose to deliver by registered mail, return receipt requested, an agreed form of notice to potential claimants who will have been identified by the garnishee banks within 10 days of the entry of the order. Based on the discussion in the October 22 Letter concerning who has a claim to the blocked accounts holding the proceeds of EFTs, we expect that these potential claimants would not include the beneficiaries or beneficiary banks. We would further expect that the list would only include originators whom the garnishee banks identify as having a subrogation right.[1] The Judgment Creditors agree to pay the costs of this notice up to $75,000.

If the garnishee banks wish to commence interpleader proceedings involving full service of process, including through the Hague Convention, the Judgment Creditors have a number of concerns. First, we are concerned with the expected lengthy time delay involved in effecting service to numerous foreign nationals. In the *Hausler* matter before Judge Marrero, service on some of the potential claimants took in excess of a year. (Judge Marrero ordered notice by publication in at least one instance to address this delay.) To address this concern, the Judgment Creditors propose that the garnishee banks be permitted to serve timely an interpleader in any method they desire. (The Judgment Creditors submit that the interpleading banks must make a showing that the identified potential claimants are, in fact, bona fide potential claimants.) However, if service is not effected within three months, the Court may order supplemental alternative service by international express courier together with a separate notice by email or fax. If no response from the potential claimants is received within six months, the Judgment Creditors may move for a default judgment that the garnishee banks will not contest.

---

[1] For the reasons stated by Mrs. Hausler in the Second Circuit, the Judgment Creditors do not agree that the admiralty analysis applies to blocked accounts that hold the proceeds of EFTs.

Second, since interpleader is a costly and time-consuming process, the expense for the procedures described above should be borne by the garnishee banks. After all, interpleader is to provide protection for the banks and, as mentioned, under New York law the Creditors' sole notice obligation is to the debtors.

We look forward to discussing the foregoing with the Court and counsel for the garnishee banks this afternoon.

Sincerely,

Andrew C. Hall