# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-20197-CIV-JORDAN

| | |
|---|---|
| JEANNETTE HAUSLER and THOMAS CASKEY | ) ) |
| Plaintiffs | ) ) |
| vs. | ) |
| THE REPUBLIC OF CUBA et al. | ) ) |
| Defendants | ) |

### ORDER DENYING MOTION TO VACATE AND MOTION TO STRIKE

For the reasons stated below, the adverse claimants' motion to vacate judgment [D.E. 43] and the plaintiffs' motion to strike are DENIED AS MOOT.

### I. PROCEDURAL HISTORY & BACKGROUND

On January 17, 2007, a Florida state court entered a judgment in a case filed by Mrs. Hausler and Mr. Caskey against the Republic of Cuba and others. *See Hausler et. al. v. Republic of Cuba*, et al., Case No. 02-12475 DIV. 04 (Fla. 11th Jud. Circuit). The case arose out of the extra-judicial killing of Robert "Bobby" Fuller in Cuba in 1960. After the defendants defaulted, the state court entered a judgment in favor of the plaintiffs in the amount of $80 million plus interest. Mrs. Hausler and Mr. Caskey then commenced an action in this court seeking full faith and credit for the judgment of the Florida court. The defendants again defaulted. After reviewing the findings in the Florida court case, and determining that the Florida court had found that it had subject-matter jurisdiction over the case, I granted full faith and credit on August 20, 2008, to the Florida court's judgment [D.E. 40].

Thereafter, Mrs. Hausler sought to enforce the new federal judgment in federal courts in New York and Florida.[1] On December 18, 2009, she filed an enforcement action in the Southern District of New York. *See Hausler v. JP Morgan Chase et. al*, Case No. 09-cv-10289-VM (S.D.N.Y) ("*Hausler NY*"), and on July 7, 2010, she filed a petition for a turnover order against

---

[1] Mrs. Hausler obtained writs of garnishment in Florida against a number of telecommunications companies. These garnishment proceedings are not at issue here.

blocked accounts at banks holding frozen Cuban assets (the "garnishee banks") [*Hausler NY* D.E. 31]. The garnishee banks then commenced interpleader proceedings against parties who also had an interest in the frozen Cuban assets [*Hausler NY* D.E. 21, 73, 77, 78 & 440]. These parties included foreign banks like Banco Bilbao Vizcaya Argentaria, S.A., Banco Bilbao Vesca Arenaria Panama, S.A., Caja de Ahorros y Monte de Piedad de Madrid, Estudios Mercados y Suministros S.L., LTU Luftransport-Unternehmen GmBH, Novavin Financiere, S.A., Philips Mexicana S.A. de C.V., Premuda S.A. and Shanghai Pudong Development Bank Co. Ltd. (collectively the "adverse claimants"). On April 15, 2011, Mrs. Hausler moved for judgment on the pleadings and for summary judgment in the New York action [*Hausler NY* D.E. 264, 268]. The adverse claimants moved to intervene and filed cross-motions for summary judgment [*Hausler NY* D.E. 309, 311, 313, 319, 320, 324, 325, 330, 336, 337, 340, 342, 354].

In July of 2011, while those motions were still pending, the adverse claimants filed a motion in this court to vacate the August 20, 2008, judgment granting full faith and credit to the Florida court judgment, alleging that neither this court nor the Florida court had subject-matter jurisdiction over the initial action under a now repealed provision of the Foreign Sovereign Immunities Act, 28 U.S.C. 1605(a)(7) (repealed). In response, the plaintiffs filed a motion to strike the adverse claimants' motion to vacate. After hearing arguments on the parties' motions, I requested that the United States file a statement of interest pursuant to 28 U.S.C. § 517 addressing the reason or reasons Cuba was designated a state sponsor of terrorism. After the United States filed its statement of interest, I allowed the parties to submit responses.

On February 22, 2012, the New York district court granted the adverse claimants' motions to intervene and Mrs. Hausler's motion for summary judgment, and denied the adverse claimants' cross-motions for summary judgment [*Hausler NY* D.E. 508]. Subsequently, on March 23, 2012, the New York district court granted turnover of the sums held by the garnishee banks, sums in which the adverse claimants also had asserted a claim [*Hausler NY* D.E. 530].

After the rulings by the New York district court, the plaintiffs filed a suggestion of mootness in this court, arguing that as a result of those rulings the adverse claimants did not have standing to challenge the August 20, 2008, judgment granting full faith and credit.

## II. DISCUSSION

The adverse claimants move to vacate the judgment in this case under Rule 60(b)(4), which allows a "court [to] relieve a party or its legal representative from a final judgment, order,

or proceeding [if] . . . the judgment is void . . . ." The adverse claimants' arguments revolve around a now-repealed jurisdictional provision of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(7) (repealed). Ordinarily, foreign states enjoy immunity from suit in American state and federal courts. At the time of the original Florida court judgment, the FSIA limited a foreign sovereign's immunity in certain situations, such as "if the foreign state was . . . designated as a state sponsor of terrorism . . . at the time the act occurred, [or] . . . later so designated as a result of such act . . . ." 28 U.S.C.A. § 1605 (a)(7). The adverse claimants argue that this court (and the Florida state court) did not have jurisdiction to adjudicate the plaintiffs' claims because the Cuban government was not declared a state sponsor of terrorism "as a result of" the killing of Mr. Fuller. In support of their position, the adverse claimants filed a significant amount of documentary evidence that had not been introduced or considered in the underlying proceedings. Additionally, at my request, the United States submitted a statement of interest indicating that, according to publicly available congressional hearings, Cuba was placed on the list of state sponsors of terrorism because of the Cuban government's support of revolutionaries in Latin America. Although this information may cast a shadow on the cause of Cuba's designation as a state sponsor of terrorism, I need not address the issue because the adverse claimants lack standing to challenge this court's judgment in light of the March 23, 2012, ruling of the New York district court.

In order to have standing under Article III of the Constitution, "a [party] must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 704 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136-37 (1992)). Without all three of these elements, a party lacks standing and the court must dismiss the case. See *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 983 (11th Cir. 1990). In its order granting turnover of the funds held by the garnishee banks, the New York district court stated that it was enforcing "a duly registered Florida state court judgment ("Amended Judgment"), recognized by a Florida Federal Court and **given full faith and credit by this Court** (the "Hausler Judgment") . . . ." [*Hausler NY* D.E. 530]

(emphasis added).² This language indicates that the New York district court granted full faith and credit itself to the Florida state judgment, independent of the Southern District judgment the adverse claimants now challenge. This conclusion is supported by the fact that when the adverse claimants asked the New York district court to change the language in the order to indicate that it was enforcing this court's judgment, the New York court determined that the requested change was not "necessary or appropriate" [*Hausler NY* D.E. 540]. Because the New York district court independently granted full faith and credit to the Florida state court judgment, a decision in favor of the adverse claimants in this proceeding will not redress their alleged injury, (i.e., the diminution of their interests in the frozen Cuban assets). As such, they lack standing to challenge this court's judgment.

### III. CONCLUSION

Accordingly, the adverse claimants' motion to vacate the judgment of this court and the plaintiffs' motion to strike are DENIED AS MOOT. This case remains CLOSED.

DONE and ORDERED in chambers in Miami, Florida, this 11th day of September, 2013.

*[signature]*

Adalberto Jordan
United States District Judge

Copy to:   All counsel of record

---

² The New York district court's order does not provide a record citation to a prior docket entry where full faith and credit was granted to the Florida state court judgment. I have contacted both the New York district court and the Southern District of New York's Clerk's Office to track down the relevant docket entry. Although these inquiries did not yield a result, the New York district court has indicated that it stands by the language in its March 23, 2012 order [*Hausler NY* D.E. 530]. As such, it is not for me to go behind that order and I, therefore, accept its assessment that full faith and credit was independently granted to the Florida state court judgment.