IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., | 12 Civ. 1596 (AKH) |
| Plaintiff, | |
| v. | DECLARATION OF ROBERT A. SWIFT IN SUPPORT OF MOTION TO COMPEL FULL AND COMPLETE ANSWERS TO INFORMATION SUBPOENA |
| THE REPUBLIC OF CUBA, | |
| Defendant. | |
| v. | |
| BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); and STANDARD CHARTERED BANK, | |
| Garnishees. | |

ROBERT A. SWIFT, declares under penalty of perjury as follows:

1. I am a senior member of the law firm of Kohn, Swift & Graf, P.C. which represents plaintiff, and am admitted *pro hac vice* in this litigation. I am familiar with the proceedings in this litigation. I make this Declaration based on my personal knowledge of the facts set forth herein in support of Plaintiff's Motion to Compel Full and Complete Answers to Information Subpoenas.

**Background**

2. On August 20, 2012 a judgment was entered in this Court in favor of plaintiff Aldo Vera, Jr. and against defendant The Republic of Cuba in the amount of $49,346,773.09. *See* ECF # 12.

8. Respondent Garnishee Standard Chartered Bank is a British bank registered with the Federal Reserve which operates a branch in New York. This Garnishee maintains bank accounts throughout the world including the one in this Judicial District. *See* Exhibit 2.

### Responses to the Information Subpoena

9. Garnishee Banco Bilbao Vizcaya Argentaria (S.A.)'s New York branch was served with an information subpoena on November 26, 2012 by certified mail, return receipt requested.

10. Garnishee Standard Chartered Bank's branch was served with an information subpoena on November 5, 2012 by certified mail, return receipt requested.

11. Pursuant to CPLR 5224(a)(3), an answer was due by each Garnishee within seven (7) business days of receipt.

12. Attached hereto as Exhibit 3 are the questions posed to each garnishee in the information subpoena served on each.

13. Exhibit 4 hereto contains the December 21, 2012 response of Garnishee Banco Bilbao Vizcaya Argentaria (S.A.) to the Information subpoena. It specifically is limited to accounts at the bank's New York branch.

14. Exhibit 5 contains the March 5, 2013 response of Garnishee Standard Chartered Bank to the information subpoena. Standard Chartered Bank limited its response to accounts in the United States. It is marked "Subject to Protective Order" and is being filed under seal pursuant to the Protective Order dated March 8, 2013 (ECF #81).

15. Prior to serving the information subpoena on the Garnishees, plaintiff's counsel possessed specific information provided by the U.S. Treasury Department listing these Garnishees as holding substantial Cuban "blocked" assets in the United States. *See* Exhibit 4 to ECF #26 which was filed under seal at ECF #28.

16. By individual letters or e-mails to each of the Garnishees, plaintiff's counsel notified counsel for each of the Garnishee Banks, or the bank itself, that plaintiff would file a motion to compel unless an answer to the subpoena for Cuban accounts or property outside the United States was forthcoming. No information regarding foreign accounts has been forthcoming from the Garnishee Banks.

### Each Bank Should Furnish Responses for All Its Branches Worldwide

17. In *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) the Court of Appeals, in upholding a post-judgment information subpoena issued to a bank in New York, stated that "broad post-judgment discovery in aid of execution is the norm in federal and New York State courts." It further stated that "[i]t is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets." The Court affirmed a lower court ruling that the garnishee bank must provide banking information for all its branches worldwide.

18. On Plaintiff's Motion to Compel against two of the other garnishees banks, Banco Santander, S.A. and Intesa Sanpaolo S.p.A., this Court required these banks to make full and complete disclosure as to all Cuban government accounts worldwide. *See* Order dated October 30, 2013 (ECF # 329) (Exhibit 6 hereto).

19.     Based on the data in the responses to the information subpoena received from all banks to date, plaintiff believes it highly unlikely he can fully satisfy the more than $45 million remaining unsatisfied on his judgment from Cuba's "blocked" accounts in the United States.

20.     Information from these Garnishee Banks as to Cuban accounts outside the United States is expected to materially assist plaintiff in collecting on his judgment. Instrumentalities and agencies of the Cuban government are active in global commerce. The Garnishee Banks have headquarters or branches in countries which are among Cuba's largest trading partners. Information as to Cuba's banking activities in foreign countries will assist plaintiff in deciding in which countries to seek to enforce his judgment and on which entities to execute or garnish in those countries.

21.     Accordingly, plaintiff requests that this Court enter an order compelling each of the Garnishee Banks to furnish to plaintiff's counsel full and complete answers to the information subpoenas served on each within 30 calendar days from the date of the order. A proposed form of order is attached as Exhibit 7.

22.     The undersigned certifies to the Court that beginning in January 2013 he personally communicated with counsel for the two Garnishees regarding the instant Motion to Compel. Previously, Plaintiff filed a Motion to Compel as to Standard Chartered Bank on January 22, 2013 (ECF #31). The dispute appeared to be resolved in March 2013 when Plaintiff withdrew his original Motion to Compel as to Standard Chartered Bank (ECF #132). But the understanding that led Plaintiff's counsel to withdraw the Motion have not been carried out by counsel for Garnishee Standard Chartered Bank. No prior motion to compel was filed as to Banco Bilbao Vizcaya Argentaria (S.A.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Philadelphia, Pennsylvania
on November 12, 2013

_____
Robert A. Swift