UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr., et al.,

    Plaintiffs,

v.

REPUBLIC OF CUBA, et al.,

    Defendants.

: 12 Civ. 1596 (AKH)

---

### DECLARATION OF JUAN MANUEL DE REMEDIOS
### IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND
### IN SUPPORT OF BBVA'S CROSS-MOTION TO QUASH SUBPOENA AND
### FOR PROTECTIVE ORDER

JUAN MANUEL DE REMEDIOS, pursuant to 28 U.S.C. § 1746, hereby declares:

  1. I am a partner in the Madrid, Spain office of White & Case LLP and am admitted to practice law in the courts of Spain. I have been a member of the bar in Spain since 1988. My biography is attached as Exhibit A to this declaration.

  2. I have been asked by BBVA to render a declaration concerning issues of Spanish law arising in connection with a subpoena issued under the authority of the United States District Court for the Southern District of New York. I understand that this subpoena was served upon BBVA's branch in New York, New York, and that the plaintiffs seek disclosure of information regarding certain accounts held by BBVA outside the United States.

A. <u>Spanish Law Prohibits Disclosure Of Information Related To Customer Records</u>

  3. Pursuant to Spanish law, a bank may not disclose information related to the records of its customers to third parties. Law 26/1988, of 29 July, on Credit Entities (*Ley 26/1988, de 29 de julio, de disciplina e intervención de las entidades de crédito*) ("Law

26/1988") establishes that banks are obliged to maintain confidentiality of information relating to balances, positions, transactions and other operations of their customers. Under Law 26/1988, a bank may not disclose such information to third parties, unless (i) the customer or the law authorizes such disclosure to third parties, or (ii) in the event such information is requested by, or it is to be provided to, a regulatory authority (§ First Additional Provision para. 1 and 2 of Law 26/1988). A copy of Law 26/1988 is attached as Exhibit A to this declaration, and a certified English translation of the relevant portions is attached as Exhibit B.

4. To my knowledge, BBVA's clients have not authorized disclosure of any account information, and no Spanish law otherwise authorizes this disclosure. Moreover, I am not aware that information provided through this request is to be submitted to a regulatory authority. As a result, in my opinion, Spanish law prohibits BBVA from disclosing the requested information.

B. Spanish Law Provides For Penalties

5. A breach of the bank secrecy obligation by a bank (as established in § First Additional Provision of Law 26/1988) qualifies as a serious infringement of Law 26/1988 (§ First Additional Provision para. 4 of Law 26/1988). In case of a breach, the bank may be sanctioned with any or more of the following penalties: (i) a fine for an amount up to 0.5% of the bank's equity, with a minimum of EUR 500,000; and/or (ii) a public admonition published in the Spanish Official Gazette (§ 10 of Law 26/1988).

6. In addition, BBVA's customer can sue BBVA. There is authority for the position that a violation of the bank secrecy law is a breach of 1258 and 1902 of the Spanish Civil Code, and the customer could claim the damages suffered. Thesis of Ms. María José Azaustre Fernández, "The Bank Secrecy" (*El secreto bancario*) (2004); Note of Prof. Joaquín Garrigues, "The Bank Transaction and the Bank Agreement" (*La operación bancaria y el contrato*

2

*bancario*) (1957). Under 1258 of the Spanish Civil Code, contracts are perfected by mere consent, and since then bind the parties, not just to the performance of the matters expressly agreed therein, but also to all consequences which, according to their nature, are in accordance with good faith, custom and the law. Under 1902 of the Spanish Civil Code, the person who, as a result of an action or omission, causes damage to another by his fault or negligence shall be obliged to repair the damage caused.

7. The 2012 "Annual Report of the Bank of Spain Complaints Service" states that the Bank of Spain has issued several decisions in 2011 and 2012 related to breaches of the bank secrecy obligation. In particular, the Bank of Spain issued decisions in relation to 22 cases on breach of bank secrecy in 2011 and 17 such cases in 2012. We have contacted the Bank of Spain and confirmed that there is no publicly available information regarding the details of those cases.

C. Spanish Law Provides Procedures For Obtaining Information

8. Under Spanish law, the plaintiffs in this proceeding can obtain information about the accounts and other assets of BBVA's customers in these ways -- (1) they can make a request under the Hague Convention for the Taking of Evidence Abroad on Civil and Commercial Matters (the "Hague Convention"); or (2) they can commence a proceeding in a Spanish court seeking recognition and enforcement of their U.S. judgments.

9. Relevant information may be obtained under the Hague Convention, to which Spain and the United States are signatories. The Hague Convention provides a method by which a party formally requests this type of discovery from a foreign entity and can be utilized here. Spain entered a reservation with respect to Article 23, noting that it will not accept requests derived from the pretrial discovery procedures of common law countries. As I understand it,

however, this case does not involve pretrial discovery. Rather, these are post-judgment proceedings.

10. Spanish law provides courts with the power to order the disclosure of information in response to a letter rogatory issued by a court outside Spain. Article 277 of Spanish Organic Law of the Judicial Branch states that Spanish courts shall cooperate with foreign courts requesting so in order to carry out their court obligations. Spanish courts shall cooperate pursuant to the international treaties between Spain and the other country and, if not, as per the reciprocity that the other country has with Spanish requests.

11. If a plaintiff holds a judgment from the United States, the U.S. plaintiff can commence a proceeding whereby the plaintiff seeks to have a Spanish court recognize and enforce the U.S. judgment. Spanish Civil Procedural law of 1881 states: article 951 – final judgments from foreign countries shall be valid in Spain as agreed in the relevant international treaties. Article 952 – if there are not international treaties with the country of such judgments, the judgments will be as valid as the Spanish judgments in such countries. Article 953 – if the nation does not recognize Spanish judgments, such country's judgments shall not be valid in Spain. Upon recognition of the judgment, the plaintiff could seek account information consistent with the laws of Spain. The defendant has an obligation to collaborate and provide information (article 589 Spanish Civil Procedural law of 2000). If the defendant does not collaborate, the relevant court shall be entitled to request information from public registries and financial entities, such as BBVA (article 590 Spanish Civil Procedural law of 2000).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 5, 2013
Madrid, Spain

_____
Juan Manuel de Remedios