UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

                Plaintiff,

       v.

THE REPUBLIC OF CUBA,

                Defendant,

       v.

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.)
and STANDARD CHARTERED BANK,

                Garnishees.

Case No. 12-CV-01596 (AKH)

## STANDARD CHARTERED BANK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND IN SUPPORT OF CROSS-MOTION TO QUASH AND FOR A PROTECTIVE ORDER

### PRELIMINARY STATEMENT

Garnishee Standard Chartered Bank ("SCB") submits this Memorandum of Law in opposition to the Motion to Compel Full and Complete Answers to Information Subpoenas, dated November 12, 2013 [Docket No. 336] made by plaintiff (the "Motion to Compel"), and in support of SCB's Cross-Motion to Quash the Subpoena and for a Protective Order, dated December 6, 2013. The Motion to Compel should be denied, and SCB'S cross-motion should be granted, because, consistent with the legal and factual arguments presented in the pending Motion to Dismiss Petition, dated November 15, 2013 [Docket No. 349] (the "BBVA Motion to Dismiss") made by Banco Bilbao Vizcaya

Argentaria, S.A. ("BBVA"), the Judgment entered by this Court on August 20, 2012 (the "Judgment") [Docket No. 12], upon which plaintiff seeks the turnover of blocked funds interdicted by SCB in compliance with the Cuban Assets Control Regulations is invalid and unenforceable. Should this Court grant the BBVA Motion to Dismiss, the Motion to Compel, as well as the information subpoena plaintiff served, will be rendered moot. At best, the Motion to Compel is premature, and should be held in abeyance pending the Court's determination of the BBVA Motion to Dismiss. Indeed, by this opposition, SCB adopts the arguments set forth in the BBVA Motion to Dismiss, and incorporates them by reference.

Briefly, in 2001 plaintiff commenced an action entitled <u>Vera v. Republic of Cuba</u> (the "Florida Action") in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida (the "Florida Court"). Plaintiff alleged that Cuban agents killed his father Aldo Vera, Sr. ("Vera, Sr.") in Puerto Rico in 1976 for political reasons. On May 15, 2008, the Florida Court awarded plaintiff judgment on default against Cuba for approximately $95 million (the "Florida Judgment"). SCB was not a party to the Florida Action. On March 5, 2012, plaintiff commenced this action to enforce the Florida Judgment. On August 20, 2012, this Court granted plaintiff such relief and entered the Judgment on default for $49,346,713.22.

Plaintiff served SCB with an Information Subpoena dated October 25, 2012 (the "Subpoena"). On March 5, 2013, SCB served Objections of Standard Chartered Bank to Plaintiff's Subpoena dated October 25, 2012, and produced information

concerning blocked funds located in the United States. (See Declaration of Robert A. Swift, dated November 12, 2013, **Exhibit 5**). By this motion, plaintiff seeks to compel SCB to produce further information concerning blocked funds on a world-wide basis.

We respectfully submit that this Court lacks subject matter jurisdiction in this action because Cuba was immune from suit under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, et seq. ("FSIA"). Plaintiff, therefore, is not entitled to the Florida Judgment. A fortiori, the Judgment -- entered by this Court in reliance on the Florida Judgment -- is not valid. Consistent with this, discovery pursuant to Fed. R. Civ. P. 69 and N.Y.C.P.L.R. Article 52 is impermissible and the Motion to Compel should be denied.

As a foreign state, Cuba is generally immune from civil suits under FSIA, unless an exception to such immunity exists. However, no possible exception to Cuba's immunity applies here: (i) Cuba had not been designated a state sponsor of terror when Vera, Sr. was killed, nor was it so designated as a result of the killing, and (ii) plaintiff is not a "claimant" as defined by the FSIA because Vera, Sr. was not a United States national when he was killed. Moreover, the Terrorism Risk Insurance Act, 28 U.S.C. § 1610, note ("TRIA") provides no independent basis for this Court to exercise subject matter jurisdiction because the Florida Judgment itself is not valid.

The absence of subject matter jurisdiction is fatal to plaintiff's enforcement of the Judgment. First, notwithstanding the entry of the Judgment, lack of subject matter jurisdiction can be raised at any time. Next, a party cannot waive the Court's subject matter jurisdiction. Where subject matter jurisdiction is lacking, it is incumbent upon a

court to dismiss an action. Here, we respectfully submit that (i) the Judgment is invalid and unenforceable and, as a result, (ii) this Court should not compel disclosure sought by the Subpoena.

## ARGUMENT

### PLAINTIFF IS NOT ENTITLED TO DISCOVERY FROM SCB PURSUANT TO FED. R. CIV. P. 69 AND N.Y.C.P.L.R. ARTICLE 52 BECAUSE THE JUDGMENT IS INVALID AND UNENFORCEABLE

As demonstrated by the comprehensive legal and factual analysis contained in the BBVA Motion to Dismiss, this Court lacks subject matter jurisdiction to enforce the Judgment. The Florida Action concerned an action against Cuba, a foreign state. Pursuant to 28 U.S.C. §1330(a), this Court can only exercise its subject matter jurisdiction "as to any claim ... with respect to which the foreign state is not entitled to immunity ... under section 1605-1607 [of the FSIA]." Pursuant to the FSIA, a foreign state is immune from suit, unless an exception to immunity applies. 28 U.S.C. § 1604. Where no exception to immunity applies, a court lacks subject matter jurisdiction. Verlinder B.V. Cent Bank of Nigeria, 461 U.S. 480, 493 (1983).

The FSIA provides, in relevant part, that a sovereign nation's immunity to suit is subject to several well defined exceptions. For example, it provides an exception when (i) it had been designated as a state sponsor of terrorism at the time of an extrajudicial killing, o r it was so designated as a result of such killing, and (ii) the "claimant or the victim" was a United States national at the time of the act. 28 U.S.C. §

4

1605A(a)(1)-(2)(A)(i)(I), (ii)(I). Here, there is no applicable FSIA exception to Cuba's immunity which would allow the Court to exercise its subject matter jurisdiction.

Vera, Sr. was killed in 1976. It is irrefutable that Cuba had not been designated a state sponsor of terrorism at that time. Indeed, the United States Department of State did not so designate Cuba until 1982. Moreover the designation was wholly unrelated to Vera, Sr.'s killing. It is even more compelling that FBI evidence demonstrates that Cuba was not even involved in Vera, Sr.'s killing, but rather that he was killed as a result of an organized crime war in Puerto Rico in which he was a central figure. Thus, Cuba is not subject to suit under FSIA's "extrajudicial killing" exception. 28 U.S.C. § 1605(A)(1).

Further, neither plaintiff nor Vera, Sr. may be construed a "claimant" as that term is defined by the FSIA. 28 U.S.C. 1605A(a)(2)(A)(ii)(I). Vera, Sr., the "victim," was not a United States national when he was killed. Concomitantly, plaintiff is not "the legal representative of [a United States national]." 28 U.S.C. 1605A(c)(4).

Nor does TRIA provide the Court with an independent basis to exercise its subject matter jurisdiction to enforce the Judgment against Cuban instrumentalities. In Weinstein v. Islamic Republic of Iran, 609 F.3d 43, 50 (2d Cir. 2010), the United States Court of Appeals for the Second Circuit held that TRIA can provide an independent basis for subject matter jurisdiction "over post-judgment execution and attachment proceedings against property held in the hands of an instrumentality of the judgment-debtor, even if the instrumentality is not itself named in the judgment." However, this contemplates that the

judgment to be enforced is itself valid. Id. at 48. Where, as here, the Florida Judgment is not valid and, thus, the Judgment entered by this Court is not valid, TRIA cannot save this case from dismissal.

That the Florida Action was commenced in 2001, the Florida Judgment was entered in 2008, or that this Court entered the Judgment in 2012 is of no moment. Lack of subject matter jurisdiction may be raised at any time as it goes to whether the Court has the Constitutional or statutory authority to adjudicate the controversy before it. See Carlisle v. United States, 517 U.S. 416, 434-435, 116 S. Ct. 1460, 1470 (1996). The parties cannot waive the Court's subject matter jurisdiction. FDIC v. Hillcrest Assocs., 66 F.3d 566, 568 (2d Cir. 1995). Consequently, as the BBVA Motion to Dismiss makes plain, this Court should declare the Judgment void, thereby mooting plaintiff's entitlement to discovery pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. Article 52.

## CONCLUSION

For all of the foregoing reasons, SCB respectfully requests that this Court deny the Motion to Compel, and grant SCB's cross-motion. In the alternative, SCB respectfully requests that this Court hold the Motion to Compel in abeyance pending determination of the BBVA Motion to Dismiss.

Dated: New York, New York
December 6, 2013

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Barry J. Glickman
Bruce S. Goodman
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

*Attorneys for Respondent/Garnishee
Standard Chartered Bank*