UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA, <br><br> Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and <br><br> JEANNETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and <br><br> ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, <br><br> Petitioners, <br><br> v. <br><br> BANCO BILBAO VIZCAYA ARGENTINA (S.A.), et al., <br><br> Respondents/Garnishees. | **ORDER WITH RESPECT TO GIVING NOTICE OF TURNOVER PROCEEDING** |

WHEREAS, on September 9, 2013 Petitioners ALDO VERA, Jr. ("Vera"), as the Executor and Personal Representative of the Estate of Aldo Vera, Sr., JEANNETTE FULLER HAUSLER, and WILLIAM FULLER ("Fuller"), as court-appointed Co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, and ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO ("Villoldo"), individually and as the Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, filed an Omnibus Petition for Turnover Order (the "Petition"); and

WHEREAS, the Petition seeks the turnover of certain assets that are currently held in accounts at the respondent banks ("Respondent Banks") and have been blocked pursuant to the Trading with the Enemy Act, 50 U.S.C. App. § 5 and the Cuban Assets Control Regulations, codified at 31 C.F.R. Part 515 (the "Blocked Assets); and

WHEREAS, Banco Bilboa Vizcaya Argentaria (S.A.), Bank of America N.A., Bank of New York Mellon, Barclays Bank PLC, Citibank N.A., Brown Brothers Harriman & Co., Credit Suisse AG, New York Branch, Deutsche Bank Trust Company Americas, HSBC Bank (HSBC Bank USA, N.A.), Intesa Sanpaolo S.p.A., Mercantil Commercebank, N.A., JP Morgan Chase Bank, N.A., RBS Citizens, N.A, Royal Bank Of Canada, Societe Generale, Standard Chartered Bank, UBS AG, and Wells Fargo Bank, N.A. (collectively, the "Respondent Banks") hold Blocked Assets; and

WHEREAS, the Respondent Banks have informed the Court that they intend to proceed by interpleader with regards to certain Blocked Accounts; and

WHEREAS, the Court at the hearing on October 23, 2013 advised the parties that with respect to Blocked Assets that are the proceeds of electronic funds transfers, it wishes to adjudicate at this time only rights to such Blocked Assets as to which the Republic of Cuba, or

2

one of its agencies and instrumentalities, is an originator or an originating bank (the "Phase I Blocked Assets"), and to await a ruling by the United States Court of Appeals for the Second Circuit in *Hausler v. JPMorgan Chase Bank, N.A.*, Nos. 12-1264(l) and 12-1277 (2d Cir.) and *Calderon Cardona v. JPMorgan Chase Bank, N.A.*, 12-75(L) (2d Cir.) before proceeding to adjudicate rights to Blocked Assets that are proceeds of electronic fund transfers as to which the Republic of Cuba, or one of its agencies and instrumentalities, is a beneficiary or a beneficiary's bank (the "Phase II Blocked Assets"); and

WHEREAS, the Court wishes to establish a procedure for notice and service on third parties that may claim Phase I Blocked Assets which is consistent with due process and with the rights of the Respondent Banks to discharge; and

WHEREAS the Court has *in rem* jurisdiction over the Phase I and Phase II Blocked Assets;

NOW THEREFORE, the Court hereby ORDERS:

1. Within 20 days of the date of this Order, Petitioners shall identify to each Respondent Bank, and each such Respondent Bank shall identify to Petitioners, Blocked Assets at each of the said Banks, if any, in which Petitioners or the Respondent Bank (as applicable) believe that an agency or instrumentality of the Republic of Cuba may have been an originator or an originator's bank (hereinafter the "Phase I Blocked Assets").

2. Within 30 days of the date of this Order, Petitioners shall file a First Amended Omnibus Petition for Turnover Order (the "First Amended Omnibus Petition") specifying on separate schedules to be filed under seal the Blocked Assets held by each respective Respondent Bank as identified pursuant to paragraph 1 above as to which Petitioners allege that they are entitled to seek turnover. Petitioners will file two schedules under seal: one schedule shall

3

identify the Phase I Blocked Assets; and a second schedule shall identify the "Phase II Blocked Assets."

## NOTICE

3. Within 34 days after the filing of the First Amended Omnibus Petition, in respect of each Phase I Blocked Asset held by a Respondent Bank as to which that Respondent Bank does not intend to file an interpleader petition, the Respondent Bank shall deliver the "Notice Documents" (as described below) to the originator (the "Originator") and to the originator's bank (the "Originator's Bank"), as well as any preceding intermediary bank (an "Intermediary Bank"), to the extent that such Respondent Bank has contact information for such Originator, the Originator's Bank or the Intermediary Bank.

4. The "Notice Documents" are:

   a. the First Amended Omnibus Petition (without the schedules filed under seal) and the Notice of Proceeding attached hereto;

   b. information identifying the Blocked Asset or Assets applicable to each third party, including (to the extent known to the Respondent Bank): (i) the date of the wire transfer; (ii) the dollar amount of the wire transfer; and (iii) the names of all parties to the wire transfer, including the Originator, the Originator's Bank, any preceding Intermediary Bank, the beneficiary's bank, and the beneficiary.

   c. this Order; and

   d. to the extent the Service Documents are sent to a person or entity in the Republic of Cuba or a country where the official language is Spanish, the above documents shall be translated into Spanish and included with the Service Documents.

5. The Notice Documents may be sent to each Originator, each Originator's Bank, and each Intermediary Bank, or other potential claimant, using any one or more of the following methods, at the discretion of the respective Respondent Bank:

   a. By U.S. Registered Mail, with no return receipt required, to such entity or person at its last known address, as determined by the Respondent Bank

4

giving the notice from its own records, or from public sources, such as the internet. If the Registered mailing is not accepted and is returned to the sender, delivery by first class U.S. Mail shall be made; or

b. By sending an e-mail to such entity or person that states:

"IMPORTANT! This e-mail is being sent to put you on notice of a lawsuit pending in the United States District Court for the Southern District of New York that could result in the seizure and forfeiture of funds in which you may have an interest. These funds include the balances held in one or more blocked accounts that may include the proceeds of one or more electronic funds transfers that were interrupted and blocked pursuant to the Trading with the Enemy Act, 50 U.S.C. App. § 5 and the Cuban Assets Control Regulations, codified at 31 C.F.R. Part 515. Please open the attachments, which are in pdf form, immediately. They will provide more detailed information about the lawsuit and your potential exposure to loss in that lawsuit."

to the last known e-mail address of such entity, as determined by the Respondent Bank giving the notice from its own records or public sources such as internet web sites, and attaching pdf versions of the Notice Documents to the e-mail (if the e-mail is being sent to a business entity, the e-mail should be directed to the e-mail address of the Chief Executive Officer, Managing Director or Chief Legal Officer, if known or it should state, following the word "IMPORTANT," "Deliver this e-mail and the attachments to your Chief Executive Officer, Managing Director or Chief Legal Officer at once"); or

c. By faxing copies of the Service Documents to such entity at its last known fax number, as determined by the Respondent Bank giving the notice from its own records or public sources such as the internet (if the fax is being sent to a business entity, the fax cover sheet should be addressed to the Chief Executive Officer, Managing Director or Chief Legal Officer of the entity); or

d. If the person being served or given notice is a bank, by sending the following text to the bank in one or more of a series of linked SWIFT messages:

"URGENT URGENT URGENT URGENT Deliver this message to your Chief Executive Officer, Managing Director or Chief Legal Officer at once. This message is being sent to put you on notice of a lawsuit pending in the United States District Court for the Southern District of New York that could result in the seizure and forfeiture of funds in which you or one of your customers may have an interest. These funds may include the balances held in one or more bank accounts that were blocked pursuant to

>> Sanctions Regulations of the United States or the proceeds of one or more transfers that were interrupted and blocked pursuant to those Regulations. What follows is the text of important legal documents that explain the nature of this lawsuit and what you must do to protect your rights, if any, in the funds at issue in the lawsuit. This is number 1 of_ SWIFT messages incorporating this message and the text of those documents. Please contact [contact information to be supplied]. That person can provide you with additional important legal documents relating to the lawsuit."
>
> followed by the text in English of the Notice Documents that are being served or delivered (except that the captions of such documents may be abbreviated to show only the name of the first party on either side); or
>
> e. By sending copies of the Notice Documents to such entity or person at its last known address, as determined by the Respondent Bank giving the notice from its own records, or from public sources, such as the internet, either by U.S. International Express Mail, U.S. Global Priority Mail, or by an express delivery company such as FedEx, UPS or DHL that makes deliveries in the country to which the documents are being sent and will provide proof of delivery, directed to the attention of the Managing Director, Chief Executive Officer or Chief Legal Officer of that entity if it is a business entity, which delivery shall be at the Respondent Bank's expense; or
>
> f. If none of the previous methods are available, by serving the Notice Documents in any other manner ordered by the Court.

6.  If a Respondent Bank making service does not know the mail address, e-mail address, fax number or SWIFT address for an Originator, Originator's Bank, Intermediary Bank, or for any other person to which it has been directed to give notice (hereinafter a "No-Address Person"), that Respondent Bank shall send the Notice Documents to any bank that it has reason to believe acted as the Originator's Bank or bank for that No-Address Person, or to any person that it has reason to believe may be in contact with that No-Address Person in order to request that such bank or person forward a copy of the relevant Notice Documents to its customer or such No-Address Person, and such service/notice shall constitute the best form of notice that can be provided to such No-Address Person under the circumstances.

7. All Originators, Originator's Banks, Intermediary Banks and any other potential third-party claimants to whom notice has been delivered as provided above shall have until February 28, 2014 to file with the Court written objections asserting any interest they may have in the Blocked Assets. As delineated in the Notice of Proceeding, objections must be sent by mail to Office of the Clerk for the United States District Court for the Southern District of New York. Copies of the objections may also be sent via e-mail to (a) an e-mail address for counsel for the Respondent Bank; and (b) an e-mail address for the judgment creditors (Robert A. Swift, rswift@kohnswift.com). As soon as practicable after February 28, 2014, counsel for the Respondent Bank shall provide the Court with copies of all objections and responses received by such Respondent Bank.

## INTERPLEADER

8. In lieu of the notice procedure outlined above, the Respondent Banks may file an interpleader petition in respect of any Phase I Blocked Asset with a value greater than or equal to $59,500 at the time of blocking (or, if the value at the time of blocking is unavailable, the value as of June 30, 2012). The Respondent Banks choosing to file interpleader petitions with regard to any Phase I Blocked Assets shall file said interpleaders within 34 days of the date of the filing of the First Amended Omnibus Petition.

9. The Respondent Banks shall initiate service on third-party respondents to the interpleader petitions immediately after the filing of the interpleader petitions as indicated above, and no later than 14 days after the filing of such petitions.

10. Service of any interpleader petitions shall be accomplished as follows:

    a. The Summons and Interpleader Petition shall be served on the interpleader respondents using any method provided by Rule 4(f) of the Federal Rules of Civil Procedure and Section 1608(b)(3) of the FSIA.

    b. To the extent the Summons, Interpleader Petition and any ancillary documents are being served on an entity alleged to be an agency or instrumentality of the Republic of Cuba, whether located in the Republic of Cuba (the "Republic") or elsewhere, the Summons and Interpleader Petition, as well as the Notice of First Amended Turnover Petition and the First Amended Turnover Petition shall be translated into the Spanish language and otherwise served in compliance with Section 1608(b)(3) of the FSIA.

    c. To the extent that service of the Summons and Interpleader Petition (as well as any ancillary documents) on any party or parties has not been completed within four months after the initiation of service, service shall be accomplished promptly by means of any method of service described in paragraphs 5(b), 5(c), or 5(e).

    d. If service of an interpleader petition has not been completed within six months of initiation of service, Petitioners may move for default judgment in respect of any third-party respondent as to which service has not been completed.

## MISCELLANEOUS

11. The Respondent Banks shall file declarations of notice or service promptly following the completion of such notice or service.

12. Each Respondent Bank that has complied with either the Notice or Interpleader requirements set forth in this Order shall be entitled to a judgment of discharge pursuant Rule 54(b) of the Federal Rules of Civil Procedure from any further liability in respect of all amounts subject to orders of turnover and turned over to or for the account of Petitioners pursuant to Section 201(a) of TRIA or Section 1610(g) of the FSIA.

13. The Protective Orders approved by this Court, are hereby modified and amended to the extent necessary for the translation of documents into Spanish and the service of documents and information as authorized in this Order.

14. Service in accordance with the provisions of this Order shall be deemed to satisfy all of the requirements for service under the FSIA, the Federal Rules and the CPLR and all of the requirements of due process of law.

## REIMBURSEMENT

15. Petitioners will reimburse the Respondent Banks for the cost of delivery of the Notice Documents and the cost of translation of the Notice of Proceeding, which shall be paid within 30 days upon presentation of invoices to Petitioners' counsel.

16. The Respondent Banks and the Petitioners will attempt to reach agreement on the amount of the Banks' reasonable attorneys' fees and expenses to be reimbursed to the Banks, if any. If no agreement among the parties has been reached, each Respondent Bank shall be entitled to apply for an award of its reasonable fees and expenses incurred in complying with this Order, including, without limitation, its reasonable attorneys' fees and, to the extent not covered under paragraph 15, any translation or service expenses. Petitioners reserve the right to object to any application for an award of a Respondent Bank's reasonable fees and expenses, including objecting on the ground that such fees and expenses were not incurred in connection with the interpleader proceeding.

17. At such time as the Court orders the proceeds of any Phase I Blocked Assets to be turned over to the United States Marshal for further distribution to Petitioners pursuant to Section 201(a) of TRIA or Section 1610(g) of the FSIA, to the extent the Respondent Banks and the Petitioners have reached an agreement on the amount of the Banks' reasonable attorneys' fees and expenses the Court shall make an award to the Respondent Banks of their agreed-upon fees and expenses out of the Phase I Blocked Assets proceeds being turned over. If there is no agreement, the aggregate amount claimed pursuant to such application shall be deducted from

the aggregate Phase I Blocked Assets proceeds being turned over to the United States Marshal and held in an attorney's escrow account opened in the name of counsel for Petitioners until after a ruling on the fee applications has been issued. After the Court has rendered its decision in respect of the Respondent Banks' fee applications, the escrowed funds shall be distributed to the Respondent Banks, or to the United States Marshal for further distribution to the Petitioners, in accordance with the terms of the Court order embodying that decision.

Dated: New York, New York
November 13, 2013.

SO ORDERED:

Alvin K. Hellerstein
United States District Judge

## NOTICE OF PROCEEDING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

### NOTICE TO [NAME]

**VERA V. REPUBLIC OF CUBA, NO. 12 CIV. 01596 (AKH)**
**VILLOLDO V. FIDEL CASTRO RUZ**
**HAUSLER V. THE REPUBLIC OF CUBA**

This notice is being sent to advise you of the lawsuit listed above, which is pending in the United States District Court for the Southern District Of New York. That court is being asked to turn over certain funds in which you may have an interest to judgment creditors of the Republic of Cuba or its agencies and instrumentalities. The court has ordered that you be given notice before these funds are turned over to the judgment creditors, who hold judgments against the Republic of Cuba for acts of terrorism and are entitled pursuant to U.S. law to execute against the blocked assets of the Republic of Cuba and its agencies and instrumentalities. In the present lawsuit, the Petitioners seek to enforce the judgment by obtaining a court order directing turnover of certain blocked assets (the "Blocked Assets") pursuant to section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337, codified at 28 U.S.C. § 1610, consisting of deposit accounts and/or accounts containing the proceeds of electronic funds transfers at the banks sending this Notice that were blocked pursuant to the Trading with the Enemy Act, 50 U.S.C. App. § 5, and the Cuban Assets Control Regulations, codified at 31 C.F.R. Part 515 and administered by the Office of Foreign Assets Control of the U.S. Department of Treasury ("OFAC"). The Blocked Assets in which you may have an interest are on the attached list. Petitioners contend that the Blocked Assets are the property of Cuba

and/or its agencies and instrumentalities and has asked the Court to turn the Blocked Assets over to them to pay the judgments.

**The Court has ordered that any person or entity claiming to be the owner of, or to have an interest in, any of the Blocked Assets must submit written objections, specifying the factual basis of their claims to the funds, <u>by no later than February 28, 2014</u>. If you do not submit a written objection by such date, the Court may (1) determine that you have defaulted and lost any right you may have to assert a claim to the funds, (2) order that such funds be turned over to the Petitioners to satisfy the judgments and (3) discharge the Respondent banks from any liability to you in respect of such funds. Please note that, even if you successfully object to the turnover of any Blocked Assets to the Petitioners, those Blocked Assets will not be returned to you but will continue to be blocked pursuant to U.S. federal regulations. Any attempt by you to take possession of funds in which you may have an interest must take place in a separate proceeding pursuant to U.S. federal regulations.**

Objections must be sent by mail to Office of the Clerk for the United States District Court for the Southern District of New York at the following address:

Clerk of the Court
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007
Docket No. 12 CV 01596 (AKH)

Copies of the objection may also be sent by e-mail to both of the following e-mail addresses:

- E-MAIL ADDRESS FOR COUNSEL FOR THE RESPONDENT BANK: [ ], AND

- E-MAIL ADDRESS FOR THE JUDGMENT CREDITORS: Robert A. Swift (rswift@kohnswift.com)

2

All objections must be in writing, must specify the accounts that you claim to have an interest in, set forth the factual basis for your claim, and be signed by you, an officer of your organization or your attorney.

It is strongly recommended that you consult with an attorney and obtain legal advice as to what action you should take. Whatever you decide to do, it is important that you act promptly. If you do not submit written objections or make a motion to intervene by February 28, 2014, the Court may determine that you have defaulted and lost your right to assert a claim to the Blocked Assets. In that event, the Court could also turn over such funds to the Petitioner to satisfy the judgment and enter an order releasing and discharging the banks from any obligations they may have to hold the funds in those accounts for you or to pay those funds to you.

If you file timely objections, the Court may hold a hearing to determine whether you have a valid claim. You will be notified of the date of the hearing.

This is only a summary. Enclosed with this Notice are copies of the Petition and related documents filed by the judgment creditors to commence this lawsuit, and the order of the Court establishing the procedures for determining the rights of interested parties. The Petition lists all of the wire transfer proceeds at issue, but that information is not public. You are being provided information only as to wire transfer proceeds in which you may have an interest according to bank records and applicable law.

This Notice and the proceedings described in the Notice have been approved by the United States District Court for the Southern District of New York.

Dated: New York, New York

November___, 2013