# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>                       Plaintiff,<br><br>       v.<br><br>THE REPUBLIC OF CUBA,<br><br>                       Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and<br><br>JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>                       Petitioners,<br><br>       v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A.,<br><br>                   Respondents/Garnishees. | **AMENDED OMNIBUS PETITION FOR TURNOVER ORDER** |

Petitioners, by their undersigned attorneys, allege as follows:

## NATURE OF THE PROCEEDING

1.      This is a proceeding pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337 ("TRIA"), Section 1610(g) of the Foreign Sovereign Immunities Act ("FSIA"), and N.Y. C.P.L.R. § 5225(b), made applicable through Rule 69 of the Federal Rules of Civil Procedure.

2.      Petitioners are judgment creditors of the Republic of Cuba.[1]  Pursuant to the TRIA and FSIA, Petitioners' judgments may be satisfied by executing upon assets of an agency or instrumentality of Cuba.

3.      The U.S. Marshal levied writs of execution upon the Respondents because they were known by Petitioners to be holding assets of agencies or instrumentalities of Cuba.

4.      By this action, Petitioners seek turnover of those assets towards satisfaction of their judgments.

## JURISDICTION

5.      This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States.  Supplemental jurisdiction is conferred on this Court by 28 U.S.C. § 1367(a) over any other claim that is so related to claims in this action within the Court's original jurisdiction that it will form part of the same case or controversy.  This Court possesses *in rem* jurisdiction over the blocked property that is the subject of this turnover petition.  *See* Decision and Order in *Hausler v. JPMorgan Chase Bank*, at p. 35, 09 Civ. 10289 (VM) (S.D.N.Y. Sept. 13, 2010).

---

[1] Petitioners Alfredo Villoldo, Gustavo Villoldo, and Jeanette Fuller Hausler are also judgment creditors of Fidel Castro Ruz, Raul Castro Ruz, the Ministry of the Interior, and the Army of the Republic of Cuba.

6.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (f) in that the property that is the subject of this action is believed to be situated in this district and because all Respondents have offices located in this district.

<u>**PARTIES**</u>

7.       Petitioners Alfredo Villoldo, individually, and Gustavo Villoldo, individually and as the administrator, executor and personal representative of the Estate of Gustavo Villoldo Argilagos (the "Villoldos"), are citizens of Florida.  These Petitioners hold a judgment against the Republic of Cuba entered in the State of Florida, given full faith and credit in this Court on October 25, 2012, and given full faith and credit in the United States District Court for the Western District of Pennsylvania and elsewhere, for economic loss, intentional infliction of emotional distress, and wrongful death as a result of acts of terrorism and torture against Petitioners and their father which started in January 1959 and continued through mid-2003.

8.       Petitioners Jeanette Fuller Hausler and William Fuller are court-appointed co-representatives of the Estate Of Robert Otis Fuller.  Collectively, these Petitioners are referred to as "Hausler".  These Petitioners hold a judgment against the Republic of Cuba for the extra-judicial killing of Robert Otis Fuller in Cuba that was entered in the State of Florida, given full faith and credit in the United States District Court for the Southern District of Florida on August 20, 2008, registered in this Court on September 24, 2008 and given full faith and credit by this Court.

9.       Petitioner, Aldo Vera, Jr. ("Vera"), is a citizen of the state of Florida.  He is the executor and personal representative of the Estate of Aldo Vera, Sr.  Vera holds a judgment against the Republic of Cuba for the extra-judicial killing of Aldo Vera, Sr. on American soil that was entered in the State of Florida, and given full faith and credit by this Court in a judgment entered in this Court on August 17, 2012 against the Republic of Cuba

3

10.     Respondent Banco Bilbao Vizcaya Argentaria (S.A.) is a foreign banking institution incorporated and existing under the laws of Spain with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

11.     Respondent Bank of America, N.A., is a federally chartered bank with its headquarters located in Charlotte, North Carolina and a branch office located in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

12.     Respondent Bank of New York Mellon is a New York state chartered bank that is a member of the Federal Reserve System with its principal place of business in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

13.     Respondent Barclays Bank PLC is a foreign banking institution incorporated and existing under the laws of the United Kingdom with a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

14.     Respondent Citibank, N.A., is a federally chartered bank with its headquarters located in Sioux Falls, South Dakota and a branch office located in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

15.     Respondent Credit Suisse AG is a foreign banking institution incorporated and existing under the laws of Switzerland with a branch office in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

16.     Respondent Deutsche Bank Trust Company Americas is a New York State chartered bank that is a member of the Federal Reserve System with its principal place of business in New York.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

17.     Respondent HSBC Bank (HSBC Bank USA, N.A.) is a federally chartered bank with its headquarters located in McLean, Virginia and a branch office located in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

18.     Respondent Intesa Sanpaolo S.p.A. is a foreign banking institution incorporated and existing under the laws of Italy with a branch office in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

19.     Respondent JP Morgan Chase Bank, N.A., is a federally chartered bank with its headquarters located in Columbus, Ohio and a branch office located in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

20.     Respondent RBS Citizens, N.A. is a federally chartered bank with its principal place of business in Providence, Rhode Island.  It operates a branch office in New York City. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

21.     Respondent Royal Bank of Canada is a foreign banking institution incorporated and existing under the laws of Canada with a branch office in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

22.     Respondent Societe Generale is a foreign banking institution incorporated and existing under the laws of the France with a branch office in New York City.  This Respondent maintains accounts in this district, including those subject to the Marshal's levy.

23.     Respondent UBS AG is a foreign banking institution incorporated and existing under the laws of Switzerland with a branch office in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

24.     Respondent Wells Fargo Bank, N.A., is a federally chartered bank with its main office located in Sioux Falls, South Dakota and a branch office located in New York City.  This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

25.     Respondent Brown Brothers Harriman & Co. is a limited partnership organized under the laws of the State of New York with its principal place of business in New York City.  This Respondent maintains bank and securities accounts in this district including those subject to the Marshal's levy.

26.     Respondent Garnishee Standard Chartered Bank is a British bank registered with the Federal Reserve which operates a branch in New York.  This Garnishee maintains bank accounts in this Judicial District, including those subject to the Marshal's levy.

27.     Respondent Garnishee Mercantil Commercebank, N.A. is an interstate bank with its principal place of business in Coral Gables, Florida.  This Garnishee maintains bank accounts in this Judicial District, including those subject to the Marshal's levy.

28.     Respondent Garnishee Banco Santander, S.A. is a Spanish bank registered with the Federal Reserve which operates a branch in New York.  This Garnishee maintains bank accounts in this District, including those subject to the Marshal's levy.

## BACKGROUND

29.     Petitioners are victims of terrorism and the heirs of victims of terrorism.  The Villoldos, Hausler and Vera Petitioners each commenced actions in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida State Court") pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605A, against the Republic of Cuba for the extra-judicial killing of their decedents and the acts of terrorism and torture against them.

30.     The Republic of Cuba is a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979, codified at 50 U.S.C. App. 2405(j).

31.     Pursuant to the TRIA and FSIA, judgment creditors of state sponsors of terrorism may execute on all property of an agency or instrumentality of a state sponsor of terrorism or any property in which Cuba or its agencies and instrumentalities may have any interest.

32.     Respondents hold blocked assets of Cuba or Cuba's agencies or instrumentalities.[2]   Accordingly, under the TRIA, Petitioners are entitled to attachment and execution of those assets.

33.     Section 201(a) of the TRIA provides that:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent any compensatory damages for which such terrorist party has been adjudged liable.

---

[2] The TRIA defines 'blocked asset' as "any asset seized or frozen by the United States under Section 5(b) of the Trading With the Enemy Act (50 U.S.C.App § 5(b)) or under sections 202 and 203 of the International Emergency Powers Act (50 U.S.C. §§ 1701; 1702)."  15 U.S.C. § 1610 Note, TRIA § 201(d)(2), 116 Stat. at 2340.  The funds the Plaintiffs seek were frozen under § 5(b) of the International Emergency Powers Act.  As such, they are attachable "blocked assets" under the TRIA and subject to execution to the extent they are blocked assets of Cuba or of an agency or instrumentality of Cuba.

TRIA § 201(a), 116 Stat. at 2337.

34.     Section 1610(g) of the FSIA provides for broader categories of property that can

be attached and executed upon:

> [T]he property of a foreign state against which a judgment is entered under
> section 1605A, and the property of an agency or instrumentality of such a state,
> including property that is a separate juridical entity or is an interest held directly
> or indirectly in a separate juridical entity, is subject to attachment in aid of
> execution, and execution, upon that judgment as provided in this section,
> regardless of—
>
> (A) the level of economic control over the property by the government of the
> foreign state;
> (B) whether the profits of the property go to that government;
> (C) the degree to which officials of that government manage the property or
> otherwise control its daily affairs;
> (D) whether that government is the sole beneficiary in interest of the property; or
> (E) whether establishing the property as a separate entity would entitle the foreign
> state to benefits in United States courts while avoiding its obligations.

28 U.S.C. § 1610(g).

35.     Section 1610(g) expands the scope of property that may be attached to include

"any U.S. property in which [Cuba] has any interest . . . whereas before [judgment creditors]

could only reach property belonging to [Cuba]."  *Estate of Heiser v. Islamic Republic of Iran*,

807 F.Supp. 2d 9, 18 (D.D.C. 2011) (citations omitted).  The Villoldo Petitioners, as judgment

creditors pursuant to Section 1605A, are entitled to execute on this expanded range of property

pursuant to Section 1610(g).

36.     The Respondents hold assets in which Cuba or its agencies and instrumentalities

have an interest.   Accordingly, under the FSIA, Petitioners are entitled to attachment and

execution of those assets.

37.     Attached hereto are Exhibits containing lists of assets held by each Respondent

which are filed under seal pursuant to the Protective Orders entered by the Court on January 6,

2014 (ECF #421).  The lists bifurcate the assets into Phase I and Phase II accounts in accordance

8

with the "Order with Respect to Giving Notice of Turnover Proceeding" approved by the Court

on November 13, 2013. The Exhibits are:

> Exhibit 1 – Assets at Banco Bilbao Vizcaya Argentaria (S.A.)
> Exhibit 2 – Assets at Bank Of America N.A.
> Exhibit 3 – Assets at Bank Of New York Mellon
> Exhibit 4 – Assets at Barclay's Bank Plc
> Exhibit 5 – Assets at Citibank N.A.
> Exhibit 6 – Assets at Credit Suisse AG, New York Branch
> Exhibit 7 – Assets at Deutsche Bank Trust Company Americas
> Exhibit 8 – Assets at HSBC Bank (HSBC Bank USA, N.A.);
> Exhibit 9 – Assets at Intesa Sanpaolo S.p.A.
> Exhibit 10 – Assets at JP Morgan Chase Bank, N.A.
> Exhibit 11 – Assets at RBS Citizens, N.A.
> Exhibit 12 – Assets at Royal Bank Of Canada
> Exhibit 13 – Assets at Societe Generale
> Exhibit 14 – Assets at UBS AG
> Exhibit 15 – Assets at Wells Fargo Bank, NA;
> Exhibit 16 – Assets at Brown Brothers Harriman & Co.
> Exhibit 17 – Assets at Mercantil Commercebank, N.A.
> Exhibit 18 – Assets at Standard Chartered Bank
> Exhibit 19 – Assets at Banco Santander S.A.

38.     Some of the lists provide a further breakdown of assets as follows.  First, there are

a series of blocked accounts Respondents have identified for which neither the originator nor

originating bank is identified.  Petitioners allege these accounts are properly Phase I accounts

given Respondents' blocking of them.  Upon information and belief, notwithstanding the absence

of an identified originator or originating bank, but for either or both being a Cuban party in the

identified transaction, the accounts would not have been blocked.  Upon information and belief,

the originator or originating bank is an agency or instrumentality of Cuba.  Such blocked

accounts, therefore, are subject to turnover to Petitioners under TRIA.  These specific accounts

are identified in separate schedules included in Exhibits 3, 5, 7, 8, 10, 13, 15, and 18.

39.     Second, some of the Respondent Banks have identified blocked accounts

holding non-EFT assets such as cash and cash equivalents (e.g., checks, certificates of deposit).

These specific blocked accounts are identified in separate schedules included in Exhibit 5 and Exhibit 10.

### The Villoldo Judgment

40.     On August 19, 2011, the Villoldos obtained a judgment against Cuba from the Florida State Court for $2,790,000,000 pursuant to 28 U.S.C. § 1605A (the "Villoldo Florida Judgment").   The Villoldo Florida Judgment was for economic loss, punitive damages, intentional infliction of emotional distress, and wrongful death as a result of the acts of terrorism and torture against the Villoldos and their father which started in January 1959 and continued through mid-2003.

41.     On October 25, 2012, this Court entered a judgment against Cuba in the amount of $2,903,233,898.07, which included interest calculated at the Florida post-judgment statutory interest rate from the date of the Florida Judgment through June 14, 2012 (the "Villoldo Federal Judgment"), and gave full faith and credit to the Villoldo Florida Judgment.   Interest accrued at the Florida post-judgment statutory rate from June 15, 2012 through October 25, 2012.   Interest continues to accrue on the Villoldo Federal Judgment at the federal statutory interest rate.   The Villoldo Federal Judgment is attached hereto as Exhibit 20.

### The Hausler Judgment

42.     On January 19, 2007, Hausler obtained a judgment against Cuba from the Florida State Court for $400,000,000 pursuant to 28 U.S.C. § 1605(a)(7) (the "Hausler Florida State Judgment").   The Hausler Florida State Judgment was for economic loss, punitive damages, pain and suffering, and solatium as a result of acts of terrorism, torture and execution against Bobby Fuller.

43.     On August 20, 2008, the Florida District Court entered a judgment giving full faith and credit to the Hausler Florida State Judgment and awarding Hausler a federal judgment

against Cuba in the amount of $454,000,000, which included interest calculated at the Florida post-judgment statutory interest rate (the "Hausler Federal Judgment").  Interest continues to accrue on the Hausler Federal Judgment at the federal statutory interest rate.  The Hausler Federal Judgment is attached hereto as Exhibit 21.

44.     On September 24, 2008, Hausler registered the Hausler Federal Judgment in this Court.  *See supra* Exhibit 21.  Hausler initiated separate enforcement proceedings concerning the Hausler Florida State Judgment in Florida state court.   The garnishees removed those proceedings to the United States District Court for the Southern District of Florida and they were later transferred to this District, where they were consolidated with the Hausler Federal Judgment enforcement proceedings.

### The Vera Judgment

45.     On May 15, 2008, Vera obtained a judgment against Cuba from the Florida State Court for $95,579,591.22 pursuant to 28 U.S.C. § 1605(a)(7) (the "Vera Florida Judgment"). The Vera Florida Judgment was for economic loss, punitive damages, pain and suffering, and solatium as a result of the death of Aldo Vera, Sr.

46.     On August 17, 2012, this Court entered a judgment giving full faith and credit to the Vera Florida Judgment and awarding Vera a federal judgment against Cuba in the amount of $49,346,713.22, which was limited to the non-punitive damage award of the Vera Florida Judgment with post-judgment interest (the "Vera Federal Judgment").  Interest continues to accrue on the Vera Federal Judgment at the federal statutory interest rate.  The Vera Federal Judgment is attached hereto as Exhibit 22.

**Petitioners are Entitled to Execute on Assets Held by**
**Respondents In Satisfaction of Their Judgments**

47.     The Judgment Debtor never appeared, defended or made any attempt to satisfy or otherwise acknowledge the three Florida Judgments against it.

48.     Petitioners' respective Florida Judgments were recognized and entered as New York Judgments, by registration and/or giving full faith and credit to their Florida Judgments.

49.     The Vera Judgment is in the amount of $49,346,713.22.

50.     The Hausler judgment is in the amount of $100,000,000.

51.     The Villoldo judgment is in the amount of $2,903,233,898.07, as of June 14, 2012, plus interest.

52.     Petitioners each obtained judicial orders permitting them to execute on their respective Judgments pursuant to 28 U.S.C. §1610(c).

53.     The United States Marshal has levied writs of execution upon the Garnishees in accordance with § 201 of TRIA against any property of the Republic of Cuba and/or its agencies or instrumentalities held, maintained, or in the possession or control of the Garnishees that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. § 515.201 *et seq*.

54.     Specifically, each Respondent has been served by the U.S. Marshal with a writ of execution directed to accounts held by Respondents in which Cuba or its agencies or instrumentalities have an interest (the "Accounts").   These Accounts are listed in Exhibits 1 through 19 inclusive.

**THE NEED FOR A TURNOVER ORDER**

55.     The United States government has blocked all funds in the Accounts pursuant to the Cuban Assets Control Regulations ("CACRs"), codified at 31 C.F.R. Part 515.

12

56.     As a result of the CACRs and provisions of the FSIA, Petitioners are unable to effect a turnover of the funds in the Accounts to the Marshal to satisfy their judgments without a determination that the funds in these Accounts are subject to execution and turnover pursuant to the TRIA and FSIA.

57.     Upon information and belief, no adverse claimants have priority over Petitioners to the funds that are subject to the writs of execution and the Marshal's levy.

58.     To date, no release of funds from the Accounts has been made pursuant to the Marshal's levy.

59.     The Villoldo, Hausler and Vera judgments have not been fully satisfied.

60.     Not more than 90 days have elapsed since the renewal of the writs of execution and the commencement of this proceeding.

61.     Petitioners are giving contemporaneous notice of this Petition to the United States Treasury Department's Office of Foreign Asset Control by emailing the same to David Jones, Deputy Chief of the Civil Division of the United States Attorneys' Office for the Southern District of New York at: david.jones6@usdoj.gov.

## **RELIEF SOUGHT**

WHEREFORE, the Petitioners respectfully request that the Court enter orders directing Respondents to turn over to Petitioners the Accounts in their possession pursuant to the Cuban Asset Control Regulations, 31 C.F.R. Part 515, in which the Republic of Cuba, or its agencies and instrumentalities have an interest, together with accrued interest, in partial satisfaction of Petitioners' Judgments.

Dated:    New York,  New York
          February 12, 2014

HALL, LAMB and HALL, P.A.

By: /s/  Andrew C. Hall_____
    Andrew C. Hall, Esq.*
    Brandon R. Levitt, Esq.
    Grand Bay Plaza, Penthouse One
    2665 South Bayshore Drive
    Miami, Florida, 33133
    Phone: (305) 374-5030
    Fax:     (305) 374-5033
    * admitted *pro hac vice*

    Edward H. Rosenthal, Esq.
    Beth I. Goldman, Esq.
    FRANKFURT KURNIT KLEIN &
    SELZ, P.C.
    488 Madison Ave, 10th Floor
    New York, New York 10022
    Phone: (212) 980-0120
    Fax:     (212) 593-9175

    *Attorneys for Alfredo Villoldo,*
    *individually, and Gustavo E. Villoldo,*
    *individually, and as Administrator,*
    *Executor, and Personal*
    *Representative of the Estate of*
    *Gustavo Villoldo Agrilagos*

KOHN, SWIFT & GRAF, P.C.

/s/  Robert A. Swift_____
Admitted *Pro Hac Vice*
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Phone: 215-238-1700
Fax:     215-238-1968

Jeffrey E. Glen
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Phone: 212-278-1000
Fax:     212-278-1733

*Attorneys for Petitioner Aldo Vera, Jr.*

COLSON, HICKS, EIDSON

/s/  Roberto Martinez_____
Roberto Martinez, Esq.*
Ronald W. Kleinman, Esq.
255 Alhambra Circle, Penthouse
Coral Gables, Florida, 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
* *pro hac vice* admission pending (ECF No. 293)

*Attorneys for Petitioners Jeanette Fuller Hausler,*
*and William Fuller as court-appointed co-*
*representatives of the Estate of Robert Otis Fuller,*
*deceased, on behalf of all beneficiaries of the*
*Estate and the Estate Of Robert Otis Fuller*