UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

        Plaintiff,

v.

THE REPUBLIC OF CUBA,

        Defendant.
─────────────────────────────────────────────

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.; and

JEANETTE FULLER HAUSLER, and
WILLIAM FULLER as court-appointed
co-representatives of the ESTATE OF ROBERT
OTIS FULLER, deceased, on behalf of all
beneficiaries of the Estate and the ESTATE OF
ROBERT OTIS FULLER; and

ALFREDO VILLOLDO, individually and
GUSTAVO E. VILLOLDO, individually and
as Administrator, Executor, and Personal
Representative of the ESTATE OF
GUSTAVO VILLOLDO ARGILAGOS,

        Petitioners,

v.

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.);
BANK OF AMERICA N.A.; BANK OF NEW YORK
MELLON; BARCLAY'S BANK PLC;
CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK
BRANCH; DEUTSCHE BANK TRUST COMPANY
AMERICAS; HSBC BANK (HSBC BANK USA, N.A.);
INTESA SANPAOLO S.P.A.; JP MORGAN CHASE
BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK
OF CANADA; SOCIETE GENERALE; UBS AG;

12 CIV 1596 (AKH)

**ANSWER OF HSBC BANK USA, N.A. TO AMENDED OMNIBUS PETITION FOR TURNOVER ORDER**

WELLS FARGO BANK, N.A.; BROWN BROTHERS
HARRIMAN & CO.; MERCANTIL
COMMERCEBANK, N.A.; STANDARD CHARTERED
BANK; AND BANCO SANTANDER, S.A.,

     Respondents/Garnishees.

_____

    Respondent-Garnishee HSBC Bank USA, N.A. ("HSBC"), by its attorneys, Phillips Lytle LLP, states as follows for its answer to the Amended Omnibus Petition for Turnover Order ("Petition"):

    1.  In answer to paragraph 1 of the Petition, admits that Petitioners have brought this proceeding as alleged.

    2.  In answer to paragraph 2 of the Petition, admits that Petitioners are judgment creditors of the Republic of Cuba and states that the remainder of such paragraph consists of conclusions of law to which no response is required.

    3.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Petition, except admits that the U.S. Marshal served HSBC with one or more writs of execution on behalf of certain of the Petitioners.

    4.  In answer to paragraph 4 of the Petition, admits that Petitioners seek relief as alleged.

    5.  In answer to paragraph 5 of the Petition, admits that this Court has jurisdiction under 28 U.S.C. §1331 as alleged and states that the remainder of such paragraph consists of conclusions of law as to which no response is required.

    6.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Petition, except admits that venue is proper as to HSBC.

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Petition, except admits that the referenced Petitioners hold a judgment entered and registered as alleged.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Petition, except admits that the referenced Petitioners hold a judgment entered and registered as alleged.

9. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Petition, except admits that the referenced Petitioner holds a judgment entered and registered as alleged.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Petition.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Petition.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Petition.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Petition.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Petition.

15. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Petition.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Petition.

17. Denies each and every allegation in paragraph 17 of the Petition, except admits that HSBC is a national bank with its main office located in McLean, Virginia and branch offices in New York City, and that HSBC holds certain of the blocked accounts at issue in this proceeding.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Petition.

19. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Petition.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Petition.

21. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Petition.

22. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Petition.

23. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Petition.

24. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Petition.

25. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Petition.

26. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Petition.

27. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Petition.

28. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Petition.

29. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Petition.

30. In response to paragraph 30 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

31. In response to paragraph 31 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

32. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Petition, except admits that HSBC holds certain accounts consisting of the proceeds of payments it was required to block pursuant to the Cuban Assets Regulations of the Office of Foreign Assets Control of the United States Department of the Treasury, 31 C.F.R. §515.101 *et seq*. ("Blocked Accounts").

33. In response to paragraph 33 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

34. In response to paragraph 34 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

35. In response to paragraph 35 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

36. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Petition, except admits that HSBC holds Blocked

Accounts and that Petitioners claim to be entitled to attachment and execution of those accounts under the FSIA.

37. In answer to paragraph 37 of the Petition, admits that Petitioners have attached the referenced exhibits as alleged and that Exhibit 8 purports to bifurcate HSBC's Blocked Accounts into Phase I and Phase II accounts in accordance with the referenced order, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of such paragraph.

38. In answer to paragraph 38 of the Petition, admits that Petitioners allege that the Blocked Accounts listed in Schedule A-2 in Exhibit 8 involve originators or originating banks that are agencies or instrumentalities of Cuba, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of such paragraph.

39. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Petition.

40. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Petition, except admits that the referenced Petitioners hold a judgment obtained as alleged.

41. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Petition, except admits that the referenced Petitioners hold a judgment entered as alleged.

42. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Petition, except admits that the referenced Petitioner holds a judgment obtained as alleged.

43. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Petition, except admits that the referenced Petitioner holds a judgment entered as alleged.

44. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Petition, except admits that the referenced Petitioner holds a judgment registered as alleged.

45. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Petition, except admits that the referenced Petitioner holds a judgment obtained as alleged.

46. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Petition, except admits that the referenced Petitioner holds a judgment entered as alleged.

47. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Petition.

48. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Petition, except admits that the judgments were entered or registered as alleged.

49. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Petition.

50. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Petition.

51. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Petition.

52. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Petition.

53. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Petition, except admits that the U.S. Marshal served HSBC with one or more writs of execution on behalf of certain of the Petitioners.

54. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Petition, except admits that the U.S. Marshal served HSBC with one or more writs of execution on behalf of certain of the Petitioners.

55. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Petition.

56. In response to paragraph 56 of the Petition, states that such paragraph consists of conclusions of law to which no response is required.

57. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Petition.

58. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Petition, except admits that there has been no such release of funds from HSBC's Blocked Accounts.

59. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Petition.

60. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Petition.

61. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Petition.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

62. By agreement of the parties, Petitioners have withdrawn any claim for turnover of the Blocked Accounts listed in Exhibit 8 to the Petition as Nos. 0052 and 0137, and Petitioners have agreed to reclassify the Blocked Accounts listed as Nos. 0027, 0091, 0471, 0007 and 0313 from Phase 1 to Phase 2.

### SECOND DEFENSE

63. Persons other than the Republic of Cuba or its agencies and instrumentalities (collectively, "Cuba") may have ownership or other interests in the Blocked Accounts that may be superior to Petitioners' rights, if any, to execute against the Blocked Accounts.

### THIRD DEFENSE

64. The Blocked Accounts consist largely or entirely of the proceeds of wire transfers that were routed through HSBC as an intermediary bank, but could not be completed because of applicable regulations. Persons other than Cuba who were the originators, beneficiaries or bank participants in such wire transfers may have ownership or other interests in the Blocked Accounts which may be superior to Petitioners' rights, if any, to have execution against the Blocked Accounts.

### FOURTH DEFENSE

65. To the extent that the Blocked Accounts are held in the name of or for the benefit of persons or entities other than Cuba, or that persons other than Cuba may have been parties to or have an interest in the proceeds of wire transfers that could not be completed due to applicable regulations, such persons may be indispensable parties hereto and may have the right

to receive notice of those proceedings and an opportunity to be heard before this Court enters judgment in this proceeding that would terminate or otherwise affect their rights.

**FIFTH DEFENSE**

66. To the extent that Petitioners claim that some or all of the Blocked Accounts belong to Cuba, or that such persons have an interest in some part of the Blocked Accounts, such persons may be indispensable parties hereto and have the right to receive notice of these proceedings and an opportunity to be heard before this Court determines whether such assets are subject to execution to satisfy Petitioners' judgments.

**SIXTH DEFENSE**

67. To the extent that other persons who hold judgments against Cuba based on its involvement with acts of terrorism have served restraining notices, notices of pendency, writs of execution or other process or documents upon HSBC with respect to assets that may belong to Cuba, such persons may be indispensable parties hereto and may have the right to receive notice of these proceedings and an opportunity to be heard so that this Court may determine which judgment creditors should take precedence with respect to any assets that may belong to Cuba.

**SEVENTH DEFENSE**

68. The funds in the Blocked Accounts cannot be transferred to Petitioners except pursuant to a license issued by OFAC or a final judgment entered pursuant to TRIA §201 after a determination that Petitioners have established all the elements of a claim under TRIA §201(a) and that such funds are subject to execution therefor.

**EIGHTH DEFENSE**

69. Petitioners must establish as to any judgment entered on default that a copy was properly served on Cuba in the manner required by the Foreign Sovereign Immunities Act ("FSIA") §1608(a) in order to comply with FSIA §1608(e).

**NINTH DEFENSE**

70. Petitioners must establish, in order to comply with the requirements of CPLR 5225(b) and Fed. R. Civ. P. 69, that a copy of the Amended Petition was properly served on Cuba in the manner required by FSIA §1608(a).

**TENTH DEFENSE**

71. Petitioners must establish that, under New York law, wire transfer funds in the temporary possession of HSBC as an intermediary bank are subject to attachment or turnover.

**ELEVENTH DEFENSE**

72. To the extent the funds in the Blocked Accounts sought by Petitioners, when aggregated with other funds sought, exceed the amount of Petitioners' judgments, the amount of the funds to be turned over must be allocated, and a determination made regarding from which accounts all such funds should be debited, in such a way that no respondent and none of the other affected persons are required to turn over more than their allocable share of the amount necessary to satisfy any such judgment.

WHEREFORE, HSBC requests that the Court enter judgment denying the Petition or, if the Court determines that Petitioners are entitled to execute against the Blocked Accounts, granting such relief only upon condition that HSBC shall, upon compliance with any turnover order, be discharged under CPLR 5209 and 6204 from any further liability or obligation to Cuba,

or to any other party having an actual or potential interest in the Blocked Accounts, and awarding HSBC its reasonable attorneys' fees and the costs of this proceeding.

DATED: March 6, 2014

        PHILLIPS LYTLE LLP

        By:   <u>s/ Paul K. Stecker</u>
              Paul K. Stecker
              Sean C. McPhee
        Attorneys for Respondent-Garnishee and
         Stakeholder/Third-Party Petitioner,
         HSBC Bank USA, N.A.
        One Canalside
        125 Main Street
        Buffalo, New York 14203
        (716) 847-8400
        pstecker@phillipslytle.com
        smcphee@phillipslytle.com

        and

        The New York Times Building
        620 Eighth Avenue, 23rd Floor
        New York, NY 10018-1405
        (212) 759-4888

FFFtl
Doc #01-2756160.1