Barry J. Glickman, Esq.
Bruce S. Goodman, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036

*Attorneys for Respondent-Garnishee*
 *Standard Chartered Bank*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

                                    Plaintiff,

v.

THE REPUBLIC OF CUBA,

                                    Defendant.

---

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr..; and

JEANETTE FULLER HAUSLER, as Successor
Personal Representative of ROBERT OTIS FULLER,
Deceased, on behalf of the Estate of LYNITA FULLER
CASKEY, the surviving
daughter of ROBERT OTIS FULLER, THE ESTATE
OF ROBERT OTIS FULLER, FREDERICK FULLER,
FRANCES FULLER, GRACE LUTES, IRENE
MOSS, and
JEANETTE FULLER HAUSLER; and

ALFREDO VILLOLDO, individually, and
GUSTAVO E. VILLOLDO, individually and as
Administrator, Executor, and Personal
Representative of the ESTATE OF GUSTAVO
VILLOLDO ARGILAGOS,

                                    Petitioners,
v.

Case No. 12-CV-01596 (AKH)

**ANSWER OF STANDARD CHARTERED BANK TO AMENDED OMNIBUS PETITION FOR TURNOVER ORDER**

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.);
BANK OF AMERICA N.A.; BANK OF NEW YORK
MELLON; BARCLAY'S BANK PLC; CITIBANK
N.A.; CREDIT SUISSE AG, NEW YORK BRANCH;
DEUTSCHE BANK TRUST COMPANY AMERICAS;
HSBC BANK (HSBC BANK USA, N.A.); INTESA
SANPAOLO S.P.A.; JP MORGAN CHASE BANK,
N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF
CANADA; SOCIETE GENERALE; UBS AG; WELLS
FARGO BANK, N.A.; BROWN BROTHERS
HARRIMAN & CO.; MERCANTIL
COMMERCEBANK, N.A.; STANDARD
CHARTERED BANK; AND BANCO SATANDER,
S.A.,

         Respondents/Garnishees.

Respondent-Garnishee Standard Chartered Bank ("SCB"), by its attorneys Zeichner Ellman & Krause LLP, responds to the Amended Omnibus Petition for Turnover Order (the "Amended Petition"), upon information and belief, as follows:

1. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 1, 2, 4 through 9, 30, 31, 33 through 35, 48, 56 and 57, except it refers all questions of law to the Court.

2. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 10 through 25, 27 through 29, 40, 42, 45, 47, 49 through 52 and 59 through 61.

3. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 3, 36 through 38, 55 and 58,

except that that SCB holds assets blocked pursuant to sanctions against the Republic of Cuba ("Cuba") implemented by the Office of Foreign Asset Control, and it refers all questions of law to the Court.

4. It denies each and every allegation contained in paragraph 26, except that SCB maintains an office at 1095 Avenue of the Americas, New York, New York, and holds assets blocked pursuant to sanctions against Cuba implemented by the Office of Foreign Asset Control.

5. It denies each and every allegation contained in paragraph 39 as against SCB, and has no knowledge or information sufficient to form a belief as to the truth of any of the allegations as against any other Respondent-Garnishee.

6. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 41, 43, 44 and 46, except it refers to the referenced documents for their terms.

7. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 53 and 54, except that SCB received a Writ of Execution from the United States Marshal, and it refers to the referenced document for its terms.

## FIRST AFFIRMATIVE DEFENSE AND OBJECTION IN POINT OF LAW

8. SCB is a neutral stakeholder.

9. Accordingly, it has no objection to the relief that the Court determines is appropriate upon the condition that (a) consistent with the Order with Respect to Giving Notice of Turnover Proceeding, dated November 13, 2013 (the "Notice Order"), petitioners demonstrate and the Court finds that all blocked assets that are to be turned over to petitioners are assets of Cuba or its agencies or instrumentalities, (b) the Court determines that petitioners are entitled to execute the judgment they have obtained against such blocked assets under applicable law in accordance with any decision rendered by the United States Court of Appeals for the Second Circuit in a pending appeal captioned Calderon-Cardona v. JPMorgan Chase Bank, N.A., Case No. 12-75 (the "Calderon-Cardona Appeal"), (c) the rights of any third parties who may have a claim to the blocked assets are respected, (d) SCB is protected from the risk of liability to any third parties who may have a claim to the blocked assets, and (e) all defenses and objections in point of law set forth herein are addressed by the Court.

10. SCB thus submits that it would be inappropriate for the Court to grant the relief sought by petitioners until such time as these conditions are satisfied.

## SECOND AFFIRMATIVE DEFENSE AND OBJECTION IN POINT OF LAW
(Failure to Meet Requirements of Terrorism Risk Insurance Act)

11. The Terrorism Risk Insurance Act provides that a judgment creditor may execute against blocked assets only upon showing that the assets are "assets of [a] terrorist party" against whom a judgment has been obtained, or an agency or instrumentality of such party. Terrorism Risk Insurance Act, Pub. L. No. 107-297,

§201(a), 116 Stat. 2322 (codified in the notes to 28 U.S.C. § 1610) (hereinafter, "TRIA"); see also Weininger v. Castro, 462 F. Supp.2d 457, 494 (S.D.N.Y. 2006) (addressing whether blocked assets "indeed belong" to the government of Cuba).

12. Petitioners have not established that Cuba is a "terrorist party" as defined by TRIA. TRIA Section 201(d)(4) defines "terrorist party" as "a terrorist, a terrorist organization (as defined in section 212(a)(3)(B)(vi) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(3)(B)(vi))), or a foreign state designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371)" (emphasis added).

13. Cuba may not be a "terrorist party" as that term is defined by TRIA, thus petitioners would not be entitled to the turnover of blocked assets held by SCB. SCB thus objects to the turnover of any blocked assets until such time as it is established that Cuba is a "terrorist party," as defined by TRIA.

14. Further, the blocked assets for which petitioners seek turnover may not belong to Cuba or its agencies or instrumentalities, but may instead be the property of others. SCB thus objects to the turnover of any blocked assets that belong to those other than Cuba or its agencies and instrumentalities.

## THIRD AFFIRMATIVE DEFENSE AND OBJECTION IN POINT OF LAW
(Failure to Meet Requirements of Foreign Sovereign Immunities Act)

15. Petitioners also seek turnover pursuant to section 1610(g) of the Foreign Sovereign Immunities Act, 28 USC §1610, et seq. ("FSIA"). FSIA § 1610, places on petitioners the burden of proving that the assets they seek are owned by Cuba beneficially or otherwise. See In re Islamic Republic of Iran Terrorism Litigation, 659 F. Supp.2d 31, 122 (D.D.C. 2009).

16. FSIA § 1610(g)(3) provides that in actions to levy or execute upon a judgment against a foreign sovereign, the rights of third parties are expressly protected.

17. SCB, thus, objects to the turnover of any blocked assets to petitioners until such time as interested third parties are provided with required notice and their rights determined.

## FOURTH AFFIRMATIVE DEFENSE AND OBJECTION IN POINT OF LAW
(Failure to Meet Requirements of CPLR §§ 5225, 5227)

18. CPLR §§ 5225 and 5227 permits a judgment creditor to commence a special proceeding against a garnishee in possession of "money or other personal property" in which the judgment debtor as an interest (§ 5225) or "is or will become indebted to" the judgment debtor (§ 5227). The judgment creditor may execute against such money, property or debt only if (s)he satisfies the requisite showing.

19. To establish entitlement to such relief, the judgment creditor assumes the burden of establishing that the money, property or debt in question is owned by or owed to the judgment debtor. See, e.g., Continental Commerce Corp. v. York Plastic Prods. Corp., 237 N.Y.S.2d 278, 280 (Sup Ct., N.Y. Co. 1963) ("Since movant has failed to produce proof to satisfy the court that the said third-party is indebted to the judgment creditor, the motion is denied.").

20. Petitioners must establish this with respect to any blocked asset maintained at SCB. SCB objects to the turnover of the blocked assets until such time as it is established that they are assets of, or constitute a debt owed to Cuba, or its agencies or instrumentalities.

### FIFTH AFFIRMATIVE DEFENSE AND OBJECTION IN POINT OF LAW
(Failure to Join Indispensable Parties)

21. Federal Rule of Civil Procedure Rule 19 provides that if a "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence" may "impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations," such person must be joined as a party if feasible. Fed. R. Civ. P. 19(a)(1)(B). If joinder is not feasible, the Court must consider whether to dismiss the action after weighing various equitable factors including whether "a judgment rendered in the person's absence might prejudice that person or the existing

parties" and whether any such prejudice may be avoided by "(A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures." Fed. R. Civ. P. 19(b)(1)-(2).

22. Here, the blocked assets involve electronic funds transfers. Thus, every originator and beneficiary must be joined so as to have an opportunity to claim an interest in the subject blocked assets. Indeed, these third parties may have no relationship to Cuba, or its agents and instrumentalities. The rights of these third parties may be prejudiced if ownership of the blocked assets is adjudicated in their absence. Moreover, if the parties are not joined in this proceeding, they may make conflicting claims to the blocked assets in the future, creating a risk that SCB will be exposed to "double, multiple, or otherwise inconsistent obligations."

23. To prevent prejudice to absent parties, and to protect SCB from the risk of multiple and inconsistent obligations, the Court should order the joinder of all third parties other than the judgment debtor who may claim an interest in the blocked assets, or fashion a remedy by which such interested parties may be given notice of the Amended Petition, and an opportunity to object to the turnover of the blocked assets to petitioners. To the extent that any such third parties cannot be joined in this action, or be given notice, any relief granted by the Court should exclude blocked assets to which such parties may have a legitimate claim.

## SIXTH AFFIRMATIVE DEFENSE AND OBJECTION IN POINT OF LAW AND FIRST COUNTERCLAIM
(Entitlement to Determination Pursuant to CPLR § 5239)

24. SCB repeats and realleges its responses in paragraphs 1 through 23 herein.

25. CPLR § 5239 provides that "[p]rior to the application of property or debt… to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

26. Accordingly, SCB is entitled to an order determining the rights of petitioners and all other interested parties to the blocked assets.

## SEVENTH AFFIRMATIVE DEFENSE AND OBJECTION IN POINT OF LAW AND SECOND COUNTERCLAIM
(Entitlement to Interpleader)

27. SCB repeats and realleges its responses in paragraphs 1 through 26 herein.

28. Petitioners allege they are entitled to the turnover of the blocked assets to satisfy their respective judgments against Cuba. However, other persons or entities may have claims to or rights in some or all of the blocked assets that may take

priority over petitioners' claims to or rights in those blocked assets. As a result, SCB is exposed to the risk of multiple and inconsistent liability as to the blocked assets.

29. Subject to the Notice Order, SCB is accordingly entitled to interpleader relief pursuant to Fed. R. Civ. P. 22, 28 U.S.C. §§ 1335 and 2361, New York Banking Law § 134 and CPLR § 1006, determining the rights of petitioners and all other interested parties with respect to the blocked assets.

**WHEREFORE**, SCB respectfully requests that this Court:

(i) award relief to petitioners only after SCB's Affirmative Defenses and Counterclaims are addressed;

(ii) discharge SCB from liability to any and all third parties who may have a claim to any blocked assets that SCB is directed to pay to petitioners; and

(iii) award SCB attorneys' fees and costs to which it is or may become entitled to under applicable law.

Dated: New York, New York
March 17, 2014

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Barry J. Glickman
Bruce S. Goodman
Attorneys for Respondent-Garnishee
 Standard Chartered Bank
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400