UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RE [ ] CEIVED

MAR 12 2014

U.S.D.C. S.D. N.Y.

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

          Plaintiff,

       v.

THE REPUBLIC OF CUBA,

          Defendant.

12 CIV 1596 (AKH)

**THIRD-PARTY PETITION
ALLEGING CLAIMS IN THE
NATURE OF INTERPLEADER**

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.; and

JEANETTE FULLER HAUSLER, and
WILLIAM FULLER as court-appointed
co-representatives of the ESTATE OF ROBERT
OTIS FULLER, deceased, on behalf of all
beneficiaries of the Estate and the ESTATE OF
ROBERT OTIS FULLER; and

ALFREDO VILLOLDO, individually and
GUSTAVO E. VILLOLDO, individually and
as Administrator, Executor, and Personal
Representative of the ESTATE OF
GUSTAVO VILLOLDO ARGILAGOS,

          Petitioners,

       v.

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.);
BANK OF AMERICA N.A.; BANK OF NEW YORK
MELLON; BARCLAY'S BANK PLC;
CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK
BRANCH; DEUTSCHE BANK TRUST COMPANY
AMERICAS; HSBC BANK (HSBC BANK USA, N.A.);
INTESA SANPAOLO S.P.A.; JP MORGAN CHASE
BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK
OF CANADA; SOCIETE GENERALE; UBS AG;
WELLS FARGO BANK, N.A.; BROWN BROTHERS

HARRIMAN & CO.; MERCANTIL
COMMERCEBANK, N.A.; STANDARD CHARTERED
BANK; AND BANCO SANTANDER, S.A.,

                Respondents/Garnishees.

_____

HSBC BANK USA, N.A.,

                Respondent-Garnishee and
                Stakeholder/Third-Party Petitioner,

      v.

BANCO BILBAO VIZCAYA ARGENTARIA, S.A.,
BANCO INTERNACIONAL DE COMERCIO, S.A. and
ING BANK FRANCE, SUCCURSALE
DE ING BANK N.V.,

                Third-Party Respondents/
                Adverse Claimants.

_____

Respondent-Garnishee and Stakeholder/Third-Party Petitioner, HSBC Bank USA, N.A.

("HSBC"), by its attorneys, Phillips Lytle LLP, states as follows for its Third-Party Petition

Alleging Claims in the Nature of Interpleader:

## PARTIES

      1.      HSBC files this Third-Party Petition Alleging Claims in the Nature of

Interpleader to bring before the Court additional parties who have claimed or may claim an

interest in property held by HSBC that Petitioners seek to have turned over to them, thereby

exposing HSBC to double or multiple liability.  In accordance with Rule 22, Fed. R. Civ. P.,

N.Y. CPLR §§5239 and 6221, and N.Y. Banking Law §134, HSBC asks the Court to determine

which of the claimants, if any, is entitled to the property.

2.     HSBC is a national banking association with its main office located in McLean, Virginia and its principal office located in New York, New York.

3.     Upon information and belief, Third-Party Respondent/Adverse Claimant Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA") is a banking institution existing under the laws of Spain with an office in New York, New York.

4.     Upon information and belief, Third-Party Respondent/Adverse Claimant Banco Internacional de Comercio, S.A. ("BICSA") is a banking institution existing under the laws of Cuba, with offices in Havana, Cuba.

5.     Upon information and belief, Third-Party Respondent/Adverse Claimant ING Bank France, Succersale de ING Bank N.V., formerly known as ING Bank (France) S.A. ("ING"), is a banking institution operating under the laws of France, with offices in Paris, France.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction of this proceeding under 28 U.S.C. §1331 because Petitioners' Amended Omnibus Petition for Turnover ("Amended Petition") alleges claims under the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2337, and the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1602 *et seq.* The Court has supplemental jurisdiction of HSBC's claims against the Third-Party Respondents/ Adverse Claimants under 28 U.S.C. §1367(a) because those claims are so related to the claims in the Amended Petition that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and (3).

## INTERPLEADER CLAIM

8.      Petitioners allege in the Amended Petition that they are judgment creditors of the Republic of Cuba.  Petitioners claim that, as such, they are entitled under TRIA and FSIA to levy upon certain accounts held by HSBC consisting of the proceeds of payments HSBC was required to block pursuant to the Cuban Assets Regulations of the Office of Foreign Assets Control of the United States Department of the Treasury, 31 C.F.R. §515.101 *et seq.*  A copy of the Amended Petition, with exhibits filed under seal omitted, is attached hereto as Exhibit A.  A copy of HSBC's answer to the Amended Petition is attached hereto as Exhibit B.

9.      One such blocked account consists of the proceeds of a SWIFT transfer in the amount of $3 million received by HSBC on or about May 21, 2002 (the "Blocked Account"). Upon information and belief, the payment was initiated as the result of BICSA's instruction to ING to transfer $3 million from an account maintained by BICSA at ING to an account maintained by BICSA at BBVA.  HSBC received the payment from HSBC Bank plc, which originated the transfer as correspondent bank for ING.

10.      ING alleged in a proceeding it filed previously against HSBC that it was required to indemnify BICSA in the full amount of the $3 million payment and that it is accordingly entitled to the funds in the Blocked Account in the event that HSBC is required to release the funds.

11.      HSBC is a disinterested stakeholder; it makes no claim to the funds in the Blocked Account and takes no position with respect to whether Petitioners, ING, BICSA or BBVA have valid claims to the Blocked Account and, if so, which party, if any, is entitled to the funds.

12.     In view of ING's claim and the possible claims of BICSA and BBVA,
HSBC may be exposed to double or multiple liability if the Court directs that the Blocked
Account be turned over to Petitioners without first adjudicating the competing claims.

WHEREFORE, HSBC requests that the Court enter judgment determining which,
if any, of Petitioners or Third-Party Respondents/Adverse Claimants is entitled to the funds in
the Blocked Account; discharging HSBC from any liability in respect of the Blocked Account;
awarding HSBC its reasonable attorneys' fees and costs in bringing this third-party proceeding in
the nature of interpleader; and awarding such other and further relief as the Court may deem just
and proper.

DATED:      March 12, 2014

PHILLIPS LYTLE LLP

By:     _____
        Paul K. Stecker
        Sean C. McPhee
Attorneys for Respondent-Garnishee and
  Stakeholder/Third-Party Petitioner,
  HSBC Bank USA, N.A.
One Canalside
125 Main Street
Buffalo, New York  14203
(716) 847-8400
pstecker@phillipslytle.com
smcphee@phillipslytle.com

and

The New York Times Building
620 Eighth Avenue, 23rd Floor
New York, NY 10018-1405
(212) 759-4888