## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>      Plaintiff,<br><br>    v.<br><br>THE REPUBLIC OF CUBA,<br><br>      Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and<br><br>JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and<br>GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>      Petitioners,<br><br>    v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A.,<br><br>      Respondents/Garnishees. | **ANSWER AND AFFIRMATIVE DEFENSES OF PETITIONERS TO HSBC'S THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER** |

| |
|---|
| HSBC BANK USA, N.A., |
|        Third-Party Petitioner, |
| v. |
| BANCO BILBAO VIZCAYA ARGENTARIA, S.A., BANCO INTERNACIONAL DE COMERCIO, S.A., and ING BANK FRANCE, SUCCURSALE DE ING BANK, N.V., |
|        Third-Party Respondents/ Adverse Claimants. |

Petitioners, by their undersigned attorneys, state as follows for their Answer and Affirmative Defenses to the Third-Party Petition Alleging Claims in the Nature of Interpleader (the "Interpleader Petition") filed by HSBC Bank USA, N.A. ("HSBC"):

1. Petitioners state that paragraph 1 sets forth the nature of the action and remedy HSBC seeks by its Interpleader Petition and not facts and on that basis deny the allegations.

2. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Interpleader Petition and on that basis deny the allegations.

3. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Interpleader Petition and on that basis deny the allegations.

4. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Interpleader Petition and on that basis deny the allegations.

5. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Interpleader Petition and on that basis deny the allegations.

6. Petitioners state that paragraph 6 sets forth legal conclusions about jurisdiction and not facts and on that basis deny the allegations.

7. Petitioners state that paragraph 7 sets forth legal conclusions about venue and not facts and on that basis deny the allegations.

8. Petitioners admit the allegations of paragraph 8 of the Interpleader Petition.

9. Petitioners admit the allegations of the first sentence, but lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 9 of the Interpleader Petition.

10. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Interpleader Petition.

11. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Interpleader Petition.

12. Petitioners deny that HSBC may be exposed to double or multiple liability as alleged in paragraph 12 of the Interpleader Petition.

13. Any allegations not specifically admitted herein are expressly denied.

## FIRST AFFIRMATIVE DEFENSE

14. Petitioners are entitled to full relief and recovery under the Terrorism Risk Insurance Act, the Foreign Sovereign Immunities Act, and CPLR § 5225. None of the Adverse Claimants have a superior claim to the Blocked Assets.

## SECOND AFFIRMATIVE DEFENSE

15. The Interpleader Petition fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

16. By virtue of 31 C.F.R. 515.203, the Adverse Claimants have no claim to the Blocked Assets because the Adverse Claimants could not have acquired any interest in Blocked Assets after the date on which the assets were blocked.

## FOURTH AFFIRMATIVE DEFENSE

17. The Adverse Claimants have no claim to the Blocked Assets by virtue of their commercial dealings with a designated state-sponsor of terrorism.

## FIFTH AFFIRMATIVE DEFENSE

18. The Adverse Claimants have no claim to the Blocked Assets because the only means to release a Blocked Asset is either by license issued by OFAC or by Court Order for turnover in favor of a judgment-creditor of a state-sponsor of terrorism. Upon information and belief, the Adverse Claimants have not been issued a license and are not judgment-creditors of the Republic of Cuba.

## SIXTH AFFIRMATIVE DEFENSE

19. Any right that could be asserted by the Adverse Claimants to the Blocked Assets is preempted by the Terrorism Risk Insurance Act and the Foreign Sovereign Immunities Act.

## SEVENTH AFFIRMATIVE DEFENSE

20. The Interpleader Petition fails to state a claim under N.Y. C.P.L.R. § 5239.

## EIGHTH AFFIRMATIVE DEFENSE

21. The claims alleged the Interpleader Petition are barred under N.Y. Abandoned Property Law § 300, N.Y. C.P.L.R. § 213, and N.Y. U.C.C. § 4A-505.

## NINTH AFFIRMATIVE DEFENSE

22. Petitioners reserve the right to amend and/or supplement this Answer.

WHEREFORE, Petitioners respectfully request that the Court (a) dismiss the Interpleader Petition in its entirety, or any asserted claims of all other Adverse Claimants except the claims of Petitioners under the Amended Omnibus Petition for Turnover Order and (b) grant Petitioners such other relief as the Court deems appropriate.

| | |
|---|---|
| HALL, LAMB & HALL, P.A. | KOHN, SWIFT & GRAF, P.C. |
| By: /s Andrew C. Hall<br>Andrew C. Hall, Esq.*<br>Brandon R. Levitt, Esq.<br>Grand Bay Plaza, Penthouse One<br>2665 South Bayshore Drive<br>Miami, Florida, 33133<br>Phone: 305-374-5030<br>Fax:   305-374-5033<br>* admitted *pro hac vice*<br><br>*Attorneys for Alfredo Villoldo, individually, and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Agrilagos* | /s/ Robert A. Swift<br>Robert A. Swift, Esq.*<br>One South Broad Street, Suite 2100<br>Philadelphia, Pennsylvania 19107<br>Phone: 215-238-1700<br>Fax:   215-238-1968<br>* admitted *pro hac vice*<br><br>Jeffrey E. Glen, Esq.<br>ANDERSON KILL P.C.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Phone: 212-278-1000<br>Fax:   212-278-1733<br><br>*Attorneys for Petitioner Aldo Vera, Jr.* |

COLSON, HICKS, EIDSON

/s/ Roberto Martinez
Roberto Martinez, Esq.*
Ronald W. Kleinman, Esq.
255 Alhambra Circle, Penthouse
Coral Gables, Florida, 33134
Phone: 305-476-7400
Fax: 305-476-7444
* *pro hac vice* admission pending (ECF No. 293)

*Attorneys for Petitioners Jeanette Fuller Hausler, and William Fuller as court-appointed co-representatives of the Estate of Robert Otis Fuller, deceased, on behalf of all beneficiaries of the Estate and the Estate Of Robert Otis Fuller*