AO 441 (Rev. 12/09) Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Aldo Vera, Jr., et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 12 Civ. 01596 (AKH) |
| Credit Suisse AG, New York Branch, et al. | ) | |
| *Defendant, Third-party plaintiff* | ) | |
| v. | ) | |
| Acinox S.A., et al. | ) | |
| *Third-party defendant* | ) | |

**SUMMONS ON A THIRD-PARTY COMPLAINT**

To: *(Third-party defendant's name and address)*   [See Rider A]

A lawsuit has been filed against defendant   Credit Suisse AG, NYB  , who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff   Aldo Vera, Jr., et al.  .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:

DAVIS POLK & WARDWELL LLP, Attn: James L. Kerr, 450 Lexington Avenue, New York, NY 10017

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
ANDERSON KILL & OLICK, P.C., Attn: Jeffrey E. Glen, 1251 Avenue of the Americas, New York, NY 10020 [see Rider B for additional attorneys]

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint.  You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached.  You may – but are not required to – respond to it.

Date: 4/10/2014



CLERK OF COURT

/s/ L. Aquino

*Signature of Clerk or Deputy Clerk*

AO 441 (Rev. 12/09)  Summons on Third-Party Complaint (Page 2)

Civil Action No. 12 Civ. 01596 (AKH)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                         *Server's signature*

                                         _____
                                         *Printed name and title*

                                         _____
                                         *Server's address*

Additional information regarding attempted service, etc:

# RIDER A

**LIST OF THIRD-PARTY DEFENDANTS AND ADDRESSES**

    **Acinox S.A.**
SEDE GUAYABAL
Cra 52 No. 7-30 Guayabal
Medellin, Colombia

    **Commerzbank AG**
(f/k/a Dresdner Bank New York)
1301 Avenue Of The Americas
New York, NY 10019-6022

    **Cubana De Aviacion S.A.**
Calle 23 No. 64 esq. P Infanta, Vedado,
Ciudad de La Habana,
Cuba

    **Aldo Vera, Jr.**, as Personal Representative of the Estate of Aldo Vera, Sr.

        C/O ANDERSON KILL & OLICK, P.C.
Jeffrey E. Glen
1251 Avenue of the Americas
New York, NY 10020

        C/O KOHN SWIFT & GRAF, P.C.
Robert A. Swift
One South Broad Street, Suite 2100
Philadelphia, PA 19107

**Jeannette Fuller Hausler** and **William Fuller**, as court-appointed co-representatives of the Estate of Robert Otis Fuller, deceased, on behalf of all beneficiaries of the Estate and the Estate of Robert Otis Fuller

        C/O GREENBERG TRAURIG, LLP
James Wilson Perkins
200 Park Avenue
New York , NY 10166

        C/O COLSON HICKS EIDSON
Roberto Martinez
Ronald W. Kleinman
255 Alhambra Circle, Penthouse
Coral Gables, FL, 33134

**Alfredo Villoldo**, individually, and **Gustavo E. Villoldo**, individually and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos

    C/O FRANKFURT KURNIT KLEIN & SELZ, P.C.
    Edward H. Rosenthal
    Beth I. Goldman
    488 Madison Ave, 10th Floor
    New York, NY 10022

    C/O HALL, LAMB AND HALL, P.A.
    Andrew C. Hall and Brandon R. Levitt
    Grand Bay Plaza, Penthouse One
    2665 South Bayshore Drive
    Miami FL 33133

## RIDER B

**LIST OF ADDITIONAL PLAINTIFFS' ATTORNEYS AND ADDRESSES**

**FRANKFURT KURNIT KLEIN & SELZ, P.C.**
Edward H. Rosenthal
Beth I. Goldman
488 Madison Ave, 10th Floor
New York, NY 10022

**GREENBERG TRAURIG, LLP**
James Wilson Perkins
200 Park Avenue
New York , NY 10166

3

## RIDER C

**INFORMATION ABOUT THIS PROCEEDING**

The defendant (also referred to as "respondent") who, as third-party petitioner, is making claims against you in the attached third-party petition is Credit Suisse AG, New York Branch ("Credit Suisse").

The plaintiffs (also referred to as "petitioners") who commenced this lawsuit are Aldo Vera, Jr.; Alfredo Villoldo, individually, and Gustavo Villoldo, individually and as the administrator, executor and personal representative of the Estate of Gustavo Villoldo Argilagos; and Jeanette Fuller Hausler and William Fuller. The petitioners all have a judgment against the Republic of Cuba, Fidel Castro Ruz, Raúl Castro Ruz, and the Cuban Revolutionary Armed Forces. Their lawsuit, commenced by filing with the Court a document entitled the "Amended Omnibus Petition for Turnover" (which the printed portion of the third-party summons refers to as a "complaint"), asks the Court to enter an order directing Credit Suisse and other bank respondents to turn over to the petitioners certain funds that the respondents are holding in blocked accounts. The funds in those accounts were derived from wire transfers that were blocked under sanctions imposed by the United States government against Cuba.

Despite what the printed portion of the third-party summons says, Credit Suisse is not making a claim against you for the payment of money. Credit Suisse is bringing this lawsuit against you only so that you have the opportunity (i) to make a claim to some or all of the funds being held in any given blocked account, if you have a basis for such a claim, or (ii) to oppose the turnover of such funds to the petitioners or any other party, if you have a sufficient interest in the funds to permit you to oppose any such turnover. The relief that Credit Suisse is seeking in this lawsuit, described more fully in the attached third-party petition, consists mainly of a discharge releasing it from any present or future liability as to the blocked accounts at issue.

Although the printed portion of the third-party summons correctly states that you are not required to respond to the petitioners' complaint, you are required to respond to the third-party petition if you want to assert a claim to any one or more of the blocked accounts at issue. You will otherwise waive your right to object to the turnover of the blocked funds to the petitioners or to argue that you yourself are entitled to such funds.

If you are a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, then under Section 1608(d) of the Foreign Sovereign Immunity Act of 1976, 28 U.S.C. § 1608(d) (the "FSIA"), you have 60 days from the time the third-party petition was served on you under Section 1608 of the FSIA to file your answer to the petition. That 60-day period applies even though a shorter period may be referred to in the printed portion of the third-party summons.