# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>               Plaintiff,<br><br>     v.<br><br>THE REPUBLIC OF CUBA,<br><br>               Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and<br><br>JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>               Petitioners,<br><br>     v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A.,<br><br>               Respondents/Garnishees. | **ANSWER AND AFFIRMATIVE DEFENSES OF PETITIONERS TO DEUTSCHE BANK TRUST COMPANY AMERICAS' THIRD-PARTY INTERPLEADER PETITION** |

DEUTSCHE BANK TRUST COMPANY AMERICAS,

      Respondent, Garnishee and Third-Party Petitioner,

v.

COMMERZBANK AG (as successor in interest to Dresdner Bank AG), MOPEDS SLOVAKIA L.T.D., and UNICREDIT BANK CZECH REPUBLIC AND SLOVAKIA, A.S. (as successor in interest to Creditanstalt A.S.)

      Third-Party Respondents and
      Adverse Claimants

and

ALDO VERA, JR., as personal representative of the Estate of Aldo Vera, Sr., JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, and ALFREDO VILLOLDO, individually and as Administrator, Executor and Personal representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,

      Petitioners and Interpleader
      Respondents

Petitioners, by their undersigned attorneys, state as follows for their Answer and Affirmative Defenses to the Third-Party Interpleader Petition (the "Interpleader Petition") filed by Deutsche Bank Trust Company Americas ("DBTCA"):

      1.     Petitioners admit the allegations of paragraph 1 of the Interpleader Petition.

      2.     Answering the allegations of paragraph 2, Petitioners admit that they are seeking accounts blocked pursuant to the Cuban Assets Control Regulations, including the account identified in Exhibit "A" of the Interpleader Petition.  Petitioners lack knowledge of any

2

additional parties who have claimed or may claim an interest in the property held by DBTCA or the specifics of the alleged routing of the wire transfer, and on that basis deny such allegations.

3.      Answering the allegations of paragraph 3, Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by DBTCA, and on that basis deny such allegation.  Petitioners deny that DBTCA is exposed to multiple or inconsistent liability.

4.      Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Interpleader Petition, and on that basis deny such allegation.

5.      Petitioners state that Paragraph 5 of the Interpleader Petition states a legal conclusion to which no responsive pleading is required and on that basis deny such allegation.

6.      Petitioners admit that this Court has jurisdiction over their Turnover Petition as alleged in paragraph 6 of the Interpleader Petition but state that the jurisdictional allegations state legal conclusions to which no response is required and on that basis deny such allegations.

7.      Petitioners admit that this Court has venue over their Turnover Petition as alleged in paragraph 7 of the Interpleader Petition but state that the allegations regarding venue state legal conclusions to which no response is required and on that basis deny such allegation.

8.      Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Interpleader Petition, and on that basis deny such allegation..

9.      Petitioners admit the allegations of paragraph 9 of the Interpleader Petition.

10.      Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Interpleader Petition.

11.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Interpleader Petition.

12.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Interpleader Petition.

13.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Interpleader Petition.

14.     Petitioners state that the allegation of paragraph 14 of the Interpleader Petition sets forth an internal definition, not facts.

15.     Petitioners admit the allegations of paragraph 15 of the Interpleader Petition.

16.     Petitioners admit the allegations of paragraph 16 of the Interpleader Petition.

17.     Petitioners admit the allegations of paragraph 17 of the Interpleader Petition insofar as "seizing" is intended to describe the turnover filing referenced in other paragraphs of the Petition.

18.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the factual allegations of paragraph 18 of the Interpleader Petition and state that the allegations concerning the operation of the Cuban Assets Control Regulations state a legal conclusion to which no response is required and on that basis deny such allegations.

19.     Petitioners admit the allegations of paragraph 19 of the Interpleader Petition.

20.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Interpleader Petition.

21.     Petitioners state that the allegations of paragraph 21 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

4

22.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Interpleader Petition.

23.     Petitioners repeat and reallege their responses to paragraphs 1 through 22 as though fully set forth.

24.     Answering the allegations of paragraph 24 of the Interpleader Petition, Petitioners admit that the subject account contains funds frozen pursuant to the Cuban Assets Control Regulation, but lack knowledge or information sufficient to form a belief as to the truth of the allegation concerning the reasoning behind the establishment of the referenced account.

25.     Petitioners deny the allegations of paragraph 25 of the Interpleader Petition.

26.     Petitioners admit the allegations of paragraph 26 of the Interpleader Petition.

27.     Petitioners state that the allegations of paragraph 27 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

28.     Petitioners state that paragraph 28 of the Interpleader Petition sets forth a legal conclusion to which no response is required and on that basis deny the allegations.

29.     Petitioners state that paragraph 29 sets forth a legal conclusion to which no response is required and on that basis deny the allegations.

## FIRST AFFIRMATIVE DEFENSE

30.     Petitioners are entitled to full relief and recovery under the Terrorism Risk Insurance Act, the Foreign Sovereign Immunities Act, and CPLR § 5225.  None of the Adverse Claimants except Petitioners have a superior claim to the Blocked Assets.

## SECOND AFFIRMATIVE DEFENSE

31.     The Interpleader Petition fails to state a claim upon which relief can be granted.

5

### THIRD AFFIRMATIVE DEFENSE

32.     By virtue of 31 C.F.R. 515.203, the Adverse Claimants except Petitioners have no claim to the Blocked Assets because such Adverse Claimants could not have acquired any interest in Blocked Assets after the date on which the assets were blocked.

### FOURTH AFFIRMATIVE DEFENSE

33.     The Adverse Claimants except Petitioners have no claim to the Blocked Assets by virtue of their commercial dealings with a designated state-sponsor of terrorism.

### FIFTH AFFIRMATIVE DEFENSE

34.     The Adverse Claimants except Petitioners have no claim to the Blocked Assets because the only means to release a Blocked Asset is either by license issued by OFAC or by Court Order for turnover in favor of a judgment-creditor of a state-sponsor of terrorism.  Upon information and belief, the Adverse Claimants have not been issued a license and are not judgment-creditors of the Republic of Cuba.

### SIXTH AFFIRMATIVE DEFENSE

35.     Any right that could be asserted by the Adverse Claimants (except Petitioners) to the Blocked Assets is preempted by the Terrorism Risk Insurance Act and the Foreign Sovereign Immunities Act.

### SEVENTH AFFIRMATIVE DEFENSE

36.     The Interpleader Petition fails to state a claim under N.Y. C.P.L.R. § 5239.

### EIGHTH AFFIRMATIVE DEFENSE

6

37.     The claims alleged the Interpleader Petition are barred under N.Y. Abandoned Property § 300, N.Y. C.P.L.R. § 213, and N.Y. U.C.C. § 4A-505.

## NINTH AFFIRMATIVE DEFENSE

38.     Any right that could be asserted by the Adverse Claimants except Petitioners to the Blocked Assets is barred under the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

39.     Petitioners reserve the right to amend and/or supplement this Answer.

WHEREFORE, Petitioners respectfully request that the Court (a) dismiss the Interpleader Petition in its entirety, or dismiss the claims of all other Adverse Claimants except Petitioners under the Amended Omnibus Petition for Turnover Order and (b) grant Petitioners such other relief as the Court deems appropriate.

HALL, LAMB & HALL, P.A.                          KOHN, SWIFT & GRAF, P.C.


By: /s Andrew C. Hall                            /s/  Robert A. Swift
     Andrew C. Hall, Esq.*                       Admitted *Pro Hac Vice*
     Brandon R. Levitt, Esq.                      One South Broad Street, Suite 2100
     Grand Bay Plaza, Penthouse One              Philadelphia, Pennsylvania 19107
     2665 South Bayshore Drive                    Phone: 215-238-1700
     Miami, Florida, 33133                        Fax:    215-238-1968
     Phone: (305) 374-5030
     Fax:    (305) 374-5033                       Jeffrey E. Glen
     * admitted *pro hac vice*                    ANDERSON KILL P.C.
                                                   1251 Avenue of the Americas
     *Attorneys for Alfredo Villoldo,*            New York, New York 10020
     *individually, and Gustavo E. Villoldo,*     Phone: 212-278-1000
     *individually, and as Administrator,*        Fax:    212-278-1733
     *Executor, and Personal*
     *Representative of the Estate of*            *Attorneys for Petitioner Aldo Vera, Jr.*
     *Gustavo Villoldo Agrilagos*

7

COLSON, HICKS, EIDSON


/s/  Roberto Martinez_____
Roberto Martinez, Esq.*
Ronald W. Kleinman, Esq.
255 Alhambra Circle, Penthouse
Coral Gables, Florida, 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
* *pro hac vice* admission pending (ECF No. 293)

*Attorneys for Petitioners Jeanette Fuller Hausler,
and William Fuller as court-appointed co-
representatives of the Estate of Robert Otis Fuller,
deceased, on behalf of all beneficiaries of the
Estate and the Estate Of Robert Otis Fuller*

8