UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>      Plaintiff,<br><br>    v.<br><br>THE REPUBLIC OF CUBA,<br><br>      Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and<br><br>JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and<br>GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>      Petitioners,<br><br>    v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A.,<br><br>      Respondents/Garnishees. | **ANSWER AND AFFIRMATIVE DEFENSES OF PETITIONERS TO UBS AG's THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER AND DIRECT CLAIMS FILED BY UBS** |

UBS AG,

   Garnishee-Respondent and Third-Party Petitioner,

v.

BANCO FINANCIERO INTERNACIONAL S.A..;

ALDO VERA, JR., as personal representative of the Estate of Aldo Vera, Sr.;

JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER; and

ALFREDO VILLOLDO, individually and as Administrator, Executor and Personal representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,

      Adverse Claimants-Respondents

   Petitioners, by their undersigned attorneys, state as follows for their Answer and Affirmative Defenses to the Third-Party Petition Alleging Claims in the Nature of Interpleader and Direct Claims (the "Interpleader Petition") filed by UBS AG ("UBS"):

   1.  Petitioners admit the allegations of paragraph 1 of the Interpleader Petition.

   2.  Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Interpleader Petition and on that basis deny the allegations, except they believe that UBS is holding in a blocked account the proceeds of the wire transfer at issue herein.  Petitioners state that the allegations of the third sentence of paragraph 2 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

3. Answering the allegations of paragraph 3, Petitioners admit that they are claiming entitlement to the proceeds from a blocked wire transfer in which Banco Financiero Internacional S.A. was a party because Banco Financiero Internacional S.A. is owned by, and is an agency and instrumentality, of the Republic of Cuba. Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by UBS and on that basis deny such allegation.

4. Petitioners acknowledge that UBS alleges the circumstances leading up to the blocked wire transfer at paragraphs 21-27 of its Interpleader Petition.

5. Petitioners state that the allegations of paragraph 5 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

6. Petitioners admit that this Court has jurisdiction over their Turnover Petition as alleged in paragraph 6 of the Interpleader Petition but state that the jurisdictional allegations set forth legal conclusions to which no response is required and on that basis deny the allegations.

7. Petitioners admit that this Court has venue over their Turnover Petition as alleged in paragraph 7 of the Interpleader Petition but state that the allegations regarding venue set forth legal conclusions to which no response is required and on that basis deny the allegations.

8. Petitioners admit the allegations of paragraph 8 of the Interpleader Petition.

9. Petitioners admit the allegations of paragraph 9 of the Interpleader Petition.

10. Petitioners admit the allegations of paragraph 10 of the Interpleader Petition.

11. Petitioners admit the allegations of paragraph 11 of the Interpleader Petition.

12. Petitioners admit that paragraph 12 recites the text of Section 201(a) of TRIA.

13. Petitioners admit that paragraph 13 recites the text of 28 U.S.C. 1610(g)(1).

14. Petitioners admit that paragraph 14 recites the text of 28 U.S.C. 1610(g)(3).

15. Petitioners deny that UBS has a valid claim to the proceeds of the blocked wire transfer. Petitioners state that the remaining allegations of paragraph 15 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

16. Petitioners admit the allegations of paragraph 16 of the Interpleader Petition.

17. Petitioners admit the allegations of paragraph 17 of the Interpleader Petition.

18. Petitioners admit the allegations of paragraph 18 of the Interpleader Petition.

19. Petitioners admit the allegations of paragraph 19 of the Interpleader Petition.

20. Petitioners admit that UBS is a corporation with publicly traded shares organized and existing under the laws of Switzerland with its head office in Zurich, Switzerland and branch offices in New York City and Stamford, Connecticut. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Interpleader Petition and on that basis deny the allegations.

21. Petitioners admit the allegations of paragraph 21 of the Interpleader Petition.

22. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Interpleader Petition and on that basis deny the allegations.

23. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Interpleader Petition and on that basis deny the allegations.

24. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Interpleader Petition. The final sentence of paragraph 24 states a legal conclusion to which no response is required and on that basis deny the allegations.

25. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Interpleader Petition and on that basis deny the allegations.

26. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Interpleader Petition and on that basis deny the allegations.

27. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Interpleader Petition and on that basis deny the allegations.

28. Petitioners incorporate their responses to paragraphs 1 through 27 of the Interpleader Petition as though fully set forth.

29. Petitioners deny the allegations of paragraph 29 of the Interpleader Petition.

30. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Interpleader Petition and on that basis deny the allegations.

31. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Interpleader Petition and on that basis deny the allegations.

32. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Interpleader Petition and on that basis deny the allegations.

33. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Interpleader Petition and on that basis deny the allegations.

34. Petitioners deny the allegations of paragraph 34 of the Interpleader Petition.

35. Petitioners incorporate their responses to paragraphs 1 through 27 of the Interpleader Petition as though fully set forth.

36. Petitioners state that the allegations of paragraph 36 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

## FIRST AFFIRMATIVE DEFENSE

1. Petitioners are entitled to full relief and recovery under the Terrorism Risk Insurance Act, the Foreign Sovereign Immunities Act, and CPLR § 5225.  None of the Adverse Claimants except Petitioners have a superior claim to the Blocked Assets.

## SECOND AFFIRMATIVE DEFENSE

2. The Interpleader Petition fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3. By virtue of 31 C.F.R. 515.203, the Adverse Claimants except Petitioners have no claim to the Blocked Assets because such Adverse Claimants could not have acquired any interest in Blocked Assets after the date on which the assets were blocked.

## FOURTH AFFIRMATIVE DEFENSE

4. The Adverse Claimants except Petitioners have no claim to the Blocked Assets by virtue of their commercial dealings with a designated state-sponsor of terrorism.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Adverse Claimants except Petitioners have no claim to the Blocked Assets because the only means to release a Blocked Asset is either by license issued by OFAC or by Court Order for turnover in favor of a judgment-creditor of a state-sponsor of terrorism. Upon information and belief, the Adverse Claimants have not been issued a license and are not judgment-creditors of the Republic of Cuba.

**SIXTH AFFIRMATIVE DEFENSE**

6. Any right that could be asserted by the Adverse Claimants (except Petitioners) to the Blocked Assets is preempted by the Terrorism Risk Insurance Act and the Foreign Sovereign Immunities Act.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Interpleader Petition fails to state a claim under N.Y. C.P.L.R. § 5239.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The claims alleged the Interpleader Petition are barred under N.Y. Abandoned Property § 300, N.Y. C.P.L.R. § 213, and N.Y. U.C.C. § 4A-505.

**NINTH AFFIRMATIVE DEFENSE**

9. Any right that could be asserted by the Adverse Claimants except Petitioners to the Blocked Assets is barred under the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

10. Petitioners reserve the right to amend and/or supplement this Answer.

WHEREFORE, Petitioners respectfully request that the Court (a) dismiss the Interpleader Petition in its entirety, or dismiss the claims of all other Adverse Claimants except Petitioners under the Amended Omnibus Petition for Turnover Order and (b) grant Petitioners such other relief as the Court deems appropriate.

| HALL, LAMB & HALL, P.A. | KOHN, SWIFT & GRAF, P.C. |
|---|---|
| By: /s Andrew C. Hall<br>    Andrew C. Hall, Esq.*<br>    Brandon R. Levitt, Esq.<br>    Grand Bay Plaza, Penthouse One<br>    2665 South Bayshore Drive<br>    Miami, Florida, 33133<br>    Phone: (305) 374-5030<br>    Fax:    (305) 374-5033<br>    * admitted *pro hac vice*<br><br>    *Attorneys for Alfredo Villoldo, individually, and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Agrilagos* | /s/ Robert A. Swift<br>Admitted *Pro Hac Vice*<br>One South Broad Street, Suite 2100<br>Philadelphia, Pennsylvania 19107<br>Phone: 215-238-1700<br>Fax:    215-238-1968<br><br>Jeffrey E. Glen<br>ANDERSON KILL P.C.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Phone: 212-278-1000<br>Fax:    212-278-1733<br><br>*Attorneys for Petitioner Aldo Vera, Jr.*<br><br>COLSON, HICKS, EIDSON<br><br>/s/ Roberto Martinez<br>Roberto Martinez, Esq.*<br>Ronald W. Kleinman, Esq.<br>255 Alhambra Circle, Penthouse<br>Coral Gables, Florida, 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>* *pro hac vice* admission pending (ECF No. 293)<br><br>*Attorneys for Petitioners Jeanette Fuller Hausler, and William Fuller as court-appointed co-representatives of the Estate of Robert Otis Fuller, deceased, on behalf of all beneficiaries of the Estate and the Estate Of Robert Otis Fuller* |