## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA, <br><br> Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and <br><br> JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and <br><br> ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, <br><br> Petitioners, <br><br> v. <br><br> BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A., <br><br> Respondents/Garnishees. | **ANSWER AND AFFIRMATIVE DEFENSES OF PETITIONERS TO CITIBANK N.A.'s THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER** |

CITIBANK, N.A.,

      Garnishee-Respondent and Third-Party Petitioner,

v.

BANCA MONTE DEI PASCHI DI SIENA S.P.A. (F/K/A
BANCA NAZIONALE DELL'AGRICOLTURA); BANCO
NACIONAL DE CUBA; CORAL CONTAINER LINES S.A.;
ING BANK N.V. (F/K/A INTERNATIONALE
NEDERLANDEN BANK N.V.); LINSHANG BANK CO., LTD.
(F/K/A LINYI CITY COMMERCIAL BANK CO., LTD.); MCV
COMMERCIAL S.A.; TECNOIMPORT;

and

ALDO VERA, JR., as personal representative of the Estate of
Aldo Vera, Sr.,

JEANETTE FULLER HAUSLER, and WILLIAM FULLER as
court-appointed co-representatives of the ESTATE OF ROBERT
OTIS FULLER, and

ALFREDO VILLOLDO, individually and as Administrator,
Executor and Personal representative of the ESTATE OF
GUSTAVO VILLOLDO ARGILAGOS,

      Adverse Claimants-Respondents

Petitioners, by their undersigned attorneys, state as follows for their Answer and
Affirmative Defenses to the Third-Party Petition Alleging Claims in the Nature of Interpleader
(the "Interpleader Petition") filed by Citibank, N.A. ("Citibank"):

1.      Petitioners admit the allegations of paragraph 1 of the Interpleader Petition.

2.      Answering the allegations of paragraph 2 of the Interpleader Petition, Petitioners
admit they are seeking accounts blocked pursuant to the Cuban Assets Control Regulations.
Petitioners lack knowledge of any additional parties who have claimed or may claim an interest

2

in the property held by Citibank and on that basis deny such allegations.  Petitioners state that the remaining allegations of paragraph 2 sets forth a legal conclusion to which no response is required and on that basis deny the allegations.

3.    Answering the allegations of paragraph 3, Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by Citibank and on that basis deny such allegation.  Petitioners admit that the blocked wire transfers are described in paragraphs 26-41 of the Interpleader Petition.

4.    Petitioners deny that Citibank is exposed to double or multiple liability. Petitioners state that the remaining allegations of paragraph 4 of the Interpleader Petition set forth legal conclusions to which no response is required and on that basis deny the allegations.

5.    Petitioners admit that this Court has jurisdiction over their Turnover Petition as alleged in paragraph 5 of the Interpleader Petition but state that the jurisdictional allegations set forth legal conclusions to which no response is required and on that basis deny the allegations.

6.    Petitioners admit that this Court has venue over their Turnover Petition as alleged in paragraph 6 of the Interpleader Petition.

7.    Petitioners admit the allegations of paragraph 7 of the Interpleader Petition.

8.    Petitioners admit the allegations of paragraph 8 of the Interpleader Petition.

9.    Petitioners admit the allegations of paragraph 9 of the Interpleader Petition.

10.    Petitioners admit the allegations of paragraph 10 of the Interpleader Petition.

11.    Petitioners admit the allegations of paragraph 11 of the Interpleader Petition.

12.    Petitioners admit the allegations of paragraph 12 of the Interpleader Petition.  By way of further answer, the September 9, 2013 Omnibus Petition did not include the list of

blocked accounts at each bank because, as stated in paragraph 50 thereof, each bank was furnished with a list of the accounts at that bank which were being sought.

13.     Petitioners admit that paragraph 13 recites the text of Section 201(a) of TRIA.

14.     Petitioners admit that paragraph 14 recites the text of 28 U.S.C. 1610(g)(1).

15.     Petitioners admit that paragraph 15 recites the text of 28 U.S.C. 1610(g)(3).

16.     Petitioners state that the allegations of paragraph 16 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

17.     Petitioners admit the allegations of paragraph 17 of the Interpleader Petition.

18.     Petitioners state that the allegations of paragraph 16 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

19.     Petitioners incorporate their responses to paragraphs 8 through 12 as though fully set forth.

20.     Petitioners admit the allegations of paragraph 20 of the Interpleader Petition.

21.     Petitioners admit the allegations of paragraph 21 of the Interpleader Petition.

22.     Petitioners admit the allegations of paragraph 22 of the Interpleader Petition.

23.     Petitioners admit only that Citibank so alleges.

24.     Petitioners state that the allegations of paragraph 24 of the Interpleader Petition state a legal conclusion to which no response is required and on that basis deny the allegations.

25.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Interpleader Petition and on that basis deny the allegations.

26.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Interpleader Petition and on that basis deny the allegations.

27.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Interpleader Petition and on that basis deny the allegations.

28.     Petitioners admit the allegations of paragraph 28 of the Interpleader Petition.

29.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Interpleader Petition and on that basis deny the allegations.

30.     Petitioners admit the allegations of paragraph 30 of the Interpleader Petition.  By way of further answer, Coral Container Lines S.A. is an agency or instrumentality of the Republic of Cuba.

31.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Interpleader Petition and on that basis deny the allegations.

32.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Interpleader Petition and on that basis deny the allegations.

33.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Interpleader Petition and on that basis deny the allegations.

34.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Interpleader Petition and on that basis deny the allegations.

35.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Interpleader Petition and on that basis deny the allegations.

36.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Interpleader Petition and on that basis deny the allegations.

37.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Interpleader Petition and on that basis deny the allegations.

38.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Interpleader Petition and on that basis deny the allegations.

39.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Interpleader Petition and on that basis deny the allegations.

40.     Petitioners admit the allegations of paragraph 40 of the Interpleader Petition.

41.      Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Interpleader Petition and on that basis deny the allegations.

42.     Petitioners admit the allegations of paragraph 42 of the Interpleader Petition

43.     Petitioners deny that Citibank is exposed to double or multiple liability. Petitioners state that the remaining allegations of paragraph 43 set forth a legal conclusion to which no response is required and on that basis deny such allegations.

44.     Petitioners state that the allegations of paragraph 44 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

45.     Petitioners state that the allegations of paragraph 45 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

46.     Petitioners state that the allegations of paragraph 46 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

### FIRST AFFIRMATIVE DEFENSE

1.     Petitioners are entitled to full relief and recovery under the Terrorism Risk Insurance Act, the Foreign Sovereign Immunities Act, and CPLR § 5225.  None of the Adverse Claimants except Petitioners have a superior claim to the Blocked Assets.

### SECOND AFFIRMATIVE DEFENSE

2.     The Interpleader Petition fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

3.     By virtue of 31 C.F.R. 515.203, the Adverse Claimants except Petitioners have no claim to the Blocked Assets because such Adverse Claimants could not have acquired any interest in Blocked Assets after the date on which the assets were blocked.

### FOURTH AFFIRMATIVE DEFENSE

4.     The Adverse Claimants except Petitioners have no claim to the Blocked Assets by virtue of their commercial dealings with a designated state-sponsor of terrorism.

**FIFTH AFFIRMATIVE DEFENSE**

5.      The Adverse Claimants except Petitioners have no claim to the Blocked Assets because the only means to release a Blocked Asset is either by license issued by OFAC or by Court Order for turnover in favor of a judgment-creditor of a state-sponsor of terrorism.  Upon information and belief, the Adverse Claimants have not been issued a license and are not judgment-creditors of the Republic of Cuba.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Any right that could be asserted by the Adverse Claimants (except Petitioners) to the Blocked Assets is preempted by the Terrorism Risk Insurance Act and the Foreign Sovereign Immunities Act.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      The Interpleader Petition fails to state a claim under N.Y. C.P.L.R. § 5239.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      The claims alleged the Interpleader Petition are barred under N.Y. Abandoned Property § 300, N.Y. C.P.L.R. § 213, and N.Y. U.C.C. § 4A-505.

**NINTH AFFIRMATIVE DEFENSE**

9.      Any right that could be asserted by the Adverse Claimants except Petitioners to the Blocked Assets is barred under the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

10.     Petitioners reserve the right to amend and/or supplement this Answer.

WHEREFORE, Petitioners respectfully request that the Court (a) dismiss the Interpleader Petition in its entirety, or dismiss the claims of all other Adverse Claimants except Petitioners under the Amended Omnibus Petition for Turnover Order and (b) grant Petitioners such other relief as the Court deems appropriate.

HALL, LAMB & HALL, P.A.

By: /s Andrew C. Hall
    Andrew C. Hall, Esq.*
    Brandon R. Levitt, Esq.
    Grand Bay Plaza, Penthouse One
    2665 South Bayshore Drive
    Miami, Florida, 33133
    Phone: (305) 374-5030
    Fax:    (305) 374-5033
    * admitted *pro hac vice*

    *Attorneys for Alfredo Villoldo,*
    *individually, and Gustavo E. Villoldo,*
    *individually, and as Administrator,*
    *Executor, and Personal*
    *Representative of the Estate of*
    *Gustavo Villoldo Agrilagos*

KOHN, SWIFT & GRAF, P.C.

/s/  Robert A. Swift
Admitted *Pro Hac Vice*
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19107
Phone: 215-238-1700
Fax:    215-238-1968

Jeffrey E. Glen
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York 10020
Phone: 212-278-1000
Fax:    212-278-1733

*Attorneys for Petitioner Aldo Vera, Jr.*

COLSON, HICKS, EIDSON

/s/  Roberto Martinez
Roberto Martinez, Esq.*
Ronald W. Kleinman, Esq.
255 Alhambra Circle, Penthouse
Coral Gables, Florida, 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
* *pro hac vice* admission pending (ECF No. 293)

*Attorneys for Petitioners Jeanette Fuller Hausler,*
*and William Fuller as court-appointed co-*
*representatives of the Estate of Robert Otis Fuller,*
*deceased, on behalf of all beneficiaries of the*
*Estate and the Estate Of Robert Otis Fuller*

9