UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF CUBA,<br><br>Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and<br><br>JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>Petitioners,<br><br>v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A.,<br><br>Respondents/Garnishees. | **ANSWER AND AFFIRMATIVE DEFENSES OF PETITIONERS TO BANK OF NEW YORK MELLON'S THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER** |

| |
|---|
| BANK OF NEW YORK MELLON, |
|       Garnishee-Respondent and Third-Party Petitioner, |
| v. |
| ALDO VERA, JR., as personal representative of the Estate of Aldo Vera, Sr.; |
| JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER; and |
| ALFREDO VILLOLDO, individually and as Administrator, Executor and Personal representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, |
|                       Counterclaim Respondents, |
| and |
| SBH TABAC EURL (a/k/a LA CASA DEL HABANO), CORPORACION HABANOS S.A., THE WINDWARD ISLANDS BANK LTD., FENNINA JAMEL, BBVA BANCOMER, S.A., CUBANA DE AVIACION, S.A., NATIONAL BANK OF CANADA, CUBANACAN NEGOCIOS MEXICO, S.A. DE C.V., ING BANK N.V. (CURACAO), ING BANK N.V., CASA FINANCIERA FINTUR S.A., NIREF B.V., VTB BANK (a/k/a BANK FOR FOREIGN TRADE OF THE RUSSIAN FEDERATION), IKOMBANK and JSC ZARUEZHTSVETMET, |
|                       Third-Party Respondents |

Petitioners, by their undersigned attorneys, state as follows for their Answer and Affirmative Defenses to the Third-Party Petition Alleging Claims in the Nature of Interpleader (the "Interpleader Petition") filed by Bank of New York Mellon:

1. Petitioners admit the allegations of paragraph 1 of the Interpleader Petition.

2. Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by Bank of New York Mellon and on that basis deny such allegation. Petitioners state that the remaining allegations of paragraph 2 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

3. Answering the allegations of paragraph 3 of the Interpleader Petition, Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by Bank of New York Mellon and on that basis deny such allegation. Petitioners state that the remaining allegations of paragraph 3 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

4. Petitioners admit that this Court has jurisdiction over their Turnover Petition as alleged in paragraph 4 of the Interpleader Petition but state that the jurisdictional allegations set forth legal conclusions to which no response is required and on that basis deny the allegations.

5. Petitioners admit that this Court has venue over their Turnover Petition as alleged in paragraph 5 of the Interpleader Petition but state that the allegations regarding venue set forth legal conclusions to which no response is required and on that basis deny the allegations.

6. Petitioners admit the allegations of paragraph 6 of the Interpleader Petition.

7. Petitioners admit the allegations of paragraph 7 of the Interpleader Petition.

8. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Interpleader Petition and on that basis deny the allegations.

9. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Interpleader Petition and on that basis deny the allegations.

10. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Interpleader Petition and on that basis deny the allegations.

11. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Interpleader Petition and on that basis deny the allegations.

12. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Interpleader Petition and on that basis deny the allegations.

13. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Interpleader Petition and on that basis deny the allegations.

14. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Interpleader Petition and on that basis deny the allegations.

15. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Interpleader Petition and on that basis deny the allegations.

16. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Interpleader Petition and on that basis deny the allegations.

17. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Interpleader Petition and on that basis deny the allegations.

18. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Interpleader Petition and on that basis deny the allegations.

19. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Interpleader Petition and on that basis deny the allegations.

20. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Interpleader Petition and on that basis deny the allegations.

21. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Interpleader Petition and on that basis deny the allegations.

22. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Interpleader Petition and on that basis deny the allegations.

23. Petitioners admit the allegations of paragraph 23 of the Interpleader Petition.

24. Petitioners admit the allegations of paragraph 24 of the Interpleader Petition.

25. Petitioners admit the allegations of paragraph 25 of the Interpleader Petition.

nydocs1-1032119.1

26. Petitioners deny that any other party or entity has a valid claim or right to the Blocked Assets. Petitioners state that the remaining allegations in paragraph 26 contain legal conclusions and not facts and on that basis deny the allegations.

27. Answering the allegations of paragraph 27 of the Interpleader Petition, Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by Bank of New York Mellon and on that basis deny such allegation. Petitioners state that the remaining allegations of paragraph 27 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

28. Answering the allegations of paragraph 28 of the Interpleader Petition, Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by Bank of New York Mellon and on that basis deny such allegation. Petitioners state that the remaining allegations of paragraph 28 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

29. Petitioners deny that Bank of New York Mellon may be exposed to double or multiple liability as alleged in paragraph 29 of the Interpleader Petition. Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by Bank of New York Mellon and on that basis deny such allegation. Petitioners state that the remaining allegations of paragraph 29 of the Interpleader Petition set forth legal conclusions to which no response is required and on that basis deny the allegations.

## ANSWER TO COUNTERCLAIMS

1. Petitioners state that paragraph 30 claims to incorporate paragraphs 1 through 29 and hereby incorporate their responses to such paragraphs as if stated herein.

2. Petitioners admit that paragraph 31 recites the text of CPLR § 5239.

3. Petitioners state that paragraph 32 contains legal conclusions about Bank of New York Mellon's alleged entitlement to relief and not facts and on that basis deny the allegations.

4. Petitioners state that paragraph 33 claims to incorporate paragraphs 1 through 32 and hereby incorporate their responses to such paragraphs as if stated herein.

5. Petitioners deny the allegations contained in paragraph 34.

6. Petitioners state that paragraph 35 contains legal conclusions about Bank of New York Mellon's alleged entitlement to relief and not facts and on that basis deny the allegations.

7. Petitioners state that paragraph 36 claims to incorporate paragraphs 1 through 35 and hereby incorporate their responses to such paragraphs as if stated herein.

8. Petitioners state that paragraph 37 contains legal conclusions about Bank of New York Mellon's alleged entitlement to relief and not facts and on that basis deny the allegations.

9. Petitioners state that paragraph 38 contains legal conclusions about Bank of New York Mellon's alleged entitlement to relief and not facts and on that basis deny the allegations.

10. Petitioners state that paragraph 39 claims to incorporate paragraphs 1 through 38 and hereby incorporate their responses to such paragraphs as if stated herein

11. Petitioners state that paragraph 40 contains legal conclusions about Bank of New York Mellon's alleged entitlement to relief and not facts and on that basis deny the allegations.

12. Petitioners deny that Bank of New York Mellon is entitled to any relief in these proceedings, including but not limited to an award of attorney's fees or costs.

13. Any allegations not specifically admitted herein are expressly denied.

**FIRST AFFIRMATIVE DEFENSE**

1. Petitioners are entitled to full relief and recovery under the Terrorism Risk Insurance Act, the Foreign Sovereign Immunities Act, and CPLR § 5225. None of the Adverse Claimants except Petitioners have a superior claim to the Blocked Assets.

**SECOND AFFIRMATIVE DEFENSE**

2. The Interpleader Petition fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

3. By virtue of 31 C.F.R. 515.203, the Adverse Claimants except Petitioners have no claim to the Blocked Assets because such Adverse Claimants could not have acquired any interest in Blocked Assets after the date on which the assets were blocked.

**FOURTH AFFIRMATIVE DEFENSE**

4. The Adverse Claimants except Petitioners have no claim to the Blocked Assets by virtue of their commercial dealings with a designated state-sponsor of terrorism.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Adverse Claimants except Petitioners have no claim to the Blocked Assets because the only means to release a Blocked Asset is either by license issued by OFAC or by Court Order for turnover in favor of a judgment-creditor of a state-sponsor of terrorism. Upon information and belief, the Adverse Claimants have not been issued a license and are not judgment-creditors of the Republic of Cuba.

**SIXTH AFFIRMATIVE DEFENSE**

6. Any right that could be asserted by the Adverse Claimants (except Petitioners) to the Blocked Assets is preempted by the Terrorism Risk Insurance Act and the Foreign Sovereign Immunities Act.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Interpleader Petition fails to state a claim under N.Y. C.P.L.R. § 5239.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The claims alleged the Interpleader Petition are barred under N.Y. Abandoned Property § 300, N.Y. C.P.L.R. § 213, and N.Y. U.C.C. § 4A-505.

**NINTH AFFIRMATIVE DEFENSE**

9. Any right that could be asserted by the Adverse Claimants except Petitioners to the Blocked Assets is barred under the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

10. Petitioners reserve the right to amend and/or supplement this Answer.

WHEREFORE, Petitioners respectfully request that the Court (a) dismiss the Interpleader Petition in its entirety, or dismiss the claims of all other Adverse Claimants except Petitioners under the Amended Omnibus Petition for Turnover Order and (b) grant Petitioners such other relief as the Court deems appropriate.

| HALL, LAMB & HALL, P.A. | KOHN, SWIFT & GRAF, P.C. |
|---|---|
| By: /s Andrew C. Hall<br>Andrew C. Hall, Esq.*<br>Brandon R. Levitt, Esq.<br>Grand Bay Plaza, Penthouse One<br>2665 South Bayshore Drive<br>Miami, Florida, 33133<br>Phone: (305) 374-5030<br>Fax: (305) 374-5033<br>* admitted *pro hac vice*<br><br>*Attorneys for Alfredo Villoldo, individually, and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Agrilagos* | /s/ Robert A. Swift<br>Admitted *Pro Hac Vice*<br>One South Broad Street, Suite 2100<br>Philadelphia, Pennsylvania 19107<br>Phone: 215-238-1700<br>Fax: 215-238-1968<br><br>Jeffrey E. Glen<br>ANDERSON KILL P.C.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Phone: 212-278-1000<br>Fax: 212-278-1733<br><br>*Attorneys for Petitioner Aldo Vera, Jr.*<br><br>COLSON, HICKS, EIDSON<br><br>/s/ Roberto Martinez<br>Roberto Martinez, Esq.*<br>Ronald W. Kleinman, Esq.<br>255 Alhambra Circle, Penthouse<br>Coral Gables, Florida, 33134<br>Phone: (305) 476-7400<br>Fax: (305) 476-7444<br>* *pro hac vice* admission pending (ECF No. 293)<br><br>*Attorneys for Petitioners Jeanette Fuller Hausler, and William Fuller as court-appointed co-representatives of the Estate of Robert Otis Fuller, deceased, on behalf of all beneficiaries of the Estate and the Estate Of Robert Otis Fuller* |