UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA, <br><br> Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and <br><br> JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and <br><br> ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, <br><br> Petitioners, <br><br> v. <br><br> BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A., <br><br> Respondents/Garnishees. | **ANSWER AND AFFIRMATIVE DEFENSES OF PETITIONERS TO JPMORGAN CHASE BANK N.A.'s THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER** |

1

JPMORGAN CHASE BANK, N.A..,

    Garnishee-Respondent and Third-Party Petitioner,

v.

MARTİINEZ AMORES; MARİA DEL CARMEN FOJO LAGE; GUILLERMINA DOVAL AGUSTI; NICASIO ESCALANTE; CRISTINA GELATS FÁBREGAS; JOSE FELIÚGARCIA; AMELIA GARCİA GÓMEZ; ALBERTO ANTONIO PÉREZ MUÑOZ; CONRADO ENRIQUE PÉREZ MUÑOZ; MARİA DEL CARMEN MUÑOZ Y SOLİS; HILDA CASELL DE PELLA; HILDA MARİA PELLA; MARIA AMELIA DANIELA PELLA; MARİA LUISA ALDANA PELLA; MATILDE PELLA; OSCAR A. ALDANA PELLA; and OSCAR PELLA, and the HEIRS and ASSIGNS of ALL SUCH PARTIES;

CASIMIRO GARCIA GARCIA; AMELIA GARCIA GOMEZ; JOSE FELIU GARCIA; FRANCISCO GARCIA DIAZ; AMELIA GARCIA DIAZ; JOSE GOMEZ MENA; JUAN MORALES Y PEDROSO, and the HEIRS and ASSIGNS of ALL SUCH PARTIES;

RICHARD ESCOBAR; MICHAEL L. JONES; CARLOS A. RAMIREZ, and the HEIRS and ASSIGNS of ALL SUCH PARTIES

ALFREDO ALFONSO; EUGENIO ALFONSO; DELCAMPA ODON ALVAREZ; DEMETRIO ALVARES; ORLANDO ARGIZ; NICOLAS BARRIOS; JESUS BRITO; JOSE M. CUESTO; PEDRO DELAROSO; OSCAR DELUS REYES; ANDRES DERIOS; CARLOS DIAZ; LUIS ECHEGOYEN; HERMENEGILDO ENRIQUEZ; RENE EXCAJADILLO; MIRTHA ESTEVEZ; CONSTANTINE FERNANDEZ; JESUS A. GARCIA; IGNACIO GOMEZ; MIGUEL A. GONZALEZ; CECILIA GUITEIERREZ; MAXIMO HERNANDEZ; JOSE LAGO; ALBERTO LOPEZ; LUIS F. MONTES; RAUL MUNOS; JESUS NOVO; JOSE Z. OLIVARRES; LUIS OTANO; OLGA PEREZ; GUADELUPE PRIETO; DEARRELANO RAMIREZ; ENRIQUE RODRIGUEZ, and the HEIRS and ASSIGNS of ALL SUCH PARTIES;

JULIA RODRIGUEZ; MARIO RODRIGUEZ; JOSE SUAREZ; CARMEN TRAVIESO; MANUEL TRINCHET; PABLO VIDAL, and the HEIRS and ASSIGNS of ALL SUCH PARTIES

2

nydocs1-1033047.2


BANCO NACIONAL DE CUBA, as the successor in interest to Banco Gelats and any other private bank through which the Cuban Nationals named as Adverse Claimant-Respondents herein may have opened local accounts

and

ALDO VERA, JR., as personal representative of the Estate of Aldo Vera, Sr., JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, and ALFREDO VILLOLDO, individually and as Administrator, Executor and Personal representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,

      Adverse Claimants-Respondents

  Petitioners, by their undersigned attorneys, state as follows for their Answer and Affirmative Defenses to the Third-Party Petition Alleging Claims in the Nature of Interpleader (the "Interpleader Petition") filed by JPMorgan Chase Bank, N.A. ("JPMorgan"):

  1. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 1 of the Interpleader Petition and on that basis deny the allegations. Petitioners admit the allegations of the second sentence of paragraph 1 of the Interpleader Petition.

  2. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Interpleader Petition and on that basis deny the allegations except they believe that JPMorgan is holding in blocked accounts the proceeds of the custody or trust accounts at issue herein. Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by JPMorgan and on that basis

3

deny such allegation. Petitioners state that the remaining allegations of paragraph 2 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

3. Answering the allegations of paragraph 3 of the Interpleader Petition, Petitioners lack knowledge of any additional parties who have claimed or may claim an interest in the property held by JPMorgan and on that basis deny such allegation.

4. Petitioners state that the allegations of paragraph 4 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

5. Petitioners admit that this Court has jurisdiction over their Turnover Petition but state that the jurisdictional allegations set forth legal conclusions to which no response is required and on that basis deny such allegations.

6. Petitioners admit that this Court has venue over their Turnover Petition but state that the allegations regarding venue set forth legal conclusions to which no response is required and on that basis deny such allegation.

7. Petitioners admit the allegations of paragraph 7 of the Interpleader Petition.

8. Petitioners admit the allegations of paragraph 8 of the Interpleader Petition.

9. Petitioners admit the allegations of paragraph 9 of the Interpleader Petition.

10. Petitioners admit the allegations of paragraph 10 of the Interpleader Petition.

11. Petitioners admit the allegations of paragraph 11 of the Interpleader Petition.

12. Petitioners admit the allegations of paragraph 12 of the Interpleader Petition. By way of further answer, the September 9, 2013 Omnibus Petition did not include the list of blocked accounts at each bank because, as stated in paragraph 50 thereof, each bank was furnished with a list of the accounts at that bank which were being sought. As to the allegations

nydocs1-1033047.2

contained in the third sentence of paragraph 12, Petitioners admit the allegations but refer the court to the pleading concerning the specific claims brought by each Petitioner.

13. Petitioners admit that paragraph 13 recites the text of Section 201(a) of TRIA, which speaks for itself, but deny the characterizations of such Section, including in the heading before paragraph 13, and further deny that the Section contains the underscoring in its text.

14. Petitioners admit that Paragraph 14 recites the text of 28 U.S.C. 1610(g)(1).

15. Petitioners admit that Paragraph 15 recites the text of 28 U.S.C. 1610(g)(3).

16. Petitioners state that paragraph 16 of the Interpleader Petition sets forth a legal conclusion to which no response is required and on that basis deny the allegations.

17. Petitioners admit that they filed the pleading referenced in paragraph 17 of the Interpleader Petition, which speaks for itself, but deny the characterizations of the pleadings to the extent they are inconsistent with the text of the pleading.

18. Petitioners admit that the referenced court proceedings exist and that their status and nature speak for themselves, but to the extent that the remaining allegations of paragraph 18 of the Interpleader Petition set forth legal conclusions no response is required and Petitioners deny such allegations on that basis.

19. Petitioners incorporate their responses to paragraphs 8 through 12 as though fully set forth.

20. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Interpleader Petition and on that basis deny the allegations.

21. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Interpleader Petition and on that basis deny the allegations.

22. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Interpleader Petition and on that basis deny the allegations.

23. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Interpleader Petition and on that basis deny the allegations.

24. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Interpleader Petition and on that basis deny the allegations.

25. Petitioners admit that Banco Nacional de Cuba is a bank organized and existing under Cuban law. By way of further answer, Banco Nacional de Cuba is an agency or instrumentality of the Republic of Cuba. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of the Interpleader Petition and on that basis deny the allegations.

26. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Interpleader Petition and on that basis deny the allegations. The Hausler Petitioners admit that it received the referenced correspondence to which the Court is referred, but that the document speaks for itself.

27. Petitioners Vera and Villoldo lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Interpleader Petition and on that

basis deny the allegations. The Hausler Petitioners admit that it received the referenced correspondence to which the Court is referred, but that the document speaks for itself.

28. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Interpleader Petition and on that basis deny the allegations. The Hausler Petitioners admit that it received the referenced correspondence to which the Court is referred, but that the document speaks for itself.

29. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Interpleader Petition and on that basis deny the allegations. The Hausler Petitioners admit that it received the referenced correspondence to which the Court is referred, but that the document speaks for itself.

30. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Interpleader Petition and on that basis deny the allegations.

31. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Interpleader Petition and on that basis deny the allegations. Petitioners state that the remaining allegations of paragraph 31 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

32. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Interpleader Petition and on that basis deny the allegations. The Hausler Petitioners admit that it served the referenced writ as alleged, to which the Court is referred, and the content of such writ speaks for itself. Petitioners state that the remaining allegations of paragraph 32 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

33. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Interpleader Petition and on that basis deny the allegations.

34. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Interpleader Petition and on that basis deny the allegations.  The Hausler Petitioners admit that it received the referenced correspondence to which the Court is referred, but that the document speaks for itself.

35. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Interpleader Petition and on that basis deny the allegations.  The Hausler Petitioners admit that it received the referenced correspondence to which the Court is referred, but that the document speaks for itself.

36. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Interpleader Petition and on that basis deny the allegations.  Petitioners state that the remaining allegations of paragraph 36 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

37. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Interpleader Petition and on that basis deny the allegations. The Hausler Petitioners admit that it served the referenced writ as alleged, to which the Court is referred, and the content of such writ speaks for itself.  Petitioners state that the remaining allegations of paragraph 37 set forth a legal conclusion to which no response is required and on that basis deny the allegations.

nydocs1-1033047.2

38. Petitioners admit the allegations of paragraph 38 of the Interpleader Petition, which speaks for itself, but deny the characterizations of the pleading to the extent they are inconsistent with the text of the pleading.

39. Petitioners deny the allegations of paragraph 39 of the Interpleader Petition.

40. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Interpleader Petition and on that basis deny the allegations.

41. The Hausler Petitioners admit that it served the writ referenced in paragraph 41, and refer the Court to its content, but deny the alleged link with the allegations of paragraph 40, and the other Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Interpleader Petition and on that basis deny the allegations.

42. Petitioners state that the allegations of paragraph 42 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

43. Petitioners state that the allegations of paragraph 43 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

44. Petitioners state that the allegations of paragraph 44 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations. To the extent paragraph 32 alleges factual allegations, Petitioners lack knowledge or information sufficient to form a belief as to their truth and on that basis deny the allegations.

45. Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Interpleader Petition and on that basis deny the allegations.

46.     Petitioners state that the allegations of paragraph 46 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

47.     Petitioners lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Interpleader Petition and on that basis deny the allegations.

48.     Petitioners state that the allegations of paragraph 48 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

49.     Petitioners state that the allegations of paragraph 49 of the Interpleader Petition set forth a legal conclusion to which no response is required and on that basis deny the allegations.

## FIRST AFFIRMATIVE DEFENSE

1.      Petitioners are entitled to full relief and recovery under the Terrorism Risk Insurance Act, the Foreign Sovereign Immunities Act, and CPLR § 5225.  None of the Adverse Claimants except Petitioners have a superior claim to the Blocked Assets.

## SECOND AFFIRMATIVE DEFENSE

2.      The Interpleader Petition fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3.      By virtue of 31 C.F.R. 515.203, the Adverse Claimants except Petitioners have no claim to the Blocked Assets because such Adverse Claimants could not have acquired any interest in Blocked Assets after the date on which the assets were blocked.

## FOURTH AFFIRMATIVE DEFENSE

4.      The Adverse Claimants except Petitioners have no claim to the Blocked Assets by virtue of their commercial dealings with a designated state-sponsor of terrorism.

## FIFTH AFFIRMATIVE DEFENSE

5. The Adverse Claimants except Petitioners have no claim to the Blocked Assets because the only means to release a Blocked Asset is either by license issued by OFAC or by Court Order for turnover in favor of a judgment-creditor of a state-sponsor of terrorism. Upon information and belief, the Adverse Claimants have not been issued a license and are not judgment-creditors of the Republic of Cuba.

## SIXTH AFFIRMATIVE DEFENSE

6. Any right that could be asserted by the Adverse Claimants (except Petitioners) to the Blocked Assets is preempted by the Terrorism Risk Insurance Act and the Foreign Sovereign Immunities Act.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Interpleader Petition fails to state a claim under N.Y. C.P.L.R. § 5239.

## EIGHTH AFFIRMATIVE DEFENSE

8. The claims alleged the Interpleader Petition are barred under N.Y. Abandoned Property § 300, N.Y. C.P.L.R. § 213, and N.Y. U.C.C. § 4A-505.

## NINTH AFFIRMATIVE DEFENSE

9. Any right that could be asserted by the Adverse Claimants except Petitioners to the Blocked Assets is barred under the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

10.     The subject accounts were either nationalized by the Republic of Cuba or forfeited by the original owners by operation of law. Therefore, no individual claimant, except Petitioners, has rights in the accounts.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Petitioners reserve the right to amend and/or supplement this Answer.

WHEREFORE, Petitioners respectfully request that the Court (a) dismiss the Interpleader Petition in its entirety, or dismiss the claims of all other Adverse Claimants except Petitioners under the Amended Omnibus Petition for Turnover Order and (b) grant Petitioners such other relief as the Court deems appropriate.

| | |
|---|---|
| HALL, LAMB & HALL, P.A. | KOHN, SWIFT & GRAF, P.C. |
| By: /s Andrew C. Hall | /s/ Robert A. Swift |
| Andrew C. Hall, Esq.* | Admitted *Pro Hac Vice* |
| Brandon R. Levitt, Esq. | One South Broad Street, Suite 2100 |
| Grand Bay Plaza, Penthouse One | Philadelphia, Pennsylvania 19107 |
| 2665 South Bayshore Drive | Phone: 215-238-1700 |
| Miami, Florida, 33133 | Fax:    215-238-1968 |
| Phone: (305) 374-5030 | |
| Fax:    (305) 374-5033 | Jeffrey E. Glen |
| * admitted *pro hac vice* | ANDERSON KILL P.C. |
| | 1251 Avenue of the Americas |
| *Attorneys for Alfredo Villoldo,* | New York, New York 10020 |
| *individually, and Gustavo E. Villoldo,* | Phone: 212-278-1000 |
| *individually, and as Administrator,* | Fax:    212-278-1733 |
| *Executor, and Personal* | |
| *Representative of the Estate of* | *Attorneys for Petitioner Aldo Vera, Jr.* |
| *Gustavo Villoldo Agrilagos* | |
| | COLSON, HICKS, EIDSON |

12

nydocs1-1033047.2

                                  /s/ Roberto Martinez_____
                                  Roberto Martinez, Esq.*
                                  Ronald W. Kleinman, Esq.
                                  255 Alhambra Circle, Penthouse
                                  Coral Gables, Florida, 33134
                                  Phone: (305) 476-7400
                                  Fax: (305) 476-7444
                                  * *pro hac vice* admission pending (ECF No. 293)

                                  *Attorneys for Petitioners Jeanette Fuller Hausler, and William Fuller as court-appointed co-representatives of the Estate of Robert Otis Fuller, deceased, on behalf of all beneficiaries of the Estate and the Estate Of Robert Otis Fuller*