# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>     Plaintiff,<br><br>    v.<br><br>THE REPUBLIC OF CUBA,<br><br>     Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and<br><br>JEANNETTE FULLER HAUSLER and WILLIAM FULER, as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>     Petitioners,<br><br>    v.<br><br>BANCO BILBAO VIZCAYA ARGENTINA (S.A.), et al.,<br><br>     Garnishees-Respondents. | **AT&T INC.'S ANSWER AND DEFENSES TO THIRD PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTEPLEADER FILED BY JPMORGAN CHASE BANK, N.A.**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>*caption continued on following page* |

1

JPMORGAN CHASE BANK, N.A.,

        Garnishee-Respondent and Third-Party Petitioner,

v.

AT&T INC. and CUBAN-AMERICAN TELEPHONE & TELEGRAPH COMPANY;

EMPRESA DE TELECOMUNICACIONES INTERNACIONALES DE CUBA ("EMTELCUBA"); EMPRESA DE RADIOCOMUNICACIÓN Y DIFUSIÓN DE CUBA ("RADIOCUBA"); EMPRESA DE TELECOMUNICACIONES DE CUBA SA ("ETECSA"); and the REPUBLIC OF CUBA;

ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.;

JEANNETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and

ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,

        Adverse Claimants-Respondents.

AT&T, Inc. ("AT&T"), mistakenly named instead of AT&T Corp. as an Adverse Claimant-Respondent, files the following answer and defenses to the *Third-Party Petition Alleging Claims in the Nature of Interpleader Filed by JPMorgan Chase Bank, N.A.* ("Petition").

1. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Petition, except AT&T admits that there are one or more claimants to two of the blocked accounts targeted by Petitioners for turnover who are or may be adverse to Petitioners.

2. AT&T denies the allegations in the first, second, third, and fourth sentences of Paragraph 2 of the Petition, except AT&T admits that (a) AT&T Corp. and CATT are claimants potentially adverse to Petitioners, (b) AT&T Corp. has deposited funds into two blocked accounts with JPMorgan—the Cuban American Telephone and Telegraph Company ("CATT") Account and the AT&T Long Lines Account—that are blocked according to federal regulations, (c) AT&T Corp. previously opposed turnover of funds held in the AT&T Long Lines Account in *Weininger v. Castro*, and (d) AT&T Corp. agreed to turnover of certain funds held in the AT&T Long Lines Account but asserted ownership over the balance remaining in the account following turnover. AT&T neither admits nor denies the allegations in the fifth sentence of Paragraph 2 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

3. AT&T denies the allegations in the first sentence of Paragraph 3 of the Petition, except AT&T admits that AT&T Corp. has deposited funds into the accounts, may be deemed a garnishee of them, and has a claim to the funds that have been targeted for turnover in the AT&T Long Lines Account. AT&T admits the allegations in the second sentence of Paragraph 3 of the

Petition. AT&T lacks information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 3 of the Petition.

4. AT&T neither admits nor denies the allegations in Paragraph 4 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

5. AT&T neither admits nor denies the allegations in Paragraph 5 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

6. AT&T neither admits nor denies the allegations in Paragraph 6 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

7. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Petition.

8. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Petition.

9. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Petition.

10. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Petition.

11. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Petition.

12. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Petition, except AT&T admits that Petitioners filed an *Amended Omnibus Petition for Turnover Orde*r on or about February 12, 2014 that included exhibits filed under seal and that was brought pursuant to § 201(a) of the Terrorism Risk

Insurance Act ("TRIA") and § 1601(g) of the Foreign Sovereign Immunities Act of 1976 ("FSIA").

13. AT&T admits that Paragraph 13 of the Petition recites the text of § 201(a) of TRIA, except AT&T neither admits nor denies JPMorgan's characterization of that text inasmuch as that characterization states conclusions of law to which no response is required.

14. AT&T admits that Paragraph 14 of the Petition recites the text of § 1610(g)(1) of FSIA.

15. AT&T admits that Paragraph 15 of the Petition recites the text of § 1610(g)(3) of FSIA.

16. AT&T neither admits nor denies the allegations in Paragraph 16 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

17. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Petition.

18. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Petition.

19. AT&T admits the allegations in Paragraph 19 of the Petition.

20. AT&T admits the allegations in Paragraph 20 of the Petition.

21. AT&T denies the allegations in the first sentence of Paragraph 21 of the Petition, except AT&T admits that AT&T Corp. stated in response to the third-party petition that some of the funds then on deposit in the AT&T Long Lines Account represented (a) telecommunications settlement payments that CATT owed to Empresa de Telecomunicaciones Internacionales de Cuba, (b) telecommunications settlement payments that AT&T Corp. owed to CATT, and (c) amounts that CATT owed to the Republic of Cuba for taxes. AT&T denies the allegations in the

second sentence of Paragraph 21 of the Petition, except AT&T admits that AT&T Corp. followed this practice historically and that this practice may have been terminated following the *Weininger* litigation.

22. AT&T denies the allegations in Paragraph 22 of the Petition, except AT&T admits that the *Weininger* court entered such a stipulation between the petitioners in that case and AT&T Corp.

23. AT&T denies the allegations in Paragraph 23 of the Petition, except AT&T admits that in accordance with a stipulation that the *Weininger* court entered on November 27, 2006, the amount set forth in the April 10, 2006 stipulation and order was adjusted downward, and funds aggregating $6,157,179.76, plus interest thereon from September 30, 2005, were withheld from turnover as amounts due solely to AT&T Corp., or as amounts held in the account solely for CATT's benefit, or as amounts that AT&T Corp. owed to CATT.

24. AT&T admits the allegations in Paragraph 24 of the Petition.

25. AT&T denies the allegations in Paragraph 25 of the Petition, except AT&T admits that the balance remaining in the AT&T Long Lines Account represents a deposit debt that JPMorgan owes to AT&T Corp.

26. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Petition.

27. AT&T incorporates herein its answers to Paragraphs 8-12 of the Petition.

28. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Petition, except AT&T admits that JPMorgan maintains the CATT Account and the AT&T Long Lines Account on its books and that these accounts are blocked.

29. AT&T denies the allegations in the first sentence of Paragraph 29 of the Petition, except AT&T admits that AT&T Corp. and CATT have direct claims to the AT&T Long Lines Account and the CATT Account. AT&T answers the allegations in the second sentence of Paragraph 29 of the Petition by incorporating herein AT&T's answers to Paragraphs 19-26 of the Petition.

30. AT&T denies the allegations in Paragraph 30 of the Petition, except AT&T admits that AT&T Corp. has paid funds into both the AT&T Long Lines Account and the CATT Account.

31. AT&T denies the allegations in Paragraph 31 of the Petition, except AT&T admits that (a) CATT is a subsidiary of AT&T Corp., (b) CATT is organized and existing under Cuban law, and (c) AT&T Corp. historically deposited monies for CATT into one or more blocked accounts with JPMorgan Chase, including the AT&T Long Lines Account and the CATT Account, a practice that may have ended with the *Weininger* litigation.

32. AT&T admits that Petitioners have filed the referenced petition and made the referenced allegations.

33. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Petition.

34. AT&T neither admits nor denies the allegations in Paragraph 34 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

35. AT&T neither admits nor denies the allegations in Paragraph 35 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

36. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Petition.

37. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Petition.

38. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Petition.

39. AT&T neither admits nor denies the allegations in Paragraph 39 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

40. AT&T neither admits nor denies the allegations in Paragraph 40 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

41. AT&T denies the allegations in Paragraph 41, except AT&T admits that (a) AT&T Corp. deposited money into the blocked AT&T Long Lines Account and the blocked CATT Account, (b) CATT may have been the intended beneficiary of some or all of such payments, and (c) AT&T Corp. and CATT have knowledge about the nature of the funds deposited into these accounts.

42. AT&T neither admits nor denies the allegations in Paragraph 42 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

43. AT&T neither admits nor denies the allegations in Paragraph 43 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

44. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Petition.

45. AT&T neither admits nor denies the allegations in Paragraph 45 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

**First Defense**

All transactions involving the blocked accounts that are at issue in the Petition are prohibited unless the transactions are authorized under applicable federal law, under the Cuban Assets Control Regulations, or by the Office of Foreign Assets Control, United States Department of Treasury.

**Second Defense**

The funds held in the blocked accounts at JPMorgan, including without limitation any accrued interest, are the sole property of AT&T Corp. or its subsidiary, CATT.

**Third Defense**

AT&T asserts any and all rights it has under federal, state, and international law, including without limitation the applicable law of set-off, in respect of all amounts (a) in the blocked accounts at JPMorgan in which AT&T Corp. or CATT claims an interest or (b) owed by AT&T Corp. or CATT to any party that may claim an interest in funds contained in the blocked accounts at JPMorgan.

**Fourth Defense**

Any underlying judgment at issue in the Petition, and any permissible attachment in aid of execution or execution in relation thereto, must comply with the provisions of FSIA and TRIA, to the extent applicable.

**Fifth Defense**

The FSIA prohibits using the assets of one agency or instrumentality of a sovereign to satisfy a judgments rendered against another, unrelated agency or instrumentality.

**Sixth Defense**

TRIA permits execution only upon blocked assets in aid of execution to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable."

**Seventh Defense**

AT&T hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this matter and hereby reserves its right to amend its Answer to assert any such defense.

WHEREFORE, having fully answered, AT&T prays as follows:

a) That the Court find that AT&T Corp. and CATT are the sole, rightful claimants to, and have the sole equitable interest in, certain funds in dispute and that no one other than AT&T Corp. and CATT has any claim or interest in those funds; and

b) That the Court order such other and further relief as may be just, equitable and proper under the circumstances.

Dated: July 31, 2014.

Respectfully submitted,

*/s/* Paul F. Theiss

Paul F. Theiss
AT&T Services, Inc.
208 S. Akard Street, Suite 517
Dallas, TX 75202
Phone: (214) 757-3169
Fax: (214) 446-2699
paul.theiss@att.com

*Admitted pro hac vice*

*Counsel for Adverse Claimant-Respondent AT&T Inc.*