# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>THE REPUBLIC OF CUBA,<br><br>　　　　　Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and<br><br>JEANNETTE FULLER HAUSLER and WILLIAM FULER, as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>　　　　　Petitioners,<br><br>　　　v.<br><br>BANCO BILBAO VIZCAYA ARGENTINA (S.A.), et al.,<br><br>　　　　　Garnishees-Respondents. | **AT&T CORP.'S ANSWER AND DEFENSES TO THIRD PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTEPLEADER FILED BY JPMORGAN CHASE BANK, N.A., AS AMENDED**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>*caption continued on following page* |

1

| |
|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>            Garnishee-Respondent and<br>            Third-Party Petitioner,<br><br>      v.<br><br>AT&T CORP. and CUBAN-AMERICAN TELEPHONE & TELEGRAPH COMPANY;<br><br>EMPRESA DE TELECOMUNICACIONES INTERNACIONALES DE CUBA ("EMTELCUBA"); EMPRESA DE RADIOCOMUNICACIÓN Y DIFUSIÓN DE CUBA ("RADIOCUBA"); EMPRESA DE TELECOMUNICACIONES DE CUBA SA ("ETECSA"); and the REPUBLIC OF CUBA;<br><br>ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.;<br><br>JEANNETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>            Adverse Claimants-<br>            Respondents. |

Adverse Claimant-Respondent AT&T Corp. files the following answer and defenses to

the *Third-Party Petition Alleging Claims in the Nature of Interpleader Filed by JPMorgan*

2

*Chase Bank, N.A.* ("Petition"), as amended by the *Stipulation and Order* entered on August 5, 2014.

1. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Petition, except AT&T Corp. admits that there are one or more claimants to two of the blocked accounts targeted by Petitioners for turnover who are or may be adverse to Petitioners.

2. AT&T Corp. admits the allegations in the first, second, third, and fourth sentences of Paragraph 2 of the Petition.  AT&T Corp. neither admits nor denies the allegations in the fifth sentence of Paragraph 2 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

3. AT&T Corp. admits the allegations in the first and second sentences of Paragraph 3 of the Petition, except AT&T Corp. denies that it is the "sole" AT&T entity with a claim to the funds in the AT&T Long Lines Account because its subsidiary, the Cuban American Telephone and Telegraph Company ("CATT"), also has a claim to the funds.  AT&T Corp. lacks information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 3 of the Petition.

4. AT&T Corp. neither admits nor denies the allegations in Paragraph 4 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

5. AT&T Corp. neither admits nor denies the allegations in Paragraph 5 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

6. AT&T Corp. neither admits nor denies the allegations in Paragraph 6 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

7. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Petition.

8. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Petition.

9. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Petition.

10. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Petition.

11. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Petition.

12. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Petition, except AT&T Corp. admits that Petitioners filed an *Amended Omnibus Petition for Turnover Order* on or about February 12, 2014 that included exhibits filed under seal and that was brought pursuant to § 201(a) of the Terrorism Risk Insurance Act ("TRIA") and § 1601(g) of the Foreign Sovereign Immunities Act of 1976 ("FSIA").

13. AT&T Corp. admits that Paragraph 13 of the Petition recites the text of § 201(a) of TRIA, except AT&T Corp. neither admits nor denies JPMorgan's characterization of that text inasmuch as that characterization states conclusions of law to which no response is required.

14. AT&T Corp. admits that Paragraph 14 of the Petition recites the text of § 1610(g)(1) of FSIA.

15. AT&T Corp. admits that Paragraph 15 of the Petition recites the text of § 1610(g)(3) of FSIA.

16. AT&T Corp. neither admits nor denies the allegations in Paragraph 16 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

17. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Petition.

18. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Petition.

19. AT&T Corp. admits the allegations in Paragraph 19 of the Petition.

20. AT&T Corp. admits the allegations in Paragraph 20 of the Petition.

21. AT&T Corp. admits the allegations in Paragraph 21 of the Petition.

22. AT&T Corp. admits the allegations in Paragraph 22 of the Petition.

23. AT&T Corp. admits the allegations in Paragraph 23 of the Petition.

24. AT&T Corp. admits the allegations in Paragraph 24 of the Petition.

25. AT&T Corp. admits the allegations in Paragraph 25 of the Petition.

26. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Petition.

27. AT&T Corp. incorporates herein its answers to Paragraphs 8-12 of the Petition.

28. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Petition, except AT&T Corp. admits that JPMorgan maintains the CATT Account and the AT&T Long Lines Account on its books and that these accounts are blocked.

29. AT&T Corp. denies the allegations in the first sentence of Paragraph 29 of the Petition, except AT&T Corp. admits that it and CATT, Adverse Claimants-Respondents other than Petitioners, have direct claims to the AT&T Long Lines Account and the CATT account.

AT&T Corp. answers the allegations in the second sentence of Paragraph 29 of the Petition by incorporating herein AT&T Corp.'s answers to Paragraphs 19-26 of the Petition.

30. AT&T Corp. denies the allegations in the first sentence of Paragraph 30 of the Petition, except AT&T Corp. admits that it is a corporation organized and existing under the State of New York's laws and has its principal place of business in Bedminster, NJ. AT&T Corp. admits the allegations in the second sentence of Paragraph 30 of the Petition.

31. AT&T Corp. denies the allegations in Paragraph 31 of the Petition, except AT&T Corp. admits that (a) CATT is a subsidiary of AT&T Corp., (b) CATT is organized and existing under Cuban law, and (c) AT&T Corp. historically deposited moneys for CATT into one or more blocked accounts with JPMorgan Chase, including the AT&T Long Lines Account and the CATT Account, a practice that may have ended with the *Weininger* litigation.

32. AT&T Corp. admits that Petitioners have filed the petition and made the allegations referenced in Paragraph 32 of the Petition.

33. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Petition.

34. AT&T Corp. neither admits nor denies the allegations in Paragraph 34 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

35. AT&T Corp. neither admits nor denies the allegations in Paragraph 35 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

36. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Petition.

37. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Petition.

38. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Petition.

39. AT&T Corp. neither admits nor denies the allegations in Paragraph 39 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

40. AT&T Corp. neither admits nor denies the allegations in Paragraph 40 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

41. AT&T Corp. denies the allegations in Paragraph 41 of the Petition, except AT&T Corp. admits that (a) AT&T Corp. paid moneys into the AT&T Long Lines Account and the CATT Account, (b) CATT was the intended beneficiary of some or all of such payments, and (c) AT&T Corp. and CATT have knowledge about the nature of the funds deposited into these accounts.

42. AT&T Corp. neither admits nor denies the allegations in Paragraph 42 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

43. AT&T Corp. neither admits nor denies the allegations in Paragraph 43 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

44. AT&T Corp. lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Petition.

45. AT&T Corp. neither admits nor denies the allegations in Paragraph 45 of the Petition inasmuch as those allegations state conclusions of law to which no response is required.

## First Defense

All transactions involving the blocked accounts that are at issue in the Petition are prohibited unless the transactions are authorized under applicable federal law, under the Cuban Assets Control Regulations, or by the Office of Foreign Assets Control, United States Department of Treasury.

## Second Defense

The funds held in the blocked accounts at JPMorgan, including without limitation any accrued interest, are the sole property of AT&T Corp. or its subsidiary, CATT.

## Third Defense

AT&T Corp. asserts any and all rights it has under federal, state, and international law, including without limitation the applicable law of set-off, in respect of all amounts (a) in the blocked accounts at JPMorgan in which AT&T Corp. or CATT claims an interest or (b) owed by AT&T Corp. or CATT to any party that may claim an interest in funds contained in the blocked accounts at JPMorgan.

## Fourth Defense

Any underlying judgment at issue in the Petition, and any permissible attachment in aid of execution or execution in relation thereto, must comply with the provisions of FSIA and TRIA, to the extent applicable.

## Fifth Defense

FSIA prohibits using the assets of one agency or instrumentality of a sovereign to satisfy a judgment rendered against another, unrelated agency or instrumentality.

### Sixth Defense

TRIA permits execution only on blocked assets in aid of execution to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable."

### Seventh Defense

AT&T Corp. hereby gives notice that it intends to rely on any other defense that may become available or appear during the proceedings in this matter and hereby reserves its right to amend its Answer to assert any such defense.

WHEREFORE, having fully answered, AT&T Corp. prays as follows:

a) That the Court find that AT&T Corp. and CATT are the sole, rightful claimants to, and have the sole equitable interest in, certain funds in dispute and that no one other than AT&T Corp. and CATT has any claim or interest in those funds; and

b) That the Court order such other and further relief as may be just, equitable and proper under the circumstances.

Dated: August 7, 2014.

Respectfully submitted,

*/s/* Paul F. Theiss

Paul F. Theiss
AT&T Services, Inc.
208 S. Akard Street, Suite 517
Dallas, TX 75202
Phone: (214) 757-3169
Fax: (214) 446-2699
paul.theiss@att.com

*\*Admitted pro hac vice*

*Counsel for Adverse Claimant-Respondent AT&T Corp.*