UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ALDO VERA, JR., as Personal Representative of the
Estate of Aldo Vera, Sr.,

                              Plaintiff,                          Case No. 12-CV-01596
                                                                  (AKH)

          -against-

THE REPUBLIC OF CUBA,

                              Defendant.
_____

ALDO VERA, JR., as Personal Representative of the
Estate of Aldo Vera, Sr.; and

JEANETTE FULLER HAUSLER, and WILLIAM            DECLARATION
FULLER, as court-appointed co-representatives of the   OF NOTICE
ESTATE OF ROBERT OTIS FULLER, deceased, on
behalf of all beneficiaries of the Estate and the ESTATE
OF ROBERT OTIS FULLER, and

ALFREDO VILLOLDO, individually, and GUSTAVO
E. VILLOLDO, individually and as Administrator,
Executor, and Personal Representative of the ESTATE
OF GUSTAVO VILLOLDO ARGILAGOS,

                              Petitioners,

          -against-

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.),
BANK OF AMERICA, N.A., BANK OF NEW YORK
MELLON, BARCLAY'S BANK PLC, CITIBANK,
N.A., CREDIT SUISSE AG, NEW YORK BRANCH,
DEUTSCHE BANK TRUST COMPANY AMERICAS,
HSBC BANK (HSBC BANK USA, N.A.), INTESA
SANPAOLO S.P.A., JP MORGAN CHASE BANK,
N.A., RBS CITIZENS, N.A., ROYAL BANK OF
CANADA, SOCIETE GENERALE, UBS AG, WELLS
FARGO BANK, N.A., BROWN BROTHERS
HARRIMAN& CO., MERCANTIL COMMERCEBANK

N.A., STANDARD CHARTERED BANK, AND
BANCO SANTANDER, S.A.,

                    Respondents/Garnishees.

———————————————————————————

THE BANK OF NEW YORK MELLON,

                    Third-Party Petitioner,

      -against-

ALDO VERA, JR., as Personal Representative of the
Estate of Aldo Vera, Sr., and

JEANETTE FULLER HAUSLER, and WILLIAM
FULLER, as court-appointed co-representatives of the
ESTATE OF ROBERT OTIS FULLER, deceased, on
behalf of all beneficiaries of the Estate and the ESTATE
OF ROBERT OTIS FULLER; and

ALFREDO VILLOLDO, individually, and GUSTAVO
E. VILLOLDO, individually and as Administrator,
Executor, and Personal Representative of the ESTATE
OF GUSTAVO VILLOLDO ARGILAGOS,

                    Counterclaim Respondents,

      -and-

SBH TABAC EURL (a/k/a LA CASA DEL HABANO),
CORPORACION HABANOS S.A., THE WINDWARD
ISLANDS BANK LTD., FENNINA JAMEL, BBVA
BANCOMER, S.A., CUBANA DE AVIACION, S.A.,
NATIONAL BANK OF CANADA, CUBANACAN
NEGOCIOS MEXICO, S.A. DE C.V., ING BANK
N.V. (CURACAO), ING BANK N.V., CASA
FINANCIERA FINTUR S.A., NIREF B.V., VTB
BANK (a/k/a BANK FOR FOREIGN TRADE OF
THE RUSSIAN FEDERATION), INKOMBANK and
JSC ZARUBEZHTSVETMET,

                    Third-Party Respondents.

———————————————————————————

GREGORY P. FEIT hereby declares under penalty of perjury as follows:

1.      I am over eighteen years of age and am not a party to this action.  I am an associate at Levi Lubarsky & Feigenbaum LLP ("LLF"), attorneys for respondent/third-party petitioner The Bank of New York Mellon ("BNY Mellon").

2.      On April 4, 2014, pursuant to the Notice Order for Turnover Proceeding dated March 27, 2014 (the "Notice Order"), I delivered, by the means set forth in ¶3 below, the following documents to the entities identified in ¶4 below:  (i) the Amended Omnibus Petition for Turnover Order dated February 12, 2014, (ii) the Notice of Proceeding attached to the Notice Order, (iii) information identifying the Blocked Asset(s) (as defined in the Notice Order) applicable to each third party, (iv) the Notice Order (the Notice Order and all of the preceding documents being referred to collectively as the "Notice Documents"), and (v) to the extent the Notice Documents were sent to a person or entity in the Republic of Cuba ("Cuba") or a country where the official language is Spanish, Spanish translations of the Notice Documents.

3.      The Notice Documents were delivered by (i) enclosing true copies of the documents (and to the extent the Notice Documents were sent to a person or entity in Cuba or a country where the official language is Spanish, Spanish translations of the Notice Documents) in a sealed DHL envelope or, if being delivered to an address within the United States, in a sealed FedEx envelope, with payment authorization, addressed to the entities identified in ¶4 at their corresponding addresses (the "Notice Entities"), and (ii) arranging for pickup of the sealed envelopes, bearing DHL waybills and FedEx labels reflecting the names and corresponding addresses of the Notice Entities, by an employee of DHL or FedEx at LLF's offices for delivery to the Notice Entities.

4.      The Notice Entities and their respective addresses are as follows:

Bank of Estonia
Attn:  Chief Legal Officer
Estonia pst 13
15095, Tallinn, Estonia

La Casa del Habano Eesti as
Attn:  Chief Legal Officer
Joa 2a
10127 Tallinn, Estonia

Brascuba Cigarillos S.A.
Attn:  Chief Legal Officer
Princesa 202
Luyano City, 10 de Octubre
10700 Habana, Cuba

RBC Royal Bank (Barbados) Limited – Trinidad & Tobago
Attn:  Chief Legal Officer

St. Clair Place
7-9 St. Clair Avenue
Port of Spain, Trinidad, West Indies

DNB Bank ASA, Singapore Branch
Attn:  Chief Legal Officer
8 Shenton Way, #48-02
Singapore 068811

Havin Bank Ltd.
Attn:  Chief Legal Officer
30 Marsh Wall
London E14 9TP, United Kingdom

National Bank of Canada, New York
Attn:  Chief Legal Officer
The Park Avenue Tower
65 East 55th Street, 31st Floor
New York, NY 10022

Empresa Consolidada Cubana de Aviacion S.A.
Attn:  Chief Legal Officer
Calle 23, No 64 (esquina Infanta)
La Rampa, Vedado
10400 Habana, Cuba

ZAO Unicredit Bank
Attn:  Chief Legal Officer
9, Prechistenskaya Embankment
Moscow, 119034 Russia

Commerzbank AG
Attn:  Chief Legal Officer
Kaieserplatz
60261 Frankfurt/Main, Germany

Cuban Ministry of External Relations
Attn:  Chief Legal Officer
Calle G, No. 360, Vedado
Plaza de la Revolución
10400 La Habana, Cuba

Consular Section of Cuba
Attn:  Chief Legal Officer
2630 16th street NW
Washington, D.C. 20009

Sumitomo Mitsui Trust Bank, Ltd.
Attn:  Chief Legal Officer
1-4-1 Marunouch, Chiyoda-Ku
Tokyo 100-8233, Japan

Nippon Caribbean Shipping Company Ltd.
c/o Senwa Maritime Agency
Attn: Chief Legal Officer
11-1, Shibakoen 2-Chome, Minato-ku,
Tokyo 105-0011 Japan

Royal Bank of Scotland PLC, Greece
Attn:  Chief Legal Officer
45, Akti Miaovli
185 10 Piraeus
Athens, Greece

Deutsche Bank Group
Attn:  Chief Legal Officer
Deutsche Bank Twin Towers
Taunusanlage 12
60325 Frankfurt am Main, Germany

Banca Antoniana Poplare Veneta
Attn:  Chief Legal Officer
Banca Monte dei Paschi di Siena S.p.A.
Piazza Salimbeni, 3
53100 Siena, Italy

Banco Financiero Internacional, S.A.
Attn:  Chief Legal Officer
Línea No. 1, Vedado
Municipio Plaza, Apartado 4068
10400 La Habana, Cuba

5.      Annexed collectively as Exhibit 1 are (i) copies of the DHL waybills and FedEx labels for each of the above-described envelopes, and (ii) copies of the confirmations of delivery of the corresponding envelopes to each of the Notice Entities at the above addressees, as received by my office by e-mails from DHL and FedEx.

6.      On April 4, 2014, pursuant to the Notice Order, I delivered the Notice Documents (and to the extent the Notice Documents were sent to a person or entity in Cuba or a country where the official language is Spanish, Spanish translations of the Notice Documents) upon the entities set forth below, as to each of which BNY Mellon neither knew nor could ascertain the entity's mailing address, e-mail address, fax number or SWIFT address (collectively, the "No-Address Persons," as defined in the Notice Order).  Delivery of the Notice Documents to the No-

Address Persons was made (i) by sending the Notice Documents (or, where applicable, their Spanish translations) to the bank that BNY Mellon has reason to believe acted as the bank for a given No-Address Person for the blocked wire transfer in question, and (ii) by requesting that each such bank forward a copy of the relevant Notice Documents (or their Spanish translations) to such No-Address Person.  The Notice Documents (or their Spanish translations) and letter requests were enclosed within the envelopes described above and, as to each such bank, were confirmed by DHL as having been delivered.  The No-Address Persons, and the banks that received the corresponding requests for forwarding, are the following:

        (i)  Nautilus Shipping (via request to Havin Bank Ltd.)

        (ii)  JV Aeromar Ltd. (via request to ZAO Unicredit Bank)

        (iii)  Arendal Maritime Company Ltd. (via request to Royal Bank of Scotland PLC, Greece)

        (iv)  Travelnet Ltd. (via request to Banco Financiero Internacional, S.A.)

7.      On April 30, 2014, pursuant to the Notice Order, I delivered the Notice Documents to certain additional entities that LLF determined, based on new information then made available to it, were entitled to receive the Notice Documents (the "Additional Notice Entities").  Delivery of the Notice Documents to the Additional Notice Entities was made by (i) enclosing true copies of the Notice Documents in a sealed DHL envelope, with payment authorization, addressed to those entities' corresponding addresses, and (ii) arranging for pickup of the sealed envelopes, bearing DHL waybills reflecting the names and corresponding addresses of the Additional Notice Entities, by an employee of DHL at LLF's offices for delivery to the Additional Notice Entities.  The Additional Notice Entities and their respective addresses are as follows:

        Oslo Bulk Holding Pte Ltd.
        Attn: Chief Legal Officer
        159 Telok Ayer Street
        Singapore 068614

        Wings s.r.l.
        Attn: Chief Legal Officer
        Piazza D. Chiesa 13
        38068 Rovereto Italy

8.      Annexed collectively as Exhibit 2 are (i) copies of the DHL waybills for each of the envelopes for the Additional Notice Entities, and (ii) copies of the confirmations of delivery of the corresponding envelopes to each of the Additional Notice Entities at the above addressees, as received by my office by e-mails from DHL.

9.      On May 1, 2014, pursuant to the Notice Order, I delivered amended information identifying the Blocked Asset(s) applicable to each third party (the "Amended Blocked Asset

Information") – and, to the extent the Amended Blocked Asset Information was sent to a person or entity in Cuba or a country where the official language is Spanish, Spanish translations of the Amended Blocked Asset Information – on the subset of Notice Entities set forth below.  Delivery of the Amended Blocked Asset Information was made by (i) enclosing true copies of the Amended Blocked Asset Information (and to the extent the Amended Blocked Asset Information was sent to a person or entity in Cuba or a country where the official language is Spanish, Spanish translations of the Amended Blocked Asset Information) in a sealed DHL envelope, with payment authorization, addressed to the subset of Notice Entities at their corresponding addresses, and (ii) arranging for pickup of the sealed envelopes, bearing DHL waybills reflecting the names and corresponding addresses of such Notice Entities, by an employee of DHL at LLF's offices for delivery to such Notice Entities.  The Notice Entities that were sent the Amended Blocked Asset Information, and their respective addresses, are as follows:

> DNB Bank ASA, Singapore Branch
> Attn:  Chief Legal Officer
> 8 Shenton Way, #48-02
> Singapore 068811
>
> Havin Bank Ltd.
> Attn:  Chief Legal Officer
> 30 Marsh Wall
> London E14 9TP, United Kingdom
>
> Banca Antoniana Poplare Veneta
> Attn:  Chief Legal Officer
> Banca Monte dei Paschi di Siena S.p.A.
> Piazza Salimbeni, 3
> 53100 Siena, Italy
>
> Banco Financiero Internacional, S.A.
> Attn:  Chief Legal Officer
> Línea No. 1, Vedado
> Municipio Plaza, Apartado 4068
> 10400 La Habana, Cuba

10.     Annexed collectively as Exhibit 3 are (i) copies of the DHL waybills for each of the envelopes for the subset of Notice Entities described in ¶9, and (ii) copies of the confirmations of delivery of the corresponding envelopes to each such Notice Entity at the above addressees, as received by my office by e-mails from DHL.

11.     On May 1, 2014, pursuant to the Notice Order, I delivered Amended Blocked Asset Information (and, to the extent the Amended Blocked Asset Information was sent to a person or entity in Cuba or a country where the official language is Spanish, Spanish translations of the Amended Blocked Asset Information) upon the subset of No-Address Persons set for the below.  Delivery of the Amended Blocked Asset Information (or, where applicable, its Spanish translation) was made by sending, by DHL, the information to the bank that BNY Mellon has

reason to believe acted as the bank for a given No-Address Person for the blocked wire transfer in question, and by requesting that each such bank forward a copy of the relevant Amended Blocked Asset Information (or its Spanish translation) to such No-Address Person. The Amended Blocked Asset Information (or its Spanish translation) and letter requests were enclosed within the envelopes described in ¶9 above and, as to each such bank, were confirmed by DHL as having been delivered. The subset of No-Address Persons, and the banks that received the corresponding requests for forwarding, are the following:

(i)  Nautilus Shipping (via request to Havin Bank Ltd.)

(ii)  Travelnet Ltd. (via request to Banco Financiero Internacional, S.A.)

*     *     *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in New York, New York on August 11, 2014.

_____
Gregory P. Feit