UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,

    Plaintiff,

vs.

THE REPUBLIC OF CUBA,

    Defendant.

12 Civ. 1596 (AKH)

---

SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND
IN SUPPORT OF BBVA'S CROSS-MOTION TO QUASH SUBPOENA AND
FOR PROTECTIVE ORDER

WHITE & CASE LLP

1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

*Attorneys for Banco Bilbao Vizcaya Argentaria, S.A*

Of Counsel:

    Kenneth A. Caruso
    Kelly Bonner

NEWYORK 9324390 v1

Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA") respectfully submits this supplemental memorandum of law in opposition to the motion made by plaintiff, Aldo Vera, Jr., pursuant to CPLR Rule 5224(a), made applicable by FRCP 69(a), to compel disclosure by enforcing a subpoena, and in support of BBVA's cross-motion, pursuant to CPLR §§ 5240, 3104 and 2304, to quash that subpoena and for a protective order. BBVA hereby respectfully refers the Court to supplemental authorities, decided after December 16, 2013, the date of the last brief filed on this motion and cross-motion.

## ARGUMENT

### POINT I

### UNDER RECENT DECISIONS, BBVA IS NOT SUBJECT TO GENERAL PERSONAL JURISDICTION

A court's power to order discovery rests on the court's jurisdiction over the person from whom discovery is sought. See generally First Am. Corp. v. PriceWaterhouse LLP, 154 F.3d 16 (2d Cir. 1998); In re Estate of Ungar v. Palestinian Auth., 400 F. Supp. 2d 541, 549 (S.D.N.Y. 2005) (same where discovery sought from garnishee in judgment-enforcement proceeding).

In the past, when a judgment creditor served a subpoena on the New York branch of a foreign bank, some courts ordered that bank to produce documents and information located not only at the New York branch, but also located outside the United States. These courts reasoned that the operation of a New York branch sufficed to subject the bank to general personal jurisdiction and hence, to a duty to produce documents and information that were located outside New York and that were unrelated to the bank's New York operations. See, e.g., Eitzen Bulk A/S v. Bank of India, 827 F. Supp. 2d 234, 239 (S.D.N.Y. 2011) (Hellerstein, J.) (ordering foreign bank to produce "information and materials available from branches outside New York.

Bank of India is subject to general personal jurisdiction in New York, based on its continuous operation of a branch here.").[1]

On January 14, 2014, however, the Supreme Court decided <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746 (2014), which fundamentally changed -- and curtailed -- the law of general personal jurisdiction. <u>Daimler</u> rejected -- as "unacceptably grasping" and inconsistent with the requirements of the Due Process Clause -- the contention that a court may exercise general jurisdiction "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" <u>Id.</u> at 761. <u>Daimler</u> holds that a foreign corporation is subject to general personal jurisdiction only where the corporation is "essentially at home in the forum State." <u>Id.</u> And, the corporation is "at home" in the place where it is incorporated and/or has its principal place of business. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" <u>Id.</u> at 760 (citation omitted).

Surely, <u>Daimler</u> overrules cases in which a court exercised general jurisdiction over a foreign corporation based on that corporation's maintenance of an office in New York. As the Second Circuit held on April 25, 2014, in <u>Sonera Holding B.V. v. Cukurova Holding A.</u>, 750 F.3d 221 (2d Cir. 2014), after attributing the New York contacts of affiliates to the defendant corporation (which was based in Turkey), the use of a New York office does not "shift the company's primary place of business (or place of incorporation) away from Turkey." <u>Id.</u> at 226. <u>See also Daimler</u>, 134 S. Ct. at 761 n.18 (disapproving two cases that "upheld the exercise of

---

[1] Other courts in this district similarly held that the jurisdictional basis for ordering extraterritorial discovery from a foreign bank is general personal jurisdiction based on the operation of a branch in New York. <u>See, e.g.</u>, <u>Dietrich v. Bauer</u>, No. 95 Civ. 7051 (RWS), 2000 WL 1171132, at *4 (S.D.N.Y. Aug. 16, 2000); <u>Tiffany (NJ) LLC v. Qi Andrew</u>, 276 F.R.D. 143, 147 n.1 (S.D.N.Y. 2011).

general jurisdiction based on the presence of a local office," Barrow S.S. Co. v. Kane, 170 U.S. 100 (1898) and Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915 (1917)).

Just as surely, Daimler overrules cases, such as this Court's decision in Eitzen Bulk, which hold that a foreign bank is subject to general personal jurisdiction in New York (and hence, subject to worldwide discovery in connection with a subpoena served on the bank's New York branch) based on the bank's continuous operation of a branch here.[2] The Due Process Clause, as construed in Daimler, prohibits the exercise of general jurisdiction over a foreign bank that is not "at home" in the forum. And, the foreign bank is "at home" only where it is incorporated or has its principal place of business.

The recent decision in Gliklad v. Bank Hapoalim B.H., No. 14-155195, 2014 WL 3899209 (Sup. Ct. N.Y. Co. Aug. 4, 2014), confirms this conclusion. In Gliklad, a judgment creditor served a subpoena on the New York branch of Bank Hapoalim, an Israeli bank, seeking documents and information held outside New York. The court refused to enforce the subpoena, holding that Bank Hapoalim is not at home in New York, even though it operates a branch in New York. "To allow the exercise of general jurisdiction in a state where a corporation only engages in a substantial and continuous course of business has been found to be 'unacceptably grasping.'" Id. at 3 (citing Daimler, 134 S. Ct. at 761).

---

[2] See also Dietrich, 2000 WL 1171132, at *4 n.4 (asserting jurisdiction over an entire bank on the basis of its "doing business" in New York through a New York branch); JW Oilfield Equip., LLC v. Commerzbank, A.G., 764 F. Supp. 2d 587, 593 (S.D.N.Y. 2011) (finding that court had general personal jurisdiction over German bank, including non-U.S. branches, where bank did business in New York through its New York branch); Mones v. Comm. Bank of Kuwait, S.A.K., 502 F. Supp. 2d 363, 371-72 (S.D.N.Y. 2007) (finding that "[u]nder New York law, maintaining an administrative office and paying employees to perform necessary functions is enough to confer general personal jurisdiction," even where branch was winding down its affairs); Ssangyong Corp. v. Vida Shoes Int'l, Inc., No. 03 Civ. 5014 (KMW) (DFE), 2004 WL 1125659, at *4 (S.D.N.Y. 2004) (finding general jurisdiction over Hong Kong bank due to the presence of a New York branch); Bank of Montreal v. Mitsui Mfrs. Bank, No. 85 Civ. 1519 (JFK), 1990 WL 134899, at *7 (S.D.N.Y. Sept. 11, 1990) (finding that entire foreign bank was subject to personal jurisdiction in New York because it "unquestionably does business [in New York] through its New York branch").

The court continued, "Although <u>Daimler</u> may have only mentioned subsidiaries, there is no rationale to suggest that its reasoning should not be applied to a foreign bank with a branch in New York." <u>Id.</u> at 2. The court concluded that Bank Hapoalim did not "meet the two paradigm bases for general jurisdiction articulated in <u>Daimler</u>. Bank Hapoalim is incorporated in Israel and its principal place of business is in Tel Aviv." <u>Id.</u>

<u>Daimler</u> and <u>Gliklad</u> are squarely on point, and provide an additional ground for the Court to refuse to enforce Vera's subpoena. BBVA's operation of its branch in New York does not subject BBVA to this Court's general jurisdiction. BBVA is subject to general jurisdiction only in Spain, where BBVA is at home. BBVA therefore cannot be compelled to produce documents and information that it holds outside New York and/or that are unrelated to its New York operations. As in <u>Daimler</u>, the assertion of such general jurisdiction in New York would violate due process.

Vera also relies on CPLR Rule 5224(a-1) to compel production of "materials . . . in the possession, custody or control of [BBVA] . . . without the state." In this case, if that statute is applied to compel BBVA to produce materials that are outside New York and/or are unrelated to BBVA's New York operations, then, under <u>Daimler</u>, the statute would be unconstitutional as applied, violative of due process.

POINT II

DAIMLER ALSO INFORMS
THE INTERNATIONAL COMITY ANALYSIS

Worldwide discovery from BBVA would raise exactly the kind of concerns raised in <u>Daimler</u>, where the Court emphasized the "risks to international comity" posed by expansive exercises of general personal jurisdiction. <u>Daimler</u>, 134 S. Ct. at 763. As the Court held, considerations of international comity "reinforce" a restrained approach to personal jurisdiction

in cross-border cases. Id. See also Ayyash v. Koleilat, 115 A.D.3d 495, 495, 981 N.Y.2d 536, 536 (1st Dep't 2014) (affirming, based on "principles of international comity," lower court's refusal to enforce subpoenas seeking worldwide discovery from New York branches of foreign banks).

Here, as previously shown, the discovery sought by Vera would cause BBVA to violate Spanish law, thereby exposing BBVA to substantial penalties and damages. Declaration of Juan Manuel De Remedios ¶¶ 7-9. Judicial restraint, based on international comity, is appropriate.

## POINT III

### THE COURT SHOULD HOLD
### THIS DISCOVERY DISPUTE IN ABEYANCE

BBVA suggests that the Court hold the motion to enforce and the cross-motion to quash in abeyance, pending decisions in two cases, which may shed light on the issues presented here.

In Gucci America, Inc. v. Bank of China, argued in the Second Circuit on December 6, 2013, Dkt. No. 11-3934, the district court ordered Bank of China to produce documents located outside the United States, exercising personal jurisdiction on the basis that the bank maintained a New York branch. See Gucci America, Inc. v. Weixing Li, No. 10 Civ. 4974, 201 WL 6156936 (Aug. 23, 2011). The parties thereafter submitted Rule 28(j) letters regarding Daimler's impact. The Gucci appeal may therefore shed light on the issues presented here.

In Tire Engineering and Dist. L.L.C. v. Bank of China Ltd., decided on January 14, 2014, 740 F.3d 108 (2d Cir. 2014), the Second Circuit certified to the New York Court of Appeals two questions concerning the vitality of the "separate entity rule" in a judgment-enforcement proceeding. The New York Court of Appeals will hear oral argument on September 16, 2014. Therefore, under that Court's usual practice, the case will be decided in October, when the Court is next in session.

## CONCLUSION

For the foregoing supplemental reasons, the motion to compel should be denied, and the cross-motion to quash and for a protective order should be granted.

Dated: New York, New York
September 5, 2014

WHITE & CASE LLP

By: _____
Kenneth A. Caruso

Of Counsel:
    Kenneth A. Caruso
    Kelly Bonner

1155 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200

Attorneys for BBVA