UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ALDO VERA, JR., as Personal Representative of                :   **ORDER DENYING MOTION TO**
the Estate of Aldo Vera, Sr.,                                :   **RECONSIDER**
                                                             :
                              Plaintiff,                     :   12 Civ. 1596 (AKH)
        -against-                                            :
                                                             :
THE REPUBLIC OF CUBA,                                        :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ X
                                                             :
ALDO VERA, JR., as Personal Representative of                :
the Estate of Aldo Vera, Sr., and                            :
                                                             :
JEANNETTE FULLER HAUSLER, and                                :
WILLIAM FULLER, as court-appointed co-                       :
representatives of the ESTATE OF ROBERT OTIS                 :
FULLER, deceased, on behalf of all beneficiaries of          :
the Estate and the ESTATE OF ROBERT OTIS                     :
FULLER; and                                                  :
                                                             :
ALFREDO VILLOLDO, individually, and                          :
GUSTAVO E. VILLOLDO, individually and as                     :
Administrator Executor, and Personal                         :
Representative of the ESTATE OF GUSTAVO                      :
VILLOLDO ARGILAGOS,                                          :
                                                             :
                                                             :
                              Petitioners,                   :
        -against-                                            :
                                                             :
BANCO BILBAO VIZCAYA ARGENTARIA                              :
(S.A.); BANK OF AMERICA N.A.; BANK OF                        :
NEW YORK MELLON; BARCLAY'S BANK                              :
PLCS; CITIBANK N.A.; CREDIT SUISSE AG,                       :
NEW YORK BRANCH; DEUTSCHE BANK                               :
TRUST COMPANY AMERICAS; HSBC BANK                            :
(HSBC BANK USA, N.A.); INTESA SANPAOLA                       :
S.P.A.; JP MORGAN CHASE BANK N.A.; RBS                       :
CITIZENS, N.A.; ROYAL BANK OF CANADA;                        :
SOCIETE GENERALE; UBS AG; WELLS

1

FARGO BANK, NA; BROWN BROTHERS :
HARRIMAN & CO.; MERCANTIL COMMERCE :
BANK, N.A.; STANDARD CHARTERED BANK; :
AND BANCO SANTADER, S.A., :
                                                          :
                    Respondents. :
_____ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On August 22, 2014, I denied Banco Bilbao Vizcaya Argentaria's (S.A.) ("Banco Bilbao") motion to dismiss this enforcement proceeding for lack of subject matter jurisdiction. *See* Dkt. No. 666. On September 5, 2014, Banco Bilbao moved for reconsideration of that order. The motion for reconsideration largely reargues and reiterates the original motion to dismiss. It does not raise any new facts or law and is therefore denied.

        Banco Bilbao first argues that I failed to determine whether or not I properly had jurisdiction over the civil action, *Vera v. Republic of Cuba*, 12 Civ. 1596. That is incorrect. I have twice determined that I have subject matter jurisdiction over *Vera v. Republic of Cuba*, 12 Civ. 1596. I first made this determination when I granted the state court judgment full faith and credit and again when I denied Banco Bilbao's motion to dismiss. *See* Dkt. Nos. 12, 13, & 666. In both orders, I have determined that I have jurisdiction over *Vera v. Republic of Cuba* pursuant to the exceptions laid out in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq*. In the instant motion, Banco Bilbao reiterates the arguments it made in the motion to dismiss that the Florida State Court that granted the default judgment against Cuba erred. For the reasons stated at length in the order denying the motion to dismiss, these arguments are again rejected.

        Banco Bilbao also argues that the order denying the motion to dismiss improperly finds that Banco Bilbao was precluded from challenging the Florida State court judgments and from challenging the jurisdictional basis of this enforcement proceeding. The argument is misplaced. I never held, nor do I here, that Banco Bilbao was precluded from bringing these arguments; I considered the arguments fully when deciding its motion to dismiss. Banco

Bilbao's arguments therefore that they were unfairly precluded from making its arguments here or incorrectly subject to collateral estoppel are unfounded. Banco Bilbao was able to bring these challenges to this court's subject matter jurisdiction for full consideration; Banco Bilbao simply does not like the outcome of that full consideration.

Having enjoyed full consideration of tis arguments, Banco Bilbao's claim that the motion to dismiss somehow violates its due process right because it was unable to challenge the Florida State Court judgment in the first instance is also unfounded. Banco Bilbao challenged that judgment in this court and its challenge was fully heard and considered and its right to due process under the federal Constitution thus upheld.

Banco Bilbao's motion to reconsider makes no new arguments nor does it point to new or controlling law that necessarily changes the outcome of the order denying its motion to dismiss. The motion to reconsider is denied. The Clerk shall mark the motion (Doc. No. 672) terminated.

SO ORDERED.

Dated: September 9, 2014
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge