UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ALDO VERA, JR., as Personal Representative of
the Estate of Aldo Vera, Sr.,

                     Plaintiff,

-against-

THE REPUBLIC OF CUBA,

                     Defendant.

------------------------------------------------------------ X

ALDO VERA, JR., as Personal Representative of
the Estate of Aldo Vera, Sr., and

JEANNETTE FULLER HAUSLER, and
WILLIAM FULLER, as court-appointed co-
representatives of the ESTATE OF ROBERT OTIS
FULLER, deceased, on behalf of all beneficiaries of
the Estate and the ESTATE OF ROBERT OTIS
FULLER; and

ALFREDO VILLOLDO, individually, and
GUSTAVO E. VILLOLDO, individually and as
Administrator Executor, and Personal
Representative of the ESTATE OF GUSTAVO
VILLOLDO ARGILAGOS,

                     Petitioners,

-against-

BANCO BILBAO VIZCAYA ARGENTARIA
(S.A.); BANK OF AMERICA N.A.; BANK OF
NEW YORK MELLON; BARCLAY'S BANK
PLCS; CITIBANK N.A.; CREDIT SUISSE AG,
NEW YORK BRANCH; DEUTSCHE BANK
TRUST COMPANY AMERICAS; HSBC BANK
(HSBC BANK USA, N.A.); INTESA SANPAOLA
S.P.A.; JP MORGAN CHASE BANK N.A.; RBS
CITIZENS, N.A.; ROYAL BANK OF CANADA;
SOCIETE GENERALE; UBS AG; WELLS

**ORDER GRANTING MOTION
TO COMPEL FULL AND
COMPLETE ANSWERS TO
INFORMATION SUBPOENAS
AND DENYING MOTIONS TO
QUASH**

12 Civ. 1596 (AKH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/14

1

FARGO BANK, NA; BROWN BROTHERS :
HARRIMAN & CO.; MERCANTIL COMMERCE :
BANK, N.A.; STANDARD CHARTERED BANK; :
AND BANCO SANTADER, S.A., :
 :
                    Respondents.         :
_____ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

For the reasons stated below, plaintiff's motion to compel Banco Bilbao Vizcaya Argentaria (S.A.) ("Banco Bilbao") and Standard Chartered Bank ("Standard Chartered") to submit full and complete answers to information subpoenas served on each is granted. Banco Bilbao's and Standard Chartered's cross-motions to quash the subpoenas are denied. Banco Bilbao and Standard Chartered must provide full and complete answers with respect to the Republic of Cuba's assets located in the bank garnishee's branches outside of, as well as inside, the United States.

On October 30, 2013, I heard oral argument on Vera's motion to compel Banco Santander (S.A.) and Intesa Sanpaola, S.P.A. to answer the same information subpoenas. *See* Dkt. Nos. 329 & 354. The legal issues in sum and substance in those motions are the same as those before me now. For the reasons stated on the record at that hearing, this motion to compel is also granted. This circuit's law permits plaintiffs to obtain information of a judgment debtor's assets outside the United States from banks subject to personal jurisdiction in New York. *See Eitzen Bulk A/S v. Bank of India*, 827 F. Supp. 2d 234 (S.D.N.Y. 2011) ("Under New York law, a subpoena duces tecum served on a corporation doing business or licensed to do business in New York reaches all responsive materials within the corporation's control, even if those materials are located outside New York."). *See also* N.Y. C.P.L.R. 5223; *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207-08 (2d Cir. 2012) (approving of *Eitzen Bulk* and explaining that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts"); *First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002) ("[J]udgment

2

creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.").

The majority of the objections raised in Banco Bilbao's and Standard Chartered's motions to quash the subpoenas were raised by Banco Santander and Intesa Sanpaola, S.PA. and addressed in my October 30, 2013 ruling. Banco Bilbao's additional objection that this court lacks subject matter jurisdiction over *Vera v. Cuba*, 12 Civ. 1596, was also rejected in the order denying Banco Bilbao's motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 666. Banco Bilbao raises one new argument that has not previously been addressed in these prior hearings and decisions. Banco Bilbao argues that the Supreme Court's recent decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) requires a different ruling.

*Daimler AG v. Bauman* held that a foreign corporation is subject to general personal jurisdiction only where the "corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum state." 134 S. Ct. at 761 (internal quotations and citations omitted). Banco Bilbao argues that this case "overrules cases in which a court exercised general jurisdiction over a foreign corporation based on that corporation's maintenance of an office in New York," and therefore calls *Eitzen Bulk*, *EM Ltd.*, and the like into question. Dkt. No 671 at 2. Banco Bilbao's argument is not persuasive. The question of where a corporation may be sued, the question addressed in *Daimler*, has no bearing on the situation here. This case involves attempts by a bank to refuse to answer the questions of a judgment creditor holding a valid judgment from this court and seeking to find assets within the custody and control of that bank. The judgment creditor seeks information and not, in this proceeding, a turnover of assets. Were *Daimler* to be read the way that Banco Bilbao argues, the United States would become a haven for banks seeking to evade the consequences of valid judgments against their depositors. Such a reading stretches the Court's meaning too far and transgresses reasonableness and good sense.

3

Banco Bilbao and Standard Chartered raise no new arguments persuading me to decide this motion to compel based on the very same subpoenas any differently than the other motions to compel filed by Vera. Vera's motion to compel is granted and Banco Bilbao's and Standard Chartered's motion to quash are denied. Each Garnishee shall furnish to plaintiff's counsel full and complete answers to the information subpoenas served on each for the Republic of Cuba, its agencies and instrumentalities, within 30 days of the date of this Order. The responses shall include information covering each Garnishee's operations and business in the custody or control of the bank's offices, inside and outside the United States. Garnishees Banco Bilbao and Chartered Bank may become signatories to the Protective Order approved by this Court (Doc. No. 24) and designate qualifying information furnished pursuant to this Order as "Confidential" under the terms of the Protective Order by entering into a stipulation with plaintiff's counsel.

The Clerk shall mark the motions (Doc. Nos. 336, 355, & 365) terminated.

SO ORDERED.

Dated: September 10, 2014
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge