UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

        Plaintiff,

vs.

THE REPUBLIC OF CUBA,

        Defendant.

---

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr., et al.,

        Petitioner,

v.

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.), et al.:

        Respondents.

12 Civ. 1596 (AKH)

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION
FOR RECONSIDERATION
OR REARGUMENT**

---

WHITE & CASE LLP

1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

*Attorneys for Banco Bilbao Vizcaya
Argentaria, S.A*

Of Counsel:

    Kenneth A. Caruso
    Kelly Bonner

## TABLE OF AUTHORITIES

### CASES

Ayyash v. Koleilat, 115 A.D.3d 495, 981 N.Y.2d 536 (1st Dep't 2014) ...........................................6

Balintulo v. Daimler AG, 727 F.3d 174 (2d Cir. 2013)........................................................................8

Daimler AG v. Bauman, 134 S. Ct. 746 (2014)..............................................................................1, 3, 6

Dietrich v. Bauer, No. 95 Civ. 7051 (RWS), 2000 WL 1171132 (S.D.N.Y. Aug. 16, 2000) .............4

Eitzen Bulk A/S v. Bank of India, 827 F. Supp. 2d 234 (S.D.N.Y. 2011) (Hellerstein, J.)................4

Gliklad v. Bank Hapoalim B.H., No. 155195, 2014 WL 3899209 (Sup. Ct. N.Y. Co. Aug. 4, 2014) .............................................................................................................................................4

Gucci Am., Inc. v. Bank of China, No. 11-3934-cv; 12-4557-cv (2d Cir.).............................. passim

Tiffany (NJ) LLC v. China Merchants Bank, Nos. 12-2317-cv; 12-2330-cv; 12-2349-cv, slip op. at 5 (2d Cir. Sept. 17, 2014)...............................................................................................5

Tiffany (NJ) LLC v. Qi Andrew, 276 F.R.D. 143 (S.D.N.Y. 2011).....................................................4

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245 (2d Cir. 1992)................................1

### STATUTES AND RULES

28 U.S.C. § 1292(b) .........................................................................................................................1, 7

CPLR §§ 5240, 3104 and 2304...........................................................................................................1

### MISCELLANEOUS

CPLR Rule 5224(a)..............................................................................................................................1

CPLR Rule 5224(a-1) ..........................................................................................................................5

FRCP 69(a) ..........................................................................................................................................1

Local Rule 6.3 .....................................................................................................................................1

Plaintiff, Aldo Vera, Jr., moved, pursuant to CPLR Rule 5224(a), made applicable by FRCP 69(a), to compel disclosure by enforcing an Information Subpoena (the "Subpoena") served on the New York branch of Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA"). BBVA cross-moved, pursuant to CPLR §§ 5240, 3104 and 2304, to quash the Subpoena and for a protective order. On September 10, 2014, the Court entered an order granting Vera's motion and denying BBVA's cross-motion (the "September 10 Order"). [Docket No: 677] BBVA now respectfully submits this memorandum of law in support of its motion, pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3"), for reconsideration or reargument. In the alternative, BBVA moves for an order certifying the September 10 Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).

## MATTERS AND CONTROLLING DECISIONS OVERLOOKED BY THE COURT

Local Rule 6.3 provides, in pertinent part, "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Here, if the Court does not reconsider its September 10 Order, the Court will have overlooked Gucci Am., Inc. v. Bank of China, No. 11-3934-cv; 12-4557-cv (2d Cir.), decided on September 17, 2014, one week after this Court's September 10 Order. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (intervening change of controlling law is a major ground justifying reconsideration).

## ARGUMENT

### POINT I

### UNDER GUCCI AND DAIMLER, BBVA IS NOT SUBJECT TO GENERAL PERSONAL JURISDICTION

Under Gucci, which applied Daimler AG v. Bauman, 134 S. Ct. 746 (2014), BBVA is not subject to this Court's general personal jurisdiction. In the absence of general personal jurisdiction, the Court has no basis upon which to order the worldwide discovery that Vera seeks. (BBVA also hereby joins in the arguments made by Standard Chartered Bank.)

A. The Court's September 10 Order

Vera served the Subpoena on BBVA's New York branch. BBVA then made a timely production of information regarding Cuba-related accounts held at BBVA's New York branch. Unsatisfied with this information, Vera asked the Court to order BBVA to provide worldwide discovery of Cuba-related assets.

On September 10, 2014, the Court granted Vera's request. Thus, the Court directed BBVA (and Standard Chartered Bank) to "furnish to plaintiff's counsel full and complete answers to the information subpoenas served on each for the Republic of Cuba, its agencies and instrumentalities . . . . The responses shall include information covering [BBVA's] operations and business in the custody or control of the bank's offices, inside and outside the United States." September 10 Order at 4.

B. The Intervening Gucci Case Wants Reconsideration
And Vacatur Of The September 10 Order

On September 17, 2014, the Second Circuit decided Gucci, which casts new light on the issues presented here. In Gucci, the plaintiffs served a subpoena on the New York branch of Bank of China, which is "not incorporated or headquartered anywhere in the United States and maintains its principal place of business in China." Gucci, slip op. at 7. The subpoena sought

production of documents and information held by Bank of China concerning the defendants and their accounts. Bank of China produced responsive documents that were in the possession of its New York branch but refused to produce responsive documents located in any of its branches or offices in China. Id. at 8.

The district court granted Gucci's motion to compel compliance with the subpoena, exercising general personal jurisdiction over Bank of China based on the presence of Bank of China's branches in the United States. The court ordered Bank of China to produce the documents and information.

On appeal, the Second Circuit reversed, applying Daimler, which had fundamentally changed -- and curtailed -- the law of general personal jurisdiction. Daimler had rejected -- as "unacceptably grasping" and inconsistent with the requirements of the Due Process Clause -- the contention that a court may exercise general jurisdiction "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" Daimler, 134 S. Ct. at 761. Daimler held that a foreign corporation is subject to general personal jurisdiction only where the corporation is "essentially at home in the forum State." Id. And, an exceptional case aside, the corporation is "at home" in the place where it is incorporated and/or has its principal place of business. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" Id. at 760 (citation omitted).

In Gucci, the Second Circuit vacated the district court's discovery order. "Just like the defendant in Daimler, the nonparty Bank here has branch offices in the forum, but is incorporated and headquartered elsewhere. Further, this is clearly not "'an exceptional case' where the Bank's contacts are 'so continuous and systematic as to render [it] essentially at home in the forum.'" Gucci, slip op. at 28, quoting Daimler, 134 S. Ct. at 761 & n. 19. Bank of

China's four branches in the United States "'plainly do not approach' the required level of contact." Id. at 29. Thus "[f]ollowing Daimler, there is no basis consistent with due process for the district court to have exercised general jurisdiction over the Bank." Id. See also id. at 43.[1]

The same conclusion follows in this case. Here, applying Daimler and Gucci, the Court should reconsider, and should vacate, its September 10 Order. BBVA is not "at home" in this forum. BBVA is incorporated in Spain and maintains its principal place of business in Spain. BBVA's operation of its branch in New York does not subject BBVA to this Court's general jurisdiction. BBVA is subject to general jurisdiction only in Spain, where BBVA is at home. BBVA therefore cannot be compelled to produce documents and information that it holds outside New York and/or that are unrelated to its New York operations. As in Daimler and Gucci, the assertion of such general jurisdiction in New York would violate due process. Absent general personal jurisdiction -- the essential foundation for worldwide discovery from a foreign bank that has a New York branch -- the Court has no basis on which to order further discovery from BBVA.[2]

---

[1] Gliklad v. Bank Hapoalim B.H., No. 155195/2014, 2014 WL 3899209, at *2 (Sup. Ct. N.Y. Co. Aug. 4, 2014), presaged Gucci. In Gliklad, a judgment creditor served a subpoena on the New York branch of Bank Hapoalim, an Israeli bank, seeking documents and information held outside New York. The court refused to enforce the subpoena, holding that Bank Hapoalim is not at home in New York, even though it operates a branch in New York. "To allow the exercise of general jurisdiction in a state where a corporation only engages in a substantial and continuous course of business has been found to be 'unacceptably grasping.'" Id. (citing Daimler, 134 S. Ct. at 761). The court continued, "Although Daimler may have only mentioned subsidiaries, there is no rationale to suggest that its reasoning should not be applied to a foreign bank with a branch in New York." Id. The court concluded that Bank Hapoalim did not "meet the two paradigm bases for general jurisdiction articulated in Daimler. Bank Hapoalim is incorporated in Israel and its principal place of business is in Tel Aviv." Id.

[2] In the past, when a judgment creditor served a subpoena on the New York branch of a foreign bank, some courts ordered that bank to produce documents and information located not only at the New York branch, but also located outside the United States. These courts reasoned that the operation of a New York branch sufficed to subject the bank to general personal jurisdiction and hence, to a duty to produce documents and information that were located outside New York and that were unrelated to the bank's New York operations. See, e.g., Eitzen Bulk A/S v. Bank of India, 827 F. Supp. 2d 234, 239 (S.D.N.Y. 2011) (Hellerstein, J.) (ordering foreign bank to produce "information and materials available from branches outside New York. Bank of India is subject to general personal jurisdiction in New York, based on its continuous operation of a branch here."). Other courts in this district similarly held that the jurisdictional basis for ordering extraterritorial discovery from a foreign bank was general personal jurisdiction based on the operation of a branch in New York. See, e.g., Dietrich v. Bauer, No. 95 Civ. 7051 (RWS), 2000 WL 1171132, at *4 (S.D.N.Y. Aug. 16, 2000); Tiffany (NJ) LLC v. Qi Andrew, 276 F.R.D. 143, 147 n.1 (S.D.N.Y.

Vera also relies on CPLR Rule 5224(a-1) to compel production of "materials . . . in the possession, custody or control of [BBVA] . . . without the state." In this case, if that statute is applied to compel BBVA to produce materials that are outside New York and/or are unrelated to BBVA's New York operations, then, under Daimler and Gucci, the statute would be unconstitutional as applied, violative of due process.

C.   Daimler Applies To Subpoena-Enforcement Proceedings

In its September 10 Order, the Court rejected BBVA's contention that Daimler applies to this subpoena-enforcement proceeding. The Court sought to distinguish Daimler:

> The question of where a corporation may be sued, the question addressed in Daimler, has no bearing on the situation here. This case involves attempts by a bank to refuse to answer the questions of a judgment creditor holding a valid judgment from this court and seeking to find assets within the custody and control of that bank. The judgment creditor seeks information and not, in this proceeding, a turnover of assets.

September 10 Order at 3.

Gucci, however, holds that Daimler applies with full force in a subpoena-enforcement proceeding. See, e.g., Gucci, slip op. at 26 n. 13 ("nonparty status does not alter the applicability of these cases [such as Daimler] to the question presented here"). The Court should reconsider its prior holding in light of Gucci.

D.   Specific Jurisdiction Provides An Insufficient Basis For Further Discovery Here

The Gucci court remanded the case for the district court to consider whether it had "specific personal jurisdiction" and whether such jurisdiction "may permit the district court to order the Bank to comply with particular discovery demands[.]" Gucci, slip op. at 43. Here,

---

2011). Daimler and Gucci overrule such cases. See also Tiffany (NJ) LLC v. China Merchants Bank, Nos. 12-2317-cv; 12-2330-cv; 12-2349-cv, slip op. at 5 (2d Cir. Sept. 17, 2014) (decided together with Gucci; "the district court's exercise of jurisdiction here rested on the only recently abrogated principle that the presence of the Banks' branches in New York subjected them to general jurisdiction").

however, specific personal jurisdiction would be insufficient to order BBVA to produce the further discovery that Vera seeks.

When analyzing specific personal jurisdiction, courts apply a "relatedness test[,]" Gucci, slip op. at 34, which focuses on the relation between the discovery sought from the nonparty and the nonparty's contacts with the forum. Id. at 43 (citing authorities). See also id. at 32 (courts "assess the connection between the nonparty's contacts with the forum and the [discovery] order at issue"). Here, the further discovery sought by Vera does not pass the "relatedness" test. BBVA has already produced information regarding assets held at BBVA's New York branch. The further discovery involves assets held outside the New York branch. Such assets have no relation to BBVA's contacts with, or conduct in, New York. Therefore, specific personal jurisdiction does not provide a sufficient basis for an order for further discovery. That conclusion is especially appropriate, where, as here, the judgment creditor has made a blunderbuss request for all information relating to Cuba, and not "particular discovery demands" to which Gucci refers.

POINT II

GUCCI AND DAIMLER ALSO INFORM
THE INTERNATIONAL COMITY ANALYSIS

Worldwide discovery from BBVA would raise exactly the kind of concerns raised in Daimler, where the Court emphasized the "risks to international comity" posed by expansive exercises of general personal jurisdiction. Daimler, 134 S. Ct. at 763. As the Court held, considerations of international comity "reinforce" a restrained approach to personal jurisdiction in cross-border cases. Id. In Gucci, the Second Circuit echoed these pronouncements. See Gucci, slip op. at 28. See also Ayyash v. Koleilat, 115 A.D.3d 495, 495, 981 N.Y.2d 536, 536

(1st Dep't 2014) (affirming, based on "principles of international comity," lower court's refusal to enforce subpoenas seeking worldwide discovery from New York branches of foreign banks).

In Gucci, the Second Circuit also reminded that personal jurisdiction over the nonparty-recipient of a subpoena is not alone sufficient to compel extraterritorial discovery. Rather, before ordering such discovery, a district court must undertake a comity analysis, applying the factors set forth in § 442 of the Restatement (Third) of Foreign Relations Law. See, e.g., Gucci, slip op. at 38 and 41.

The September 10 Order does not include a comity analysis. Here, as previously shown, the discovery sought by Vera would cause BBVA to violate Spanish law, thereby exposing BBVA to substantial penalties and damages. Declaration of Juan Manuel De Remedios ¶¶ 7-9. Judicial restraint, based on international comity, is appropriate.

POINT III

IN THE ALTERNATIVE, THE COURT
SHOULD CERTIFY THE ORDER
FOR IMMEDIATE APPEAL

In the alternative, the Court should certify its September 10 Order for immediate appeal pursuant to 28 U.S.C. § 1292(b), which provides, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order[.]

This statute has three elements, each of which is satisfied here.

First, the September 10 Order involves a controlling question of law. If BBVA prevails on the question whether, in light of Daimler and Gucci, the Court lacks general personal jurisdiction over BBVA, then further enforcement of the Subpoena would fail.

Second, although BBVA believes that Daimler and Gucci clearly prohibit further discovery here, the Court may think it less clear. At the very least, there is substantial ground for difference of opinion.

Third, immediate appeal would materially advance the ultimate termination of the litigation. The Court of Appeals can rule definitively on the issues presented, thus terminating the subpoena-enforcement litigation.

The September 10 Order "involves a new legal question or is of special consequence[.]" Balintulo v. Daimler AG, 727 F.3d 174, 186 (2d Cir. 2013), quoting Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 111 (2009). Accordingly, the Court "should not hesitate to certify an interlocutory appeal." Id.

## CONCLUSION

For the foregoing reasons, the Court should grant reconsideration or reargument of Vera's motion to compel and BBVA's cross-motion to quash and for a protective order. The Court should vacate its September 10 Order, deny Vera's motion and grant BBVA's cross-motion. In the alternative, the Court should certify the September 10 Order for immediate appeal.

Dated: New York, New York  
September 24, 2014

Of Counsel:  
Kenneth A. Caruso  
Kelly Bonner

WHITE & CASE LLP

By: _____  
Kenneth A. Caruso  
1155 Avenue of the Americas  
New York, New York 10036  
Tel: (212) 819-8200

Attorneys for BBVA