Barry J. Glickman
Bruce S. Goodman
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036

*Attorneys for Respondent-Garnishee
  Standard Chartered Bank*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>      Plaintiff,<br><br>      v.<br><br>THE REPUBLIC OF CUBA,<br><br>      Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and<br><br>JEANETTE FULLER HAUSLER, as Successor Personal Representative of ROBERT OTIS FULLER, Deceased, on behalf of the Estate of LYNITA FULLER CASKEY, the surviving daughter of ROBERT OTIS FULLER, THE ESTATE OF ROBERT OTIS FULLER, FREDERICK FULLER, FRANCES FULLER, GRACE LUTES, IRENE MOSS, and JEANETTE FULLER HAUSLER; and<br><br>ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>      Petitioners,<br><br>      v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA (S.A.), et al.,<br><br>      Respondents/Garnishees. | **DECLARATION OF<br>BARRY J. GLICKMAN** |

BARRY J. GLICKMAN, pursuant to 28 U.S.C. § 1746 and under the penalties of perjury, declares:

1. I am an attorney and a member of Zeichner Ellman & Krause LLP, attorneys for respondent-garnishee Standard Chartered Bank ("SCB"), and a member of this Court.

2. I make this declaration in response to petitioners' Motion to Complete Turnover of Phase I Accounts Not In Dispute, as amended. [Doc No. 667]

3. By the motion, petitioners seek an order directing SCB to turnover to them certain electronic funds transfers, denominated as "Phase I Accounts" and identified in **Exhibit 8** to the motion, that SCB interdicted pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515 (the "SCB Blocked EFTs").

4. SCB is a neutral stakeholder and takes no position concerning the priority of claims to any SCB Blocked EFT.

5. Nevertheless, before this Court can grant the relief sought by petitioners, petitioners have the burden of establishing their entitlement to the SCB Blocked EFTs, and that they complied with the necessary procedural requirements under the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules concerning the turnover of assets in satisfaction of a judgment.

6. None of the funds in connection with which petitioners seek a turnover judgment is an account held in the name of the judgment debtor, the Republic of

Cuba. Rather, all involve wire transfers presently held by SCB pursuant to blocks imposed by the Office of Foreign Assets Control of the United States Department of the Treasury ("OFAC"). Petitioners concede that the SCB Blocked EFT's are blocked pursuant to Executive Order of the President of the United States. [See Doc No. 284 (Petition for Turnover Order, ¶ 24).

7. The SCB Blocked EFTs are being held because of an Executive Order blocking assets of the Republic of Cuba, in connection with which OFAC prepared what is known as a list of Specially Designated Nationals that includes, or at one time included, an originator or an originator's bank involved in each SCB Blocked EFT. Thus, any of these originators or originator's banks could claim an interest in each SCB Blocked EFT.

8. Upon the condition that petitioners satisfy the required showing, SCB takes no position in connection with the motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   September 26, 2014

_____
BARRY J. GLICKMAN