## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br>            Plaintiff, <br><br><br>     v. <br><br> THE REPUBLIC OF CUBA, <br>            Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and <br><br> JEANNETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and <br><br> ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, <br>            Petitioners, <br><br><br>     v. <br><br> BANCO BILBAO VIZCAYA ARGENTINA (S.A.), et al., <br>            Respondents/Garnishees. | RESPONSE OF DEUTSCHE BANK TRUST COMPANY AMERICAS TO PETITIONERS' AMENDED MOTION TO COMPLETE TURNOVER OF PHASE I ACCOUNTS NOT IN DISPUTE |

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
(212) 841-1000

*Attorneys for Respondent-Garnishee*
*Deutsche Bank Trust Company Americas*

Respondent-Garnishee Deutsche Bank Trust Company Americas ("DBTCA") respectfully submits this Response to Petitioner's Amended Motion to Complete Turnover of Phase I Accounts Not in Dispute ("Turnover Motion") (ECF No. 667).  As a neutral stakeholder, DBTCA takes no position on who is entitled to any Phase I Accounts held at DBTCA.  However, DBTCA opposes Petitioners' motion to the limited extent that it (i) seeks the turnover of accounts that are not subject to this proceeding, (ii) fails to provide for the reimbursement of fees and costs incurred by the Respondents in serving notice on adverse claimants to such Phase I Accounts, and (iii) proposes a form of turnover order as to which the Respondents were not consulted and do not agree.  The Turnover Motion should not be granted until these issues are resolved.

1.  <u>Accounts Improperly Included in the Turnover Motion</u>.

The Turnover Motion seeks two accounts at DBTCA (Nos. **-***-393 and **-***-129) that were not sought in the Amended Petition.  (*See* Amended Petition, Ex. 7 (ECF No. 660, Ex. 7).)  Although Petitioners have represented to DBTCA that they will amend their Turnover Motion to withdraw their claim to these two accounts, DBTCA must reserve the right to oppose the turnover of these accounts until Petitioners amend their motion papers.  Notice has not been served on any potential adverse claimants to these two accounts, and it would expose DBTCA to a risk of multiple and inconsistent obligations to order the accounts turned over to Petitioners without notifying or joining such potential claimants.  Moreover, because Petitioners acceded to DBTCA's demand that these accounts be removed from their Amended Petition based on the lack of any apparent connection between the accounts and the Government of Cuba, it is not clear that there is any basis to conclude that the accounts are property of Cuba or may be used to satisfy Petitioners' judgment against Cuba.

2.  <u>Reimbursement of Respondents Fees and Costs</u>.

Paragraph 15 of the Court's November 13, 2013 Order With Respect to Giving Notice of Turnover Proceeding ("Notice Order") provides for reimbursement by Petitioners of the Respondent Banks' costs incurred in delivering and translating notices to adverse claimants. (ECF No. 368.)[1]  Paragraph 16 of the Notice Order requires Petitioners and the Respondent Banks to meet and confer regarding reimbursement of the Respondent Banks' "reasonable attorneys' fees and expenses" and further provides that, if agreement cannot be reached, "each Respondent Bank shall be entitled to apply for an award of its reasonable fees" and expenses not covered by paragraph 15.  Paragraph 17 of the Notice Order establishes that, *before* the Petitioners are entitled to a turnover of any Phase I accounts, either (a) the parties must have reached an agreement on the amount of the Respondent Banks attorneys' fees and expenses, which shall be deducted from any funds turned over to Petitioners, or (b) any amounts claimed by the Respondent Banks must be held in escrow pending a decision on their fee applications.

As of the date of this response to the Turnover Motion, Petitioners have neither reimbursed DBTCA for its delivery and translation expenses pursuant to Paragraph 15 of the Notice Order nor met and conferred with DBTCA concerning its attorneys' fees and other expenses pursuant to Paragraph 16 of the Notice Order.  Nor has DBTCA been given the opportunity to make an application for its fees and expenses pursuant to the Notice Order.  The Turnover Motion should not be granted until such time as DBTCA's fees and expenses are addressed, either through the meet and confer process or, if agreement cannot be reached, through the filing of an application for fees and expenses.

---

[1] On August 21, DBTCA submitted by electronic mail invoices covered by paragraph 15.  Although the Notice Order calls for payment within 30 days, DBTCA has yet to receive payment.

3.   <u>Form of the Turnover Order.</u>

Petitioners submitted a proposed Order for Turnover of Specified Phase I Accounts to the Court with their Turnover Motion, without first consulting the Respondent banks to determine whether the form of order was acceptable to Respondents.  (*See* ECF No. 667, Ex. 1.)  On September 12, 2014, several of the Respondent banks, including DBTCA, provided their collective comments on the proposed order to Petitioners in an effort to see whether a mutually agreeable form of turnover order could be negotiated, but discussions are continuing and the parties have yet to reach agreement on the form of order.  Before any turnover order is entered, we respectfully submit that the parties should be directed to meet and confer to ensure that the discharge provisions of any turnover order, and other provisions of relevance to the Respondent Banks, are acceptable to the Respondent Banks.

## Conclusion

For the foregoing reasons, DBTCA respectfully submits that the Turnover Motion is premature and should not be granted until the issues discussed above are addressed.

Dated:  New York, New York
        September 26, 2014

COVINGTON & BURLING LLP

By:    s/ Mark P. Gimbel
            Mark P. Gimbel

The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
(212) 841-1000
mgimbel@cov.com

*Attorneys for Garnishee Deutsche Bank
Trust Company Americas*