UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ALDO VERA, JR., as Personal Representative of the
Estate of Aldo Vera, Sr.,

       Plaintiff,

  -against-

THE REPUBLIC OF CUBA,

       Defendant.
_____

ALDO VERA, JR., as Personal Representative of the
Estate of Aldo Vera, Sr.; and

JEANETTE FULLER HAUSLER, and WILLIAM
FULLER, as court-appointed co-representatives of the
ESTATE OF ROBERT OTIS FULLER, deceased, on
behalf of all beneficiaries of the Estate and the ESTATE
OF ROBERT OTIS FULLER, and

ALFREDO VILLOLDO, individually, and GUSTAVO
E. VILLOLDO, individually and as Administrator,
Executor, and Personal Representative of the ESTATE
OF GUSTAVO VILLOLDO ARGILAGOS,

       Petitioners,

  -against-

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.),
et al.,

       Respondents/Garnishees.
_____

Case No. 12-CV-01596
(AKH)

RESPONSE OF
RESPONDENT THE
BANK OF YORK MELLON
TO PETITIONERS'
AMENDED MOTION TO
COMPLETE TURNOVER
OF PHASE I ACCOUNTS
<u>NOT IN DISPUTE</u>

  Respondent/garnishee The Bank of New York Mellon ("BNY Mellon"), by its attorneys,

Levi Lubarsky & Feigenbaum LLP, respectfully submits this response to petitioners' Amended

Motion to Complete Turnover of Phase I Accounts Not in Dispute filed August 22, 2014 (the "Turnover Motion") (ECF No. 667).

As a neutral stakeholder in this action, BNY Mellon takes no position as to which persons or entities are entitled to any of the Phase I accounts held at BNY Mellon (the "Phase I Accounts"). Although BNY Mellon objects to the turnover of two of the accounts identified in the Turnover Motion as being Phase I Accounts held at BNYM (Account Nos. CIA\*\*\*911 and FTS\*\*\*600), petitioners' counsel has told BNY Mellon's counsel that petitioners are prepared to move those two accounts to Phase II of these proceedings. As of the time of this response, petitioners have yet to file an amended schedule reflecting the removal of those two accounts from their list of legitimate Phase I accounts. But assuming petitioners do so, and subject to the more general objections stated below, BNY Mellon will not oppose the turnover of the remaining Phase I accounts held at the bank.

BNY Mellon does, however, have the same two general objections to the Turnover Motion that respondent/garnishee Deutsche Bank Trust Company America specified in its September 26, 2014 response to the Turnover Motion (*see* ECF No. 703). First, in accordance with paragraphs 15 through 17 of the Court's November 13, 2013 Order with Respect to Giving Notice of Turnover Proceeding, BNY Mellon objects to the turnover of any Phase I accounts at the bank (i) before it has conferred with petitioners regarding the reimbursement of attorneys' fees and expenses that BNY Mellon has incurred in connection with the notice proceedings underlying the Turnover Motion; and (ii) if the parties are unable to reach an agreement on the amount of fees and expenses to be reimbursed, before BNYM has had a chance to file an application for its fees and expenses.

Second, BNYM objects to the turnover of any Phase I accounts until after the parties have conferred regarding the form of the turnover order and judgment governing any such turnover. Petitioners' original draft of a proposed order was not acceptable to BNY Mellon and many if not all of the other garnishee banks. BNY Mellon and various other banks then prepared a revised version of the turnover order (which, among other things, makes the order a judgment as well as an order), and that revised order was sent to petitioners' counsel on September 12, 2014. As of the time of this response, however, petitioners have not yet responded to the revised order and judgment. Until the parties have agreed upon the form of the turnover order and judgment or, if no agreement is reached, submitted alternative orders to the Court, no funds in BNY Mellon's Phase I accounts should be turned over to petitioners.

## CONCLUSION

For the foregoing reasons, BNY Mellon objects to the turnover of the Phase I accounts held at the bank until after the issues addressed above have been resolved.

Dated:   New York, New York
         September 26, 2014

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
    Steven B. Feigenbaum
    Gregory P. Feit
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
(212) 308-6100
*Attorneys for Respondent/Garnishee The Bank of New York Mellon*

3