## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br>       Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA, <br>       Defendant. | Case No. 12-CV-01596 (AKH) |

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.; and

JEANNETTE FULLER HAUSLER, and WILLIAM
FULLER as court-appointed co-representatives of
the ESTATE OF ROBERT OTIS FULLER,
deceased, on behalf of all beneficiaries of the Estate
and the ESTATE OF ROBERT OTIS FULLER; and

ALFREDO VILLOLDO, individually, and
GUSTAVO E. VILLOLDO, individually and as
Administrator, Executor, and Personal
Representative of the ESTATE OF GUSTAVO
VILLOLDO ARGILAGOS,
      Petitioners,

      v.

BANCO BILBAO VIZCAYA ARGENTINA (S.A.),
et al.,
      Respondents/Garnishees.

### MEMORANDUM IN OPPOSITION TO PETITIONERS' AMENDED MOTION TO COMPLETE TURNOVER OF PHASE I ACCOUNTS NOT IN DISPUTE

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017
(212) 450-4552

*Attorneys for Respondent-Garnishees Bank
of America, N.A., Barclays Bank PLC,
Citibank, N.A., JPMorgan Chase Bank,
N.A., UBS AG, and Wells Fargo Bank, N.A.*

Respondent-Garnishees Bank of America, N.A., Barclays Bank PLC, Citibank, N.A., JPMorgan Chase Bank, N.A., UBS AG, and Wells Fargo Bank, N.A. (collectively, the "Garnishees") respectfully submit this memorandum in opposition to Petitioners' Amended Motion to Complete Turnover of Phase I Accounts Not in Dispute ("Turnover Motion") (Dkt. 667).

## PRELIMINARY STATEMENT

Although the Garnishees, as neutral stakeholders, take no position as to whom is entitled to any Phase I Accounts held by Garnishees, they oppose Petitioners' motion to the extent that it (1) improperly seeks the turnover of accounts that either (a) were not included in its Amended Omnibus Petition for Turnover Order (Dkt. No. 423) ("Amended Petition"), (b) are subject to a pending third-party petition alleging claims in the nature of interpleader, or (c) are ones for which its allegations regarding the identity of certain Cuban agencies or instrumentalities do not correspond with the parties who were notified; (2) fails to provide for the reimbursement of fees and costs incurred by Garnishees in serving notice on adverse claimants to such Phase I Accounts, and (3) proposes a turnover order as to which the Garnishees were not consulted and to which they do not consent.  The Garnishees have advised Petitioners concerning the schedule deficiencies and have provided Petitioners with a revised proposed order, *see* Declaration of James L. Kerr ("Kerr Decl.") Exs. A & B, and revised schedules of accounts.  Petitioners have not yet responded to the request for comments on the revised proposed order and the revised schedules of accounts.  While Petitioners have advised that they will provide comments as early as next Monday, Garnishees file this memorandum to preserve their objections and opposition to Petitioners' Turnover Motion as filed.  Accordingly, Garnishees request that the Court deny the motion, without prejudice to renewal after Petitioners meet and confer with Garnishees to resolve the outstanding discrepancies.

**I. The Motion Improperly Seeks Turnover of Disputed Accounts**

Garnishees object to the turnover of certain accounts sought in the Turnover Motion because they either were not included in the Amended Petition, are subject to a pending third-party petition alleging claims in the nature of interpleader, or because Petitioners' allegations do not correspond with the parties who were actually notified of these proceedings.

**A.      Citibank, N.A.**

Citibank, N.A. objects to the turnover of account numbers ************2573 and ************2803.  *See* Declaration of Robert Swift ("Swift Decl.") (Dkt. No. 660) Ex. 4 (under seal).  These accounts were not included in the schedules attached to the Amended Petition. *See* Amended Petition Ex. 5 (under seal).  Therefore, no notice was sent to the originators or originating banks for these two accounts.

The Turnover Motion also improperly seeks account number ************0341.  This account is subject to Citibank's pending Third-Party Petition Alleging Claims in the Nature of Interpleader (Dkt. No. 561).  Accordingly, all claims to this account will be resolved in that third-party action.

**B.      Barclays Bank PLC**

Barclays Bank PLC objects to the turnover of account number *******002NYBR, which contains the proceeds of a wire transfer to which "Intec, Inc." was the originator.  Petitioners allege that the originator was "either of two subsidiary corporations by that name, both of which are fully owned by Cuban state capital."  Declaration of Robert A. Swift ("Swift Decl.") ¶ 9 (Dkt. 660).  The documentation supporting this allegation, however, identifies the Cuban corporations only by the abbreviation "INTEC."  *See* Swift Decl. Ex. 13 (Dkt. 13).

According to Barclays' records, however, the originator was known as "Intec, Inc." "Inc." is a uniquely American corporate identifier.  According to Barclays' research, Intec, Inc. was a Florida corporation that voluntarily dissolved in February 2014.  (Kerr Decl. Ex. C). Notice was provided to Intec, Inc.'s agent for service of process.  Declaration of Craig T. Cagney ("Cagney Decl.") (Dkt. No. 661) Exs. 2 & 18.  Although Barclays did not receive an objection from Intec, Inc., Petitioners have alleged that the originator is one of two possible Cuban entities, neither of which received notice.  Accordingly, the absence of an objection does not prove that Petitioners' allegations are undisputed.  This account should be moved to Phase II of these proceedings, as only the beneficiary or beneficiary bank appears to be located in Cuba.

## II.  The Proposed Order Fails to Provide for Reimbursement of Fees and Costs

This Court's Order With Respect to Giving Notice of Turnover Proceeding, filed November 13, 2013 (Dkt. No. 368) ("Notice Order"), provides that Petitioners will reimburse Garnishees for the costs of providing notice and permits the Garnishees, by agreement with Petitioners or upon application to this Court, to obtain reimbursement of their reasonable attorneys' fees and costs before Petitioners are entitled to turnover.  The Proposed Order attached to the Turnover Motion, however, makes no provision for reimbursement of costs or attorneys' fees.  This Court should deny the Turnover Motion, without prejudice to renewal once these issues have been resolved.

## III.  The Proposed Order Fails to Provide Adequate Protections to Garnishees

The Proposed Order attached to the Turnover Motion fails to include certain provisions that would protect the Garnishees' interests with respect to accounts subject to turnover. Garnishees have submitted a revised Proposed Order to Petitioners (Kerr Decl. Ex. A), but have not yet received a response from Petitioners.  For this additional reason, the Turnover Motion should be denied, without prejudice to renewal once these issues are resolved.

## CONCLUSION

For the foregoing reasons, the Garnishees respectfully submit that the Amended Motion is premature and should be denied, without prejudice to renewal once the issues discussed above are addressed.

Dated:   New York, New York
         September 26, 2014

DAVIS POLK & WARDWELL LLP

By: _____
         James L. Kerr

**Of Counsel**
Karen E. Wagner
Craig T. Cagney

450 Lexington Avenue
New York, New York 10017
(212) 450-4552
James.Kerr@davispolk.com

*Attorneys for Respondents-Garnishees Bank of America, N.A., Barclays Bank PLC, Citibank, N.A., JPMorgan Chase Bank, N.A., UBS AG, and Wells Fargo Bank, N.A.*