**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., | : |
| | : |
| | : |
| Plaintiff, | : |
| vs. | : |
| | : |
| THE REPUBLIC OF CUBA, | :     12 Civ. 1596 (AKH) |
| | : |
| Defendant. | : |

---

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., et al., | : |
| | : |
| | : |
| Petitioners, | : |
| v. | : |
| | : |
| BANCO BILBAO VIZCAYA ARGENTARIA (S.A.), et al., | : |
| | : |
| Respondents/Garnishees. | : |

---

### REPLY MEMORANDUM OF LAW IN SUPPORT
### OF MOTION PURSUANT TO LOCAL RULE 6.3
### <u>FOR RECONSIDERATION OR REARGUMENT</u>

WHITE & CASE LLP

1155 Avenue of the Americas
New York, New York  10036
(212) 819-8200

*Attorneys for Respondent*
*Banco Bilbao Vizcaya*
*Argentaria, S.A.*

Of Counsel:

    Kenneth A. Caruso
    Kelly Bonner
    Harold W. Williford

TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

ARGUMENT ......................................................................................................................1

I.   THE COURT LACKS PERSONAL  JURISDICTION SUFFICIENT  TO
     COMPEL WORLDWIDE DISCOVERY .........................................................1

     A.   BBVA Preserved This Defense, Although Preservation Is Not Required...............1

     B.   Vera's Concessions Have Narrowed The Questions Presented Here .....................2

     C.   The Court Lacks Specific Jurisdiction Over BBVA ...............................................3

          1.   The Generally Applicable Law .................................................................3

          2.   Minimum Contacts Component -- "Relatedness" Is Lacking Here ...........4

          3.   The Exercise Of Jurisdiction Would Not Be Reasonable ..........................4

     D.   Specific Jurisdiction Is Insufficient To Order The Discovery Sought ...................5

          1.   Specific Jurisdiction Does Not Empower The Court To Order
               Worldwide Discovery ...............................................................................5

          2.   Banking Law § 200(3) Does Not Change The Result ................................7

          3.   Prior Cases Must Be Read In Light Of Daimler And Gucci .......................7

II.  PRINCIPLES OF INTERNATIONAL COMITY WARRANT DENIAL OF
     ENFORCEMENT ...............................................................................................8

     A.   Daimler Impacts And Informs The Comity Analysis .............................................9

     B.   Vera's Current Contentions Are Meritless .............................................................9

III. IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY THE ORDER
     FOR IMMEDIATE APPEAL .............................................................................10

CONCLUSION .................................................................................................................11

TABLE OF AUTHORITIES

CASES

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
    305 F.3d 120 (2d Cir. 2002)..................................................................................3, 5

Credit Lyonnais Sec. (USA), Inc. v. Alcantara,
    183 F.3d 151 (2d Cir. 1999)........................................................................................2

Daimler AG v. Bauman,
    134 S. Ct. 746 (2014) ....................................................................... passim

EM Ltd. v. Republic of Argentina,
    695 F.3d 201 (2d Cir. 2012)...................................................................................7, 8

Filartiga v. Pena-Irala,
    630 F.2d 876 (2d Cir. 1980)........................................................................................4

First City, Tex.-Hous., N.A. v. Rafidain Bank,
    281 F.3d 48 (2d Cir. 2002)..........................................................................................7

Gliklad v. Bank Hapoalim B.H.,
    No. 14-155195, 2014 WL 3899209 (Sup. Ct. N.Y. Cnty. Aug. 4, 2014) ....................7

Gucci Am. Inc. v. Li,
    Nos. 11-3934-cv, 12-4557-cv, 2014 WL 4629049 (2d Cir. Sept. 17, 2014) ..................2, 3, 4, 6

Hoffenberg v. United States,
    No. 00 Civ. 1686 (RWS), 2004 WL 2338144 (S.D.N.Y. Oct. 18, 2004)..................10

Ings v. Ferguson,
    282 F. 2d 149 (2d Cir. 1960).......................................................................................9

Kiobel v. Royal Dutch Petroleum Co.,
    133 S. Ct. 1659 (2013)................................................................................................4

Metro. Life Ins. Co. v. Robertson-Ceco Corp.,
    84 F.3d 560 (2d Cir. 1996).....................................................................................3, 5

Newtown Jackson Co. v. Barclays Bank,
    133 N.Y.S.2d 726 (Sup. Ct. Queens Cnty. 1954) ......................................................7

RJM Aviation Assocs., Inc. v. GP Aviation Servs., LLC,
    2008 WL 918538 (D. Conn. Mar. 28, 2008) (Droney, J.) .........................................6

Seiferth v. Helicopteros Atuneros, Inc.,
    472 F.3d 266 (5th Cir. 2006) .....................................................................................6

Tamayo v. City of New York,
 No. 02 Civ. 8030 (HB), 2004 WL 725836 (S.D.N.Y. Mar. 31, 2004) .......................................8

STATUTES AND RULES

28 U.S.C. § 1292(b) .............................................................................................................1, 10

28 U.S.C. § 1350 .........................................................................................................................4

28 U.S.C. § 1608(b) ....................................................................................................................8

Fed. R. Civ. P. 69(a) ...................................................................................................................9

N.Y. Banking Law § 200(3) (McKinney 2014) ..........................................................................7

S.D.N.Y. Local Rule 6.3 .......................................................................................................1, 8

BBVA respectfully submits this reply memorandum of law in support of its motion, pursuant to Local Rule 6.3, for reconsideration or reargument of Vera's motion to compel disclosure by enforcing the Subpoena and BBVA's cross-motion to quash the Subpoena and for a protective order. In the alternative, BBVA moves for an order certifying the September 10 Order for immediate appeal pursuant to 28 U.S.C. § 1292(b). This reply memorandum uses the same defined terms as those used in BBVA's opening memorandum.

<u>ARGUMENT</u>

POINT I

THE COURT LACKS PERSONAL
JURISDICTION SUFFICIENT
<u>TO COMPEL WORLDWIDE DISCOVERY</u>

A.      <u>BBVA Preserved This Defense, Although Preservation Is Not Required</u>

Vera contends that BBVA failed to raise the defense of lack of personal jurisdiction before the Court issued its September 10 Order. Vera Memorandum of Law ("VMOL") at 2-3. Vera, however, mis-states the record. In its Answer -- filed on September 4, 2014 and thus, before the Court's September 10 Order -- BBVA asserted the defense of lack of personal jurisdiction. <u>See</u> Answer [Dkt. 670] ¶ 64 ("This Court lacks personal jurisdiction over BBVA."). On September 5, 2014, furthermore, BBVA filed its Supplemental Memorandum of Law [Dkt. 671], which raised the very arguments (based on <u>Daimler</u>) raised here. Indeed, BBVA asked the Court to hold this dispute in abeyance pending the decision in <u>Gucci</u>. <u>Id.</u> at 5.

Vera's reference to BBVA's Amended Answer, filed on September 25, 2014, is a red herring. The Amended Answer re-asserted the defense of lack of personal jurisdiction. <u>See</u> Dkt. 701 ¶ 64.

Plainly, BBVA preserved the defense of lack of personal jurisdiction. Even if BBVA had not done so, the Court would nevertheless reach these issues, as the Second Circuit did in <u>Gucci,</u>

1

because <u>Daimler</u> changed "prior controlling precedent of this Circuit[,]" <u>Gucci Am. Inc. v. Li</u>, Nos. 11-3934-cv, 12-4557-cv, 2014 WL 4629049, at *11 (2d Cir. Sept. 17, 2014), and "a party cannot be deemed to have waived objections or defenses" that would have been contrary to such precedent.  <u>Id.</u> at *11.

B.    <u>Vera's Concessions Have Narrowed The Questions Presented Here</u>

Vera makes a series of concessions or "assumptions" that narrow the issues for the Court on this motion.  Thus, Vera concedes or assumes that:

- Reconsideration will be granted where "a new, controlling decision could alter the result reached by the Court."  VMOL at 3.

- "<u>Gucci</u> is a new and controlling decision requiring this Court to reconsider the Order of September 10."  <u>Id.</u>

- "<u>Gucci</u> precludes a court's assertion of general jurisdiction over a foreign bank whose state of incorporation and principal place of business are outside the United States[.]"  <u>Id.</u>

Furthermore, Vera does not contend that BBVA is subject to this Court's general jurisdiction.[1]

Therefore, the questions are whether the Court has specific jurisdiction over BBVA and if so, whether such specific jurisdiction provides a constitutionally sufficient basis for an order compelling BBVA to produce the worldwide discovery that Vera seeks.  For the reasons set forth below, the answer is no.

---

[1]   Vera does not, and cannot, dispute that BBVA is incorporated under the laws of Spain and maintains its principal place of business in Spain.  The burden of proof is on Vera, <u>Credit Lyonnais Sec. (USA), Inc. v. Alcantara</u>, 183 F.3d 151, 154 (2d Cir. 1999) ("The plaintiff still must prove the jurisdictional facts by a preponderance of the evidence"), who has not proven a place of incorporation or principal place of business anywhere but Spain.  Indeed, Vera's operative Petition admits that BBVA "is a foreign banking institution incorporated and existing under the laws of Spain with a branch office in New York City."  Dkt. 423 ¶ 10.

C.     The Court Lacks Specific Jurisdiction Over BBVA

    1.     The Generally Applicable Law

"The due process test for personal jurisdiction has two related components:  the 'minimum contacts' inquiry and the 'reasonableness' inquiry."  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).  Under the "minimum contacts" component, "[s]pecific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum[.]"  Id. at 567-68 (internal quotation marks omitted).  See also Gucci, 2014 WL 4629049, at *9; Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 127 (2d Cir. 2002).

    Under the "reasonableness component," the "exercise of jurisdiction . . .  may be defeated where the defendant presents a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  Metro. Life, 84 F.3d at 568 (internal quotation marks omitted).  When examining the reasonableness of the exercise of jurisdiction, courts examine five factors:

> (1)   the burden that the exercise jurisdiction will impose on the defendant; (2) the interest of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; (5) the shared interest of the states in furthering substantive social policies.

Bank Brussels, 305 F.3d at 129 (quoting Asahi Metals Indus. Co. v. Superior Court, 480 U.S. 102, 113-14 (1987)).  "[I]n the international context," courts also examine "the procedural and substantive policies of other nations whose interests are affected by the assertion of jurisdiction."  Daimler AG v. Bauman, 134 S. Ct. 746, 762 n.20 (2014).

2.     Minimum Contacts Component -- "Relatedness" Is Lacking Here

"The test for specific jurisdiction over defendants examines whether a cause of action arises out of or relates to the defendant's contacts with the forum." Gucci, 2014 WL 4629049, at *15 (citing Burger King v. Rudzewicz, 471 U.S. 462, 472 (1985)).  As shown in BBVA's opening memorandum, Vera's request for further discovery does not pass the "relatedness" test. See Opening MOL at 6.

Vera does not dispute -- and thus concedes by silence -- that the further discovery he seeks does not pass the relatedness test.  Instead, he contends, "This case presents an alternative to the 'contacts' test because the underlying judgment is for terrorism by a state sponsor of terrorism."  VMOL at 6.  There is, however, no terrorism exception to the law of personal jurisdiction or to the Due Process Clause, as evidenced by Vera's inability to cite any authority that actually supports his position.[2]

3.     The Exercise Of Jurisdiction Would Not Be Reasonable

Vera next contends that the "reasonableness" factors support the exercise of jurisdiction here.  VMOL at 5.  This contention, however, is misguided because a court does not reach the reasonableness component where, as here, the plaintiff cannot satisfy the minimum contacts component. Daimler, 134 S. Ct. at 762 n.20; Gucci, 2014 WL 4629049, at *15.  Here, Vera cannot show the requisite "relatedness" between the discovery sought and BBVA's contacts with the forum.  That is the end of the analysis.

In any event, the reasonableness component "evokes a sliding scale:  the weaker the plaintiff's showing [on minimum contacts], the less a defendant need show in terms of

---

[2]   Filartiga v. Pena-Irala, 630 F.2d 876 (2d Cir. 1980), cited by Vera, VMOL at 6, is irrelevant here.  Filartiga involved subject matter jurisdiction (under the Alien Tort Statute, 28 U.S.C. § 1350), not personal jurisdiction. Filartiga is probably no longer good law even on the issue of subject matter jurisdiction.  See Kiobel v. Royal Dutch Petroleum Co., 133 S. Ct. 1659 (2013).

unreasonableness to defeat jurisdiction." Metro. Life, 84 F.3d at 569 (quoting Ticketmaster – N.Y., Inc. v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994)).  Here, given the weakness of Vera's showing regarding contacts and relatedness, the exercise of jurisdiction would be unreasonable in light of the policies of Spain, whose interests would be affected by the exercise of jurisdiction here.  Daimler, 134 S. Ct. at 762 n.20.  The information sought here is confidential under the law of Spain yet can be obtained by Vera in a proceeding in Spain.  Production here, by contrast, can cause BBVA to violate the law of its home country.  See DeRemedios Dec. ¶¶ 3-11.  The "shared interests" of the United States and Spain can be reconciled by refusing to exercise jurisdiction.  Bank Brussels, 305 F.3d at 129.

Vera contends that the Court has in rem jurisdiction over the blocked accounts at BBVA's New York branch, that BBVA "has been an active participant in this case," and that BBVA is "a principal" appellant in Hausler v. JP Morgan Chase, Nos. 12-1264 and 12-1277, pending in the Second Circuit.  VMOL at 5.  These matters, however, have no bearing on the discovery issue presented here, as framed by Daimler and Gucci.  Certainly, Vera never explains the relevance of these matters.[3]

D.   Specific Jurisdiction Is Insufficient To Order The Discovery Sought

    1.   Specific Jurisdiction Does Not Empower The
        Court To Order Worldwide Discovery

Even assuming that the Court has specific jurisdiction over BBVA, such jurisdiction would be insufficient to order the discovery sought here.  If the Court has specific jurisdiction over BBVA, then the Court could order production of documents and information held at BBVA's New York branch (although an order is unnecessary because BBVA long ago produced

---

[3]  Vera refers to BBVA as a "Garnishee."  For purposes of this discovery dispute, however, BBVA is a non-party witness.  Vera served the Subpoena on BBVA in the civil action, Vera v. Republic of Cuba, on November 26, 2012, at a time when BBVA was not a party to that action.  BBVA was named as a party only on September 20, 2013, when Petitioners filed their Omnibus Petition For Turnover.

information regarding Cuba-related accounts held at its New York branch).  See Gucci, 2014 WL 4629049, at *15 ("Specific personal jurisdiction may permit the district court to order the Bank to comply with particular discovery demands").  Here, such jurisdiction would authorize enforcement of a request for discovery of the particular documents and information held in New York.

Specific jurisdiction, however, would not empower the Court to order BBVA to produce documents and information that BBVA holds outside New York and/or that are unrelated to BBVA's New York operations.  Specific jurisdiction requires a "claim-specific inquiry[.]" Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 274-75 & n.5 (5th Cir. 2006) (citing authorities).  Accord RJM Aviation Assocs., Inc. v. GP Aviation Servs., LLC, 2008 WL 918538, at *5 (D. Conn. Mar. 28, 2008) (Droney, J.).  In the discovery context, this translates to a "request-specific" inquiry.  See Gucci, 2014 WL 4629049, at *15 (citing authorities).

Here, to the extent that Vera requests documents and information that are held outside New York and/or that are unrelated to BBVA's New York operations, the request does not "arise[ ] out of or relate[ ] to [BBVA's] contacts with the forum."  Gucci, 2014 WL 4629049, at *15.  Specific jurisdiction would thus be insufficient for an order compelling production. "Permitting the legitimate exercise of specific jurisdiction over one [request] to justify the exercise of specific jurisdiction over a different [request] that does not arise out of or relate to [BBVA's] forum contacts would violate the Due Process Clause."  Seiferth, 472 F.3d at 275. See Daimler, 134 S. Ct. at 758 n.10 (the conduct of corporate activities within a state "may give rise to obligations" but only "so far as those obligations arise out of or are connected with the activities within the state").

2.     Banking Law § 200(3) Does Not Change The Result

Banking Law § 200(3), cited by Vera, does not change the result.  That statute requires a foreign bank to appoint the New York Superintendent of Financial Services as the bank's agent "upon whom all process in any action or proceeding against [the bank] on a cause of action arising out of a transaction with its New York . . . branch . . . . may be served . . . ."

Section 200(3) provides merely for service of process, not consent to personal jurisdiction.  See Newtown Jackson Co. v. Barclays Bank, 133 N.Y.S.2d 726, 729 (Sup. Ct. Queens Cnty. 1954) (explaining that a defendant bank could not "have been subjected to suit in this jurisdiction merely by service of process" pursuant to section 200(3)).  In any event, even if the statute does extend to personal jurisdiction, the statute at most exposes the foreign bank to specific jurisdiction, not general jurisdiction, over the bank.  Gliklad v. Bank Hapoalim B.H., No. 14-155195, 2014 WL 3899209 (Sup. Ct. N.Y. Cnty. Aug. 4, 2014).  And, as shown above, in this case, specific jurisdiction is an insufficient basis for an order compelling BBVA to produce documents and information that it holds outside New York and/or that are unrelated to its New York operations.

3.     Prior Cases Must Be Read In Light Of Daimler And Gucci

Vera contends that the "Court of Appeals in Gucci did not overrule its precedential caselaw holding that 'broad post-judgment discovery in aid of execution is the norm in federal and New York state courts.'"  VMOL at 6, quoting EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207-08 (2d Cir. 2012), and citing First City, Tex.-Hous., N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002).  Vera's contention, however, is overbroad.

First City involved discovery from an agency or instrumentality of a foreign state.  The court had subject matter jurisdiction under the FSIA and therefore, gained personal jurisdiction

by mere service on the agency or instrumentality.  See 28 U.S.C. § 1608(b).  It appears that the

discovery related to the claim at issue in the action.  The case did not discuss issues of extra-

territorial discovery or discovery of information unrelated to the claims being adjudicated in the

forum.

EM involved extra-territorial discovery from a non-party bank.  The Court of Appeals

stated that the district court had power to order discovery based on "its power to conduct

supplementary proceedings involving persons indisputably within its jurisdiction, to enforce

valid judgments."  695 F.3d at 208 (emphasis added).  After Daimler and Gucci, however, a

court must ask a further question:  What kind of jurisdiction does it have -- general or merely

specific?  If it has general jurisdiction, then worldwide discovery may be available.  If it merely

has specific jurisdiction, then such discovery would not be available.

In short, the prior cases must be read in light of Daimler and Gucci.  Expansive views of

post-judgment discovery must now be focused by the due-process restrictions imposed by

Daimler and Gucci.

\*        \*        \*

The filing of BBVA's notice of appeal does not deprive this Court of jurisdiction to grant

reconsideration.  Tamayo v. City of New York, No. 02 Civ. 8030 (HB), 2004 WL 725836, at \*2

(S.D.N.Y. Mar. 31, 2004) (holding that the district court had jurisdiction to consider a Local

Rule 6.3 motion following the filing of a notice of appeal).

POINT II

PRINCIPLES OF INTERNATIONAL COMITY
WARRANT DENIAL OF ENFORCEMENT

BBVA hereby incorporates by reference its prior memoranda of law on this issue.  See

Dkt. 356 and 373.  BBVA adds the following:

A.    <u>Daimler Impacts And Informs The Comity Analysis</u>

<u>Daimler</u> adds weight, tipping the balance in favor of restraint when a court is asked to enforce a subpoena for extraterritorial discovery.  <u>See</u> <u>Daimler</u>, 134 S. Ct. at 763 (urging "international rapport" and noting that expansive views of jurisdiction have caused international friction and have impeded negotiation of international agreements).  Additional weight is added by New York law, made applicable here by Rule 69(a), FRCP.  Under New York law, resort to the Hague Convention is "virtually compulsory."  <u>See</u> Dkt. 356 at 10-12.

<u>Daimler</u>, furthermore, signals a retreat to a less expansive, more traditional, regime of jurisdiction and its exercise.  <u>Daimler</u> has therefore breathed new life into old precedent, such as <u>Ings v. Ferguson</u>, 282 F. 2d 149 (2d Cir. 1960).  In that case, the Second Circuit refused to enforce a subpoena served on the New York agencies of Canadian banks where (a) no claim was made against any of the Canadian banks, (b) the "transactions did not originate in the New York Agencies[,]" (c) the documents were located in Canada and (d) Canadian law provided procedures for obtaining the documents in Canada.  This Court should follow <u>Ings</u>, which takes a traditional approach to subpoena-enforcement.

B.    <u>Vera's Current Contentions Are Meritless</u>

Vera contends that the Court should enforce the Subpoena because the information sought is "important."  VMOL at 9.  In so contending, however, Vera has truncated the applicable legal factor, which asks whether the information sought is important <u>to this litigation</u>.  <u>See</u> Dkt. 356 at 12-13.  Here, Vera does not and cannot show that the discovery he seeks is important <u>to this litigation</u>.  On the contrary, as Vera freely admits, he seeks information so that he can start <u>other litigation</u>, <u>in other countries</u>.[4]

---

[4]   The discovery sought by Vera here will not form the basis for turnover here.  As Vera admits, "Vera is seeking post judgment discovery of the Cuban government's foreign accounts in order to decide whether to seek recognition

Vera contends that his requests are "specific." VMOL at 9. The contention is unsustainable. The Subpoena seeks undifferentiated "worldwide" discovery.

Nor has Vera shown that the information he seeks is unavailable in Spain under the Hague Convention. His suggestion that a Hague Convention request may cost more than $25,000 is a diversionary tactic. Litigation always requires funding.

POINT III

IN THE ALTERNATIVE, THE COURT
SHOULD CERTIFY THE ORDER
FOR IMMEDIATE APPEAL

Vera has not opposed BBVA's application that the Court should certify the September 10 Order for immediate appeal under 28 U.S.C. § 1292(b). BBVA further notes that the filing of its notice of appeal, Dkt. 709, did not deprive this Court of jurisdiction to grant § 1292(b) certification. Hoffenberg v. United States, No. 00 Civ. 1686 (RWS), 2004 WL 2338144, at *4 (S.D.N.Y. Oct. 18, 2004) ("[E]ven if Hoffenberg's appeals are proper and the Court of Appeals is vested with jurisdiction as to the subject matter of his appeals, Hoffenberg's motion for a certificate of appealability may be considered and decided by this Court in aid of the appellate jurisdiction of the Court of Appeals and in the interest of judicial economy.").

---

of his judgment abroad and, if so, in which countries and against which banks." VMOL at 5-6. Vera continues, "Here, information as to Cuba's accounts abroad may enable Vera to collect on his judgment in a foreign country . . . ." Id. at 7. "Without the information [sought in discovery] , Vera cannot know in which countries to seek recognition of his judgment and which banks in those countries hold Cuban government accounts which may be executed upon." Id. at 9.

CONCLUSION

For the foregoing reasons, the Court should grant reconsideration or reargument of

Vera's motion to compel and BBVA's cross-motion to quash and for a protective order.  The

Court should vacate its September 10 Order, deny Vera's motion and grant BBVA's cross-

motion.  In the alternative, the Court should certify the September 10 Order for immediate

appeal.

Dated: New York, New York                  WHITE & CASE LLP
       October 22, 2014

                                           By: _____
                                               Kenneth A. Caruso

Of Counsel:                                1155 Avenue of the Americas
       Kenneth A. Caruso                   New York, New York 10036
       Kelly Bonner                        Tel:    (212) 819-8200
       Harold W. Williford
                                           Attorneys for BBVA