# KOHN, SWIFT & GRAF, P.C.

ONE SOUTH BROAD STREET, SUITE 2100
PHILADELPHIA, PENNSYLVANIA 19107-3304

(215) 238-1700
TELECOPIER (215) 238-1968
FIRM E-MAIL: info@kohnswift.com
WEB SITE: www.kohnswift.com

E-MAIL: RSWIFT@KOHNSWIFT.COM

JOSEPH C. KOHN
ROBERT A. SWIFT
GEORGE W. CRONER
ROBERT J. LaROCCA
DENIS F. SHEILS†○
DOUGLAS A. ABRAHAMS ✱
WILLIAM E. HOESE
STEVEN M. STEINGARD ✱
STEPHEN H. SCHWARTZ†
CRAIG W. HILLWIG
BARBARA L. MOYER†

HAROLD E. KOHN
1914-1999

OF COUNSEL
MERLE A. WOLFSON
LISA PALFY KOHN

† ALSO ADMITTED IN NEW YORK
○ ALSO ADMITTED IN NEVADA
✱ ALSO ADMITTED IN NEW JERSEY

February 6, 2015

Honorable Alvin K. Hellerstein
Room 1050
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:      *Aldo Vera v. The Republic of Cuba*, No. 12 Civ. 1596
                 Pending BBVA Motion for Reconsideration

Dear Judge Hellerstein:

      I am one of the attorneys representing plaintiff Aldo Vera, Jr. in the above matter and am admitted *pro hac vice*. Garnishee Banco Bilbao Vizcaya Argentaria S.A.'s ("BBVA") pending Motion for Reconsideration (ECF #694) of the Court's Discovery Order dated September 10, 2015 is addressed to Vera. Your Honor held oral argument on the Motion on November 5, 2014. Notwithstanding the pending Motion, BBVA filed an appeal with the Second Circuit Court of Appeals (ECF #709; C.A. No. 14-3743), and both parties have filed merits briefs. As demonstrated in Vera's brief to the Circuit, which I attach hereto, the Second Circuit lacks jurisdiction to proceed pursuant to FRAP 4(a)(4)(B) until your Honor rules on the pending Motion. A further impediment to appellate jurisdiction is that the Discovery Order is not a final order per 28 U.S.C. § 1291. *See* the Vera Brief, at 1-2.

      At oral argument, your Honor focused on the Second Circuit's recent opinion in *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122 (2d Cir. 2014) and whether BBVA was subject to personal jurisdiction in this District. After additional research, Vera believes that *Gucci* is not applicable since this Court possessed *quasi in rem* jurisdiction. In *Shaffer v. Heitner*, 433 U.S. 186 (1983), the Supreme Court observed that postjudgment collection actions are subject to *quasi in rem* jurisdiction, and personal jurisdiction (or minimum contacts) over the parties is not required. *See* the Vera Brief, at 33-35.

      Vera believes that *Gucci* is also inapplicable to the issue of the scope of the information subpoena. *Gucci* involved a subpoena *duces tecum* seeking foreign discovery in a prejudgment action against a nonparty which possessed no assets of the defendants in this District. In this

KOHN, SWIFT & GRAF, P.C.     CONTINUATION SHEET NO. 2     HON. ALVIN K. HELLERSTEIN
FEBRUARY 6, 2015

postjudgment case, garnishee BBVA holds valuable property of the judgment debtor in this District. Accordingly, in the context of postjudgment execution proceedings, the Second Circuit's decisions in *EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2012) and *First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48 (2002) are controlling. *See* Vera Brief at 32-33.

Should your Honor wish additional briefing or oral argument on any of these points, Vera would be pleased to comply.

Respectfully yours,

Robert A. Swift

RAS/yr
Enclosure
Cc w/enc. via ECF: Kenneth Caruso, Esq.