UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,

Plaintiff,

v.

THE REPUBLIC OF CUBA,

Defendant.

Case No. 12-cv-01596 (AKH)

ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., *et al.*,

Petitioners,

v.

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.), *et al.,*

Respondents/Garnishees.

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF CERTAIN RESPONDENTS/GARNISHEES'**
**MOTION FOR RECONSIDERATION OF TURNOVER ORDER AND STAY**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 1

I. THE STANDARD FOR RECONSIDERATION IS SATISFIED. .......... 2

II. PETITIONERS' OTHER ARGUMENTS ARE WITHOUT MERIT. .......... 3

CONCLUSION .......... 6

Respondents/Garnishees HSBC Bank USA, N.A., Deutsche Bank Trust Company Americas, Bank of America, N.A., Barclays Bank PLC, Citibank, N.A., JPMorgan Chase Bank, N.A., UBS AG, Wells Fargo Bank, N.A., Standard Chartered Bank, The Bank of New York Mellon, and Banco Bilbao Vizcaya Argentaria, S.A. (collectively, the "Garnishee Banks") respectfully submit this reply memorandum of law in further support of their motion for reconsideration of this Court's March 17, 2015 Order and Judgment for Turnover of Specified Uncontested Phase I Accounts (Dkt. No. 739-1) (the "Order"), which granted Petitioners' Motion to Complete Turnover of Phase I Accounts Not in Dispute (Dkt. Nos. 658-660, 667) (the "Turnover Motion").

## PRELIMINARY STATEMENT

Petitioners' opposition to the Garnishee Banks' motion for reconsideration relies on a variety of irrelevant and untenable arguments, none of which address the real issue — whether Petitioners are entitled to any of the property they seek under the standard set forth in two recent and controlling Second Circuit decisions.

Under *Calderon-Cardona* and *Hausler*, a blocked EFT is subject to attachment as property of a foreign state judgment debtor "*only* where either the state itself or an agency or instrumentality thereof (such as a state-owned financial institution) transmitted the EFT directly to the bank where the EFT is held pursuant to the block." *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993, 1002 (2d Cir. 2014) (emphasis added); *Hausler v. JP Morgan Chase Bank, N.A.*, 770 F.3d 207, 212 (2d Cir. 2014).[1] The Court's Order does not address,

[1] In our initial brief, we asserted that a stay pending the resolution of petitions for certiorari in *Calderon-Cardona* and *Hausler* may be appropriate. The Garnishee Banks continue to believe that such a stay may serve the interests of judicial economy and note that the judgment creditors in the *Calderon-Cardona* action agreed and applied for such a stay jointly with the Respondent Banks in that case — an application granted by the court. *See Calderon-*

and appears to have overlooked the significance of, these decisions. So do Petitioners. Even now, they make no attempt to argue that the controlling standard set forth in *Calderon-Cardona* and *Hausler* has been satisfied. Because Petitioners have not made that showing, this Court should grant reconsideration and withdraw its Order until the showing is made.

## I. THE STANDARD FOR RECONSIDERATION IS SATISFIED.

Petitioners do not dispute that the Second Circuit's decisions in *Calderon-Cardona* and *Hausler* represent an intervening change in controlling law. They argue instead that the Court did not overlook the decisions, because they were discussed at a status conference in November. (Pet. Br. at 4-5.) The Garnishee Banks respectfully submit that, if the Court had considered and rejected their objections to entry of the Order based on *Calderon-Cardona* and *Hausler*, that is not apparent from the Court's March 17, 2015 Opinion (Dkt. No. 739), which does not reference either decision and appears to overlook that the Garnishee Banks withdrew their consent to entry of a turnover order in light of those intervening decisions. If the Garnishee Banks are mistaken, they respectfully request that the Court clarify its March 17, 2015 Opinion to explicitly address this issue.

Under the Second Circuit's clear rulings, blocked EFTs are subject to execution under TRIA and the FSIA "*only* where either the state itself or an agency or instrumentality thereof (such as a state-owned financial institution) transmitted the EFT directly to the bank where the EFT is held pursuant to the block." *Calderon-Cardona*, 770 F.3d at 1002 (emphasis added); *Hausler*, 770 F.3d at 212. The Court has never addressed this standard, let alone explained why or how it could be satisfied here, where Petitioners

---

*Cardona v. J.P. Morgan Chase Bank, N.A.*, Case No. 1:11-cv-03283-DLC (S.D.N.Y.) (Dkt. No. 45). Likewise, in the *Hausler* matter, Judge Marrero has "so ordered" a stipulation staying all further proceedings pending the outcome of the Petitioners' anticipated certiorari petition. *See Hausler v. JP Morgan Chase, et al.*, Case No. 1:09-cv-10289-VM (Dkt. No. 633).

have failed to demonstrate that any of the blocked EFTs were transmitted to a Garnishee Bank "directly" by Cuba "or an agency or instrumentality thereof (such as a state-owned financial institution) . . . ." Moreover, the Order, which was drafted and submitted to the Court for review *prior to the Second Circuit's rulings*, makes no factual findings and reaches no legal conclusions that satisfy the new standard for turnover set forth by the Second Circuit.

In their opposition, Petitioners do not attempt to satisfy this standard even now. Instead of arguing that any of the blocked EFTs at issue were transmitted to a Garnishee Bank directly by an agency or instrumentality of Cuba, they attempt to invent a different standard, based in part on the position taken by certain Garnishee Banks, prior to the Second Circuit's decision in *Hausler* and *Calderon-Cardona,* that the originator's interest would be sufficient under TRIA and FSIA. (*See* Pet. Br. at 7-8.) Whatever the merits of that position, it is clear that the Second Circuit declined to adopt it in *Hausler* and *Calderon-Cardona* (and refused to do so again in denying the *Calderon-Cardona* petitioners' request for rehearing, which asked the Second Circuit to adopt, at a minimum, that standard). The only relevant standard is the controlling one set forth by the Second Circuit, under which a blocked EFT is subject to execution "only" if it was transmitted directly to the Garnishee Bank by the judgment debtor or an agency or instrumentality thereof. *See Calderon-Cardona,* 770 F.3d at 1002; *Hausler,* 770 F.3d at 212. Because Petitioners have failed to satisfy this standard with respect to any blocked EFT at issue, they are not entitled to turnover, and the Court should grant reconsideration and withdraw its Order.

## II. PETITIONERS' OTHER ARGUMENTS ARE WITHOUT MERIT.

Unable to satisfy the Second Circuit's controlling standard for turnover, Petitioners instead advance a series of irrelevant and untenable arguments. The simple

answer to all of these arguments is that they are all attempts to avoid the real issue — that Petitioners have failed to demonstrate that they are entitled to turnover under the standard set forth in *Calderon-Cardona* and *Hausler*. The arguments also fail independently on the merits for reasons set forth briefly below.

A. *Standing*. Petitioners' argument that the Garnishee Banks lack standing (Pet. Br. at 2-3) is untenable. Under Rule 69 of the Federal Rules of Civil Procedure, execution proceedings are governed by "the procedure of the state where the court is located" except to the extent that a federal statute provides otherwise. Under New York's Civil Practice Law and Rules ("CPLR"), a judgment creditor may commence a special proceeding against "a person in possession or custody of money or other personal property in which the judgment debtor has an interest." CPLR § 5225(b). The garnishee in such a special proceeding "shall be styled . . . the respondent" and is a party. CPLR § 401. Here, the Garnishee Banks are not seeking affirmative relief. To the contrary, they have been haled into this litigation by the Petitioners and, as a result, have standing to defend their interests, including their interest in ensuring that the Court applies the proper legal standard in determining whether to order the turnover of assets in their possession.

Separately, in the context of a judgment creditor's efforts to enforce a money judgment, any "interested person" has standing to move for an "order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." CPLR § 5240 (providing that any "interested person" may seek an order "denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure"). Garnishees have standing as "interested persons" under the CPLR. *See Gucci Am., Inc. v.*

*Bagsmerchant, LLC*, No. 10 Civ. 2911 (SAS), 2012 WL 4468192, at *2 (S.D.N.Y. Sept. 27, 2012) (holding that garnishees have standing as "interested persons" under the CPLR).

Nor does the discharge provision in the turnover Order deprive the Garnishee Banks of standing. (Pet. Br. at 2) The Garnishee Banks plainly have standing to contest the appropriateness of that Order at this stage of the proceeding, because they are expressly granted that right by Rule 59 of the Federal Rule of Civil Procedure and Local Civil Rule 6.3. Moreover, Petitioners' argument that the Garnishee Banks have been discharged from liability, and thus no longer have any personal interest in this matter (Pet. Br. at 2-3), is incorrect because, among other reasons, the discharge provision does not go into effect until the blocked EFTs sought by Petitioners have actually been turned over — a step that is not yet appropriate and may never be.

B. *The Notice Order*. Petitioners' argument that the Court's Order of December 9, 2013 (Docket No. 457, the "Notice Order") is a "consent decree" that precludes the Garnishee Banks from seeking reconsideration (Pet. Br. at 4-6) is equally without merit. In fact, the Notice Order was a negotiated mechanism whose only function was to provide a protocol and schedule for serving notice on potential third party claimants to the blocked EFTs. It did not address and, thus, certainly did not bind the Garnishee Banks to "a process for ultimate" relief, as Petitioners argue (Pet. Br. at 5) — much less insulate that process from the controlling authority set forth with clarity by the Second Circuit in *Hausler* and *Calderon-Cardona.* By stipulating to the Notice Order, the Garnishee Banks did not agree that any of the blocked EFTs are subject to execution by Petitioners; that turnover to Petitioners was required absent third party objections; or that turnover would be appropriate regardless of the Second Circuit's decisions in the pending appeals.

C. *The Compliance Records of the Garnishee Banks.* Petitioners' arguments about the compliance records of various Garnishee Banks (Pet. Br. at 10-15) are transparent efforts to poison the well and distract from the issues by making irrelevant and inflammatory points. Allegations about past efforts to evade sanctions regulations have absolutely nothing to do with the blocked EFTs at issue here, all of which indisputably were blocked in compliance with the Cuban Asset Control Regulations.

D. *Whether a Stay Is Appropriate.* Petitioners' arguments for resisting a stay are unconvincing. Petitioners have not offered any credible argument why a stay pending the resolution of this motion would cause them any harm. Their assertion that the banks may be forced to release the funds by "political fiat" (Pet. Br. at 17) if the funds are not paid into Court or turned over to Petitioners is nothing but speculation, in the absence of any pending legislative or regulatory effort to rescind the Cuban Asset Control Regulations under which the assets are now blocked. Moreover, should any such governmental action materialize, the resulting "risk" to Petitioners may be addressed by an order of this Court providing that the blocked EFTs at issue may not be released by the Garnishee Banks until such time as this motion has been decided. Finally, there is no basis to require the Garnishee Banks to post a bond. Because the assets at issue are frozen, there is no risk that Plaintiffs will suffer any harm if the Order is stayed briefly while the Court decides this motion.

## CONCLUSION

For the foregoing reasons, the Garnishee Banks respectfully request that the Court (i) stay further proceedings until this motion has been decided, (ii) grant their motion for reconsideration, and (iii) withdraw the Order.

PHILLIPS LYTLE LLP

By: /s/ Sean C. McPhee*
Sean C. McPhee

The New York Times Building
620 Eighth Avenue, 23rd Floor
New York, New York 10018-1405
Telephone No. (212) 759-4888
smcphee@phillipslytle.com

*Attorneys for Respondent/Garnishee*
*HSBC Bank USA, N.A.*

COVINGTON & BURLING LLP

By: /s/ Mark P. Gimbel
Mark P. Gimbel

The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone No. (212) 841-1161
mgimbel@cov.com

*Attorneys for Respondent/Garnishee*
*Deutsche Bank Trust Company Americas*

DAVIS POLK & WARDWELL LLP

By: /s/ James L. Kerr*
Karen E. Wagner
Michael S. Flynn
James L. Kerr
Craig T. Cagney

450 Lexington Avenue
New York, New York 10017
Telephone No. (212) 450-4000
karen.wagner@davispolk.com
michael.flynn@davispolk.com
james.kerr@davispolk.com
craig.cagney@davispolk.com

*Attorneys for Respondents/Garnishees*
*Bank of America, N.A., Barclays Bank PLC, Citibank, N.A., JPMorgan Chase Bank, N.A., UBS AG, Wells Fargo Bank, N.A.*

LEVI LUBARSKY & FEIGENBAUM LLP

By: /s/ Steven B. Feigenbaum*
Steven B. Feigenbaum

1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Telephone No. (212) 308-6100
sfeigenbaum@llf-law.com

*Attorneys for Respondent/Garnishee*
*The Bank of New York Mellon*

WHITE & CASE LLP

By: /s/ Kenneth A. Caruso*
Kenneth A. Caruso

1155 Avenue of the Americas
New York, New York 10036
Telephone No. (212) 819-8200
Kenneth.caruso@whitecase.com

*Attorneys for Respondent/Garnishee*
*Banco Bilbao Vizcaya Argentaria, S.A.*

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ Barry J. Glickman*
Barry J. Glickman

1211 Avenue of the Americas
New York, New York 10036
Telephone No. (212) 223-0400
bglickman@zeklaw.com

*Attorneys for Respondent/Garnishee*
*Standard Chartered Bank*

*Consent for signature obtained.