IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
****************************************************

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

12 Civ. 1596 (AKH)

Plaintiff,

v.

THE REPUBLIC OF CUBA,

Defendant.

v.

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.),

Garnishee.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO BBVA's MOTION FOR A STAY OF DISCOVERY PENDING APPEAL

Plaintiff Aldo Vera, Jr., by his undersigned counsel, submits this memorandum of law in opposition to the motion to stay discovery pending appeal filed by Garnishee Banco Bilbao Vizcaya Argentaria (S.A.) ("BBVA") (ECF # 748-750). The underlying Information Subpoena was served on BBVA on November 26, 2012 – 2 1/2 years ago. On motion of Vera, this Court entered an Order on September 10, 2014 (ECF # 677) requiring that BBVA (and Standard Chartered Bank):

> "shall furnish to plaintiff's counsel full and complete answers to the information subpoenas served on each for the Republic of Cuba, its agencies and instrumentalities, within 30 calendar days of the date of this Order. The responses shall include information covering each Garnishee's operations and business in the custody or control of the bank's offices, inside and outside the United States.

BBVA filed a motion for reconsideration on September 24, 2014 which this Court denied by Opinion dated March 17, 2015. ECF # 739. While that motion was pending, BBVA filed an

134728

interlocutory appeal to the Second Circuit Court of Appeals. By consent of the parties, this Court has extended BBVA's deadline for compliance with the discovery Order until May 18, 2015.

For the reasons which follow, Vera opposes any additional stay of the discovery Order of September 10, 2014.

## I. THE COURT OF APPEALS LACKS APPELLATE JURISDICTION

This turnover proceeding, involving three judgment creditors and 19 garnishees, is ongoing. The discovery Order is not a final order for appeal as required by 28 U.S.C. § 1291, nor has it been certified as final pursuant to FRCP 54(b). The Court of Appeals summarized the appealability of discovery orders in *United States v. Constr. Prods. Res., Inc.*, 73 F.3d 464, 468–69 (2d Cir.1996) as follows:

> Section 1291 permits review only of 'final' district court orders. The general rule is that orders enforcing subpoenas issued in connection with civil and criminal actions, or grand jury proceedings, are not final, and therefore not appealable. To obtain appellate review, the subpoenaed party must defy the district court's enforcement order, be held in contempt, and then appeal the contempt order, which is regarded as final under § 1291. [citations omitted]

In *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122 (2d Cir. 2014), appellate jurisdiction existed precisely because Bank of China defied the discovery order and was held in contempt.

BBVA's appeal was improvidently filed. A stay of the discovery Order will simply delay an ultimate contempt proceeding and order -- which is a requisite to appeal.

## II. BBVA HAS NO LIKELIHOOD OF SUCCESS ON APPEAL

This Court has twice rejected BBVA's arguments on the merits, which are the same arguments it has raised in the appeal. The seminal case in this Circuit on post-judgment discovery in aid of execution against a foreign sovereign is *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 208 (2d Cir.2012), wherein the Court observed "in a run-of-the-mill execution

proceeding ... the district court would have been within its discretion to order the discovery from third-party banks about the judgment debtor's assets located outside the United States." *See also Republic of Argentina v. NML Capital, Ltd.*, 134 S.Ct. 2250, 2254 (2014) (quoting the same language). The Court of Appeals further stated:

> [T]he district court's power to order discovery to enforce its judgment does not derive from its ultimate ability to attach the property in question but from its power to conduct supplementary proceedings, involving persons indisputably within its jurisdiction, to enforce valid judgments.

*Id.* This Court followed *EM Ltd.* in entering its discovery Order. As held by this Court, there is nothing in the Court of Appeals' *Gucci* decision which undermines *EM Ltd.* ECF # 739 at 15.

BBVA's citation to the District of Columbia Circuit's decision in *Jerez v. Republic of Cuba*, 775 F.3d 419 (D.C. Cir. 2014) is but a renewed collateral attack on the finding of the Florida court that it possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1605(a)(7). This Court has already ruled that BBVA – a stakeholder -- may not collaterally attack the Florida judgment, and this Court will not retry matters already tried by the Florida court. ECF # 666 at 13-16.

Accordingly, BBVA lacks a likelihood of success on appeal.

## III. BBVA WILL NOT SUFFER IRREPARABLE HARM IF A STAY IS DENIED

BBVA contends that it will suffer irreparable harm if a stay pending appeal is denied. As pointed out above, BBVA has no right to appeal the discovery Order. It must first defy the Order and suffer contempt before it may appeal. *United States v. Constr. Prods. Res., Inc., supra.* A stay pending an improvident appeal will simply waste time and result in more expense.

BBVA contends that compliance with the discovery Order will subject it to criminal and civil penalties in Spain. While Spain does have a blocking statute which, on paper, subjects a bank to criminal liability for which a fine and admonition is the penalty, BBVA has furnished no

Spanish caselaw enforcing that law. Nor has BBVA furnished any Spanish caselaw wherein a bank customer successfully sued a Spanish bank for damages arising from a court ordered disclosure of account details. It is also worth noting that no representative of the Spanish government has appeared and urged this Court to stay the discovery Order. Finally, BBVA fails to explain why it cannot comply with the discovery Order as to Cuban accounts in 28 countries other than Spain where BBVA operates branch offices.

BBVA has already disclosed some details of its banking relationship in a public letter to the U.S. Securities and Exchange Commission, apparently without violating Spanish law. BBVA maintains a representative banking office in Havana, Cuba, and owns a 49% interest in the Cuban company Aurea, which is 51% owned by Cuba. As of 2013, BBVA held Cuban debt of 5.4 million Euros. BBVA conducts banking activities for certain Cuban banks and companies for whom it handles credit deposits, confirmations of letters of credit, correspondent relationships, currency transfers, foreign exchange transactions and wire transfers. In 2013, BBVA held Cuban deposits of 1.1 million Euros for Cuban government agencies and instrumentalities. *See* Letter dated May 31, 2013 from BBVA to U.S. Securities and Exchange Commission found at http://www.sec.gov/Archives/edgar/data/842180/000095010313003358/filename1.htm.

## IV. VERA WILL BE ADVERSELY AFFECTED BY A STAY

This Court has found that Vera is unable to collect its judgment in full from Cuban assets in the United States. If Vera is to collect his judgment, Vera will have to seek recognition of the judgment in countries where Cuba has assets. BBVA has already prolonged full compliance

with the discovery Order for 2 ½ years. This has given Cuba an opportunity to transfer or conceal its assets. Any further delay is intolerable.

## V. THIS COURT HAS PREVIOUSLY CONSIDERED PUBLIC INTEREST FACTORS

At the time this Court considered the comity interests inherent in its discovery Order, it determined that the interests of the United States in ordering disclosure of Cuban accounts held by BBVA worldwide outweighed those of Spain. ECF # 677 at 3. There has been no change in those factors.

## VI. CONCLUSION

For all the foregoing reasons, the factors pertinent to a stay of the discovery Order weigh in favor of its denial, and this Court should so rule.

Dated: New York, New York
April 29, 2015

By: /s/ Robert A. Swift
Robert A. Swift (*Pro Hac Vice*)
Kohn, Swift & Graf, P.C.
One South Broad Street, 21st Floor
Philadelphia, PA 19107
(215) 238-1700

Jeffrey E. Glen
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

Attorneys for Aldo Vera, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Memorandum in Opposition to BBVA's Motion For a Stay of Discovery Pending Appeal was served electronically via ECF upon the following counsel of record, this 29th day of April, 2015:

>Kenneth a. Caruso
>Kelly A. Bonner
>Harold W. Williford
>WHITE & CASE LLP
>1155 Avenue of the Americas
>New York, New York 10036

_____
Robert A. Swift