UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

    Plaintiff,

  vs.

THE REPUBLIC OF CUBA,

    Defendant.

12 Civ. 1596 (AKH)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION FOR STAY OF DISCOVERY PENDING APPEAL**

        WHITE & CASE LLP

        1155 Avenue of the Americas
        New York, New York 10036
        Tel: (212) 819-8200

        *Attorneys for Banco Bilbao Vizcaya
        Argentaria, S.A.*

Of Counsel:

 Kenneth A. Caruso
 Kelly A. Bonner
 Harold W. Williford

Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA") respectfully submits this reply memorandum of law in support of its motion, pursuant to Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure, for a stay of discovery, pending appeal.

POINT I

THE COURT OF APPEALS
HAS APPELLATE JURISDICTION

Vera contends that the Court's discovery Orders are not final orders appealable under 28 U.S.C. § 1291. This case, however, meets the finality requirements of the <u>Cobbledick</u> line of cases, because BBVA's appeal will not halt any further judicial inquiry in the district court.

In <u>Cobbledick v. United States</u>, 309 U.S. 323 (1940), the Supreme Court addressed the situation in which an administrative agency brings a proceeding in a district court to compel testimony from a witness who has refused to make disclosures before the agency. In such a case, the district court's order directing the witness to answer is final and appealable:

> [A] proceeding like that . . . may be deemed self-contained, so far as the judiciary is concerned -- as much so as an independent suit in equity in which appeal will lie from an injunction without the necessity of waiting for disobedience. After the court has ordered a recusant witness to testify before the Commission, there remains nothing for it to do. Not only is this true with respect to the particular witness whose testimony is sought; there is not, as in the case of a grand jury or trial, any further judicial inquiry which would be halted were the offending witness permitted to appeal.

<u>Id.</u> at 330.

Since then, courts have applied the <u>Cobbledick</u> rule to allow appeal from a wide array of analogous discovery orders, involving other administrative subpoenas, subpoenas issued in aid of extradition proceedings, subpoenas issued in arbitrations and IRS summonses. See Brief of Appellant at 3-4, <u>Vera v. Republic of Cuba</u>, No. 14-3743 (2d Cir. Jan. 13, 2015), ECF No. 40 (citing cases).

The closest analogy arises in cases under 28 U.S.C. § 1782, which allows a district court to order a witness to provide discovery "for use in a proceeding in a foreign or international tribunal[.]" An order compelling compliance with a subpoena issued under section 1782, or refusing to quash such a subpoena, is a final order and is appealable. See, e.g., In re Letters Rogatory Issued by Dir. of Inspection of Gov't of India, 385 F.2d 1017, 1018 (2d Cir. 1967). Further proceedings will take place in the foreign-country court, not in the district court. Therefore, an appeal will not halt any further judicial inquiry in the district court. "[T]he proceeding before the district court to compel testimony stands separate from the main controversy [in the foreign-country court]." Id. See also Chevron Corp. v. Berlinger, 629 F.3d 297, 306 (2d Cir. 2011) (order under § 1782 "is immediately appealable under § 1291, regardless of the fact that the suit in another tribunal, to which it relates, remains unadjudicated"); Bayer AG v. Betachem, Inc., 173 F.3d 188, 189 n.1 (3d Cir. 1999) ("Only the discovery dispute under 28 U.S.C. § 1782 is occurring in the United States. Therefore, because the underlying litigation is in Spain, this discovery order is immediately appealable.").

Under these authorities, the Orders in this case are final and appealable under 28 U.S.C. § 1291. Vera served a subpoena on BBVA's New York branch, seeking discovery concerning Cuba-related assets that BBVA may hold outside New York. Under the "separate entity rule," the district court sitting in New York is powerless to order turnover of such assets.[1] Thus, as Vera freely admits, the discovery sought here would form the basis for proceedings in foreign countries, where BBVA may hold the assets, in which Vera would ask a foreign-country court to

---

[1] The separate entity rule, recently reaffirmed by the New York Court of Appeals, see Motorola Credit Corp. v. Standard Chartered Bank, 24 N.Y.3d 149 (2014), "provides that even when a bank garnishee with a New York branch is subject to personal jurisdiction, its other branches are to be treated as separate entities for certain purposes, particularly with respect to . . . article 52 postjudgment restraining notices and turnover orders. . . . [A] restraining notice or turnover order served on a New York branch will be effective for assets held in accounts at that branch but will have no impact on assets in other branches." Id. at 158-59.

order turnover. As the Court acknowledged in the Order, Vera "seeks information and not, in this proceeding, a turnover of assets." SPA-23.

Accordingly, after ordering discovery, there is nothing further for the district court to do. In these circumstances, BBVA's appeal would not halt any further judicial inquiry in the district court. Rather, any further proceedings will take place in foreign-country courts. Accordingly, the Order is final and appealable.

Precedents under § 1782 are particularly pertinent here because the Orders at issue are substantively indistinguishable from an order enforcing a subpoena issued under § 1782. Here, the district court ordered BBVA to produce information for Vera to use in proceedings that Vera intends to commence in foreign-country courts -- precisely the relief that the court could order under § 1782. See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004) (section 1782 allows court to order discovery for use in foreign proceeding that is "in reasonable contemplation," although not yet "'pending' or 'imminent'"). The witness' right to appeal should not vary, depending on whether the party seeking discovery proceeded under § 1782 or (as here) under Rule 69(a)(2) and state law. Otherwise, form would prevail over substance.

Vera contends that he issued the Subpoena in the turnover proceeding that he later commenced, and which is "ongoing." Docket No. 764 at 2. This mis-states the record. Vera did not serve the Subpoena on BBVA in the turnover proceeding. Rather, on November 26, 2012, Vera served the Subpoena in the civil action captioned Vera v. Rep. of Cuba, an action to which BBVA is not a party. "Service of a CPLR 5224 subpoena does not commence a special proceeding. Like the pre-trial disclosure subpoena and the trial subpoena, it is merely captioned in the action itself -- even though the action in this case has already gone to judgment -- and is

deemed an adjunct of it." Siegel, New York Practice § 509 at 891 (5th ed. 2011) (hereinafter "Siegel").

Thus, for purposes of this discovery dispute, BBVA is a non-party witness in a civil action. That civil action has gone to final judgment, A-261, and in that civil action, Vera does not seek to enforce his judgment. Accordingly, BBVA's appeal will not halt any further judicial inquiry in the civil action.

Nearly 10 months after serving the Subpoena, Vera commenced a turnover proceeding under CPLR § 5225(b), captioned Vera v. BBVA, naming BBVA as a party. A-264. Vera seeks to enforce his judgment in that proceeding, which is a "special proceeding" under New York law. Siegel § 510 at 896. See CPLR § 103(b) ("All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized.") "The judgment creditor [Vera] br[ought] the proceeding as petitioner . . . against the garnishee [BBVA] as respondent." Siegel § 510 at 896.

Vera, however, never served a discovery request on BBVA in that special proceeding. Indeed, Vera could not have served a discovery request without leave of court, see CPLR § 408, which Vera neither sought nor obtained. See Siegel § 510 at 896 (special proceeding is governed procedurally by Article 4 of the CPLR).

In the alternative, the Court of Appeals has appellate jurisdiction over BBVA's appeal from this Court's turnover over. Docket Nos. 739 and 739-2. See, e.g., HBE Leasing Corp. v. Frank, 48 F.3d 623, 632 (2d Cir. 1995); SEC v. Credit Bancorp, Ltd., 297 F.3d 127, 136 (2d Cir. 2002). BBVA's appeals from the turnover order and from the discovery orders share a common question of law -- whether the district court had subject matter jurisdiction. And, those appeals proceed in tandem. If (in the turnover appeal) the Court of Appeals holds that the district court

lacked subject matter jurisdiction, then the turnover order would fall, and so would the discovery orders (because the Subpoena would be void). Therefore, the Court of Appeals can defer a ruling on the appeals from the discovery orders, reverse the turnover over and remand the discovery order for vacatur.

POINT II

THE COURT SHOULD
STAY DISCOVERY
PENDING APPEAL

Vera ignores substantially all of BBVA's arguments. Only a brief reply is warranted.

A.  BBVA Has Shown Likelihood Of Success On The Merits

Vera contends that nothing in Gucci America, Inc. v. Bank of China, 768 F.3d 122 (2d Cir. 2014) undermines EM Ltd. v. Republic of Argentina, 695 F.3d 201 (2d Cir. 2012). Docket No. 764 at 3. The pre-Gucci cases, however, such as EM Ltd., must now be read in light of the due process restrictions imposed by Daimler AG v. Bauman, 134 S. Ct. 746 (2014), and Gucci.

B.  BBVA Will Suffer Irreparable Injury Absent A Stay

Vera contends that BBVA has furnished "no Spanish case law enforcing" the Spanish laws that make the information at issue confidential. Docket No. 764 at 3-4. "Case law," however -- which is generally not a source of law in continental countries -- is unnecessary. The Declaration of BBVA's expert -- which stood unrebutted -- showed the Spanish authorities have indeed taken enforcement actions with respect to those laws. See DeRemedios Decl., Docket No. 358 at ¶ 7 (Bank of Spain issued 39 decisions in 2011-12 with respect to breaches of bank secrecy obligations). See also id. ¶ 6 (citing authorities addressing customer claims against bank for breach of bank secrecy law).

CONCLUSION

For the foregoing reasons, the Court should grant a stay of discovery pending appeal.

Dated: New York, New York
May 7, 2015

WHITE & CASE LLP

By: /s/ Kenneth A. Caruso
    Kenneth A. Caruso

Of Counsel:
    Kenneth A. Caruso
    Kelly A. Bonner
    Harold W. Williford

1155 Avenue of the Americas
New York, New York 10036
Tel: (212) 819-8200

*Attorneys for Banco Bilbao Vizcaya Argentaria, S.A.*