UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ALDO VERA, JR., as Personal Representative of                :
the Estate of Aldo Vera, Sr.,                                :
                                                             :   **ORDER DENYING MOTION**
                                    Plaintiff,               :   **FOR STAY PENDING APPEAL**
            -against-                                        :
                                                             :   12 Civ. 1596 (AKH)
THE REPUBLIC OF CUBA,                                        :
                                                             :
                                    Defendant.               :
                                                             :
------------------------------------------------------------ X
                                                             :
ALDO VERA, JR., as Personal Representative of                :
the Estate of Aldo Vera, Sr., and                            :
                                                             :
JEANNETTE FULLER HAUSLER, and                                :
WILLIAM FULLER, as court-appointed co-                       :
representatives of the ESTATE OF ROBERT OTIS                 :
FULLER, deceased, on behalf of all beneficiaries of          :
the Estate and the ESTATE OF ROBERT OTIS                     :
FULLER; and                                                  :
                                                             :
ALFREDO VILLOLDO, individually, and                          :
GUSTAVO E. VILLOLDO, individually and as                     :
Administrator Executor, and Personal                         :
Representative of the ESTATE OF GUSTAVO                      :
VILLOLDO ARGILAGOS,                                          :
                                                             :
                                    Petitioners,             :
            -against-                                        :
                                                             :
BANCO BILBAO VIZCAYA ARGENTARIA                              :
(S.A.); BANK OF AMERICA N.A.; BANK OF                        :
NEW YORK MELLON; BARCLAY'S BANK                              :
PLCS; CITIBANK N.A.; CREDIT SUISSE AG,                       :
NEW YORK BRANCH; DEUTSCHE BANK                               :
TRUST COMPANY AMERICAS; HSBC BANK                            :
(HSBC BANK USA, N.A.); INTESA SANPAOLA                       :
S.P.A.; JP MORGAN CHASE BANK N.A.; RBS                       :
CITIZENS, N.A.; ROYAL BANK OF CANADA;                        :
SOCIETE GENERALE; UBS AG; WELLS                              :



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/4/15

FARGO BANK, NA; BROWN BROTHERS : 
HARRIMAN & CO.; MERCANTIL COMMERCE :
BANK, N.A.; STANDARD CHARTERED BANK; :
AND BANCO SANTANDER, S.A., :
: 
   Respondents. :
─────────────────────────────── X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Garnishee Banco Bilbao Vizcaya Argentina S.A. ("BBVA") moves for a stay of discovery (Dkt. No. 748) pending its appeal of my Opinion and Order dated March 17, 2015 (Dkt. No. 739), denying BBVA's motion to reconsider my Order dated September 10, 2014 (Dkt. No. 677). The September 10, 2014, Order required BBVA to provide full and complete answers to information subpoenas served on it by plaintiff Aldo Vera, Jr. ("Vera"). (*Id.*) For the reasons discussed below, I deny BBVA's motion. BBVA must provide full and complete answers within 20 days of this Order, or obtain a further stay from the Court of Appeals pursuant to Fed. R. App. P. (a)(2).

## BACKGROUND

      BBVA has engaged in significant motion practice in an effort to escape compliance with its discovery obligations in this case. When BBVA refused to provide answers to information concerning Cuban-related accounts located outside the United States, but which might be found through the New York office, Vera filed a motion to compel BBVA[1] to respond to information subpoenas concerning accounts that held blocked funds outside the United States. (Dkt. No. 336.) BBVA filed a motion to dismiss, attacking this court's jurisdiction, on the ground that the judgments of the Florida Superior Court, determining Cuba to be a state-sponsor

---

[1] Standard Chartered Bank also initially refused to provide full and complete responses to the information subpoenas, and participated in the motion practice. (*See* Dkt. Nos. 336, 365, 677.) On November 13, 2014, however, Standard Chartered Bank and Vera entered into a stipulation, withdrawing Standard Chartered Bank's motion for reconsideration of the motion to compel, and vacating the motion to compel against it. (Dkt. No. 730.)

2

of terrorism and hence capable of being sued in courts in the United States, were not supported by the evidence. (Dkt. No. 349.) By Order and Opinion, I denied BBVA's motion to dismiss on August 22, 2014. (Dkt. No. 666.)

BBVA also filed a cross-motion to quash Vera's subpoena and for a protective order against the information subpoenas. (Dkt. Nos. 355, 365.) BBVA argued that a recent Supreme Court decision, *Daimler AG v. Bauman*, 134 S.Ct 746 (January 14, 2014) prevented me from exercising personal jurisdiction over them. (*See id.*) I held that it did not, and by Order decided the motion to compel in favor of Plaintiffs and against BBVA and Standard Chartered on September 10, 2014. (Dkt. No. 677.)

BBVA tried again, by filing motions for reconsideration on each of its motions. (Dkt. Nos. 672, 694.) BBVA's motion for reconsideration regarding its motion to dismiss did not raise any new facts or law not stated in its original motion. I denied BBVA's motion in an order dated September 9, 2014. (Dkt. No. 676.)

BBVA argued in its motion for reconsideration regarding the information subpoenas that an intervening Second Circuit case, *Gucci Am., Inc. v. Li*, 768 F.3d 122 (2d Cir. September 17, 2014), compelled a different result. (Dkt. No. 694.) On March 17, 2015, I denied BBVA's motion for reconsideration, and ordered BBVA to provide full and complete answers within 30 days. (Dkt. No. 739.) BBVA now seeks a stay of discovery pending its appeal of that Opinion. (Dkt. No. 748.) I granted several extensions of the date by which BBVA had to respond to the information subpoenas in order for briefing on BBVA's motion to be completed. (Dkt. Nos. 761, 763, 765 & 786.)

3

## DISCUSSION

The factors to consider when determining whether to issue a stay are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies". *U.S. S.E.C. v. Citigroup Global Markets Inc.*, 673 F.3d 158, 162 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). BBVA does not make a sufficient showing to warrant further delay of its responses to the information subpoenas.

With respect to the first factor, BBVA argues that my previous Orders dated September 10, 2014, and March 17, 2015, were incorrectly decided. (Dkt. No. 750 at 5.) My reasoning is set out in the opinions I filed. (*See* Dkt. Nos. 677 & 739.) I rule that BBVA is unlikely to succeed on the merits.

Second, BBVA argues that it will be irreparably injured absent a stay, since once information is disclosed, that disclosure cannot be undone. (*Id.* at 7-8.) BBVA further argues that it could be subject to liability in Spain, its home country, if it discloses the information, and offers the Declaration of an expert—one of BBVA's counsel in Madrid—in support. (*Id.*) The declaration states that Spain has a blocking statute, and that: "[t]he 2012 "Annual Report of the Bank of Spain Complaints Service" states that: the Bank of Spain has issued several decisions in 2011 and 2012 related to breaches of the bank secrecy obligation. In particular, the Bank of Spain issued decisions in relation to 12 cases on breach of bank secrecy in 2011 and 17 such cases in 2012. We have contacted the Bank of Spain and confirmed that there is no publicly available information regarding the details of those cases." (Dkt. No. 740-10 at A-343.) As no public information concerning these cases exists, it is impossible for me to determine how and to

4

what extent court-ordered disclosure would cause serious prejudice to BBVA. In the absence of such a showing, "American courts are not required to adhere blindly to the directives of such a [blocking] statute". *Société Nationale Industrielle Aérospatiale et al. v. U.S.D.C. S.D. Iowa*, 482 U.S. 552, 554 n.29 (1987).

Third, BBVA argues that issuance of a stay will not substantially injure Vera, as it will "merely maintain the status quo". (Dkt. No. 750 at 9 (citing *Citigroup*, 673 F.3d at 168).) BBVA fails to recognize, however, that the status quo with respect to Cuba in the global community is rapidly changing. The United States removed Cuba from a list of state sponsors of terrorism only a few days ago, on May 29, 2015.[2] As BBVA is aware from its briefing in other motions in this litigation, the removal of a country from the list of state sponsors of terrorism can have significant impact on a judgment-creditor's ability to recover funds to satisfy his judgment. *See Calderon-Cardona v. Bank of New York Mellon*, 770 F.2d 993 (2d Cir. 2014) (holding that a judgment against North Korea entered on August 5, 2010, was not against a "terrorist party" as defined in the Terrorism Risk Insurance Act of 2002, as North Korea had been removed from the list of state sponsors of terrorism on October 11, 2008).

Information is perishable. In the two and a half years since Vera served information subpoenas on BBVA, accounts owned or controlled by Cuba in BBVA branches may have been closed, and money easily could be moved. Plaintiffs in this litigation are entitled to know where those funds are so that they may bring proceedings to recover them, before it is too late. No further time will be granted to prevent disclosure of this information.

Furthermore, BBVA, although a real party in interest for the purposes of resisting a subpoena, is a mere stakeholder. If it has accounts to disclose, those accounts would merely

---

[2] *See, e.g.*, http://www.nytimes.com/2015/05/30/us/us-removes-cuba-from-state-terrorism-list.html; *see also* http://www.state.gov/j/ct/list/c14151.htm.

5

hold funds for Cuban-controlled entities. Presumably, it is Cuba, the party holding the financial and beneficial interest, that will gain or lose from this lawsuit.

Finally, I have already repeatedly addressed the comity analysis when I ruled on Plaintiff's prior motion to compel compliance with the same information subpoenas from Intesa Sanpaolo and Banco Santander in October 2013, and when I ordered BBVA to comply with the information subpoenas in both the September 10, 2014, and March 17, 2015, Orders. (*See* Dkt. Nos. 347, 677 & 739.) As detailed therein, the United States has an important interest in satisfaction of judgment debts by the Republic of Cuba, and Spain similarly has an interest in combatting terrorism financing. I incorporate the rationale of those orders into this ruling, and find that this factor also weighs against granting a stay.

Vera further argues that the Second Circuit does not have jurisdiction to hear the appeal, as it is not "final" under 28 U.S.C. § 1291, and has not been certified as final pursuant to Fed. R. Civ. P. 54(b). (Dkt. No. 764 at 2.) BBVA disagrees. (Dkt. No. 766 at 1-5.) Although the district court has continuing jurisdiction to enforce its judgments, the proceedings leading to this decision are as final as can be.

## CONCLUSION

BBVA's motion for a stay of discovery pending its appeal is DENIED. BBVA shall have 20 days from the date of this Order to respond to Vera's information subpoenas, or to seek a stay from the Court of Appeals. If a stay is warranted while an appeal to the Court of Appeals proceeds, the Court of Appeals is better situated than the district court to order its length in relation to expediting of briefing and scheduling of arguments.

SO ORDERED.

Dated: June 4, 2015
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge