UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALDO VERA, JR., AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF ALDO VERA, SR.,

                              Plaintiff,

                v.

THE REPUBLIC OF CUBA,

                              Defendant.

---

ALDO VERA, JR., AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF ALDO VERA, SR., ET AL.,

                              Petitioners,

                v.

BANCO BILBAO VIZCAYA ARGENTINA (S.A.), ET AL.,

                              Garnishees-
                              Respondents.

---

JPMORGAN CHASE BANK, N.A.,

                              Respondent/
                              Garnishee and
                              Third-Party
                              Petitioner,

                v.

AUSTRALIA AND NEW ZEALAND BANKING GROUP, ET
AL.,

                              Adverse
                              Claimants-
                              Respondents.

Case No. 12-CV-01596 (AKH)

ANSWER OF NAVIERA
ARMAMEX S.A. DE C.V. TO
THIRD-PARTY PETITION
ALLEGING CLAIMS IN THE
NATURE OF INTERPLEADER
FILED BY JPMORGAN CHASE
BANK, N.A.

Without waiving or conceding service, Adverse Claimant-Respondent Naviera Armamex S.A. de C.V. ("Naviera Armamex"), by and through its attorneys, Harter Secrest & Emery LLP, as and for its Answer to the Third-Party Petition Alleging Claims in the Nature of Interpleader ("Third-Party Petition") filed by JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), herein states:

1.      Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third-Party Petition.

2.      Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 2 of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required, and except admits that Naviera Armamex has a property interest in funds, which are held in a blocked account on the books of JPMorgan Chase (the "Blocked Funds"). The third sentence of Paragraph 2 of the Third-Party Petition contains legal conclusions, as to which no response is required.

3.      Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Third-Party Petition, except admits that Naviera Armamex has a property interest in the Blocked Funds.

4.      Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third-Party Petition.

5.      Paragraph 5 of the Third-Party Petition states legal conclusions, as to which no response is required.

6.      Paragraph 6 of the Third-Party Petition states legal conclusions, as to which no response is required.  To the extent a response is required, Naviera Armamex denies knowledge

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third-Party Petition.

7.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third-Party Petition.

8.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Third-Party Petition.

9.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Third-Party Petition.

10.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Third-Party Petition.

11.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Third-Party Petition.

12.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Third-Party Petition, except admits that Petitioners Aldo Vera, Jr., as personal representative of the Estate of Aldo Vera, Sr., Jeanette Fuller Hausler and William Fuller, as court-appointed co-representatives of the Estate of Robert Otis Fuller,  and Alfredo Villoldo, individually, and Gustavo Villoldo, individually and as administrator, executor and personal representative of the Estate of Gustavo Villoldo Argilagos, (collectively, "Petitioners") filed an *Amended Omnibus Petition for Turnover Order* ("Amended Omnibus Petition").  Naviera Armamex respectfully refers the Court to the Amended Omnibus Petition for its true and complete contents.

13.     Naviera Armamex denies that Paragraph 13 of the Third-Party Petition accurately recites the text of Section 201(a) of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-

297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 Note (the "TRIA"), insofar as Paragraph 13 includes several typographical errors and omits the text underlined below:

> "[I]n every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under <u>section 1605A or</u> 1605(a)(7) <u>(as such section was in effect on January 27, 2008)</u> of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable."

Naviera Armamex neither admits nor denies JPMorgan Chase's characterization of the TRIA inasmuch as that characterization states conclusions of law, as to which no response is required.

14.     Naviera Armamex admits that Paragraph 14 of the Third-Party Petition recites the text of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.* (the "FSIA").

15.     Naviera Armamex admits that Paragraph 15 of the Third-Party Petition recites the text of Section 1610(g)(3) of the FSIA.

16.     Paragraph 16 contains legal conclusions as to which no response is required, and Naviera Armamex respectfully refers the Court to the TRIA, the FSIA, and relevant authority interpreting the TRIA and the FSIA for their true and complete contents.

17.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third-Party Petition.

18.     Naviera Armamex states that the United States Court of Appeals for the Second Circuit recently issued decisions in the two cases referenced in Paragraph 18 of the Third-Party Petition, which further establish that Petitioners are not entitled to the Blocked Funds.  Naviera Armamex neither admits nor denies JPMorgan Chase's characterization of those cases inasmuch as that characterization states conclusions of law, as to which no response is required, and respectfully refers the Court to the relevant decisions for their true and complete contents.

4

19.     Naviera Armamex incorporates herein its answers to Paragraphs 8-12 of the Third-Party Petition.

20.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Third-Party Petition, except admits that JPMorgan Chase maintains an account on its books containing the Blocked Funds, in which Naviera Armamex has a property interest.

21.     Naviera Armamex admits that Petitioners filed the Amended Omnibus Petition and made the allegations referenced in paragraph 32 of the Amended Omnibus Petition, which Naviera Armamex denies.

22.      Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Third-Party Petition.

23.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Third-Party Petition.

24.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required.

25.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 25 of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required, and except admits that Naviera Armamex was a party to a wire transfer that was blocked on the books of Bank One Corporation, now JPMorgan Chase.  Naviera Armamex incorporates herein its answers to Paragraphs 26-54 of the Third-Party Petition in response to the second sentence of Paragraph 25.

26.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Third-Party Petition.

27.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third-Party Petition.

28.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Third-Party Petition.

29.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third-Party Petition.

30.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third-Party Petition.

31.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third-Party Petition.

32.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third-Party Petition.

33.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Third-Party Petition.

34.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Third-Party Petition.

35.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Third-Party Petition.

36.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third-Party Petition.

37.     Naviera Armamex denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 37 of the Third-Party Petition.

38.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Third-Party Petition.

39.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Third-Party Petition.

40.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Third-Party Petition.

41.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Third-Party Petition.

42.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Third-Party Petition.

43.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Third-Party Petition.

44.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Third-Party Petition.

45.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Third-Party Petition.

46.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Third-Party Petition.

47.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Third-Party Petition.

48.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Third-Party Petition.

49.     Naviera Armamex admits that it is a Mexican shipping company and avers that it maintains offices at Homero 440, Piso 10, Colonia Polanco V Seccion, Mexico DF 11560, Mexico.  Naviera Armamex further admits that it was the originator of a wire transfer that was blocked on the books of Bank One Corporation, now JPMorgan Chase, and that the Blocked Funds are now held in an interesting-bearing account on the books of JPMorgan Chase.  Naviera Armamex otherwise denies the allegations contained in Paragraph 49 of the Third-Party Petition.

50.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Third-Party Petition, except Naviera Armamex admits and avers that it was the originator and Bank One Corporation, now JPMorgan Chase, was the originating bank of a wire transfer originated in October 1999, which was blocked on the books of Bank One Corporation, now JPMorgan Chase, and that National Bank of Canada, Montreal, was a designated intermediary bank, Banco Internacional de Comercio, S.A. (BICSA) was the designated beneficiary bank, and TMTAS Inc. was the designated beneficiary of the wire transfer.

51.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Third-Party Petition.

52.     Naviera Armamex incorporates herein its answers to Paragraph 50 of the Third-Party Petition.

53.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Third-Party Petition.

54.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Third-Party Petition.

55.     Naviera Armamex denies knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 55 of the Third-Party Petition, except to the extent that they state legal conclusions, as to which no response is required, and Naviera Armamex respectfully refers the Court to the Amended Turnover Petitioner and the Third-Party Petition for their true and complete contents.

56.     Paragraph 56 of the Third-Party Petition contains legal conclusions, as to which no response is required, and Naviera Armamex respectfully refers the Court to the authority cited in Paragraph 56 for its true and complete contents.

57.     Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Third-Party Petition.

58.     Naviera Armamex states that Paragraph 58 of the Third-Party Petition contains legal conclusions, as to which no response is required.  To the extent a response is required, Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Third-Party Petition.

59.     Naviera Armamex states that Paragraph 59 of the Third-Party Petition contains legal conclusions, as to which no response is required.  To the extent a response is required, Naviera Armamex denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Third-Party Petition.

60.     The Third-Party Petitioner's Prayer For Relief contains legal conclusions, as to which no response is required.

## **<u>GENERAL DENIAL</u>**

61.     Naviera Armamex denies all allegations contained in the Third-Party Petition, except as expressly admitted herein.

## AFFIRMATIVE DEFENSES

Naviera Armamex reserves the right to amend its Answer and to allege additional Affirmative Defenses as they become known.  Without admitting or denying that it bears the burden of proof as to any of them, Naviera Armamex asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

1.      Naviera Armamex has not received sufficient process and has not been properly served.  Among other defects, service was not made in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

### SECOND AFFIRMATIVE DEFENSE

2.      The Court lacks personal jurisdiction over Naviera Armamex.

### THIRD AFFIRMATIVE DEFENSE

3.      Turnover of the Blocked Assets is improper because Petitioners seek to execute on funds that are not the property of the Republic of Cuba, or any of its agencies or instrumentalities.

### FOURTH AFFIRMATIVE DEFENSE

4.      Naviera Armamex has a property interest in the Blocked Funds that is superior to the rights of Petitioners and all other potential claimants.

### FIFTH AFFIRMATIVE DEFENSE

5.      Naviera Armamex is entitled to and has a property interest in the Blocked Funds as the originator of the attempted wire transfer since JPMorgan Chase, as the originating bank, owes a debt to Naviera Armamex for the Blocked Funds.

## SIXTH AFFIRMATIVE DEFENSE

6.      Pursuant to Article 4A of the Uniform Commercial Code (the "UCC"), the Blocked Funds are credits in favor of Naviera Armamex and are not property of TMTAS Inc. Since the subject fund transfers were never completed in favor of TMTAS Inc., TMTAS Inc. does not have any legal claim or contractual rights against the Blocked Funds.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The Fifth Amendment to the U.S. Constitution, which protects against the taking of property without just compensation, prohibits the turnover of Naviera Armamex's private property.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Adjudication of Naviera Armamex's property rights is premature under the Court's orders in this matter.

## NINTH AFFIRMATIVE DEFENSE

9.      Naviera Armamex intends to rely on such other defenses that may become available or apparent, and reserves the right to amend this Answer to assert any and all such defenses.

11

**WHEREFORE**, Naviera Armamex is appearing herein for the limited purpose of asserting its claim to the Blocked Funds and respectfully requests that the Court enter judgment:

A.     Denying Petitioners' claims seeking the turnover of the Blocked Funds;

B.     Ordering that the Blocked Funds may not be used to satisfy any judgment against the Republic of Cuba;

C.     Releasing to Naviera Armamex the Blocked Funds with all accrued interest;

D.     Awarding to Naviera Armamex its costs and reasonable attorneys' fees incurred in defending this action; and

D.     Granting any additional and further relief that the Court deems just and proper.


DATED:     Rochester, New York
           July 22, 2015

                                    Respectfully submitted,

                                    HARTER SECREST & EMERY LLP

                                    By:  s/ Kyra Tichacek Keller
                                         Kyra Tichacek Keller, Esq.
                                         1600 Bausch & Lomb Place
                                         Rochester, NY  14604-2711
                                         Telephone:  (585) 231-1108
                                         Facsimile: (585) 232-2152
                                         Email: kkeller@hselaw.com
                                                 .

                                         *Attorneys for Adverse Claimant-
                                         Respondent Naviera Armamex S.A. de
                                         C.V.*