UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA, <br><br> Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and <br><br> JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and <br><br> ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, <br><br> Petitioners, <br><br> v. <br><br> BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A., <br><br> Respondents/Garnishees. | **PETITIONERS' REPLY TO RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONERS' MOTION FOR SUMMARY JUDGMENT** |

1

139671

HSBC BANK USA, N.A.,

      Garnishee-Respondent and Third-Party Petitioner,

v.

BANCO BILBAO VIZCAYA ARGENTARIA, S.A.,
BANCO INTERNACIONAL DE COMERCIO, S.A. AND
ING BANK FRANCE, SUCCURSALE DE ING BANK N.V.,

      Adverse Claimants-Respondents.

Petitioners Aldo Vera, Jr. as Personal Representative of the Estate of Aldo Vera, Sr., Jeanette Fuller Hausler and William Fuller as court-appointed co-representatives of the Estate of Robert Otis Fuller, and Alfredo Villoldo and Gustavo Villoldo, individually and as Administrator, Executor and Personal Representative of the Estate of Gustavo Villoldo Argilagos (collectively "Petitioners"), by their undersigned attorneys, file their Reply to Third-Party Petitioner HSBC Bank USA, N.A's Memorandum of Law in Opposition to their Motion for Summary Judgment (Docket No. 799) ("Opposition Memorandum"), and state:

    **I.**    **The Third-Party Petitioner Seeks to Have the Court Impermissibly Elevate Form Over Substance and Countenance an Attempted Fraud**

As described in the Petitioners' Motion for Summary Judgment (Docket No. 795-98), the Third-Party Petitioner, HSBC Bank USA, N.A. ("HSBC USA"), and ING have been criminally and/or civilly prosecuted for engaging in schemes with the Republic of Cuba to evade U.S. sanctions by illicitly manipulating identifying information and fraudulently routing transactions to disguise Cuba as the true owner of the funds. The Third-Party Petitioner has in no way denied or negated the Petitioners' contention that the EFT at issue was a failed attempt in the ongoing fraudulent scheme perpetrated by ING and agencies of the Cuban government to illicitly pass

2

funds through the U.S. financial system. It instead argues that because the attempt at fraud failed in this instance and the EFT was blocked that the Court must ignore the fraudulent nature of the transaction and Cuba's role as originator, and blindly apply the Second Circuits' decisions in *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993 (2d Cir. 2014) and *Hausler v. JP Morgan Chase Bank, N.A.*, 770 F.3d 207 (2d Cir. 2014). The Third-Party Petitioner's argument is devoid of merit. Neither *Calderon-Cardona* nor *Hausler* hold that courts must respect the involvement of intermediary banks in an EFT transaction where the intermediaries were being used in an attempt to perpetrate a fraud and disguise the true owner of the funds being transferred. If the HSBC USA's argument was credited, then all a sanctioned foreign state would need to do to move funds through the United States, without putting the funds in jeopardy of execution by its judgment creditors, would be to ensure that an intermediary bank was involved prior to the funds being transferred to a U.S. bank. As described below, if a court has knowledge that a transaction has been undertaken for the purpose of fraud, it is incumbent upon it to look through the form of the transaction to its substance and disregard the fraud.

In this District and throughout the country, it is well established, that courts have the equitable power to disregard transfers of property in a fraudulent transaction, when necessary to determine the property's true owner and do justice, particularly where the transaction would otherwise frustrate creditors. *See Pepper v. Litton*, 308 U.S. 295, 312 (1939) ("[In light of] a 'planned and fraudulent scheme', as found by the District Court, the necessity of equitable relief against that fraud becomes insistent. No matter how technically legal each step in that scheme may have been, once its basic nature was uncovered it was the duty of the bankruptcy court in the exercise of its equity jurisdiction to undo it."); *see also Orr v. Kinderhill Corp.*, 991 F.2d 31, 35 (2d Cir. 1993) ("In equity, 'substance will not give way to form, [and] technical

considerations will not prevent substantial justice from being done.' [] Thus, an allegedly fraudulent conveyance must be evaluated in context; '[w]here a transfer is only a step in a general plan, the plan 'must be viewed as a whole with all its composite implications.''") (quoting *Pepper*, 308 U.S. at 305 and *Pereira v. Checkmate Communications Co. (In re Checkmate Stereo & Elec., Ltd.)*, 9 B.R. 585, 612 (Bankr. E.D.N.Y. 1981) (quoting *Buffum v. Peter Barceloux Co.*, 289 U.S. 227, 232, (1933)), *aff'd*, 21 B.R. 402 (E.D.N.Y. 1982); *see also MFS/Sun Life Trust-High Yield Series v. Van Dusen Airport Services Co.*, 910 F. Supp. 913, 934 (S.D.N.Y. 1995) ("In general, courts will look past the form of a transaction to its substance."); *see also In re Jumer's Castle Lodge, Inc.*, 338 B.R. 344, 356 (C.D. Ill. 2006) *aff'd sub nom. Creditor's Comm. of Jumer's Castle Lodge, Inc. v. Jumer*, 472 F.3d 943 (7th Cir. 2007) ("As it has been repeatedly stated, courts generally do not elevate form over substance. [] Where an allegedly fraudulent transfer is merely one step in a general plan, the plan must be viewed as a whole with all its composite parts taken into consideration.") (internal citations omitted); *see also Molina v. Sovereign Camp, W.O.W.*, 6 F.R.D. 385, 398 (D. Neb. 1947) ("[I]t is a well-established rule both of law and equity that, under certain circumstances, 'when necessary to circumvent fraud, protect the rights of third persons, and accomplish justice,' courts 'will look through form to substance' …") (quoting *In re Clear Lake Beach Co.*, 12 F. Supp. 250, 253 (N.D. Cal. 1935)).

In *Calderon-Cardona* and *Hausler*, the Second Circuit did not address the issue of fraud and nothing in the opinions can be read to abrogate its prior holdings that form is not to be elevated over substance in evaluating a fraudulent transaction. *See Calderon-Cardona*, 770 F.3d 993; *see also Calderon-Cardona*, 770 F.3d 207; *see Orr*, 991 F.2d at 35. The Third-Party Petitioner's contention that the Second Circuit decision permits fraud to be ignored thereby

4

creating an avenue for funds to be moved through the United States without putting the funds in jeopardy of execution is totally unsupported. There is simply nothing to suggest that the Second Circuit intended to create such a loophole outside of the courts' established authority to invoke its equitable powers when evaluating a potentially fraudulent transaction.

The EFT at issue was undertaken solely for the purpose of attempting to fraudulently move funds through the U.S. financial system. *See* Statement of Facts, Exhibit 2 at pp. 1-2 to Exhibit A to Petitioners' Motion for Summary Judgment (Docket No. 795). The involvement of ING, HSBC UK, and HSBC USA, as intermediary banks in the transaction, was solely intended to further the purposes of the attempted fraud. *Id.* HSBC USA's claim that it and HSBC Bank plc ("HSBC UK") were innocent bystanders to the fraud does not absolve the transaction of its fraudulent purpose. HSBC USA has failed to cite to any authority that would negate fraud due to the involvement of an innocent party because no such exception exists. Further, although their claimed innocence is irrelevant, it should be noted that HSBC USA and its parent company HSBC Holdings plc have admitted, in a Deferred Prosecution Agreement, to engaging in virtually identical illicit conduct undertaken to fraudulently transfer Cuban funds through the United States, during the same period. *See* Statement of Facts, pp. 21-22 ¶63, Exhibit A to Deferred Prosecution Agreement, attached to the Declaration of Andrew C. Hall as Exhibit "4" (Docket No. 797) ("From at least 2000 through 2006, HSBC Group knowingly and willfully engaged in conduct and practices outside the United States that caused HSBC Bank USA and other financial institutions located in the United States to process payments in violation of U.S. sanctions."). Under these circumstances, it is clear that the Court should invoke its equitable authority to collapse the attempted fraudulent transaction, particularly given that none of the

5

139671

intermediary banks has asserted an ownership interest in the funds, and determine that they are in fact the property of BICSA, an agency of the Cuban government.

## II.  HSBC plc Was Not Made a Party to the Interpleader Proceeding and Has Not Asserted an Interest in the Blocked EFT

For the first time in its Opposition Memorandum, HSBC USA has asserted that its British counterpart, HSBC UK, as an intermediary transferee of the subject EFT, has a property interest in the blocked funds at issue.  HSBC USA and HSBC UK are both subsidiaries of HSBC Holdings plc.[1]  Further, HSBC USA was aware of HSBC UK's position as an intermediary transferee bank at all times relevant to this proceeding.  *See* Exhibit A to Third-Party Petitioner's Opposition Memorandum, Declaration of Robert Catalano in Opposition to Petitioners' Motion for Summary Judgment, at ¶¶ 6, 8 (Docket No. 495).  Despite its knowledge of HSBC UK's role in the subject EFT, HSBC USA did not include it as an intermediary bank that was provided notice in its Interpleader Petition for the subject EFT.  *See* Third Party Petition Alleging Claims in the Nature of Interpleader ("Interpleader Petition") at ¶ 9 (Docket No. 451).  The intentional nature of this omission is undeniable as HSBC USA explicitly described HSBC UK's role in the Interpleader Petition, as follows:

> Upon information and belief, the payment was initiated as the result of BICSA's instruction to ING to transfer $3 million from an account maintained by BICSA at ING to an account maintained by BICSA at BBVA.  HSBC received the payment from HSBC Bank plc, which originated the transfer as correspondent bank for ING.

*Id.*

If HSBC USA had any reason to believe that HSBC UK intended to present a claim of ownership to the blocked funds, as an intermediary bank, it would have been required to give

---

[1] *See* HSBC Group Structure Chart, http://www.hsbc.com/~/media/hsbc-com/about-hsbc/structure-and-network/pdfs/group-structure-chart.pdf (last accessed July 27, 2015).

139671

notice to HSBC UK, under the Court's Order with Respect to Giving Notice of Turnover Proceeding (Docket. No. 368) ("Notice Order"). To the contrary, HSBC USA has never given formal notice to HSBC UK, nor provided any indication that HSBC UK intends to present a claim to the blocked funds. Further, HSBC USA, referring to itself as "HSBC," has at all times held itself out as a disinterested stakeholder, disavowing any intent to make a claim of ownership. *See* Interpleader Petition at ¶ 11. It can only be assumed that HSBC USA has knowledge that HSBC UK has no intention of asserting a claim to the funds at issue. This is also evident from the proposed order HSBC USA has attached as an exhibit to its Opposition Memorandum, which explicitly discharges its liability to Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA"), Banco Internacional de Comercio, S.A. ("BICSA") and ING Bank France, Succersale de ING Bank N.V. ("ING"), as adverse claimants, but nowhere addresses the interest of HSBC UK. *See* Exhibit A to Declaration of Declaration of Sean C. McPhee in Opposition to Petitioners' Motion for Summary Judgment, Exhibit A to Third-Party Petitioner's Opposition Memorandum (Docket No. 451).

Further, just like ING and BBVA, HSBC UK has not come forward to make a claim to the funds at issue. Tellingly, HSBC USA has not stated that HSBC UK lacks knowledge of this proceeding. Given HSBC USA's failure to give HSBC UK formal notice of this proceedings and the parties' relationship as subsidiaries of the same entity, it can be presumed that HSBC UK does indeed have knowledge of the proceeding and has intentionally not presented a claim to the blocked funds. As such, due to its failure to present a claim and for the reasons stated above, the purported interest of HSBC UK in the blocked funds should be disregarded.

## CONCLUSION

139671

Petitioners respectfully request the Court enter summary judgment against Third-Party Petitioner, HSBC Bank USA N.A., and any other party served by HSBC USA's Interpleader Petition (Doc. No. 451) and require HSBC USA to forthwith turn over and transfer to the Vera, Hausler, and Villoldo Petitioners the $3,000,000 with accrued interest which was the subject of HSBC USA's Petition.

Dated: July 30th, 2015

| HALL, LAMB & HALL, P.A. | KOHN, SWIFT & GRAF, P.C. |
|---|---|
| By:  /s Andrew C. Hall<br>Andrew C. Hall, Esq.*<br>Roarke Maxwell, Esq.<br>Grand Bay Plaza, Penthouse One<br>2665 South Bayshore Drive<br>Miami, Florida, 33133<br>Phone: (305) 374-5030<br>Fax: (305) 374-5033<br>* admitted *pro hac vice*<br><br>*Attorneys for Alfredo Villoldo, individually, and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Agrilagos* | /s Robert A. Swift<br>Admitted *Pro Hac Vice*<br>One South Broad Street, Suite 2100<br>Philadelphia, Pennsylvania 19107<br>Phone: 215-238-1700<br>Fax: 215-238-1968<br><br>Jeffrey E. Glen<br>ANDERSON KILL P.C.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Phone: 212-278-1000<br>Fax:    212-278-1733<br><br>*Attorneys for Petitioner Aldo Vera, Jr.* |

COLSON, HICKS, EIDSON

/s Roberto Martinez
Roberto Martinez, Esq.*
Ronald W. Kleinman, Esq.
255 Alhambra Circle, Penthouse
Coral Gables, Florida, 33134
Phone: 305-476-7400
Fax: 305-476-7444
* admitted *pro hac vice*

*Attorneys for Petitioners Jeanette Fuller Hausler, and William Fuller*

8

139671

*as court-appointed co-representatives of the Estate of Robert Otis Fuller, deceased, on behalf of all beneficiaries of the Estate and the Estate of Robert Otis Fuller.*

**139671**