

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
ALDO VERA, JR., as Personal Representative of                    :
the Estate of Aldo Vera, Sr.,                                    :
                                                                 :
                                            Plaintiff,           :   **ORDER GRANTING MOTION**
            -against-                                            :   **FOR SUMMARY JUDGMENT**
                                                                 :   **FOR TURNOVER AGAINST**
THE REPUBLIC OF CUBA,                                            :   **HSBC**
                                                                 :
                                            Defendant.           :   12 Civ. 1596 (AKH)
                                                                 :
---------------------------------------------------------------- X
                                                                 :
ALDO VERA, JR., as Personal Representative of                    :
the Estate of Aldo Vera, Sr., and                                :
                                                                 :
JEANNETTE FULLER HAUSLER, and                                    :
WILLIAM FULLER, as court-appointed co-                           :
representatives of the ESTATE OF ROBERT OTIS                     :
FULLER, deceased, on behalf of all beneficiaries of              :
the Estate and the ESTATE OF ROBERT OTIS                         :
FULLER; and                                                      :
                                                                 :
ALFREDO VILLOLDO, individually, and                              :
GUSTAVO E. VILLOLDO, individually and as                         :
Administrator Executor, and Personal                             :
Representative of the ESTATE OF GUSTAVO                          :
VILLOLDO ARGILAGOS,                                              :
                                                                 :
                                            Petitioners,         :
            -against-                                            :
                                                                 :
BANCO BILBAO VIZCAYA ARGENTARIA                                  :
(S.A.); BANK OF AMERICA N.A.; BANK OF                            :
NEW YORK MELLON; BARCLAY'S BANK                                  :
PLCS; CITIBANK N.A.; CREDIT SUISSE AG,                           :
NEW YORK BRANCH; DEUTSCHE BANK                                   :
TRUST COMPANY AMERICAS; HSBC BANK                                :
(HSBC BANK USA, N.A.); INTESA SANPAOLA                           :
S.P.A.; JP MORGAN CHASE BANK N.A.; RBS                           :
CITIZENS, N.A.; ROYAL BANK OF CANADA;                            :
SOCIETE GENERALE; UBS AG; WELLS

FARGO BANK, NA; BROWN BROTHERS
HARRIMAN & CO.; MERCANTIL COMMERCE
BANK, N.A.; STANDARD CHARTERED BANK;
AND BANCO SANTADER, S.A.,

                      Respondents.

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioners Aldo Vera, Jr., Jeanette Fuller Hausler, William Fuller, Alfredo Villoldo and Gustavo Villoldo (collectively, "Petitioners"), move for summary judgment against Third-Party Petitioner HSBC Bank USA N.A. ("HSBC") and any other party served by HSBC's Third-Party Petition Alleging Claims in the Nature of Interpleader (Dkt. No. 451) (the "Interpleader Petition") for turnover of the $3 million with accrued interest which was the subject of the Interpleader Petition (Dkt. No. 795). For the reasons set forth below, Petitioners' motion is GRANTED.

## BACKGROUND

### I. The Prior Proceedings

        Petitioners filed an Amended Omnibus Petition for Turnover (the "Amended Petition"), alleging claims under the Terrorism Risk Insurance Act of 2002 ("TRIA"), 28 U.S.C. §§ 1610 note and 1610(g), and the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, seeking turnover of electronic fund transfers ("EFTs"), emanating from Cuba, or its agencies or instrumentalities, transmitted to New York banks for clearance purposes, and blocked pursuant to the Cuban Asset Control Regulations ("CACR").

        In response to the Amended Petition, HSBC filed the Interpleader Petition, to determine any claims that may exist as the proceeds of a SWIFT transfer in the amount of $3 million received by HSBC, which was blocked pursuant to the CACR (the "Blocked Account"). HSBC stated it was filing its petition "to bring before the Court additional parties who have

claimed or may claim interest in property held by HSBC that Petitioners seek to have turned over to them, thereby exposing HSBC to double or multiple liability." (Dkt. No. 451 at 2.) HSBC filed the Interpleader Petition against Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA"), Banco Internacional de Comercia, S.A. ("BICSA"), and ING Bank France, Succursale de ING Bank N.V. ("ING"). (*Id.*)

In the Interpleader Petition, HSBC stated, upon information and belief, that the payment in the Blocked Account "was initiated as the result of BICSA's instruction to ING to transfer $3 million from an account maintained by BICSA at ING to an account maintained by BICSA at BBVA. HSBC received the payment from HSBC Bank plc, which originated the transfer as correspondent bank for ING." (*Id.* at 4.) BICSA is a commercial bank of the Banco Central de Cuba.[1]

BBVA was the only party, apart from Petitioners, which responded to the Interpleader Petition. (Dkt. No. 633.) BBVA argued as an affirmative defense that "[t]his Court lacks subject matter jurisdiction over this action under the [FSIA]." (*Id.* at 3.) I have previously found BBVA's arguments concerning subject matter jurisdiction to be without merit. *Vera v. Republic of Cuba*, 40 F.Supp.3d 367 (S.D.N.Y. 2014). ING and BICSA did not respond to the Interpleader Petition.

## II.  Petitioners' Motion

On June 25, 2015, Petitioners filed a Motion for Summary Judgment concerning the Interpleader Petition and the Blocked Account. Petitioners attach to their motion a Deferred Prosecution Agreement between ING and the United States government (the "Deferred Prosecution Agreement"), along with a stipulated Statement of Facts (the "Statement of Facts"),

---

[1] http://www.bc.gob.cu/English/commercial_banks.asp#BICSA

in which ING admits to violating United States and New York State laws by moving billions of dollars illegally through the U.S. financial system on behalf of entities subject to U.S. economic sanctions, including Cuba. (*See* Dkt. Nos. 797-1 & 797-2.) In order to prevent those funds from being blocked, ING stripped information from the transactions that would identify them as relating to Cuba, its agencies, or instrumentalities. (*Id.*)

Regarding the $3 million, the Stipulation of Facts states: "ING France processed U.S. dollar payments on behalf of Cuban entities. In 2002, a $3 million payment on behalf of a Cuban bank was blocked by another financial institution. Senior managers from ING France and headquarters in Amsterdam tried unsuccessfully to recover the funds. … ING France … had contravened its prior practice of not mentioning 'the name of the ultimate beneficiary' in SWIFT payment messages for the Cuban bank. In other words, ING France … had failed to adhere to a general policy of deceiving other unaffiliated financial institutions in order to evade U.S. economic sanctions." (Dkt. No. 797-2 at ¶ 54.)

Petitioners argue that they are entitled to turnover of the Blocked Account as they have a valid claim for money blocked pursuant to TRIA and FSIA as victims of terrorism and heirs of victims of terrorism, and no other party has put forth a valid claim. Petitioners argue based on the Stipulation of Facts that the $3 million which was blocked was property of Cuba that was simply being moved between accounts, and, as such, should not be returned.

In opposition, HSBC reiterates its position as merely a stakeholder in this dispute. (Dkt. No. 799.) HSBC also adds an additional argument, that it should not be required to turn over the proceeds of the Blocked Account to Petitioners, because, it states, the recent Second Circuit decisions *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993 (2d Cir. 2014) and *Hausler v. JP Morgan Case Bank, N.A.*, 770 F.3d 207 (2d Cir. 2014) rule that the funds in

4

the Blocked Account are not subject to attachment under TRIA or FSIA. HSBC argues that the funds were transmitted electronically to HSBC by HSBC Bank plc, a foreign banking institution organized under the laws of the United Kingdom, not an agency or instrumentality of Cuba. (*Id.* at 8-10; Dkt. No 800 at ¶ 8.)

## LEGAL STANDARD

Under the well-established summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding the motion, the court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008). The court should also "eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d. 113, 122 (2d. Cir. 2004). However, "[t]he mere existence of a scintilla of evidence in support of the [non-moving] party's position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

As described in my Order dated May 7, 2015, (the "Order") Petitioners in the above-captioned case are involved in post-judgment discovery, collection, and execution on Cuban assets available to them. (*See* Dkt. No. 767.) For assets frozen in the United States, the question presented is determining whose rights are paramount. Under U.S. policy, funds should not be returned to Cuba, or an agency or instrumentality of Cuba.

The facts concerning the Blocked Account are undisputed: BICSA, a Cuban bank, was attempting to move money between two of its accounts, one at ING and one at BBVA.

In order to complete this transfer, ING instructed HSBC Bank plc, its correspondent bank, to initiate the transfer, and HSBC Bank plc sent a SWIFT transfer of $3 million to HSBC. As ING had failed to remove the information from the transfer identifying the ultimate beneficiary of the transfer—and thus failed in its scheme to evade U.S. banking regulations—the money was blocked.

As HSBC implicitly admitted in the Interpleader Petition, HSBC Bank plc has no interest in the proceeds of a Blocked Account. HSBC Bank plc was merely acting as a correspondent bank—an agent—for ING, which was acting as an agent for BICSA. As HSBC Bank plc was not interpled, and ING did not respond, and has therefore quitclaimed any interest it could have, the only remaining interests are BICSA and Petitioners. The funds cannot be returned to BICSA, a Cuban bank, and thus Petitioners are entitled to them. That is what U.S. law provides. *See* 28 U.S.C. § 1602 *et seq.*; 28 U.S.C. §§ 1610 note and 1610(g)

The proceeds of the Blocked Account are attachable by Petitioners under TRIA and FSIA. Petitioners are victims of terrorism, or heirs of victims of terrorism, and the blocked funds are the property of BICSA, a Cuban bank.[2] As set forth in the Order, any potential interest in the chain of transactions leading from BICSA to HSBC has been disclaimed, and therefore, for the purposes of *Calderon-Cardona* and *Hausler*, the Blocked Account is considered to have been transmitted to HSBC directly from BICSA. Since the funds cannot be returned, they are blocked here, giving this court jurisdiction, and giving Petitioners, judgment creditors of Cuba, paramount rights to them.

---

[2] No separate license is required from the Office of Foreign Assets Control ("OFAC") before the funds may be distributed to Petitioners. *See Harrison v. Republic of Sudan*, 14-121-cv (2d Cir. September 23, 2015).

6

## CONCLUSION

For the foregoing reasons, Petitioners' motion for summary judgment (Dkt. No. 795) is GRANTED. Petitioners and HSBC shall submit a joint turnover order, modeled after the previous turnover orders issued in this case, by September 29, 2015.

The Clerk shall mark the motion (Dkt. No. 795) terminated.

SO ORDERED.

Dated: September 24, 2015
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge