

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.,

    Plaintiff,

v.

THE REPUBLIC OF CUBA,

    Defendant.

---

ALDO VERA, JR., as Personal Representative
of the Estate of Aldo Vera, Sr.; *et al.*,

    Petitioners,

v.

BANCO BILBAO VIZCAYA ARGENTARIA (S.A.);
*et. al.*,

    Respondents/Garnishees.

---

HSBC BANK USA, N.A.,

    Respondent/Garnishee and
    Stakeholder/Third-Party Petitioner,

v.

BANCO BILBAO VIZCAYA ARGENTARIA, S.A.,
BANCO INTERNACIONAL DE COMERCIO, S.A., and
ING BANK FRANCE, SUCCURSALE
DE ING BANK N.V.,

    Third-Party Respondents/
    Adverse Claimants.

---

Case No. 12-cv-1596 (AKH)

[~~PROPOSED~~] ORDER
AND JUDGMENT
CONCERNING
TURNOVER AND THIRD-
PARTY PETITION
ALLEGING CLAIMS IN
THE NATURE OF
INTERPLEADER

WHEREAS, Petitioners Villoldo, Hausler, and Vera each commenced separate actions in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida State Court") pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1605(a)(7) (Hausler and Vera) and 28 U.S.C. § 1605A (Villoldo), against the Republic of Cuba for the extra-judicial killing of their respective decedents and/or the acts of terrorism and torture against them;

WHEREAS, on August 19, 2011, the Villoldo Petitioners obtained a judgment against Cuba from the Florida State Court for $2,790,000,000 pursuant to 28 U.S.C. § 1605A (the "Villoldo Florida Judgment"), to which judgment this Court later gave full faith and credit in Villoldo v. Cuba, No. 11-cv-9394 (S.D.N.Y. Dec. 21, 2011) (Doc. No. 23); and which, subsequently, was also given full faith and credit in the Western District of Pennsylvania: Villoldo v. Cuba, No. 2:13-mc-00016 (W.D. Pa. May 28, 2013) (Doc. No. 24); and the District of Massachusetts: Villoldo v. Cuba, No. 4:13-mc-94014 (D. Mass. Sept. 24, 2013) (Doc. No. 25);

WHEREAS, on October 25, 2012, this Court entered a judgment in favor of the Villoldo Petitioners against Cuba in the amount of $2,903,233,898.07 (the "Villoldo Federal Judgment"), which continues to accrue interest at the federal statutory interest rate;

WHEREAS, on January 19, 2007, the Hausler Petitioners obtained from a Florida State Court a judgment against Cuba, Fidel Castro, Raul Castro and the Army of the Republic of Cuba in the amount of $400,000,000 (including $100,000,000 in compensatory damages) plus interest pursuant to 28 U.S.C. § 1605(a)(7) (the "Hausler State Judgment"), on which judgment the United States District Court for the Southern District of Florida

entered a judgment (the "Hausler Federal Judgment") giving the Hausler State Judgment full faith and credit;

WHEREAS, on September 24, 2008, the Hausler Petitioners duly registered the Hausler Federal Judgment in this Court;

WHEREAS, this Court has separately given full faith and credit to the Hausler State Judgment following a removal proceeding in the United States District Court for the Southern District of Florida and transfer of such proceeding to this Court;

WHEREAS, on May 15, 2008, the Vera Petitioners obtained a judgment against Cuba from the Florida State Court for $95,579,591.22 pursuant to 28 U.S.C. § 1605(a)(7) (the "Vera Florida Judgment");

WHEREAS, on August 17, 2012, this Court entered a judgment giving full faith and credit to the Vera Florida Judgment (the "Vera Federal Judgment") in the amount of $49,346,713.22, which was limited to the non-punitive damage award of the Vera Florida Judgment with post-judgment interest, and on which interest continues to accrue at the federal statutory interest rate;

WHEREAS, by Order entered August 22, 2014 (Dkt. No. 666), this Court granted full faith and credit to the state court judgments entered in favor of Hausler, Villoldo and Vera, finding that questions of jurisdiction had been fully and fairly litigated and finally decided by the state courts and that the state courts judgments cannot be collaterally attacked; and on September 9, 2014, this Court denied a motion to reconsider that decision and order (Dkt. No. 676);

WHEREAS, on February 12, 2014, Petitioners filed an Amended Omnibus Petition (Dkt No. 423) pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002

3

("TRIA"), Pub. L. No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 note, and Section § 5225(b) of the New York Civil Practice Law and Rules ("CPLR"), as applied through Fed. R. Civ. P. 69, to enforce their respective judgments and to compel various Garnishee-Respondents, including HSBC Bank USA, N.A. ("HSBC"), to turn over to Petitioners certain funds held in blocked accounts containing the proceeds of blocked wire transfers and deposit accounts in respect of which the Republic of Cuba or one of its agencies or instrumentalities has an interest;

WHEREAS, one of the accounts subject to the Amended Omnibus Petition (the "HSBC Blocked Account") contains the proceeds of an electronic funds transfer ("EFT") that HSBC blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515 ("CACRs"), as issued by the Office of Foreign Assets Control ("OFAC") and codified by the Cuban Liberty and Democratic Solidarity Act of 1996, § 102(h), Pub. L. No. 104-114, 110 Stat. 792 (codified at 22 U.S.C. § 6032(h));

WHEREAS, the U.S. Marshal previously levied upon HSBC by duly serving it with a writ of execution issued in respect of the Petitioners' judgments, which writ remain in place as of the date of this Order and Judgment;

WHEREAS, notice of this action was provided to the Judgment Debtors, including the Republic of Cuba, by both registered mail and in the same manner as a summons pursuant to CPLR 5225(b) (as applied through Fed. R. Civ. P. 69), and Section 1608 of the Foreign Sovereign Immunities Act of 1976 (the "FSIA"), 28 U.S.C. §§ 1330, 1602-11, by the Clerk of the Court;

WHEREAS, notice to the Judgment Debtors was supplemented by requesting and causing the Clerk of the Court to deliver the Notice of Suit, Summons, Amended Omnibus

4

Petition, copy of the FSIA, and Spanish translations of the foregoing to the Cuban Minister of Foreign Affairs at his address in Havana, Cuba and to the Cuban interest section in Washington, D.C., using DHL World Courier and Federal Express, respectively (Dkt Nos. 594 and 591);

WHEREAS, on December 9, 2013, the Court entered an Order With Respect to Giving Notice of Turnover Proceeding (Dkt No. 368) ("Notice Order"), which established a procedure for providing notice or commencing interpleader proceedings and serving third parties who may seek to claim an interest in blocked EFTs for which Cuba or one of its agencies or instrumentalities is an originator or originating bank, including the EFT underlying the HSBC Blocked Account;

WHEREAS, in accordance with the Notice Order, on March 12, 2014, HSBC filed its Third-Party Petition Alleging Claims in the Nature of Interpleader (Dkt. No. 451) (the "HSBC Interpleader Petition") concerning the funds held in the HSBC Blocked Account;

WHEREAS, the Court has found that notice, provided by any of the methods outlined in the Notice Order, satisfies "all of the requirements for service under the FSIA, the Federal Rules, and the CPLR and all of the requirements of due process of law" (Dkt No. 368 at ¶ 14);

WHEREAS, the HSBC Interpleader Petition was duly served on Petitioners, Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA"), Banco Internacional de Comercio, S.A. ("BICSA") and ING Bank France, Succersale de ING Bank N.V., formerly known as ING Bank (France) S.A. ("ING" and collectively with BBVA and BICSA, the "Adverse Claimants");

WHEREAS, on June 26, 2015, Petitioners filed a motion for summary judgment in connection with the HSBC Interpleader Petition in which they seek an order requiring HSBC to turn over to them the funds in the HSBC Blocked Account (Dkt. Nos. 795-798) (the "Summary Judgment Motion");

WHEREAS, the time for BBVA, BICSA, ING, and all potentially interested parties and claimants to answer or move in response to the HSBC Interpleader Petition has passed;

WHEREAS, by Order Granting Motion for Summary Judgment For Turnover Against HSBC filed September 24, 2015 (Doc. No. 814) (the "Order"), the Court granted Petitioners the relief requested by their Summary Judgment Motion;

WHEREAS, as determined in the Order, the Court finds that the funds in the HSBC Blocked Account are blocked assets of the Republic of Cuba (or its agencies or instrumentalities) and subject to execution to satisfy the Petitioners' respective judgments;

NOW, THEREFORE, IT IS HEREBY DETERMINED, based upon the record herein:

(a) The Villoldo Florida Judgment and the Villoldo Federal Judgment, both of which are entitled to and have been given full faith and credit in this Court, are against the Republic of Cuba, which is a terrorist State within the meaning of Section 201 of TRIA, and are based on claims in respect of acts of terrorism for which the Republic of Cuba is not immune under Section 1605(A) of the FSIA;

(b) The Hausler Federal Judgment and the Hausler State Judgment, both of which are entitled to and have been given full faith and credit in this Court, are against the Republic of Cuba, which is a terrorist State within the meaning of Section 201 of TRIA, and

are based on claims in respect of acts of terrorism for which the Republic of Cuba is not immune under Section 1605(a)(7) of the FSIA;

(c) The Vera Florida Judgment and the Vera Federal Judgment, both of which are entitled to and have been given full faith and credit in this Court, are against the Republic of Cuba, which is a terrorist State within the meaning of Section 201 of TRIA, and are based on claims in respect of acts of terrorism for which the Republic of Cuba is not immune under Section 1605(a)(7) of the FSIA;

(d) Upon evidence that has been submitted to and found to be satisfactory to the Court, BICSA is an agency or instrumentality of the Republic of Cuba ("Judgment Debtor") within the meaning of the FSIA and/or TRIA;

(e) HSBC has fully complied with all requirements of service of the HSBC Interpleader Petition upon Petitioners and the Adverse Claimants;

(f) As determined by the Petitioners' respective judgments and order for the immediate issuance of writs of execution, a reasonable period of time has elapsed following the entry of the Petitioners' respective judgments and the giving of notice to Judgment Debtor in accordance with Sections 1608(e) and 1610(c) of the FSIA;

(g) BICSA and ING have failed to appear in response to the HSBC Interpleader Petition and BBVA has failed to assert any claim to the funds in the HSBC Blocked Account;

(h) The Judgment Debtor has failed to appear in this action;

(i) In accordance with Section 201 of TRIA, the blocked assets of a terrorist party (which are statutorily defined to include the blocked assets of any agency or instrumentality of that terrorist party) may be executed upon to satisfy a judgment against

that terrorist party to the extent of any compensatory damages awarded by that judgment, and therefore Petitioners' judgments may be satisfied by execution against the blocked assets of the Republic of Cuba or any agency or instrumentality of the Republic of Cuba;

(j) The funds held in the HSBC Blocked Account has been, and currently is, designated as blocked property or blocked accounts within the meaning of TRIA;

(k) HSBC maintains the HSBC Blocked Account;

(l) The funds held in the HSBC Blocked Account constitute the blocked assets of the Republic of Cuba and/or agencies or instrumentalities of the Republic of Cuba within the meaning of Section 201 of TRIA that are subject to execution in accordance with the requirements of the FSIA and TRIA;

(m) The HSBC Blocked Account does not consist of property subject to the Vienna Convention on Diplomatic Relations or to the Vienna Convention on Consular Relations, or blocked property or deposit debt in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

(n) In accordance with Section 201 of TRIA, the blocked assets of the Republic of Cuba (including the blocked assets of its agencies or instrumentalities) are subject to execution in satisfaction of the Petitioners' respective judgments notwithstanding any provision of the FSIA, including, but not limited to, 28 U.S.C. §§ 1610 and 1611(b);

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Pursuant to CPLR 5225(b), as applied through Fed. R. Civ. P. 69, and in accordance with this Court's Notice Order, judgment ordering turnover of the funds in the

8

HSBC Blocked Account is hereby entered in connection with the HSBC Interpleader Petition in favor of Petitioners and against (i) HSBC in its capacity as garnishee, and (ii) BICSA, BBVA and ING in their capacities as Third-Party Respondents/Adverse Claimants.

2. The funds in the HSBC Blocked Account are blocked assets of the Republic of Cuba or of agencies or instrumentalities of the Republic of Cuba within the meaning of the FSIA and the TRIA, Petitioners' judgments satisfy all conditions set forth in the FSIA and the TRIA for executing against such blocked assets of the Republic of Cuba or of its agencies or instrumentalities, and therefore the HSBC Blocked Account is subject to execution by Petitioners in accordance with the requirements of the FSIA and the TRIA.

3. On or before the twentieth (20) business day from the date of service of this Order and Judgment, HSBC shall turn over the funds in the HSBC Blocked Account with all accrued interest thereon to the U.S. Marshal.

4. Within ten (10) business days of receipt from HSBC of the funds in the HSBC Blocked Account, the U.S. Marshal shall transfer such funds to Petitioners' counsel of record in accordance with such payment instructions as may be provided to the U.S. Marshal jointly by Petitioner' counsel of record.

5. Receipt of the funds in the HSBC Blocked Account shall be in partial satisfaction of the compensatory damages portion of each of the Petitioners' respective judgments (including interest).

6. Upon delivery of the funds in the HSBC Blocked Account to the U.S. Marshal, HSBC shall be fully discharged from any and all further liability with respect to the funds in the HSBC Blocked Account pursuant to CPLR §§ 5209 or 6204, and shall be fully discharged from any and all obligations or other liabilities to the Republic of Cuba, to any

9

agency or instrumentality of the Republic of Cuba otherwise entitled to the funds in the HSBC Blocked Account, or to any parties who have or could have asserted an interest in the HSBC Blocked Account, or to any other party, including, without limitation, BBVA, BICSA, and ING, to the full extent of the amounts turned over by HSBC in accordance with this Order and Judgment.

7. Each and every party to the HSBC Interpleader Petition is hereby and shall be restrained and enjoined from instituting or prosecuting any claim or action against HSBC in any jurisdiction arising from or relating to any claim to the funds in the HSBC Blocked Account.

8. Upon delivery of the funds in the HSBC Blocked Account to the U.S. Marshal, all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind served on, or delivered to, HSBC, to the extent that they apply or attach to the funds in the HSBC Blocked Account, shall be deemed vacated and null and void as to the funds in the HSBC Blocked Account.

9. In accordance with paragraph 17 of the Notice Order, and pursuant to the agreement between counsel for Petitioners and counsel for HSBC, within twenty (20) business days of the U.S. Marshal's transfer of the funds in the HSBC Blocked Account to Petitioners' counsel as set forth in paragraph 4 above, Petitioners' counsel shall pay $25,000 to counsel for HSBC from the funds in the HSBC Blocked Account that are being turned over pursuant to this Order and Judgment as reimbursement for a portion of the attorneys' fees and costs incurred by HSBC in connection with this proceeding. The amount paid to HSBC shall be inclusive of all attorneys' fees and costs that may be claimed by HSBC under paragraph 17 of the Notice Order through the date of this Order and Judgment.

10. This Order and Judgment is a final judgment that finally disposes of all claims asserted in the HSBC Interpleader Petition and all claims to the funds in the HSBC Blocked Account that have or could have been asserted by Petitioners, the Adverse Claimants, and all other persons or entities.

11. This Court shall retain jurisdiction over this matter to enforce any violation of one or more terms of this Order and Judgment or otherwise to resolve any dispute arising under this Order and Judgment.

SO ORDERED AND ADJUDGED.

Dated:  September 30, 2015
New York, New York

*/s/ Alvin K. Hellerstein*
HON. ALVIN K. HELLERSTEIN
United States District Judge

Doc #01-2872372.4



**Phillips Lytle LLP**

RECEIVED SEP 29 2015 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

*VIA ECF and Fax (212) 805-7942*

September 29, 2015

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
Room 1050
500 Pearl Street
New York, New York 10007

Re: Vera, *et al.* v. The Republic of Cuba, *et al.*
Case No. 1:12-cv-01596 (AKH)

Dear Judge Hellerstein:

We represent Respondent/Garnishee HSBC Bank USA, N.A. ("HSBC") in this matter.

In its Order Granting Motion For Summary Judgment For Turnover Against HSBC dated September 24, 2015, the Court directed Petitioners and HSBC to submit a joint turnover order, modeled after the previous turnover orders issued in this case, by September 29, 2015. *See* Doc. No. 814 p. 7.

We have reached an agreement with counsel for Petitioners on the terms of a joint turnover order, which is modeled after the Court's Order and Judgment for Turnover of Specified Uncontested Phase I Accounts (Doc. No. 739-1). A copy is hereby submitted jointly as Exhibit A for the Court's consideration.

Respectfully submitted,

Phillips Lytle LLP

By
Sean C. McPhee

cc All Counsel of Record (via ECF)

ATTORNEYS AT LAW

SEAN C. MCPHEE, PARTNER DIRECT 716 504 5749 SMCPHEE@PHILLIPSLYTLE.COM

ONE CANALSIDE 125 MAIN STREET BUFFALO, NY 14203-2887 PHONE 716 847 8400 FAX 716 852 6100
NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | WASHINGTON, DC | CANADA: WATERLOO REGION | PHILLIPSLYTLE.COM