UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------x
ALDO VERA, JR., as Personal Representative of
the Estate of Aldo Vera, Sr.,

              Plaintiff,

    v.

THE REPUBLIC OF CUBA,

              Defendant.
------------------------------------------------------------x
ALDO VERA, JR., as Personal Representative of
the Estate of Aldo Vera, Sr.; and

JEANNETTE FULLER HAUSLER and
WILLIAM FULLER, as court-appointed co-
representatives of the ESTATE OF ROBERT
OTIS FULLER, deceased, on behalf of all
beneficiaries of the Estate and the ESTATE OF
ROBERT OTIS FULLER; and

ALFREDO VILLOLDO, individually, and
GUSTAVO E. VILLOLDO, individually and as
Administrator, Executor, and Personal
Representative of the ESTATE OF GUSTAVO
VILLOLDO ARGILAGOS,

              Petitioners,

    v.

BANCO BILBAO VIZCAYA ARGENTINA
(S.A.), et al.

              Garnishees-Respondents.
------------------------------------------------------------x

Case No. 12-CV-01596
(AKH)

**ANSWER OF THIRD-PARTY DEFENDANT HAVANA HOLDINGS LIMITED TO THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER FILED BY WELLS FARGO BANK, N.A.**

*caption continued on following page*

---------------------------------------x

WELLS FARGO BANK, N.A.,

   Garnishee-Respondent and Third-Party Petitioner,

  v.

BANCO ESPAÑOL DE CREDITO; BANCO POPULAR ESPAÑOL S.A; BANCO SUDAMERIS BRASIL; CILBERTI SANTINA; COMMERZBANK AG (F/K/A DRESDNER BANK NEW YORK); CORPORACIÓN HABANOS S.A.; CUBANA DE AVIACIÓN SA; CUBANACAN COMERCIO INTERNACIONAL LTDA.; HAVANA HOLDINGS LIMITED; ING BANK LONDON; NETHERLANDS CARIBBEAN BANK N.V.; and ROYAL BANK OF SCOTLAND INTERNATIONAL;

ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.;

JEANNETTE FULLER HAUSLER and WILLIAM FULLER, as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and

ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal

Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,

   Adverse Claimants-Respondents.

---------------------------------------x

Havana Holdings Limited ("Havana Holdings"), through its attorneys Davis Wright Tremaine LLP, for its answer to the third-party petition of Wells Fargo Bank N.A., states as follows:

### The Nature of Wells Fargo Bank, N.A. Claims

1. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. States that the allegations contained in Paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Havana Holdings lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and refers to the stated statutes and regulations for the true and complete contents thereof, except admits that it is a claimant to a blocked wire transfer set forth herein (the "Havana Holdings Asset").

3. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except admits that Havana Holdings is a claimant to the Havana Holdings Asset.

4. States that the allegations contained in Paragraph 4 are legal conclusions to which no response is required. To the extent a response is required, Havana Holdings lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and refers to the stated rules and regulations for the true and complete contents thereof.

### Jurisdiction and Venue

5. States that the allegations contained in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Havana Holdings lacks knowledge

and information sufficient to form a belief as to the truth of the allegations contained therein, and refers to the stated document for the true and complete contents thereof.

6. States that the allegations contained in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Havana Holdings lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and refers to the stated document for the true and complete contents thereof.

**Background**

7. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. States that the allegations contained in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Havana Holdings lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and refers to the stated documents and statutes for the true and complete contents thereof.

**Ownership Is an Essential
Predicate to Execution**

13.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and refers to the stated statutes for the true and complete contents thereof.

14.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and refers to the stated statutes for the true and complete contents thereof.

15.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and refers to the stated statute for the true and complete contents thereof.

16.     States that the allegations contained in Paragraph 16 are legal conclusions to which no response is required.  To the extent a response is required, Havana Holdings lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and refers to the stated statutes for the true and complete contents thereof.

17.     States that the allegations contained in Paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, Havana Holdings lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and refers to the stated statutes for the true and complete contents thereof.

18.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, except states that the Second Circuit decided the appeals referenced in this paragraph (*See Calderon-Cordona v. Bank of New York Mellon*, 770 F.3d 993 (2d Cir. 2014) and *Hausler v. JPMorgan Bank, NA.*, 770 F.3d 207 (2d Cir. 2014)), and that petitions for certiorari before the United States Supreme Court are currently pending.

## The Parties to the Joint Third-Party Petition

### The Petitioners

19. Repeats and realleges its answers to Paragraphs 8-12 above.

### The Garnishee-Respondent and Third-Party Petitioner

20. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

### Agencies or Instrumentalities of the Republic of Cuba Alleged to Have an Executable Interest in the Blocked Wire Transfers

21. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and refers to the Amended Turnover Petition for the true and complete contents thereof.

22. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and refers to the Amended Turnover Petition and exhibits attached thereto for the true and complete contents thereof.

23. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except states that Havana Holdings is not a Cuban agency or instrumentality.

24. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

### The Parties to the Blocked Wire Transfers Named as Adverse Claimants-Respondents, and Descriptions of the Blocked Wire Transfers

25. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except admits that paragraphs 40-43 and 48-49 describe the parties to a wire transfer which was blocked by Petitioner and identified herein as the Havana Holdings Asset.

**Banco Español De Credito, Madrid, Spain**

26. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

**Banco Popular Español S.A. Madrid**

28. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

**Banco Sudameris Brasil**

30. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

**Ciliberti Santina**

32. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

**Corporación Habanos S.A.**

34. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

**Cubanacan Comercio Internacional LTDA**

36. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

**Cubana De Aviación SA**

38. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

**Dresdner Bank New York**

40. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 40 and admits the allegations in the second sentence of Paragraph 40.

41. Admits the allegations in Paragraph 41, except lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Wells Fargo placed the funds into an interest-bearing blocked account, and further states that the wire transfer set forth in this paragraph is subject to a license from the United States Treasury Department dated May 17, 2015 for the release of the assets therein to the originator of the wire transfer or originating bank. *See* License attached hereto as Exhibit A.

**Havana Holdings Limited**

42. Denies the allegation that it is a business entity with offices at Suite 338 Linen Hall, 162-168 Regent Street, London W1B 5TD, but otherwise admits the allegations in Paragraph 42, and states that Havana Holdings is a company registered in the Bailiwick of Guernsey. *See* Certificate of Registration attached hereto as Exhibit B.

43. Admits the allegations in Paragraph 43, except lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Wells Fargo placed the funds into an interest-bearing blocked account, and further states that the wire transfer set forth in this paragraph is subject to a license from the United States Treasury Department dated May 17, 2015 for the release of the assets therein to the originator of the wire transfer or originating bank. *See* License attached hereto as Exhibit A.

**ING Bank, London**

44. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

**Netherlands Caribbean Bank N.V.**

46. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

**Royal Bank of Scotland International**

48. Admits the allegations in Paragraph 48.

49. Admits the allegations in Paragraph 49, except lacks knowledge and information sufficient to form a belief as to the truth of the allegation that Wells Fargo placed the funds into an interest-bearing blocked account, and further states that the wire transfer set forth in this paragraph is subject to a license from the United States Treasury Department dated May 17, 2015 for the release of the assets therein to the originator of the wire transfer or originating bank. *See* License attached hereto as Exhibit A.

## The Need for Interpleader Relief

50  Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51  States that the allegations contained in Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, Havana Holdings lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and refers to the stated rules and regulations for the true and complete contents thereof.

52. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53. States that the allegations contained in Paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, Havana Holdings lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

54. States that the allegations contained in Paragraph 54 are legal conclusions to which no response is required. To the extent a response is required, Havana Holdings lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST DEFENSE

55. The Court lacks personal jurisdiction over Havana Holdings.

### AS AND FOR A SECOND DEFENSE

56. Havana holdings was not properly served with the Third-Party Petition. The address on which service was purportedly made is not a business address of Havana Holdings and it is not Havana Holdings' registered address for service.

### AS AND FOR A THIRD DEFENSE

57. Turnover of the Havana Holding Asset is improper because it is not the property in whole or in part of the Republic of Cuba or any of its agencies or instrumentalities.

### AS AND FOR A FOURTH DEFENSE

58. Turnover of the Havana Holding Asset is improper because it is the subject to a license from the United States Treasury Department dated May 17, 2015 for the release of the Havana Holdings Asset to the originator of the wire transfer or originating bank. *See* License attached hereto as Exhibit A.

### AS AND FOR A FIFTH DEFENSE

59. Turnover of the Havana Holding Asset is improper because Havana Holdings is a company duly incorporated in the Bailiwick of Guernsey. *See* Certificate of Registration dated March 30, 2004 attached hereto as Exhibit B.

### AS AND FOR A SIXTH DEFENSE

60. Havana Holdings has an interest in the Havana Holdings Asset that is superior to the rights of Petitioners and all other claimants.

## AS AND FOR A SEVENTH DEFENSE

61. Pursuant to Article 4A of the Uniform Commercial Code (the "UCC") and to Second Circuit law interpreting that Article in the context of blocked wire transfers, no party other than the Royal Bank of Scotland as originating bank of the Havana Holdings Asset and Havana Holdings as the originator may have a property interest in the Havana Holdings Asset. *See Calderon-Cordona v. Bank of New York Mellon*, 770 F.3d 993 (2d Cir. 2014); *Hausler v. JPMorgan Bank, NA.*, 770 F.3d 207 (2d Cir. 2014).

WHEREFORE, Third-Party Respondent Havana Holdings Limited is appearing herein for the limited purpose of asserting its claim to the Havana Holdings Asset and respectfully requests that the Court enter judgment:

(a) Denying claims of Petitioners and any other parties seeking turnover of the Havana Holdings Asset.

(b) Ordering that the Havana Holdings Asset may not be used to satisfy in whole or in part any judgment against the Republic of Cuba.

(c) Ordering the release of the Havana Holdings Asset to Havana Holdings Limited as originator of the Havana Holdings Asset, pursuant to the United States Department of Treasury license dated May 17, 2015.

(d) Dismissing Havana Holdings Limited from this action.

(e) Awarding to Havana Holdings Limited its costs and reasonable attorney's fees incurred in defending this petition; and

(f) Granting additional and further relief as the Court deems just and proper.

October 22, 2015

                                      Respectfully submitted,

                                      DAVIS WRIGHT TREMAINE LLP

By: _/s/ Sharon L. Schneier_

                                      Sharon L. Schneier
                                      Christopher J. Robinson
                                      *Attorneys for Havana Holdings Limited*
                                      1251 Avenue of the Americas, 21st Floor
                                      New York, NY  10020-1104
                                      (212) 489-8230 Phone
                                      (212) 489-8340 Fax

# EXHIBIT A



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

License No. CU-2014-314649-1

Wells Fargo Bank, N.A.
401 S. Tryon St - 26th Floor
MAC D1050-262
Charlotte, NC 28202

Attn: Helene Johnson

Reference is made to the following blocked funds transfer:

| | |
|---|---|
| Originator: | Havana Holdings Limited |
| Originating Bank: | The Royal Bank of Scotland International Limited |
| Value Date: | 05/08/2006 |
| Amount: | $200,000.00 |
| Beneficiary Bank: | Krasbank |
| Beneficiary: | Rial Credit |

Wells Fargo Bank, N.A. blocked this transfer pursuant to U.S. sanctions administered by the Office of Foreign Assets Control (OFAC). OFAC has carefully reviewed the information presented and otherwise available to it in connection with this transfer and has determined that Wells Fargo Bank, N.A. is authorized to return the funds to the originator or originating financial institution.

Sincerely,

Andrew Sens
Chief, Licensing Division
Office of Foreign Assets Control

05/17/2015
Date

cc: Andrew MacDonald
Havana Holdings Limited
St Peters House
Le Bordage
St Peter Port, GY1 1BR
Guernsey

# EXHIBIT B



**CERTIFIED TRUE COPY OF ORIGINAL**

# Certificate of Registration

No. 41761

## I Hereby Certify

that the Memorandum of Association and the Articles of Association of

HAVANA HOLDINGS LIMITED

were registered on the Records of the Island of Guernsey on the 30th day of March, 2004, pursuant to an Act of the Royal Court of the said Island.

Greffe, Guernsey, this 23rd day of February, 2007



*Her Majesty's Deputy Greffier.*

HERALD

I, **MICHAEL JULIAN RIDDIFORD**, Notary Public, duly admitted and sworn, of 18/20 Smith Street, St. Peter Port, Guernsey, **HEREBY CERTIFY** that the signatures which appear overleaf are the true and genuine signatures of **Robert George Payne** and **Jonathan Ross Bachelet,** whose signatures I recognise. I give no further certificate.

At Guernsey, this 27ᵗ day of April, 2007

Notary Public



## APOSTILLE
(Hague Convention of 5 October 1961 / Convention de La Haye du 5 octobre 1961)
**BAILIWICK OF GUERNSEY AND HER DEPENDENCIES**

1. Country: Bailiwick of Guernsey
   Pays: Bailliage de Guernesey

   This public document / Le présent acte public

2. has been signed by / a été signé par ............ Advocate M. J. Riddiford

3. acting in the capacity of / agissant en qualité de ............ Notary Public

4. bears the seal / stamp of / est revêtu du sceau / timbre de ............ the said Notary Public

Certified / Attesté

5. at Guernsey / à Guernesey    6. the / le ...... 3rd May 2007

7. by His Excellency the Lieutenant-Governor of the Bailiwick of Guernsey / par son Excellence le Lieutenant-Gouverneur du Bailliage de Guernesey

8. Number / sous    **GG   19816**

9. Stamp:
   timbre:

10. Signature:
    **G. E. WILLIAMS - YEAGERS**

    for His Excellency the Lieutenant-Governor
    pour son Excellence le Lieutenant-Gouverneur

If this document is to be used in a country which is not party to the Hague Convention of 5 October 1961, it should be presented to the consular section of the mission representing that country.

HERALD