UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>      Plaintiff,<br><br>    v.<br><br>THE REPUBLIC OF CUBA,<br><br>      Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., et al.,<br><br>      Petitioners,<br><br>    v.<br><br>BANCO BILBAO VIZCAYA ARGENTINA (S.A.), et al.,<br><br>      Respondents/Garnishees. | **DECLARATION OF CRAIG T. CAGNEY CONCERNING SERVICE OF THE SUMMONS AND THIRD-PARTY PETITION ALLEGING CLAIMS IN THE NATURE OF INTERPLEADER FILED BY JPMORGAN CHASE BANK, N.A.** |
| JPMORGAN CHASE BANK, N.A.,<br><br>      Respondent/Garnishee and Third-Party Petitioner,<br><br>    v.<br><br>MARTÍNEZ AMORES, et al.,<br><br>      Adverse Claimants-Respondents. | |

CRAIG T. CAGNEY, pursuant to 28 U.S.C. § 1746, hereby declares on information and belief as follows:

1. I am an associate with the firm of Davis Polk & Wardwell LLP, attorneys in this proceeding for Respondent/Garnishee and Third-Party Petitioner JPMorgan Chase Bank, N.A. ("JPM Chase").

2. In the Amended Omnibus Petition for Turnover Order (Dkt. No. 423) (the "Amended Petition"), Petitioners seek a turnover order with respect to certain interest-bearing accounts on the books of the Respondents/Garnishees (the "blocked accounts") that have been blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. pt. 515 (the "CACRs"). Among the blocked accounts are three custody or trust accounts held on the books of JPM Chase for the benefit of certain individuals: Account No. 25, Account No. 26, and Trust Account No. P40545 (the "TIP Foreign Benefits Trust Account") (collectively, the "25-26-TIP Accounts").

3. Petitioners allege that the Republic of Cuba has an interest in the 25-26-TIP Accounts and that they are entitled to execute against these funds to satisfy their judgments against Cuba. JPM Chase, however, questions whether the Republic of Cuba or any Cuban agency or instrumentality has a congizable ownership interest in the 25-26-TIP Accounts, and has reason to believe that the individual Adverse Claimants-Respondents, or their heirs or assigns, may be the beneficiaries of those accounts. The existence of other potential claimants exposes JPM Chase to the risk of multiple and inconsistent liability were the 25-26-TIP Accounts to be turned over to Petitioners.

4. On May 6, 2014, JPM Chase filed a Third-Party Petition Alleging Claims in the Nature of Interpleader (Dkt. No. 563) (the "Third-Party Petition") and a Request for Summons on a Third-Party Complaint (Dkt. No. 564) for each potential claimant to the Interpleader

2

Accounts held on its books. On May 7, 2014, the Clerk's Office issued the corresponding Summons on a Third-Party Complaint (Dkt. No. 566) (the "Summons").

5. JPM Chase initiated service of the Summons and Third-Party Petition on Banco Nacional de Cuba, as the possible successor-in-interest to Banco Gelats and any other private Cuban bank through which the individual beneficiaries named as Adverse Claimants-Respondents may have opened local accounts, by May 22, 2014 in the manner described below. Because Banco Nacional de Cuba is located in the Republic of Cuba, JPM Chase had to have the Summons and Third-Party Petition translated into Spanish, the official language of that country. The translations are attached hereto as Exhibit 1. Attached hereto as Exhibit 2 is an index identifying the Adverse Claimant-Respondent, the corresponding exhibit containing the documentation evidencing the completion of service, and the date on which service was completed. The supporting documentation is attached as Exhibit 3.

6. Adverse Claimant-Respondent Banco Nacional de Cuba was served on June 18, 2014 via DHL Worldwide Express, with the assistance of the Clerk's Office, pursuant to section 1608(b)(3)(B) of the FSIA, 28 U.S.C. § 1608(b)(3)(B). Section 1608(b)(3)(B) is applicable because there was neither a special arrangement for service of process between the plaintiff and any of the alleged agencies or instrumentalities, 28 U.S.C. § 1608(b)(1), nor any agent authorized by appointment or by law to receive service of process in the United States, nor any applicable international convention on service of judicial documents within the Republic of Cuba, id. § 1608(b)(2). The service package sent via DHL included English copies of the Summons and Third-Party Petition, Spanish translations of the same, certifications of those translations, an English copy of the Amended Petition, and a Spanish translation of the same.

7.  As of the date hereof, Banco Nacional de Cuba has not appeared in this action or otherwise answered or responded to the Summons and Third-Party Petition.

8.  JPM Chase lacks addresses for the Cuban nationals or former Cuban nationals who constitute the remaining Adverse Claimants-Respondents, and these individuals would have to be served through publication. Given the absence of a colorable connection between the Republic of Cuba or any agency or instrumentality of the Republic of Cuba and the custody accounts, trust accounts, or sub-accounts held for the account or benefit of such individuals or their heirs or assigns, Petitioners should be required, as alleged in the Third-Party Petition, to satisfy the Court that there is a sound basis for concluding that funds held in the 25-26-TIP Accounts could be deemed to constitute the property of the Republic of Cuba or any of its agencies or instrumentalities before the Court orders service by publication, and approves a form of notice to summon these individuals before the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: October 29, 2015

_____
Craig T. Cagney