UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.,<br><br>                Plaintiff,<br><br>    v.<br><br>THE REPUBLIC OF CUBA,<br><br>                Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and<br><br>JEANETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>                *Judgment Creditors*,<br><br>    v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; JPMORGAN CHASE N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A.,<br><br>                Respondents/Garnishees. | **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

JPMORGAN CHASE BANK, N.A.,

    Garnishee-Respondent and Third-Party Petitioner,

v.

MARTINEZ AMORES, *et al*,

    Adverse Claimants-Respondents

Pursuant to Federal Rule of Civil Procedure 56, Judgment Creditors Aldo Vera, Jr. as Personal Representative of the Estate of Aldo Vera, Sr. ("Vera"), Jeanette Fuller Hausler and William Fuller as court-appointed co-representatives of the Estate of Robert Otis Fuller ("Hausler"), and Alfredo Villoldo and Gustavo Villoldo, individually and as Administrator, Executor and Personal Representative of the Estate of Gustavo Villoldo Argilagos ("Villoldos") (collectively the "Judgment Creditors"), by their undersigned attorneys, respectfully request the Court to enter summary judgment on Third-Party Petitioner – JPMorgan Chase Bank, N.A.'s ("JPMorgan Chase") Petition Alleging Claims in the Nature of Interpleader (ECF # 563).

## Introduction

JPMorgan Chase initiated this interpleader proceeding on May 6, 2014 with respect to two <u>depository</u> Blocked Accounts that are the subject of the Judgment Creditors' Amended Omnibus Turnover Petition. ECF # 563. The accounts were created prior to the Cuban Revolution of 1957-58 by Banco Gelats, a Cuban bank, for its customers, certain Cuban nationals. *Id*. at ¶ 23. The accounts were maintained at Chemical Bank New York Trust Company, which was a predecessor to JPMorgan Chase. *Id*. at ¶ 22. Banco Gelats was nationalized by Cuba following the Revolution and its assets taken over by Banco Nacional de Cuba. *Id*. at ¶ 25. Banco National de Cuba is a commercial bank belonging to the Central Bank

2

of Cuba, a Cuban government institution. *Id.* In 1963 the accounts were blocked pursuant to Section 5(b) of the Trading with the Enemy Act, 50 U.S.C. § 5(b). *Id.* at ¶ 21. As of June 30, 2012, the two Blocked Accounts, denominated Accounts 25 and 26, held $226,621.53 and $96,114.33, respectively. *Id.* at ¶ 30.

JPMorgan Chase obtained a summons as to all named adverse parties (ECF # 564) and served Banco Nacional de Cuba as well as the judgment creditors. (ECF # 612) However, it failed to serve all the remaining individual parties which it asserted might have an interest in the Blocked Accounts. The Judgment Creditors filed an Answer claiming the Blocked Accounts. (ECF # 557) No other party filed a response to the Petition. In the absence of any valid objection to the turnover of the Account to the Judgment Creditors, the Judgment Creditors respectfully request the Court to enter summary judgment in their favor and order the turnover to them of the Blocked Account, together with accrued interest.

## STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

1. The Judgment Creditors are victims of terrorism and the heirs of victims of terrorism. The Villoldos, Hausler and Vera Judgment Creditors each commenced actions in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida State Court"), against the Republic of Cuba for the extra-judicial killing of their decedents and the acts of terrorism and torture against them, pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1605(a)(7), and 28 U.S.C. § 1605A.

2. Banco National de Cuba is a commercial bank belonging to the Central Bank of Cuba, a Cuban government institution.

3. As alleged in the Interpleader Petition (ECF #563) at ¶'s 21-26:

      a.      The accounts denominated 25 and 26 were created prior to the Cuban Revolution of 1957-58 by Banco Gelats, a Cuban bank, for its customers, certain Cuban nationals.

      b.      The accounts were maintained at Chemical Bank New York Trust Company, which was a predecessor to JPMorgan Chase.

      c.      Banco Gelats was nationalized by Cuba following the Revolution and its assets taken over by Banco Nacional de Cuba.

      d.      Banco National de Cuba is a commercial bank belonging to the Central Bank of Cuba, a Cuban government institution.

      e.      In 1963 the accounts were blocked pursuant to Section 5(b) of the Trading with the Enemy Act, 50 U.S.C. § 5(b).

      f.      As of June 30, 2012, Accounts 25 and 26 held $226,621.53 and $96,114.33, respectively.

4. The Blocked Accounts at issue were frozen pursuant to the Cuban Asset Control Regulations, 31 C.F.R. § 515.201 et seq., which were promulgated pursuant to Section 5(b) of the Trading with the Enemy Act of 1917.

5. The Blocked Accounts were depository accounts held for Banco Internacional de Cuba at the time they were blocked in 1963.

6. Section 201(a) of the TRIA provides that:

Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent any compensatory damages for which such terrorist party has been adjudged liable.

TRIA § 201(a), 116 Stat. at 2337.

7. The Blocked Accounts constitute a "blocked asset" pursuant to TRIA.

8. As such, they are attachable "blocked assets" under the TRIA and subject to execution.

9. Under TRIA, Judgment Creditors are entitled to attachment and execution upon the "blocked assets" at issue.

10. Section 1610(g) of the Foreign Sovereign Immunities Act ("FSIA") provides:

[T]he property of a foreign state against which a judgment is entered under section 1605A, and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of—

(A) the level of economic control over the property by the government of the foreign state;
(B) whether the profits of the property go to that government;
(C) the degree to which officials of that government manage the property or otherwise control its daily affairs;
(D) whether that government is the sole beneficiary in interest of the property; or
(E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

11. The Blocked Accounts at issue are blocked assets of an agency or instrumentality of Cuba and therefore Judgment Creditors are entitled to turnover under 1610(g) as well.

12. The Vera Judgment is in the original amount of $49,346,713.22.

13. The Hausler judgment is in the original amount of $100,000,000.

14. The Villoldo judgment is in the original amount of $2,903,233,898.07, plus interest.

15. The Republic of Cuba has never appeared, defended or made any attempt to satisfy or otherwise acknowledge the three Florida Judgments against it.

16. The Villoldo, Hausler and Vera judgments have not been fully satisfied.

17. Judgment Creditors each obtained judicial orders permitting them to execute on their respective Judgments pursuant to 28 U.S.C. §1610(c).

18.     Judgment Creditors' respective Florida Judgments were recognized and entered as New York Judgments, by registration and/or giving full faith and credit to their Florida Judgments.

19.     To date, no release of the Blocked Accounts has been made pursuant to the U.S. Marshal's levy.

20.     As a result of the CACRs and provisions of the FSIA, Judgment Creditors are unable to effect a turnover of the Blocked Accounts to the U.S. Marshal to satisfy their judgments without a determination that the Blocked Accounts are subject to execution and turnover pursuant to the TRIA and FSIA.

21.     The U.S. Marshal has levied writs of execution upon the Third-Party Petitioner JPMorgan Chase in accordance with § 201 of TRIA against any property of the Republic of Cuba and/or its agencies or instrumentalities held, maintained, or in the possession or control of the Third-Party Petitioner that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the CACRs (31 C.F.R. § 515.201, *et seq*).

22.     Specifically, JPMorgan Chase, the Third-Party Petitioner, has been served by the U.S. Marshal with writs of execution directed to accounts held by it in which Cuba or its agencies and instrumentalities have an interest.

23.     On February 12, 2014 Judgment Creditors submitted their Amended Omnibus Petition for Turnover Order pursuant to Section 201 of the TRIA, Section 1610(g) of the FSIA, and N.Y. C.P.L.R. § 5225(b), made applicable through Rule 69 of the Federal Rules of Civil Procedure.

24.     On March 6, 2014, JPMorgan Chase submitted its Answer to the Amended Omnibus Petition for Turnover Order.

25. On May 6, 2014, JPMorgan Chase submitted a Third-Party Petition Alleging Claims in the Nature of Interpleader. ECF # 563. In its Third-Party Petition, JPMorgan Chase interpleaded Accounts 25 and 26. The funds were frozen by JPMorgan Chase in accordance with the Trading with the Enemy Act and the CACRs. As alleged in the Interpleader Petition, JPMorgan Chase claims that the individuals and entities identified therein (the "Adverse Claimants") may have a claim to the Blocked Accounts. Further, JPMorgan Chase asserts that if the Court orders a turnover of the funds without adjudicating the competing claims first, it may be exposed to double or multiple liability given the possible claims of the Adverse Claimants.

26. JPMorgan Chase served its Interpleader Petition only on the Judgment Creditors and Banco Internacional de Cuba. ECF # 612. It did not serve the many other individuals listed in its Interpleader Petition and Summons as Adverse Claimants.

27. On May 30, 2014, Judgment Creditors submitted their Answer and Affirmative Defenses to JPMorgan Chase's Third-Party Petition Alleging Claims in the Nature of Interpleader. (ECF # 607) Judgment Creditors stated that they are entitled to full relief and recovery under the TRIA, FSIA and N.Y. C.P.L.R. § 5225, and that none of the Adverse Claimants, has a superior claim to the Blocked Accounts. Moreover, Judgment Creditors asserted that Adverse Claimants had no claim to the Blocked Accounts by virtue of the nationalization of the Accounts by Cuba, a designated state-sponsor of terrorism.

28. No adverse claimants have priority over Judgment Creditors to the Blocked Assets which are subject to the writs of execution and the U.S. Marshal's levy.

29. Not more than 90 days have elapsed since the renewal of the writs of execution and the commencement of this proceeding.

30. Judgment Creditors are entitled to summary judgment against JPMorgan Chase on the Turnover Petition and JPMorgan Chase's Interpleader Petition.

31. Neither the Third-Party Petitioner JPMorgan Chase nor Banco Internacional de Cuba have presented any defense to the entry of summary judgment against them with respect to JPMorgan Chase's Interpleader Petition.

32. The many individual Adverse Claimants who were not served have no claim since the Blocked Accounts are the property of Banco Internacional de Cuba.

33. No Adverse Claimant has appeared or submitted a response to the Interpleader Petition.

## STANDARD OF REVIEW

Summary judgment should be granted where "there is no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail, the movant must "'demonstrate the absence of a genuine issue of material fact. . . . The burden is then on the non-moving party to set forth specific facts raising a genuine issue of fact for trial.'" *United States ex rel. Romano v. N Y. Presbyterian*, 426 F. Supp. 2d 174, 177 (S.D.N.Y. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 324 (1986)).

## ARGUMENT

### Judgment Creditors Are Entitled to Summary Judgment Against Third-Party Petitioner JPMorgan Chase on the Turnover Petition.

JPMorgan Chase has disclaimed any interest in the Blocked Account. ECF # 563 at ¶ 4. Despite service of the Interpleader Petition on the Adverse Claimants, no Adverse Claimant has appeared or claimed the Blocked Accounts. Therefore, there is no competing claim to the Judgment Creditors' claim as victims of terrorism or heirs of victims of terrorism. The funds in

the Blocked Accounts are the property of Banco Nacional de Cuba which is owned by the Cuban government. Since Banco Nacional de Cuba is a Cuban agency, the Blocked Accounts cannot be returned to it pursuant to the CACR's. Service on the other individual claimants is irrelevant since they are not the owners of the Blocked Accounts.

Judgment Creditors have made the sole claim to the Blocked Account, and are entitled to turnover of the funds therein since no competing claims exist.

WHEREFORE, Judgment Creditors respectfully request that the Court grants their motion for partial summary judgment under Rule 56 on their Omnibus Petition and JPMorgan Chase's Interpleader Petition.

Dated: October 30, 2015

| HALL, LAMB & HALL, P.A. | KOHN, SWIFT & GRAF, P.C. |
|---|---|
| By: /s Andrew C. Hall<br>Andrew C. Hall, Esq.*<br>Brandon R. Levitt, Esq.<br>Grand Bay Plaza, Penthouse One<br>2665 South Bayshore Drive<br>Miami, Florida, 33133<br>Phone: (305) 374-5030<br>Fax: (305) 374-5033<br>* admitted *pro hac vice*<br><br>*Attorneys for Alfredo Villoldo, individually, and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Agrilagos* | /s Robert A. Swift<br>Admitted *Pro Hac Vice*<br>One South Broad Street, Suite 2100<br>Philadelphia, Pennsylvania 19107<br>Phone: 215-238-1700<br>Fax: 215-238-1968<br><br>Jeffrey E. Glen<br>Anderson Kill P.C.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Phone: 212-278-1000<br>Fax: 212-278-1733<br><br>*Attorneys for Petitioner Aldo Vera, Jr.* |

COLSON, HICKS, EIDSON

/s Roberto Martinez
Roberto Martinez, Esq.*
Ronald W. Kleinman, Esq.
255 Alhambra Circle, Penthouse
Coral Gables, Florida, 33134
Phone: 305-476-7400
Fax: 305-476-7444
* admitted *pro hac vice*

*Attorneys for Judgment Creditors Jeanette Fuller Hausler, and William Fuller as court-appointed co-representatives of the Estate of Robert Otis Fuller, deceased, on behalf of all beneficiaries of the Estate and the Estate of Robert Otis Fuller.*