# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative<br>of the Estate of Aldo Vera, Sr.,<br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF CUBA,<br><br>Defendant. | Case No. 12-CV-01596<br>(AKH) |
| ALDO VERA, JR., as Personal Representative<br>of the Estate of Aldo Vera, Sr.; and<br><br>JEANETTE FULLER HAUSLER, and WILLIAM FULLER as<br>court-appointed co-representatives of the ESTATE OF ROBERT<br>OTIS FULLER, deceased, on behalf of all beneficiaries of the<br>Estate and the ESTATE OF ROBERT OTIS FULLER; and<br><br>ALFREDO VILLOLDO, individually, and<br>GUSTAVO E. VILLOLDO, individually and as Administrator,<br>Executor, and Personal Representative of the ESTATE OF<br>GUSTAVO VILLOLDO ARGILAGOS,<br><br>*Judgment Creditors,*<br><br>v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF<br>AMERICA N.A.; BANK OF NEW YORK MELLON;<br>BARCLAY'S BANK PLC; CITIBANK N.A.; CITIBANK AG,<br>NEW YORK BRANCH; DEUTSCHE BANK TRUST<br>COMPANY AMERICAS; HSBC BANK (HSBC BANK USA,<br>N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE<br>BANK, N.A., RBS CITIZENS, N.A.; ROYAL BANK OF<br>CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO<br>BANK, NA; BROWN BROTHERS HARRIMAN & CO.;<br>MERCANTIL COMMERCEBANK, N.A.; STANDARD<br>CHARTERED BANK; AND BANCO SANTANDER, S.A.,<br><br>Respondents/Garnishees. | **MEMORANDUM IN<br>SUPPORT OF<br>MOTION FOR<br>SUMMARY<br>JUDGMENT** |

CITIBANK, N.A.,

        Garnishee-Respondent and Third-Party Petitioner,

v.

LUCIA SCHUEG NIELSEN *et al*,

        Adverse Claimants-Respondents

Pursuant to Federal Rule of Civil Procedure 56, Judgment Creditors Aldo Vera, Jr. as Personal Representative of the Estate of Aldo Vera, Sr. ("Vera"), Jeanette Fuller Hausler and William Fuller as court-appointed co-representatives of the Estate of Robert Otis Fuller ("Hausler"), and Alfredo Villoldo and Gustavo Villoldo, individually and as Administrator, Executor and Personal Representative of the Estate of Gustavo Villoldo Argilagos ("Villoldos") (collectively the "Judgment Creditors"), by their undersigned attorneys, respectfully request the Court enter summary judgment on Third-Party Petitioner – Citibank, N.A.'s ("Citibank") Petition Alleging Claims in the Nature of Interpleader (ECF # 561).

## Introduction

Citibank initiated this interpleader proceeding on May 6, 2014 with respect to a single Blocked Account that is the subject of the Judgment Creditors' Amended Omnibus Turnover Petition. The account was created in October 1965 as a result of the United States Navy settling an obligation to a Cuban water company, Acueducto Yateritas, S.A. ("Acueducto"), for the supply of water to the Navy's Guantamo Bay Base for $34,450.20. ECF # 561 at ¶'s 20-21. The account was opened in the name of Acueducto with the funds deposited therein by the Navy. *Id.* Citibank, as successor to First National City Bank, blocked the account, *id.*, pursuant to Section 5(b) of the Trading with the Enemy Act, 50 U.S.C. § 5(b). ECF # 561 at 21. Acueducto is a

of Cuba, a Cuban government institution.  *Id.*  In 1963 the accounts were blocked pursuant to Section 5(b) of the Trading with the Enemy Act, 50 U.S.C. § 5(b).  *Id.* at ¶ 21.  As of June 30, 2012, the two Blocked Accounts, denominated Accounts 25 and 26, held $226,621.53 and $96,114.33, respectively.  *Id.* at ¶ 30.

JPMorgan Chase obtained a summons as to all named adverse parties (ECF # 564) and served Banco Nacional de Cuba as well as the judgment creditors.  (ECF # 612; 831)  However, it failed to serve all the remaining individual parties which it asserted might have an interest in the Blocked Accounts.  *Id.*  The Judgment Creditors filed an Answer claiming the Blocked Accounts.  (ECF # 557)  No other party filed a response to the Petition.  In the absence of any valid objection to the turnover of the Account to the Judgment Creditors, the Judgment Creditors respectfully request the Court to enter summary judgment in their favor and order the turnover to them of the Blocked Account, together with accrued interest.

## STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

1.      The Judgment Creditors are victims of terrorism and the heirs of victims of terrorism. The Villoldos, Hausler and Vera Judgment Creditors each commenced actions in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida State Court"), against the Republic of Cuba for the extra-judicial killing of their decedents and the acts of terrorism and torture against them, pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1605(a)(7), and 28 U.S.C. § 1605A.

2.      Banco National de Cuba is a commercial bank belonging to the Central Bank of Cuba, a Cuban government institution.

3.      As alleged in the Interpleader Petition (ECF #563) at ¶'s 21-26:

e.  The United States Navy agreed to settle this obligation by returned a $20,000 contract performance bond to the company, and by paying $34,450.20 to Acueducto.

f.  Payment was made by depositing funds in the amount of $34,450.20 into an account in the name of Acueducto at First National City Bank, which was the predecessor-in-interest to Citibank.

4.  In *Nielsen v. Secretary of the Treasury*, 424 F.2d 833, 835-36 (D.C. Cir. 1970) the Court of Appeals affirmed the blocking of the account and the Treasury Department's denial of a license to unblock the account.  The Court found that the compensation was for water supplied well after the Cuban Revolution of 1957-58.

5.  Section 201(a) of the TRIA provides that:

Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent any compensatory damages for which such terrorist party has been adjudged liable.

TRIA § 201(a), 116 Stat. at 2337.

6.  The TRIA defines 'blocked asset' as "any asset seized or frozen by the United States under Section 5(b) of the Trading with the Enemy Act of 1917 (50 U.S.C. App § 5(b)) or under sections 202 and 203 of the International Emergency Powers Act (50 U.S.C. §§ 1701; 1702)." 15 U.S.C. § 1610 Note, TRIA § 201(d)(2) at 2340.

7.  The Blocked Account constitutes "blocked assets" pursuant to TRIA.

8.  As such, it is attachable "blocked assets" under TRIA and subject to execution.

9.  Under the TRIA, Judgment Creditors are entitled to attachment and execution upon the Blocked Asset at issue.

10.  Section 1610(g) of the Foreign Sovereign Immunities Act ("FSIA") provides:

4

[T]he property of a foreign state against which a judgment is entered under section 1605A, and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of—

(A) the level of economic control over the property by the government of the foreign state;
(B) whether the profits of the property go to that government;
(C) the degree to which officials of that government manage the property or otherwise control its daily affairs;
(D) whether that government is the sole beneficiary in interest of the property; or
(E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

28 U.S.C. § 1610(g).[1]

     11.    The Blocked Account at issue is blocked assets of an agency or instrumentality of Cuba and therefore Judgment Creditors are entitled to turnover under 1610(g) as well.

     12.    Judgment Creditors' respective Florida Judgments were recognized and entered as New York Judgments, by registration and/or giving full faith and credit to their Florida Judgments.

     13.    The Vera Judgment is in the original amount of $49,346,713.22.

     14.    The Hausler judgment is in the original amount of $100,000,000.

     15.    The Villoldo judgment is in the original amount of $2,903,233,898.07, plus interest.

     16.    The Republic of Cuba has never appeared, defended or made any attempt to satisfy or otherwise acknowledge the three Florida Judgments against it.

     17.    The Villoldo, Hausler and Vera judgments have not been fully satisfied.

---

[1] The Villoldos obtained a judgment pursuant to Section 1605A and may therefore execute on the types of assets described in Section 1610(g).

18.    Judgment Creditors each obtained judicial orders permitting them to execute on their respective Judgments pursuant to 28 U.S.C. §1610(c).

19.    Judgment Creditors' respective Florida Judgments were recognized and entered as New York Judgments by registration and/or giving full faith and credit to their Florida Judgments.

20.    To date, no release of the Blocked Accounts has been made pursuant to the U.S. Marshal's levy.

21.    As a result of the CACRs and provisions of the FSIA, Judgment Creditors are unable to effect a turnover of the Blocked Account to the U.S. Marshal to satisfy their judgments without a determination that the Blocked Account is subject to execution and turnover pursuant to the TRIA and FSIA.

22.    The U.S. Marshal has levied writs of execution upon the Third-Party Petitioner Citibank in accordance with § 201 of TRIA against any property of the Republic of Cuba and/or its agencies or instrumentalities held, maintained, or in the possession or control of the Third-Party Petitioner that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the CACRs (31 C.F.R. § 515.201, *et seq*).

23.    Specifically, Citibank, the Third-Party Petitioner, has been served by the U.S. Marshal with a writs of execution directed to accounts held by it in which Cuba or its agencies have an interest.

24.    On February 12, 2014 Judgment Creditors submitted their Amended Omnibus Petition for Turnover Order pursuant to Section 201 of the TRIA, Section 1610(g) of the FSIA, and N.Y. C.P.L.R. § 5225(b), made applicable through Rule 69 of the Federal Rules of Civil Procedure.

25.     On May 6, 2014, JPMorgan Chase submitted a Third-Party Petition Alleging Claims in the Nature of Interpleader.  ECF # 563.  In its Third-Party Petition, JPMorgan Chase interpleaded Accounts 25 and 26.  The funds were frozen by JPMorgan Chase in accordance with the Trading with the Enemy Act and the CACRs.  As alleged in the Interpleader Petition, JPMorgan Chase claims that the individuals and entities identified therein (the "Adverse Claimants") may have a claim to the Blocked Accounts.  Further, JPMorgan Chase asserts that if the Court orders a turnover of the funds without adjudicating the competing claims first, it may be exposed to double or multiple liability given the possible claims of the Adverse Claimants.

26.     JPMorgan Chase served its Interpleader Petition only on the Judgment Creditors and Banco Internacional de Cuba.  ECF # 612 and 831.  It did not serve the many other individuals listed in its Interpleader Petition and Summons as Adverse Claimants.

27.     On May 30, 2014, Judgment Creditors submitted their Answer and Affirmative Defenses to JPMorgan Chase's Third-Party Petition Alleging Claims in the Nature of Interpleader.  (ECF # 607)  Judgment Creditors stated that they are entitled to full relief and recovery under the TRIA, FSIA and N.Y. C.P.L.R. § 5225, and that none of the Adverse Claimants, has a superior claim to the Blocked Accounts.  Moreover, Judgment Creditors asserted that Adverse Claimants had no claim to the Blocked Accounts by virtue of the nationalization of the Accounts by Cuba, a designated state-sponsor of terrorism.

28.     No adverse claimants have priority over Judgment Creditors to the Blocked Assets which are subject to the writs of execution and the U.S. Marshal's levy.

29.     Not more than 90 days have elapsed since the renewal of the writs of execution and the commencement of this proceeding.

31.     The Office of Foreign Assets Control has blocked the Blocked Account at issue, pursuant to the CACRs.

32.     Neither the Third-Party Petitioner Citibank nor any of the Adverse Claimants have presented any defense to the entry of summary judgment against them with respect to Citibank's Interpleader Petition.

## STANDARD OF REVIEW

Summary judgment should be granted where "there is no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail, the movant must "'demonstrate the absence of a genuine issue of material fact. . . . The burden is then on the non-moving party to set forth specific facts raising a genuine issue of fact for trial.'" *United States ex rel. Romano v. N Y. Presbyterian*, 426 F. Supp. 2d 174, 177 (S.D.N.Y. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 324 (1986)).

## ARGUMENT

### Judgment Creditors Are Entitled to Summary Judgment Against Third-Party Petitioner Citibank on the Turnover Petition.

Citibank has disclaimed any interest in the Blocked Account.  ECF # 561 at p. 4.  Despite service of the Interpleader Petition on the Adverse Claimants, no Adverse Claimant has appeared or claimed the Blocked Accounts.  Therefore, there is no competing claim to the Judgment Creditors' claim as victims of terrorism or heirs of victims of terrorism.  The funds in the Blocked Accounts are the property of Acueducto.  Since Acueducto is a Cuban agency, the Blocked Accounts cannot be returned to it pursuant to the CACR's.  *See Nielsen v. Secretary of the Treasury, supra.*  Nor can the shareholders of Acueducto (identified as Adverse Claimants in

Judgment Creditors have made the sole claim to the Blocked Account, and are entitled to turnover of the funds therein since no competing claims exist.

WHEREFORE, Judgment Creditors respectfully request that the Court grants their motion for partial summary judgment under Rule 56 on their Omnibus Petition and Citibank's Interpleader Petition.

Dated:  October 30, 2015

HALL, LAMB & HALL, P.A.                    KOHN, SWIFT & GRAF, P.C.


By: /s Andrew C. Hall                           /s Robert A. Swift
      Andrew C. Hall, Esq.*                      Admitted *Pro Hac Vice*
      Roarke Maxwell, Esq.                       One South Broad Street, Suite 2100
      Grand Bay Plaza, Penthouse One            Philadelphia, Pennsylvania 19107
      2665 South Bayshore Drive                  Phone: 215-238-1700
      Miami, Florida, 33133                      Fax: 215-238-1968
      Phone: (305) 374-5030
      Fax: (305) 374-5033                        Jeffrey E. Glen
      * admitted *pro hac vice*                  Anderson Kill P.C.
                                                 1251 Avenue of the Americas
      *Attorneys for Alfredo Villoldo,*          New York, New York 10020
      *individually, and Gustavo E. Villoldo,*   Phone: 212-278-1000
      *individually, and as Administrator,*      Fax:    212-278-1733
      *Executor, and Personal*
      *Representative of the Estate of*          *Attorneys for Petitioner Aldo Vera, Jr.*
      *Gustavo Villoldo Agrilagos*

COLSON, HICKS, EIDSON

/s Roberto Martinez
Roberto Martinez, Esq.*
Ronald W. Kleinman, Esq.
255 Alhambra Circle, Penthouse
Coral Gables, Florida, 33134
Phone: 305-476-7400
Fax: 305-476-7444
* admitted *pro hac vice*

*Attorneys for Judgment Creditors Jeanette Fuller
Hausler, and William Fuller as court-appointed co-
representatives of the Estate of Robert Otis Fuller,
deceased, on behalf of all beneficiaries of the Estate
and the Estate of Robert Otis Fuller.*