## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA, <br><br> Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and <br><br> JEANNETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and <br><br> ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, <br><br> Petitioners, <br><br> v. <br><br> BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK, N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A., <br><br> Respondents/Garnishees. | [~~PROPOSED~~] **ORDER AND JUDGMENT CONCERNING TURNOVER OF FUNDS HELD AT VARIOUS GARNISHEE BANKS** <br><br>  <br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 12/15/15 <br><br> *(captions continued on next page)* |

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>        Respondent/Garnishee and<br>        Third-Party Petitioner,<br><br>        v.<br><br>BANCO BILBAO VIZCAYA ARGENTARIA, S.A. (F/K/A ARGENTARIA CAJA POSTAL Y BANCO HIPOTECARIO S.A.), et al.,<br><br>        Adverse Claimants-<br>        Respondents. | (Dkt. No. 472) |
| CITIBANK, N.A.,<br><br>        Respondent/Garnishee and<br>       Third-Party Petitioner,<br><br>        v.<br><br>BANCA MONTE DEI PASCHI DI SIENA S.P.A. (F/K/A BANCA NAZIONALE DELL'AGRICOLTURA), et al.,<br><br>        Adverse Claimants-<br>        Respondents. | (Dkt. No. 480) |
| CREDIT SUISSE AG, NEW YORK BRANCH,<br><br>        Respondent/Garnishee and<br>        Third-Party Petitioner,<br><br>        v.<br><br>ACINOX S.A., et al.,<br><br>        Adverse Claimants-<br>        Respondents. | (Dkt. No. 483) |
| JPMORGAN CHASE BANK, N.A.,<br><br>        Respondent/Garnishee and<br>        Third-Party Petitioner,<br><br>        v.<br><br>AUSTRALIA AND NEW ZEALAND BANKING GROUP, et al.,<br><br>        Adverse Claimants-<br>        Respondents. | (Dkt. No. 475) |

*(captions continued on next page)*

| WELLS FARGO BANK, N.A., |
| --- |
| Respondent/Garnishee and Third-Party Petitioner, |
| v. |
| BANCO ESPAÑOL DE CREDITO, et al., |
| Adverse Claimants-Respondents. |

(Dkt. No. 478)

WHEREAS, Petitioners Vera, Villoldo, and Hausler each commenced separate actions in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida State Court") pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1605(a)(7) (Hausler and Vera) and 28 U.S.C. § 1605A (Villoldo), against the Republic of Cuba for the extra-judicial killing of their respective decedents and/or the acts of terrorism and torture against them;

WHEREAS, on May 15, 2008, the Vera Petitioners obtained a judgment against Cuba from the Florida State Court for $95,579,591.22 pursuant to 28 U.S.C. § 1605(a)(7) (the "Vera Florida Judgment");

WHEREAS, on August 17, 2012, this Court entered a judgment giving full faith and credit to the Vera Florida Judgment (the "Vera Federal Judgment") in the amount of $49,346,713.22, which was limited to the non-punitive damage award of the Vera Florida Judgment with post-judgment interest, and on which interest continues to accrue at the federal statutory interest rate;

WHEREAS, on August 19, 2011, the Villoldo Petitioners obtained a judgment against Cuba from the Florida State Court for $2,790,000,000 pursuant to 28 U.S.C. § 1605A (the "Villoldo Florida Judgment"), to which judgment this Court later gave full faith and credit in *Villoldo v. Cuba*, No. 11-cv-9394 (S.D.N.Y. Dec. 21, 2011) (ECF No. 23);

and which, subsequently, was also given full faith and credit in the Western District of Pennsylvania: *Villoldo v. Cuba,* No. 2:13-mc-00016 (W.D. Pa. May 28, 2013) (ECF No. 24); and the District of Massachusetts: *Villoldo v. Cuba,* No. 4:13-mc-94014 (D. Mass. Sept. 24, 2013) (ECF No. 25);

WHEREAS, on October 25, 2012, this Court entered a judgment in favor of the Villoldo Petitioners against Cuba in the amount of $2,903,233,898.07 (the "Villoldo Federal Judgment"), which continues to accrue interest at the federal statutory interest rate;

WHEREAS, on January 19, 2007, the Hausler Petitioners obtained from the Florida State Court a judgment against Cuba, Fidel Castro, Raul Castro and the Army of the Republic of Cuba in the amount of $400,000,000 (including $100,000,000 in compensatory damages) plus interest pursuant to 28 U.S.C. § 1605(a)(7) (the "Hausler State Judgment"), on which judgment the United States District Court for the Southern District of Florida entered a judgment (the "Hausler Federal Judgment") giving the Hausler State Judgment full faith and credit;

WHEREAS, on September 24, 2008, the Hausler Petitioners duly registered the Hausler Federal Judgment in this Court;

WHEREAS, this Court has separately given full faith and credit to the Hausler State Judgment following a removal proceeding in the United States District Court for the Southern District of Florida and transfer of such proceeding to this Court, which proceeding was ultimately consolidated with the Hausler Federal Judgment proceeding under *Hausler v. JPMorgan Chase Bank, N.A.* et al., 09 Civ. 10289 (VM);

WHEREAS, by Order entered August 22, 2014 (ECF No. 666), this Court again granted full faith and credit to the state court judgments entered in favor of Vera, Villoldo, and Hausler finding that questions of jurisdiction had been fully and fairly litigated and

finally decided by the state courts and that the state courts' judgments cannot be collaterally attacked; and on September 9, 2014, this Court denied a motion to reconsider that decision and order (ECF No. 676);

WHEREAS, the accounts identified in the attached schedules (the "Blocked Accounts") are maintained by the Garnishee-Respondents, including Bank of America, N.A. ("Bank of America"), Citibank, N.A. ("Citibank"), Credit Suisse AG, New York Branch ("Credit Suisse"), JPMorgan Chase Bank, N.A. ("JPM Chase"), and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Garnishee Banks");

WHEREAS, the funds held in the aforementioned Blocked Accounts are subject to the Amended Omnibus Petition and are the proceeds of electronic funds transfers ("EFTs") that the Garnishee Banks blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515 ("CACRs"), as issued by the Office of Foreign Assets Control ("OFAC") and codified by the Cuban Liberty and Democratic Solidarity Act of 1996, § 102(h), Pub. L. No. 104-114, 110 Stat. 792 (codified at 22 U.S.C. § 6032(h));

WHEREAS, the U.S. Marshal levied upon the Garnishee Banks by duly serving them with writs of execution issued in respect of Petitioners' judgments, which writs remain in place with respect to the Blocked Accounts as of the date of this Order and Judgment;

WHEREAS, on December 9, 2013, the Court entered an Order With Respect to Giving Notice of Turnover Proceeding (ECF No. 368), as subsequently amended (ECF No. 455) (the "Notice Order"), that established a procedure for providing notice or commencing interpleader proceedings and serving third parties who might seek to claim an interest in blocked EFTs for which Cuba or one of its agencies or instrumentalities was an originator or originating bank, including the EFTs underlying the Blocked Accounts;

WHEREAS, on February 12, 2014, Petitioners filed an Amended Omnibus Petition (ECF No. 423) pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L No. 107-297; 116 Stat. 2337, codified at 28 U.S.C. § 1610 note, Section 1610(g) of the Foreign Sovereign Immunities Act ("FSIA") and the New York Civil Practice Law and Rules ("CPLR") § 5225(b), as applied through Fed. R. Civ. P. 69, to enforce their respective judgments and to compel the Garnishee Banks to turn over to Petitioners certain funds held in blocked accounts containing the proceeds of blocked wire transfers in respect of which Petitioners alleged the Republic of Cuba or one of its agencies or instrumentalities has an interest (the "Blocked Accounts," as previously defined);

WHEREAS, notice of this action was provided to the Judgment Debtors, including the Republic of Cuba, by both registered mail and in the same manner as a summons pursuant to CPLR 5225(b) (as applied through Fed. R, Civ. P. 69), and Section 1608 of the Foreign Sovereign Immunities Act of 1976 (the "FSIA"), 28 U.S.C. §§ 1330, 1602-11, by the Clerk of the Court;

WHEREAS, on April 10, 2014, in accordance with the Notice Order, the Garnishee Banks filed their Third-Party Petitions Alleging Claims in the Nature of Interpleader (ECF Nos. 472, 475, 478, 480, 483) (the "Interpleader Petitions") concerning, among others, the funds held in the Blocked Accounts by each respective Garnishee Bank;

WHEREAS, pursuant to the notice procedure set forth in the Notice Order, the Garnishee Banks were required to serve the Interpleader Petitions and related papers on the originator, the originator's bank, any preceding intermediary bank, or other potential claimants to the Blocked Accounts (the "Interpleaded Parties");

WHEREAS, notice to the Judgment Debtors was supplemented by requesting and causing the Clerk of the Court to deliver the Notice of Suit, Summons, Amended Omnibus Petition, copy of the FSIA, and Spanish translations of the foregoing to the Cuban Minister of Foreign Affairs at his address in Havana, Cuba and to the Cuban interest section in Washington, D.C., using DHL and Federal Express, respectively (ECF Nos. 594 and 591);

WHEREAS, the Court has found that notice, provided by any of the methods outlined in the Notice Order, satisfies "all of the requirements for service under the FSIA, the Federal Rules, and the CPLR and all of the requirements of due process of law" (ECF No. 368 at ¶ 14);

WHEREAS, except for certain Adverse Claimants that apparently no longer exist, the Interpleader Petitions were duly served on Petitioners, as well as the originators, unaffiliated originating banks, and prior intermediary banks in respect of the EFTs resulting in the Blocked Accounts, which were joined as Adverse Claimants-Respondents pursuant to the Interpleader Petitions (the "Adverse Claimants") (ECF Nos. 825, 827, 828, 835, 851, 859);

WHEREAS, the time for the Adverse Claimants to respond to the Interpleader Petitions has expired and those Adverse Claimants have now defaulted following service;

WHEREAS, during the period when the Notice Order was entered and the Interpleader Petitioners served, there were conflicting decisions in the Southern District of New York regarding which parties' interests in an EFT were subject to execution under TRIA and the FSIA, and no controlling decision had yet been issued by the U.S. Court of Appeals for the Second Circuit;

WHEREAS, among other things, the Interpleader Petitions included allegations regarding the current uncertainty in the state of the law in the Second Circuit and alleged that

the Blocked Accounts could be subject to attachment based on the interest of either the originator or the originating bank;

WHEREAS, at the time the Notice Order was issued, the Garnishee Banks had taken the position that the originator of a blocked EFT could have an ownership interest in the blocked EFT proceeds that could subject the blocked EFT to execution under TRIA and the FSIA because, under certain circumstances, the originator of an EFT could become subrogated to the originating bank's right of reimbursement under certain circumstances. *See Heiser v. Islamic Republic of Iran*, 885 F.Supp. 2d 429 (D.D.C. 2012), *aff'd*, 735 F.3d 934 (D.C. Cir. 2013);

WHEREAS, Petitioners contend that blocked EFTs may be subject to execution under TRIA and the FSIA based on any interest belonging to Cuba or a Cuban agency or instrumentality;

WHEREAS, all but one of the Adverse Claimants that were originating banks or prior intermediary banks defaulted on or before September 1, 2014, and Petitioners and the Garnishee Banks agree that, consistent with the procedures established by the Notice Order, the default of such Adverse Claimants could have entitled Petitioners to turnover of the Blocked Accounts upon a showing, satisfactory to the Court, that the originator of each Blocked Account was an agency or instrumentality of Cuba;

WHEREAS, on October 30, 2015, Petitioners filed motions for summary judgment and partial summary judgment in connection with the Interpleader Petitions in which they seek an order requiring the Garnishee Banks to turn over to them the funds in the Blocked Accounts (ECF Nos. 832, 836, 839, 844 and 848) (the "Summary Judgment Motions");

WHEREAS, Petitioners contend that this Court has already decided that turnover of the Blocked Accounts is consistent with applicable law;

WHEREAS, the Garnishee Banks, as garnishee stakeholders with no claim to the Blocked Accounts, will not oppose turnover of the Blocked Accounts at the direction of this Court, given (a) the default of the Adverse Claimants that were originating banks or prior intermediary banks at which time, consistent with the law at the time of their respective defaults, Petitioners would have been entitled to immediate turnover based on the interest of any originator proven to be a Cuban agency or instrumentality; (b) the failure of any Adverse Claimants to appear or claim an interest in the Blocked Accounts; and (c) the failure of any Adverse Claimants to oppose the Summary Judgment Motions; and

WHEREAS, Petitioners and the Garnishee Banks agree that this Order and Judgment is not intended to constitute precedent, and agree not to cite this Order and Judgment as precedent in connection with any other turnover proceedings in this or any other case.

**NOW, THEREFORE, IT IS HEREBY DETERMINED,** based upon the record herein:

(a) The Vera Florida Judgment and the Vera Federal Judgment, both of which are entitled to and have been given full faith and credit in this Court, are against the Republic of Cuba, which is a terrorist party within the meaning of Section 201 of TRIA, and are based on claims in respect of acts of terrorism for which the Republic of Cuba is not immune under Section 1605(a)(7) of the FSIA;

(b) The Villoldo Florida Judgment and the Villoldo Federal Judgment, both of which are entitled to and have been given full faith and credit in this Court, are against the Republic of Cuba, which is a terrorist party within the meaning of Section 201 of TRIA, and are based on claims in respect of acts of terrorism for which the Republic of Cuba is not immune under Section 1605(A) of the FSIA;

(c) The Hausler Federal Judgment and the Hausler State Judgment, both of which are entitled to and have been given full faith and credit in this Court, are against the Republic of Cuba, which is a terrorist party within the meaning of Section 201 of TRIA, and are based on claims in respect of acts of terrorism for which the Republic of Cuba is not immune under Section 1605(a)(7) of the FSIA;

(d) Petitioners have fully complied with all requirements of service of pleadings upon and/or notice to the Republic of Cuba in accordance with 28 U.S.C. § 1608;

(e) The supplemental service by DHL and Federal Express constitutes good and sufficient service within the meaning of Section 1608 of the FSIA;

(f) As determined by Petitioners' respective judgments and order for the immediate issuance of writs of execution, a reasonable period of time has elapsed following the entry of Petitioners' respective judgments and the giving of notice to Judgment Debtor in accordance with Sections 1608(e) and 1610(c) of the FSIA;

(g) The Judgment Debtors have failed to appear in this action;

(h) The Garnishee Banks have fully complied with all requirements of service of the Interpleader Petitions upon Petitioners and the Adverse Claimants;

(i) The Adverse Claimants have failed to appear in response to the Interpleader Petition, oppose the Summary Judgment Motions, and, in nearly all cases, defaulted prior to the Second Circuit's decisions in *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993 (2d Cir. 2014), and *Hausler v. JPMorgan Chase Bank, N.A.*, 770 F.3d 207 (2d Cir. 2014);

(j) Under such circumstances, and upon evidence that has been submitted to and found to be satisfactory to the Court, the originators of the EFTs the proceeds of which are now held in the Blocked Accounts, and in some circumstances the originating banks of the Blocked

Accounts (as denoted by the cross-hatching in the attached schedules) may be deemed to be agencies or instrumentalities of the Republic of Cuba ("Judgment Debtor") within the meaning of the FSIA and/or TRIA;

(k) In accordance with Section 201 of TRIA, the blocked assets of a terrorist party (which are by statute defined to include the blocked assets of any agency or instrumentality of that terrorist party) may be executed upon to satisfy a judgment against that terrorist party to the extent of any compensatory damages awarded by that judgment (notwithstanding any provision of the FSIA, including, but not limited to, 28 U.S.C. §§ 1610 and 1611(b)), and therefore Petitioners' judgments may be satisfied by execution against the blocked assets of the Republic of Cuba or any agency or instrumentality of the Republic of Cuba;

(l) The funds held in the Blocked Accounts have been, and currently are, designated as blocked property under the CACRs and therefore satisfy the definition of "blocked assets" within the meaning of TRIA;

(m) The Garnishee Banks maintain the Blocked Accounts;

(n) Following issuance of the Notice Order, and pursuant to the terms of the Interpleader Petitions, the defaults by Adverse Claimants acting as originating banks, under the timing and circumstances of this case, are hereby deemed to be an admission that the Cuban agencies or instrumentalities identified in the attached schedules are entitled to reimbursement of the blocked funds, consistent with the law at the time of their respective defaults, and the funds held in the Blocked Accounts are therefore deemed to constitute the blocked assets of the Republic of Cuba and/or agencies or instrumentalities of the Republic of Cuba within the meaning of Section 201 of TRIA that are subject to execution in accordance with the requirements of the FSIA and TRIA;

(o) The Blocked Accounts do not consist of property subject to the Vienna Convention on Diplomatic Relations or to the Vienna Convention on Consular Relations, or blocked property or deposit debt in respect of which a waiver of the provisions of TRIA has been made by the President of the United States with respect thereto within the meaning of Section 201(b)(1) of TRIA;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. Pursuant to CPLR § 5225(b), as applicable in this case pursuant to Fed. R. Civ. P. 69, and in accordance with this Court's Notice Order, judgment ordering turnover of the funds in the Blocked Accounts of the Garnishee Banks in a sum of no less than three million one hundred thirty-two thousand five hundred ninety-seven dollars and 38 cents ($3,132,597.38) plus interest accrued thereon since 2012, is hereby entered in connection with the Interpleader Petitions of the Garnishee Banks in favor of Petitioners and against (i) the Garnishee Banks in their capacity as garnishees, and (ii) the Adverse Claimants in their capacities as Third-Party Respondents/Adverse Claimants.

2. As set forth above, the funds in the Blocked Accounts of the Garnishee Banks are therefore deemed to be blocked assets of the Republic of Cuba or of agencies or instrumentalities of the Republic of Cuba within the meaning of the FSIA and the TRIA. Because Petitioners' judgments satisfy all conditions set forth in the FSIA and the TRIA for executing against such blocked assets of the Republic of Cuba or of its agencies or instrumentalities, the Blocked Accounts of the Garnishee Banks are therefore subject to execution by Petitioners in accordance with the requirements of the FSIA and the TRIA.

3.  On or before the fifteenth (15) business day from the date of service of this Order and Judgment, the Garnishee Banks shall turn over the funds in the Blocked Accounts of the Garnishee Banks specified above with all accrued interest thereon to the U.S. Marshal.

4.  Within ten (10) business days of receipt from the Garnishee Banks of the funds in the Blocked Accounts of the Garnishee Banks, the U.S. Marshal shall transfer such funds to Petitioners' counsel of record in accordance with such payment instructions as may be provided to the U.S. Marshal jointly by Petitioners' counsel of record.

5.  Petitioners' receipt of the funds in the Blocked Accounts of the Garnishee Banks shall be in partial satisfaction of the compensatory damages portion of each of Petitioners' respective judgments (including interest).

6.  Upon delivery of the funds in the Blocked Accounts of the Garnishee Banks to the U.S. Marshal, the Garnishee Banks shall be fully discharged from any and all further liability with respect to the funds in the Blocked Accounts of the Garnishee Banks pursuant to CPLR §§ 5209 or 6204, and shall be fully discharged from any and all obligations or other liabilities to the Republic of Cuba, to any agency or instrumentality of the Republic of Cuba otherwise entitled to the funds in the Blocked Accounts of the Garnishee Banks, or to any parties who have or could have asserted an interest in the Blocked Accounts of the Garnishee Banks, or to any other party, including, without limitation, the Adverse Claimants, to the full extent of the amounts turned over by each Garnishee Bank in accordance with this Order and Judgment.

7.  Each and every party to the Interpleader Petitions of the Garnishee Banks, and any other party, even if such party did not enter an appearance in this action, is hereby and shall be restrained and enjoined from instituting or prosecuting any claim or action against

any Garnishee Bank in any jurisdiction arising from or relating to any claim to the funds in the respective Blocked Account of such Garnishee Bank. The Court shall retain exclusive jurisdiction over any claims and future disputes regarding the Blocked Accounts asserted by any party against any Garnishee Bank.

8. Upon delivery of the funds in the Blocked Accounts of the Garnishee Banks to the U.S. Marshal, all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind served on, or delivered to, the Garnishee Banks, to the extent that they apply or attach to the funds in the Blocked Accounts of the Garnishee Banks, shall be deemed vacated and null and void as to the funds in such Blocked Accounts.

9. In accordance with paragraph 17 of the Notice Order, and pursuant to the agreement between counsel for Petitioners and counsel for the Garnishee Banks, within ten (10) business days of the U.S. Marshal's transfer of the funds in the Blocked Accounts of the Garnishee Banks to Petitioners' counsel as set forth in paragraph 4 above, Petitioners' counsel shall pay to counsel for the Garnishee Banks, from the funds in the Blocked Accounts that are being turned over pursuant to this Order and Judgment, an agreed-upon amount equal to $185,311.22 for attorneys' fees and costs incurred by said counsel in bringing the Fed R. Civ. P. 22 Interpleader. The amount paid to the Garnishee Banks shall be inclusive of all attorneys' fees and costs that may be claimed by the Garnishee Banks under paragraph 17 of the Notice Order through the date of this Order and Judgment.

10. This Order and Judgment is intended to apply solely to the Blocked Accounts specified herein and is not intended to impact any other determination in this or any other pending or future matter involving assets blocked or held by any of the Garnishee Banks.

11. This Order and Judgment is a final judgment that finally disposes of all claims asserted in the Interpleader Petitions of the Garnishee Banks and all claims to the funds in the Blocked Accounts that have or could have been asserted by Petitioners, the Adverse Claimants, and all other persons or entities.

12. This Court shall retain jurisdiction over this matter to enforce any violation of one or more terms of this Order and Judgment or otherwise to resolve any dispute arising under this Order and Judgment.

SO ORDERED AND ADJUDGED,

Dated: December 15, 2015
New York, NewYork

ALVIN K. HELLERSTEIN
United States District Judge

## BLOCKED BANK OF AMERICA EFTs TARGETED FOR TURNOVER[*]

| Tran Date | Originator | Originating Bank | Intermediary Bank | Ultimate Beneficiary | Beneficiary Bank | USD 2012 Balance Amount |
|---|---|---|---|---|---|---|
| 6/28/1999 | HAVANA INTERNATIONAL BANK LIMITED | ARGENTARIA CAJA POSTAL Y BANCO HIPOTECARIO S.A. | BANK OF AMERICA | BANCO EXTERIOR, S.A., PANAMA | BANK OF NEW YORK | 89,802.16 |
| 5/9/1994 | VINALES TOURS, S.A. | BANCO NACIONAL DE MEXICO | BANK OF AMERICA | ANDRE AND CIE S.A. | CREDIT SUISSE | 127,458.15 |
| 8/10/2001 | BANCO INTERNACIONAL DE COMERCIO S.A. | NETHERLANDS CARIBBEAN BANK, N.V. | BANK OF AMERICA | TU S.A. | BANCO ESPANOL DE CREDITO | 208,510.74 |
| 4/22/1996 | HAVANATUR, S.A. | CHASE MANHATTAN BANK, NEW YORK[†] | BANK OF AMERICA | OE L'OPERA | BANCO BILBAO VIZCAYA | 460,177.09 |
| 9/30/1997 | MOA NICKEL S.A., CUBA | CANADIAN IMPERIAL BANK OF COMMERCE | BANK OF AMERICA | CAFO INC. | MELLON BANK, NA | 595,126.53 |

---

[*] The party alleged to be an agency or instrumentality of the Republic of Cuba is lightly cross-hatched in gray.

[†] Petitioners' schedule incorrectly identifies Chase Manhattan Bank as the originating bank. As indicated in Bank of America's Third-Party Petition, Bank of Bahamas Limited was believed to be the originating bank and Chase Manhattan Bank was a prior intermediary bank. *See* Third-Party Petition Alleging Claims in the Nature of Interpleader Filed by Bank of America, N.A. (Dkt. No. 472) at ¶¶ 32-33.

## BLOCKED CITIBANK EFTs TARGETED FOR TURNOVER[*]

| Blocked | Originator | Originating Bank | Intermediary Bank | Beneficiary Bank | Beneficiary | USD Equivalent |
|---|---|---|---|---|---|---|
| 7/21/1994 | Coral Container Line S.A. | Banca Nazionale Dell' Agricoltura | Citibank, N.A. | The Northern Trust International | Finsale Co Ltd | $229,980.00 |
| 2/11/2005 | MCV Comercial, S.A. | ING Bank NV | None | Citibank, N.A. | Daimlerchrysler Argentina | $114,615.60 |
| 2/17/2005 | MCV Comercial, S.A. | ING Bank NV | None | Citibank, N.A. | Daimlerchrysler Argentina | $225,504.40 |
| 2/20/2009 | Tecnoimport Havana Cuba | Banco Nacional de Cuba | Linyi City Commercial Bank Co. Ltd./Citibank, N.A. | Standard Chartered Bank China Limited | Reagan International Trading Co Limited | $156,422.80 |

---

[*] The party alleged to be an agency or instrumentality of the Republic of Cuba is lightly cross-hatched in gray.

## BLOCKED CREDIT SUISSE EFT TARGETED FOR TURNOVER[*]

| Blocked | USD Equivalent | Originator | Originating Bank | Intermediary Bank | Beneficiary Bank | Beneficiary |
|---|---|---|---|---|---|---|
| Not Furnished | $262,884.59 | Cubana de Aviacion S.A. | Credit Suisse Zurich | Credit Suisse New York | Not Furnished | Not Furnished |

---

[*] The party alleged to be an agency or insgtrumentality of the Republic of Cuba is lightly cross-hatched in gray.

## BLOCKED JPMORGAN CHASE EFTs TARGETED FOR TURNOVER[*]

| Tran Date | Originator | Originating Bank | Intermediary Bank | Ultimate Beneficiary | Beneficiary Bank | USD 2012 Balance Amount |
|---|---|---|---|---|---|---|
| 7/9/1996 | Cubaniquel | ING Bank NV Curacao | JPMC | BHP Refractories | Australia & New Zealand Banking Group Ltd[†] | 439,163.12 |
| 10/13/2011 | Casa Financiera Fintur, S.A. | Banco de Sabadell | JPMC | Bavaria N.V. | Rabobank Nederland | 62,860.03 |

[*] The party alleged to be an agency or instrumentality of the Republic of Cuba is lightly cross-hatched in gray.

[†] It is unclear whether Australia & New Zealand Banking Group was a prior intermediary bank from which JPM Chase received the funds, or whether it was a designated intermediary bank to which JPM Chase was to deliver the funds.

## BLOCKED WELLS FARGO EFTs TARGETED FOR TURNOVER[*]

| Tran Date | Originator | Originating Bank | Intermediary Bank | Ultimate Beneficiary | Beneficiary Bank | Orig Blocked Amount |
|---|---|---|---|---|---|---|
| 6/17/1997 | Cubanacan Com Internacional LTDA | Banco Sudameris Brazil | Wells Fargo | Servimedcubana S.A | Banco do Brasil | $79,642.65 |
| 2/2/2004 | Corporacion Habanos S.A. | Banco De Credito Madrid | None | Wells Fargo | Agridea SRL | $80,449.52 |

[*] The party alleged to be an agency or instrumentality of the Republic of Cuba is lightly cross-hatched in gray.