

**MANDATE**

17-1779-cv
*Aldo Vera, Jr., et al. v. Banco Bilbao Vizcaya Argentaria, S.A.*

N.Y.S.D. Case #
12-cv-1596(AKH)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

1  At a stated term of the United States Court of Appeals for the Second Circuit, held at
2  the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York,
3  on the 28th day of June, two thousand eighteen.
4
5  PRESENT:    JOSÉ A. CABRANES,
6              GERARD E. LYNCH,
7              SUSAN L. CARNEY,
8                      *Circuit Judges.*
9  ─────────────────────────────────────────────
10
11  ALDO VERA, JR., AS PERSONAL REPRESENTATIVE OF
12  THE ESTATE OF ALDO VERA, SR.,
13
14              *Plaintiff-Appellee*,
15
16  JEANNETTE FULLER HAUSLER, AS SUCCESSOR
17  PERSONAL REPRESENTATIVE OF THE ESTATE OF
18  ROBERT OTIS FULLER; GUSTAVO E. VILLOLDO,
19  INDIVIDUALLY AND AS ADMINISTRATOR, EXECUTOR,
20  AND PERSONAL REPRESENTATIVE OF THE ESTATE OF
21  GUSTAVO VILLOLDO; ALFREDO VILLOLDO,
22
23              *Petitioners-Appellees*,
24                      v.                                                           17-1779-cv
25
26  BANCO BILBAO VIZCAYA ARGENTARIA, S.A.,
27
28              *Respondent-Appellant*.*
29  ─────────────────────────────────────────────

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 19, 2018
```

─────────────────────

\* The Clerk of Court is directed to amend the official caption as set forth above.

1

MANDATE ISSUED ON 07/19/2018

**FOR PLAINTIFF-APPELLEE ALDO VERA, JR.:**

    Robert A. Swift, Kohn, Swift & Graf, P.C., Philadelphia, PA; Jeffrey E. Glen, Anderson Kill P.C., New York, NY.

**FOR PETITIONER-APPELLEE JEANNETTE FULLER HAUSLER:**

    JAMES W. PERKINS, Greenberg Traurig, LLP, New York, NY (Ashley A. LeBlanc, Greenberg Trauig, LLP, New York, NY; Roberto Martinez, Colson, Hicks, Eidson, P.A., Coral Gables, FL, *on the brief*).

**FOR PETITIONERS-APPELEES GUSTAVO E. VILLOLDO AND ALFREDO VILLOLDO:**

    ANDREW C. HALL, (Roarke O. Maxwell, *on the brief*), Hall, Lamb, Hall & Leto, P.A., Miami, FL.

**FOR RESPONDENT-APPELLANT:**    KENNETH A. CARUSO, White & Case LLP, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Respondent-appellant Banco Bilbao Vizcaya Argentaria, S.A., ("BBVA") appeals from the District Court's turnover orders of May 25, 2017, and June 2, 2017, directing the Cashier's Office of the Registry of the U.S. Courts ("Registry") to turn over to appellees funds previously held in an account at BBVA's New York branch and deposited with the Cashier's Office by BBVA. The funds came to BBVA through an electronic funds transfer by an agency of the Cuban government. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Because the orders are not final under 28 U.S.C. § 1291 and are not appealable interlocutory orders under the collateral order doctrine or § 1292(a)(1), the appeal is dismissed for lack of jurisdiction.

Our appellate jurisdiction is generally limited to "final decisions" of the district court. 28 U.S.C. § 1291. The final judgment in Rule 69(a) proceedings is the "judgment that concludes the collection proceedings." *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 205 (2d Cir. 2012). The District Court has not entered final judgment concluding this proceeding. Nonetheless, BBVA argues that we have appellate jurisdiction under the *Forgay* doctrine. *Forgay v. Conrad*, 47 U.S. 201, 204–05 (1848). "Under the *Forgay-Conrad* doctrine, an order is treated as final if it directs the immediate delivery of

property and subjects the losing party to irreparable harm if appellate review is delayed." *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 n.4 (2d Cir. 1995) (internal quotation marks omitted).

We conclude that BBVA's appeal does not satisfy the requirements of the *Forgay-Conrad* doctrine. BBVA already transferred to the U.S. Marshal the property in question—the funds in the accounts at issue in the turnover orders—in 2015. Those funds were subsequently transferred to appellees in 2017. With the funds having already been transferred, BBVA thus cannot plausibly claim that the turnover orders subject it to irreparable harm. We thus lack jurisdiction to consider this appeal.

## CONCLUSION

We have reviewed all of appellant's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction.

With the turnover orders issued and the funds disbursed to the appellees, however, we direct the District Court to issue an appealable final judgment expeditiously. We also instruct the Clerk of our Court to direct any appeal from that judgment to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3