USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/25/18

RECEIVED
JUL 25 2018
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

**WHITE & CASE**

**COURTESY COPY**

Direct Dial + 1-212-819-8853    kenneth.caruso@whitecase.com

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

July 23, 2018

Hon. Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Pearl Street – Room 1050
New York, NY 10007

Re:  Vera v. BBVA
     12 Civ. 1596 (AKH)

[Handwritten note: Rejected for reasons expressed in order of 7/25/18. 7-25-18 /s/ A.K. Hell]

Dear Judge Hellerstein:

We represent Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA"). We write in response to the letter (ECF 961) recently filed by Petitioner Villoldo.

First, under the Second Circuit's remand, this Court has no jurisdiction to conduct "further review of the Florida state court's subject matter jurisdiction[,]" ECF 961 at 1, as requested by Villoldo. On remand, a district court must give "full effect" to the mandate of the Court of Appeals. Statek Corp. v. Dev. Specialists, Inc., 809 F.3d 94, 99 (2d Cir. 2015). Thus:

> The scope of a mandate may extend beyond express holdings, and precludes relitigation both of "matters expressly decided by the appellate court" and of "issues impliedly resolved by the appellate court[]." Sompo Japan [Ins. Co. v. Norfolk S. Ry. Co., 762 F.3d 165, 175 (2d Cir. 2014)]. . . . A mandate, therefore, may expressly dispose of certain issues raised on appeal, or if the disposition of an issue is "necessarily implied" by our decision, a mandate may also foreclose such an issue from being considered by the lower court.

Id. at 99.

Here, the mandate directed this Court to do one thing -- "issue an appealable final judgment expeditiously." ECF 960. The Court, therefore, has no jurisdiction to do anything else. The mandate here necessarily implies that the Second Circuit decided that there is nothing

AMERICAS 95138055

Case 1:12-cv-01596-AKH Document 969 Filed 07/25/18 Page 2 of 3
Case 1:12-cv-01596-AKH Document 965 Filed 07/23/18 Page 2 of 3

WHITE & CASE

Hon. Alvin K. Hellerstein

July 23, 2018

further for this Court to do on any jurisdictional or merits issue. The mandate therefore forecloses this Court's consideration of any such issue.

In the alternative:

Second, "the Florida state court's subject matter jurisdiction" is immaterial. The question here is not whether the Florida court had jurisdiction under the FSIA. The question is whether Judge Swain had jurisdiction under the FSIA. See Vera v. Republic of Cuba, 867 F.3d 310, 320 n.9 (2d Cir. 2017) ("We need not consider a collateral attack on the Florida judgment to resolve this appeal. BBVA's principal argument -- an argument with which we agree -- is that the District Court lacked subject-matter jurisdiction over Vera's action against Cuba.")

Judge Swain, furthermore, was required to "independently assess[] Cuba's immunity from suit." Id. at 317. The Florida court's "findings would not bind or aid [Judge Swain, who was] . . . required to analyze the record independently to determine if Cuba was immune." Id. at 318. Indeed, the Florida court's findings "can[not] . . . be relied on by [Villoldo]." Id.

Third, the Amended Final Judgment submitted by Villoldo is entitled to no weight because it was written by Villoldo's counsel and rubber-stamped by the Florida state court. Thus, the docket of the Florida court reveals the following: On May 29, 2018, Villoldo filed a Motion to Amend the judgment, which bore a multi-digit footer at the bottom. Caruso Ex. 1. On June 4, 2018, after a "hearing" on the tellingly-named "5 minute motion calendar," Caruso Ex. 2, the Judge signed the Amended Final Judgment, neatly tailored, by the way, to meet the test established in Vera, 867 F.3d 310. The Amended Final Judgment (ECF 961-1) bears the multi-digit footer at the bottom, in the same format used by Villoldo's counsel. Obviously, Villoldo's counsel wrote the Amended Final Judgment, which, after five minutes or less, the Judge signed.

Fourth, Villoldo contends that "appellate review of the [Florida court's] findings of fact and evidentiary rulings is narrowly circumscribed[.]" ECF 961 at 3. Be that as it may, Judge Swain was not exercising appellate review of the Florida judgment. She was, rather, presiding over a civil action filed in the S.D.N.Y., and she was required to determine her subject-matter jurisdiction for herself, "independently" of the Florida court's judgment. Vera, 867 F.3d at 318.

Owens v. Republic of Sudan, 864 F.3d 751 (D.C. Cir. 2017), cited by Villoldo, is distinguishable. There, the D.C. Circuit was exercising appellate review.

Fifth, Villoldo contends that the Second Circuit's recent decision precludes BBVA from litigating the judgment-validity issues. ECF 961 at 5 (quoting the Second Circuit: "We have reviewed all of appellant's remaining arguments and find them to be without merit.") This contention is frivolous. The Second Circuit Court held that it lacked appellate jurisdiction. The Court therefore did not reach -- and could not have reached -- the merits issue of judgment-validity. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (when court lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause[.]").

**WHITE & CASE**

Hon. Alvin K. Hellerstein

July 23, 2018

Respectfully submitted,

*[signature]* /MLB

Kenneth A. Caruso

[Enclosure]

cc: Robert A. Swift, Esq.
James Perkins, Esq.
Andrew Hall, Esq.