IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF CUBA, <br><br> Defendant. | Case No. 12-CV-01596 (AKH) |
| ALDO VERA, JR., as Personal Representative of the Estate of Aldo Vera, Sr.; and <br><br> JEANNETTE FULLER HAUSLER, and WILLIAM FULLER as court-appointed co-representatives of the ESTATE OF ROBERT OTIS FULLER, deceased, on behalf of all beneficiaries of the Estate and the ESTATE OF ROBERT OTIS FULLER; and <br><br> ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS, <br><br> Petitioners, <br><br> v. <br><br> BANCO BILBAO VIZCAYA ARGENTARIA (S.A.); BANK OF AMERICA N.A.; BANK OF NEW YORK MELLON; BARCLAY'S BANK PLC; CITIBANK, N.A.; CREDIT SUISSE AG, NEW YORK BRANCH; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK (HSBC BANK USA, N.A.); INTESA SANPAOLO S.P.A.; JP MORGAN CHASE BANK, N.A.; RBS CITIZENS, N.A.; ROYAL BANK OF CANADA; SOCIETE GENERALE; UBS AG; WELLS FARGO BANK, NA; BROWN BROTHERS HARRIMAN & CO.; MERCANTIL COMMERCEBANK, N.A.; STANDARD CHARTERED BANK; AND BANCO SANTANDER, S.A., <br><br> Respondents/Garnishees. | **[PROPOSED] FINAL JUDGMENT** |

WHEREAS, this is a proceeding pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337 ("TRIA"), Section 1610(g) of the Foreign Sovereign Immunities Act ("FSIA"), and N.Y. C.P.L.R. § 5225(b), made applicable through Rule 69 of the Federal Rules of Civil Procedure;

WHEREAS, Petitioners in this proceeding are judgment creditors of the Republic of Cuba who have sought to satisfy their respective judgments by executing on assets of Cuba or an agency or instrumentality of Cuba;

WHEREAS, to execute their respective judgments, Petitioners filed an Omnibus Petition on September 9, 2013 (Dkt No. 298) as amended on February 12, 2014 (Dkt No. 423) (collectively, the "Amended Petition"), seeking turnover of funds in various accounts which were blocked pursuant to the Cuban Asset Control Regulations, 31 C.F.R. pt. 515, and held at various garnishee banks including Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA");

WHEREAS, on November 15, 2013, BBVA moved to dismiss the Amended Petition for lack of subject matter jurisdiction and argued that the Petitioners respective judgments were void (Dkt No. 349, 350 and 449);

WHEREAS, by order and opinion dated August 22, 2014, the Court held that it had subject matter jurisdiction with respect to each of Petitioners' respective judgments and denied BBVA's motion to dismiss the Amended Petition (Dkt. No. 666), and later, by order dated September 9, 2014, denied reconsideration of BBVA's motion to dismiss (Dkt. No. 676);

WHEREAS, on March 17, 2015, the Court entered an Order for Turnover (the "Turnover Order") of funds in a Specified Phase I Account at BBVA (the "Specified Account") (Dkt. No. 739-2);

WHEREAS, on May 8, 2015, the Court entered an Order Denying Motion to Reconsider (Dkt. No. 767) and permitted BBVA to deposit the funds in the Specified Account into the Registry of the U.S. Courts ("Registry") if BBVA sought an interlocutory appeal and stay of the Court's May 8, 2015 order;

WHEREAS, on May 19, 2015, BBVA deposited the funds in the Specified Account into the Registry and appealed the Court's March 17, 2015 and May 8, 2015 orders (*see* Dkt. No. 757 and 787, respectively);

WHEREAS, the Second Circuit dismissed BBVA's appeal for lack of appellate jurisdiction (Dkt No. 904; *Vera v. Republic of Cuba*, 651 F. App'x 22, 24 (2d Cir. 2016), *cert. den.*, 137 S. Ct. 1064 (2017));

WHEREAS, a Stipulation of Voluntary Dismissal entered on May 9, 2016 (the "Stipulation") (Dkt. No. 895) identified various orders providing for the turnover to Petitioners of certain Phase I Accounts identified in the Amended Petition (Dkt. No. 423) and held by the Garnishee Banks defined as such in the Stipulation;

WHEREAS, the Court hereby incorporates by reference and adopts herein the defined terms set forth in the Stipulation;

WHEREAS, pursuant to the Stipulation as entered, any remaining claims asserted in the Amended Petition against the Garnishee Banks with respect to blocked Phase I, Phase II or Non-EFT Accounts held by the Garnishee Banks were dismissed with prejudice;

WHEREAS, BBVA was not a signatory to the Stipulation, and upon entry of the Stipulation, BBVA became the only Respondent remaining in this proceeding;

WHEREAS, on May 25, 2017 (Dkt. No. 929), June 2, 2017 (Dkt. No. 930), and June 5, 2017 (Dkt. No. 932), the Court entered orders and an amended order granting Petitioners' motion

to enforce the Court's prior turnover orders with respect to the Specified Account and directing the Registry to disburse to Petitioners the funds on deposit in the Registry (the "Turnover Enforcement Orders");

WHEREAS, on June 9, 2017, the Registry disbursed such funds to Petitioners;

WHEREAS, BBVA appealed from the Turnover Enforcement Orders to the United States Court of Appeals for the Second Circuit (the "Second Circuit");

WHEREAS, on June 28, 2018, the Second Circuit entered an order dismissing BBVA's appeal for lack of appellate jurisdiction and directing this Court to issue an appealable final judgment expeditiously (Dkt. No. 960);

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. Final judgment shall be entered as follows:

    a. The Amended Petition is dismissed with prejudice against BBVA, except as to the claims adjudicated in the Turnover Order and Turnover Enforcement Orders.

    b. All writs of execution, notices of pending action, restraining notices, and other judgment-creditor process of any kind served on, or delivered to, BBVA are vacated.

Dated:   New York, New York         ENTERED:
         August ___, 2018

                                    _____
                                    Alvin K. Hellerstein
                                    U.S.D.J.